1
2
3
4
5
6
7

The Honorable Barbara J. Rothstein

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

9

10   RICARDO SALOM, CATHERINE          Case No. 2:24-cv-00444-BJR
     PALAZZO as assignee for Ruben Palazzo, and
11   PETER HACKINEN, *on their own behalf and*    **NATIONSTAR MORTGAGE LLC D/B/A**
     *on behalf of other similarly situated persons,*   **CHAMPION MORTGAGE COMPANY'S**
12                                         **ANSWER AND AFFIRMATIVE**
             Plaintiffs,                   **DEFENSES TO PLAINTIFFS' AMENDED**
13                                         **COMPLAINT—CLASS ACTION**
             vs.
14
     NATIONSTAR MORTGAGE LLC d/b/a
15   CHAMPION MORTGAGE
16   And
17   FEDERAL HOME LOAN MORTGAGE
     ASSOCIATION, *on its own behalf and on*
18   *behalf of similarly situated persons,*
19           Defendants.
20
21
22        Defendant Nationstar Mortgage, LLC d/b/a Champion Mortgage ("Nationstar" or

23   "Defendant") for its Answer and Affirmative Defenses to the Amended Complaint—Class Action

24   ("AC") filed by Plaintiffs Ricardo Salom, Catherine Palazzo as assignee for Ruben Palazzo, and

25   Peter Hackinen state as follows:

26        1.      Paragraph 1 refers to publicly documented transactions that speak for themselves

27   and states legal conclusions to which no response is required. To the extent a response is required,

28

NATIONSTAR'S ANSWER TO AMENDED COMPLAINT - 1
(Case No. 2:24-cv-00444-BJR)

Nationstar denies all allegations that vary from the documents and/or is contrary to law. Nationstar admits doing business as Champion Mortgage, Champion Mortgage Company, Champion Mortgage Company, LLC, Champion Mortgage Company of Texas, Champion Mortgage Company of Ohio, Mr. Cooper, Nationstar, Nationstar Mortgage, Nationstar Mortgage LLC, RightPath Loan Servicing, and RightPath Servicing. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 1.

2.     Nationstar denies that Federal Home Loan Mortgage Corporation ("Freddie Mac") is the assignee of the mortgage for the Palazzo Loan. Pleading affirmatively, Nationstar is the current beneficiary and is entitled to the rights under MD. ANN. CODE REAL PROP. § 2-103. The Palazzo Loan is secured by Deed of Trust dated March 21, 2007, and recorded in Liber 2768 Folio 518 in the County of Wicomico, State of Maryland on April 2, 2007. Mortgage Electronic Registration Systems, Inc. ("MERS") was the original beneficiary and SunTrust Mortgage, Inc. ("SunTrust") the lender under the Deed of Trust. MERS assigned the Deed of Trust to SunTrust on May 31, 2011 by Corporate Assignment of Deed of Trust recorded at Liber 3321 Folio 358 on June 3, 2011. SunTrust assigned the Deed of Trust to Bayview Loan Servicing, LLC ("Bayview") on December 9, 2013 by Corporate Assignment of Deed of Trust recorded at Liber 3659 Folio 539 on December 16, 2013. Bayview assigned the Deed of Trust to Nationstar on June 22, 2022 by Assignment of Deed of Trust recorded at Book 5117 Page 317 on June 23, 2022. True and correct copies of the Deed of Trust, the MERS to SunTrust assignment, the SunTrust to Bayview assignment, and the Bayview to Nationstar assignment are attached hereto as **Exhibits A-D**, respectively and incorporated herein by reference. As the assignee beneficiary under the Deed of Trust, Nationstar it is entitled to every right which its predecessors possessed under the Deed of Trust. The remainder of Paragraph 2 states conclusions of law or asserts allegations that pertain to other defendants and does not require a response. To the extent a response is necessary, Nationstar

NATIONSTAR'S ANSWER TO AMENDED COMPLAINT - 2
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

denies the remaining allegations in Paragraph 2.

3.       Paragraph 3 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law. Nationstar lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations in Paragraph 3 and therefore denies all such allegations.

4.       Nationstar lacks knowledge and information sufficient to enable it to admit or deny the allegations in Paragraph 4 concerning its relative size as a loan servicer and therefore denies the allegations. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 4.

5.       Nationstar denies the allegations in Paragraph 5.

6.       Paragraph 6 refers to documents which speak for themselves or states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or is contrary to law. Except as expressly admitted, Nationstar denies all remaining allegations in Paragraph 6.

7.       Paragraph 7 and its subparts (a.) – (c.) purport to describe documents in other civil litigation, which speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or is contrary to law. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 7.

8.       Paragraph 8 purports to describe documents in a regulatory enforcement action, which speak for themselves and to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 8.

9.       Paragraph 9 purports to characterize Plaintiffs' theory of this case and states

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

conclusions of law to which no response is required. To the extent a response is required, Nationstar

denies Plaintiffs' claims have any merit and deny all allegations that are contrary to law. Except as

expressly admitted herein, Nationstar denies the remaining allegations in Paragraph 9.

10.     Paragraph 10 states legal conclusions to which no response is required. To the extent

a response is required, Nationstar denies all allegations contrary to law. Except as expressly

admitted herein, Nationstar denies the remaining allegations in Paragraph 10.

11.     Paragraph 11 states conclusions of law to which no response is required. To the

extent a response is required, Nationstar denies all allegations contrary to law. Nationstar admits it

serviced the Hackinen Loan, Salom Loan, and Palazzo Loan as the term "servicing" is defined

under 12 U.S.C. § 2605(i)(2)-(3). Except as expressly admitted, Nationstar denies the remaining

allegations in Paragraph 11.

12.     Paragraph 12 refers to documents that speak for themselves and states conclusions

of law to which no response is required. To the extent a response is required, Nationstar denies all

allegations that vary from the documents and/or is contrary to law. Except as expressly admitted,

Nationstar denies the remaining allegations in Paragraph 12.

13.     Paragraph 13 refers to documents that speak for themselves to which no response is

required. To the extent a response is required, Nationstar denies all allegations that vary from the

documents. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph

13.

14.     Paragraph 14 refers to documents that speak for themselves and states conclusions

of law to which no response is required. To the extent a response is required, Nationstar denies all

allegations that vary from the documents and/or is contrary to law. Nationstar denies the remaining

allegations in Paragraph 14.

15.     Paragraph 15 refers to documents that speak for themselves and states conclusions

NATIONSTAR'S ANSWER TO AMENDED COMPLAINT - 4
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or is contrary to law. Nationstar denies the remaining allegations in Paragraph 15.

16.     Paragraph 16 refers to documents that speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or is contrary to law. Nationstar denies the remaining allegations in Paragraph 16.

17.     Paragraph 17 refers to documents that speak for themselves to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

## I.     JURISDICTION AND VENUE[1]

18.     Nationstar admits it conducts business in Washington state. The remaining allegations in Paragraph 18 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 18.

19.     Paragraph 19 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 19.

20.     Paragraph 20 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law. Except as expressly

---

[1] For ease of reference, Nationstar incorporates into its Answer the headings used by Plaintiffs in the Amended Complaint. In doing so, Nationstar does not adopt, either expressly or by implication, the statements contained in those headings. Nationstar denies, generally and specifically, each and every allegation in the headings.

NATIONSTAR'S ANSWER TO AMENDED COMPLAINT - 5
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

admitted, Nationstar denies the remaining allegations in Paragraph 20.

21.     Paragraph 21 of the Amended Complaint is blank.

22.     Paragraph 22 refers to court decisions and documents that speak for themselves and states legal conclusions to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or is contrary to law. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 22.

23.     Paragraph 23 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 23.

## II.     PARTIES

24.     Paragraph 24 refers to documents which speak for themselves to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents. Nationstar admits it began servicing the Salom Loan effective March 1, 2019. Nationstar denies the Salom Loan was in default on March 1, 2019. Pleading affirmatively, the Salom Loan was current as of March 1, 2019, as shown by the March 7, 2019 entry of the Detail Transaction History for the Salom Loan. A true and correct copy of March 7, 2019 entry of the Detail Transaction History is attached hereto as **Exhibit E**. Nationstar admits receiving a request for an expedited payoff quote for the Salom Loan and providing a quote dated June 29, 2022 on an expedited basis for which it charged a $25 fee for the expedited service. Pleading affirmatively, a true and correct copy of the payoff quote dated June 29, 2022 is attached hereto as **Exhibit F** and incorporated herein by reference. Except as expressly admitted, Nationstar lacks information sufficient to admit or deny the remaining allegations in Paragraph 24 and on that basis denies the

allegations.

25.     Nationstar admits it began servicing the Palazzo Loan, through RightPath Servicing, effective June 1, 2022. Nationstar denies the Palazzo Loan was in default on June 1, 2022. Pleading affirmatively, the Palazzo Loan was current as of June 1, 2022, as shown by the June 6, 2022 entry of the Detail Transaction History for the Palazzo Loan. A true and correct copy of June 6, 2022 entry of the Detail Transaction History is attached hereto as **Exhibit G**. Nationstar admits receiving a request for an expedited payoff quote for the Palazzo Loan and providing a quote dated September 11, 2023 on an expedited basis for which it charged a $25 fee for the expedited service. Pleading affirmatively, a true and correct copy of the payoff quote dated September 11, 2023 is attached hereto as **Exhibit H** and incorporated herein by reference. Except as expressly admitted, Nationstar lacks information sufficient to admit or deny the remaining allegations in Paragraph 25 and on that basis denies the allegations.

26.     Nationstar admits it began servicing the Hackinen Loan effective August 15, 2011. Nationstar denies the Hackinen Loan was past due as of August 15, 2011. Pleading affirmatively, Mr. Hackinen filed a voluntary petition for chapter 13 bankruptcy protection in case 09-17051-MLB in the United States Bankruptcy Court, Western District of Washington on July 16, 2009. On February 9, 2011, Mr. Hackinen filed a Motion for a Temporary Moratorium of Chapter 13 Plan Payments through his bankruptcy counsel, Christina Henry. On March 15, 2011, Judge Marc Barreca granted Mr. Hackinen's Motion. On December 6, 2011, the Chapter 13 Trustee, Michael Fitzgerald, filed a motion to dismiss the bankruptcy because was $5,384 delinquency on his plan payments as calculated through December 6, 2011. According to the Chapter 13 Trustee, Mr. Hackinen's monthly plan payment amount was $2,692. Therefore, when the Chapter 13 Trustee filed the motion to dismiss Mr. Hackinen was past due for November and December 2011. Mr. Hackinen was not past due in August 2011 when Nationstar began servicing the Hackinen Loan.

NATIONSTAR'S ANSWER TO AMENDED COMPLAINT - 7
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

Further, the bankruptcy docket shows no prior motions to dismiss by the Chapter 13 Trustee. True and correct copies of Mr. Hackinen's Motion, Judge Barreca's Order, and the Chapter 13 Trustee's Motion are attached hereto as **Exhibits I-K**, respectively and incorporated herein by reference. A true and correct copy of the transfer of claim to Nationstar concerning the Hackinen Loan is attached as hereto as **Exhibit L** and incorporated herein by reference. Nationstar admits receiving requests for expedited payoff quotes for the Hackinen Loan and providing quotes dated July 21, 2023, October 5, 2023, March 11, 2024, and April 3, 2024 on an expedited basis for which it charged a $25 fee for the expedited service. Pleading affirmatively, true and correct copies of the forgoing expedited payoff quotes are attached hereto as **Exhibits M-P**, respectively and incorporated herein by reference. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 26.

27.    Nationstar admits the first four sentences of Paragraph 27. Nationstar is without sufficient knowledge to admit or deny the allegations in the last sentence of Paragraph 27 and therefore denies the allegations. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 27.

### III.    APPLICABLE LAW

**A    Fair Debt Collection Practices Act ("FDCPA") and other relevant Federal Laws and Regulations**

28.    Paragraph 28 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

29.    Paragraph 29 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

30.    Paragraph 30 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

31.    Paragraph 31 states conclusions of law to which no response is required. To the

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

extent a response is required, Nationstar denies all allegations that are contrary to law.

32.    Paragraph 32 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

33.    Paragraph 33 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

34.    Paragraph 34 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

35.    Paragraph 35 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

36.    Paragraph 36 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

37.    Paragraph 37 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 37.

38.    Paragraph 38 refers to documents that speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or are contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 38.

39.    Paragraph 39 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law. Nationstar

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 39.

40.    Paragraph 40 refers to documents that speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or are contrary to law. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 40.

41.    Paragraph 41 refers to documents that speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or are contrary to law.

**B    Relevant Maryland and Washington Laws and Regulations**

42.    Paragraph 42 refers to a court decision that speaks for itself and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the written court decision and/or are contrary to law.

43.    Paragraph 43 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations in Paragraph 43 that are contrary to law.

44.    Paragraph 44 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 44.

45.    Paragraph 45 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

NATIONSTAR'S ANSWER TO AMENDED COMPLAINT - 10
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

46.    Paragraph 46 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

47.    Paragraph 47 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

48.    Paragraph 48 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

49.    Paragraph 49 refers to documents that speak for themselves and state conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or are contrary to law.

50.    Paragraph 50 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

51.    Paragraph 51 refers to documents that speak for themselves and to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents.

52.    Paragraph 52 refers to written court decisions that speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations in Paragraph 52 that vary from the documents and/or are contrary to law.

53.    Paragraph 53 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

54.    Paragraph 54 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

55.    Paragraph 55 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations in that are contrary to law.

56.    Paragraph 56 states conclusions of law to which no response is required. To the

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

extent a response is required, Nationstar denies all allegations that are contrary to law.

57.    Paragraph 57 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

58.    Paragraph 58 refers to written court decisions that speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or are contrary to law.

59.    Paragraph 59 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

60.    Paragraph 60 refers to documents that speak for themselves and to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 60.

## IV.    FACTUAL ALLEGATIONS

61.    Paragraph 61 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

62.    Paragraph 62 refers to documents that speak for themselves and states legal conclusions to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or is contrary to law.

63.    The allegations in Paragraph 63 quote from a document, which speaks for itself and to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the language of the document.

64.    The allegations in Paragraph 64 quote from a document, which speaks for itself and to which no response is required. To the extent a response is required, Nationstar denies all

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

allegations that vary from the language of the document.

65.     Nationstar denies the allegations in Paragraph 65.

66.     Paragraph 66 refers to documents that speak for themselves to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents. Nationstar denies the remaining allegations in Paragraph 66.

67.     Nationstar denies the allegations in Paragraph 67.

68.     Paragraph 68 refers to documents which speak for themselves and state legal conclusions to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or are contrary to law.

69.     Paragraph 69 refers to documents that speak for themselves and state legal conclusions to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or is contrary to law.

70.     Paragraph 70 states conclusions of law to which no response is required and/or refer to documents, including the Servicing Handbook, which speak for themselves. To the extent a response is required, Nationstar denies all allegations that are contrary to law or vary from the language of the documents cited.

71.     Paragraph 71 states conclusions of law to which no response is required and/or refer to documents, including the Servicing Handbook, which speak for themselves. To the extent a response is required, Nationstar denies all allegations that are contrary to law or vary from the language of the documents cited.

72.     Paragraph 72 refers to documents which speak for themselves and to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the language of the documents. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 72.

73.     Paragraph 73 refers to documents which speak for themselves. To the extent a response is required, Nationstar denies all allegations that vary from the language of the documents. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 73.

74.     Paragraph 74 states conclusions of law and refer to documents to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law or vary from the language of the documents.

**A       Plaintiff Richardo [sic] Salom**

75.     Paragraph 75 refers to documents which speak for themselves and to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents. Nationstar lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in the third sentence of Paragraph 75 concerning Mr. Salom's use of the proceeds of Salom Loan, and therefore deny all such allegations. The remaining allegations in Paragraph 75 states conclusions of law or cite to statutory law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law or vary from the statutes cited.

76.     Paragraph 76 refers to documents which speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or is contrary to law.

77.     Paragraph 77 refers to documents, federal statute and case law that speak for themselves and/or states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law or vary from the language of the documents or statutes cited.

78.     Paragraph 78 refers to documents which speak for themselves and states legal conclusions to which no response is required. To the extent a response is required, Nationstar denies

all allegations that vary from the language of the documents cited and/or is contrary to law.

79.    Paragraph 79 refers to loan documents, which speak for themselves to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the language of the documents cited.

80.    Paragraph 80 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

81.    Paragraph 81 refers to publicly documented events and states conclusions of law to which no response is required. Nationstar denies all allegations that vary from the documents and/or is contrary to law.

82.    Nationstar admits Mr. Salom or his agent requested a payoff quote for the Salom Loan in 2022. Pleading affirmatively, Mr. Salom requested the payoff quote on an expedited basis which Nationstar provided as requested in exchange for a $25 charge. *See* **Exhibit F**. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 82.

83.    The allegations in Paragraph 83 refers to a document that speaks for itself and to which no response is required. To the extent a response is required, Nationstar denies all allegations in Paragraph 83 that vary from the language of the document.

84.    Paragraph 84 refers to documents that speak for themselves to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents.

85.    Nationstar lacks knowledge or information sufficient to enable it to admit or deny the allegations in Paragraph 85 and therefore denies all such allegations. Nationstar denies that a signed writing is required to charge a fee for expedited services.

86.    Paragraph 86 states a legal conclusion to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law. Except as

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

expressly admitted, Nationstar denies the remaining allegations in Paragraph 86.

87.    Paragraph 87 refers to a publicly recorded document that speaks for itself to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the language of the document cited.

88.    Paragraph 88 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

89.    Nationstar denies the allegations in Paragraph 89.

90.    Paragraph 90 refers to documents that speak for themselves and to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to the documents.

91.    Nationstar lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations in Paragraph 91 and therefore denies all such allegations.

**B    Plaintiff Catherine Palazzo**

92.    Nationstar lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations in Paragraph 92 and therefore denies all such allegations.

93.    Paragraph 93 refers to documents that speak for themselves and states legal conclusions to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the language of the documents and/or are contrary to law. Nationstar lacks knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 93 concerning the Palazzo family's use of the property or loan proceeds and therefore denies all such allegations.

94.    Nationstar denies the first sentence of Paragraph 94. Nationstar admits it began servicing the Palazzo Loan, through RightPath Servicing, effective June 1, 2022. The last sentence of Paragraph 94 is a legal conclusion to which no response is required. To the extent a response is

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

required, Nationstar denies all allegations contrary to law. Except as expressly admitted, Nationstar denies the remaining allegations. Pleading affirmatively, the Palazzo Loan is secured by Deed of Trust dated March 21, 2007, and recorded in Liber 2768 Folio 518 in the County of Wicomico, State of Maryland on April 2, 2007. Mortgage Electronic Registration Systems, Inc. ("MERS") was the original beneficiary and SunTrust Mortgage, Inc. ("SunTrust") the lender under the Deed of Trust. MERS assigned the Deed of Trust to SunTrust on May 31, 2011 by Corporate Assignment of Deed of Trust recorded at Liber 3321 Folio 358 on June 3, 2011. SunTrust assigned the Deed of Trust to Bayview Loan Servicing, LLC ("Bayview") on December 9, 2013 by Corporate Assignment of Deed of Trust recorded at Liber 3659 Folio 539 on December 16, 2013. Bayview assigned the Deed of Trust to Nationstar on June 22, 2022 by Assignment of Deed of Trust recorded at Book 5117 Page 317 on June 23, 2022. *See* **Exhibits A-D**. As the assignee beneficiary under the Deed of Trust, Nationstar it is entitled to every right which the predecessor assignors possessed under the Deed of Trust.

95.     The allegations in Paragraph 95 refer to documents which speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the language of the documents and/or is contrary to law.

96.     Nationstar denies the first sentence of Paragraph 96 concerning knowing and reckless concealment of facts. The remaining of the allegations in Paragraph 96 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law.

97.     Nationstar denies the first sentence of Paragraph 97. The remaining allegations refer to documents that speak for themselves. Nationstar denies all allegations that vary from the documents.

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

98.   Nationstar denies the allegations in Paragraph 98

99.   The allegations in Paragraph 99 refer to documents, which speak for themselves. To the extent a response is required, Nationstar denies all allegations that vary from the documents. Except as expressly admitted, Nationstar denies all remaining allegations in Paragraph 99.

100.   Paragraph 100 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to law.

101.   Nationstar admits it received a request for an expedited payoff quote from Mr. Palazzo on or about September 11, 2023 and provided a payoff quote to him by expedited delivery on the same day. Except as expressly admitted, Nationstar lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations in Paragraph 101 and therefore denies all such allegations.

102.   Nationstar admits it received a request for an expedited payoff quote from Mr. Palazzo on or about September 11, 2023 and provided a payoff quote to him by expedited delivery on the same day. Except as expressly admitted, Nationstar lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations in Paragraph 102 and therefore denies all such allegations.

103.   Paragraph 103 refers to documents that speak for themselves. To the extent a response is required, Nationstar denies all allegations that vary from the documents.

104.   Paragraph 104 refers to documents that speak for themselves and states conclusions of law to which no response is required. To the extend a response is required, Nationstar denies all allegations that vary from the documents and/or are contrary to law.

105.   Paragraph 105 refers to documents that speak for themselves. To the extent a response is required, Nationstar denies all allegations that vary from the documents.

106.   Nationstar denies the allegations in Paragraph 106.

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 T: / F: 503.290.2405

107.    Nationstar denies the allegations in Paragraph 107. Pleading affirmatively, Nationstar is the assignee of the Palazzo Loan by a Corporate Assignment of Deed of Trust signed on or about June 22, 2022. *See* **Exhibit D**.

108.    Nationstar lacks knowledge or information sufficient to enable it to admit or deny the allegations in Paragraph 108 and therefore denies all such allegations.

109.    Paragraph 109 refers to documents that speak for themselves to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents.

110.    Nationstar denies the allegations in Paragraph 110.

111.    Nationstar lacks knowledge or information sufficient to enable it to admit or deny the allegations in Paragraph 111 and therefore denies all such allegations.

112.    Nationstar denies the allegations in Paragraph 112.

**C    Peter Hackinen**

113.    Paragraph 113 refers to documents that speak for themselves. To the extent a response is required, Nationstar denies all allegations that vary from the documents. Nationstar is without knowledge or information sufficient to enable it to admit or deny the remaining allegations in Paragraph 113 and therefore denies all such allegations.

114.    Nationstar admits it began servicing the Hackinen Loan effective August 15, 2011. The remaining allegations in Paragraph 114 refer to documents which speak for themselves or state legal conclusions to which no response is required. To the extent a response is required Nationstar denies all allegations that are vary from the documents or are contrary to law.

115.    Nationstar admits it began servicing the Hackinen Loan effective August 15, 2011. Nationstar denies the Hackinen Loan was in default on August 15, 2011. Pleading affirmatively, Nationstar is informed and believes and on that basis contends that Mr. Hackinen was current as of

NATIONSTAR'S ANSWER TO AMENDED COMPLAINT - 19
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

August 15, 2011 under a chapter 13 bankruptcy plan approved in the United States Bankruptcy Court, Western District of Washington, Case No. 09-17051-MLB. *See* **Exhibits I-L**. Except as expressly admitted, Nationstar denies the remaining allegations in Paragraph 115.

116.    Paragraph 116 refers to documents which speak for themselves and states legal conclusions to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents and/or is contrary to law.

117.    Paragraph 117 refers to documents which speak for themselves and to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents.

118.    Paragraph 118 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law.

119.    Paragraph 119 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law. Except as expressly admitted, Nationstar denies all remaining allegations in Paragraph 119.

120.    Paragraph 120 refers to documents which speak for themselves. To the extent a response is required, Nationstar denies all allegations that vary from the documents. Except as expressly admitted, Nationstar is without knowledge or information sufficient to enable it to admit or deny the remaining allegations in Paragraph 120 and therefore denies all such allegations.

121.    The first sentence of Paragraph 121 refers to documents that speak for themselves to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents. Nationstar is without knowledge or information sufficient to enable it to admit or deny the remaining allegations in Paragraph 121 and on that basis denies all such allegations.

122.    Paragraph 122 refers to a document that speaks for itself and to which no response

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

is required. To the extent a response is required, Nationstar denies all allegations that vary from the document. Nationstar is without knowledge or information sufficient to enable it to admit or deny the remaining allegations in Paragraph 122 and on that basis denies all such allegations.

123.     Paragraph 123 refers to a document that speaks for itself and to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the document.

124.     Nationstar is without knowledge or information sufficient to enable it to admit or deny the allegations in Paragraph 124 and therefore denies all such allegations.

125.     Nationstar denies the allegations in Paragraph 125.

126.     Nationstar lacks knowledge or information sufficient to enable it to admit or deny the allegations in Paragraph 126 and therefore denies all such allegations.

127.     Nationstar denies the allegations in Paragraph 127.

128.     Nationstar lacks knowledge or information sufficient to enable it to admit or deny the allegations in Paragraph 128 and therefore denies all such allegations.

## V.     <u>CLASS ACTION ALLEGATIONS (LCR 23(I)(2))</u>

**A     Plaintiffs' Class and Subclass Allegations**

129.     In Response to Paragraph 129 and its subparts (1) through (4), Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

130.     Paragraph 130 states conclusions of law and refers to documents that speak for themselves to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents or are contrary to law. Except as expressly admitted, Nationstar is without knowledge or information sufficient to enable it to admit or deny the remaining allegations and therefore denies all such allegations.

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

1

2

131.    In response to Paragraph 131, Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

3

4

132.    In response to Paragraph 132, Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

5

6

133.    Nationstar denies the allegations in Paragraph 133.

7

8

134.    In response to Paragraph 134, Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

9

10

135.    In response to Paragraph 135, Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

11

12

13

14

136.    In response to Paragraph 136 and its subparts (a.) through (p.), Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

15

16

137.    In response to Paragraph 137, Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

17

18

138.    In response to Paragraph 138, Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

19

20

21

139.    In response to Paragraph 139, Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

22

23

24

140.    In response to Paragraph 140 and its subparts (a.) through (e.), Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

25

26

141.    In response to Paragraph 141, Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

27

28

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

**B**      **Defendant Class (LCR 23(i)(2)(B)(2)(ii))**

142.    In response to Paragraph 142, Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

143.    In response to Paragraph 143, Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

144.    In response to Paragraph 144, Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

145.    In response to Paragraph 145, Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

146.    Paragraph 146 states a conclusion of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law. Except as expressly admitted, Nationstar lacks knowledge and information sufficient to enable it to admit or deny the remaining allegations and therefore denies all such allegations.

147.    Paragraph 147 states a conclusion of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law. Except as expressly admitted, Nationstar lacks knowledge and information sufficient to enable it to admit or deny the remaining allegations and therefore denies all such allegations.

148.    Paragraph 148 refers to a document that speaks for itself to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the document.

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

149.    In response to Paragraph 149 and its subparts (a.) through (e.), Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

150.    In response to Paragraph 150, Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

151.    In response to Paragraph 151, Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

152.    In response to Paragraph 152, Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

153.    Nationstar admits it has retained counsel experienced in handing class action suits. Nationstar is without knowledge or information sufficient to enable it to admit or deny the remaining allegations in Paragraph 153 and therefore denies all such remaining allegations.

154.    In response to Paragraph 154, Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

155.    In response to Paragraph 155, Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

156.    In response to Paragraph 156, Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

NATIONSTAR'S ANSWER TO AMENDED COMPLAINT - 24
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

157.    In response to Paragraph 157, Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

158.    In response to Paragraph 158, Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

159.    In response to Paragraph 159, Nationstar denies that class certification of a defendant class is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

## VI.    CLAIMS

**A        COUNT I: Unjust Enrichment**

**(All Plaintiffs on behalf of the Plaintiffs' Class and Nationstar Usury Subclass against Nationstar Only)**

160.    Nationstar restates and incorporates by reference herein its responses to paragraphs 1 through 159 (and all subparts), above. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

161.    Paragraph 161 refers to documents which speak for themselves to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents.

162.    Paragraph 162 refers to documents which speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents or are contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

163.    Paragraph 163 refers to documents which speak for themselves and states

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

1    conclusions of law to which no response is required. To the extent a response is required, Nationstar

2    denies all allegations that vary from the documents or are contrary to law. Nationstar denies that

3    class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed.

4    R. Civ. P. 23.

5

6          164.    Paragraph 164 refers to documents which speak for themselves and states

7    conclusions of law to which no response is required. To the extent a response is required, Nationstar

8    denies all allegations that vary from the documents or are contrary to law. Nationstar denies that

9    class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed.

10   R. Civ. P. 23.

11         165.    Paragraph 165 states conclusions of law to which no response is required. To the

12   extent a response is required, Nationstar denies all allegations that are contrary to law.

13

14         166.    Paragraph 166 states conclusions of law to which no response is required. To the

15   extent a response is required, Nationstar denies all allegations that are contrary to law. Nationstar

16   denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23

17   and/or Fed. R. Civ. P. 23.

18         167.    Paragraph 167 states conclusions of law to which no response is required. To the

19   extent a response is required, Nationstar denies all allegations that are contrary to law. Nationstar

20   denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23

21   and/or Fed. R. Civ. P. 23.

22

23         168.    Paragraph 168 states conclusions of law to which no response is required. To the

24   extent a response is required, Nationstar denies all allegations that are contrary to law. Nationstar

25   denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23

26   and/or Fed. R. Civ. P. 23. Except as expressly admitted, Nationstar denies all remaining allegations

27   in Paragraph 168.

28

NATIONSTAR'S ANSWER TO AMENDED COMPLAINT - 26
(Case No. 2:24-cv-00444-BJR)

169.    Paragraph 169 states a conclusion of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law.

170.    Nationstar denies the allegations in Paragraph 170.

171.    Paragraph 171 refers to documents that speaks for themselves and/or states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that are contrary to the contents of the documents or to the law.

172.    Nationstar denies the allegation in the first sentence of Paragraph 172 concerning Plaintiffs' voluntary payment of expedited delivery fees. Paragraph 172 refers to documents which speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents or are contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Nationstar denies the remaining allegations in Paragraph 172.

173.    Paragraph 173 refers to documents which speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents or are contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Nationstar denies the remaining allegations in Paragraph 173.

174.    Paragraph 174 refers to documents which speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents or are contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Nationstar denies the remaining allegations in Paragraph 174.

**B    COUNT II: Breach of Contract**

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

1

**(All Plaintiffs on behalf of the Plaintiffs' Class and Nationwide Usury Subclass against Freddie Mac and the Defendant Class)**

2

3

175.    Nationstar restates and incorporates by reference herein its responses to paragraphs

4

1 through 174 (and all subparts), above. Nationstar denies that class certification is appropriate or

5

that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

6

176.    Paragraph 176 refers to documents which speak for themselves to which no response

7

is required. To the extent a response is required, Nationstar denies all allegations that vary from the

8

documents. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the

9

requirements of LCR 23 and/or Fed. R. Civ. P. 23.

10

11

177.    Paragraph 177 refers to documents which speak for themselves to which no response

12

is required. To the extent a response is required, Nationstar denies all allegations that vary from the

13

documents. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the

14

requirements of LCR 23 and/or Fed. R. Civ. P. 23.

15

178.    Paragraph 178 refers to documents which speak for themselves and/or states

16

conclusions of law to which no response is required. To the extent a response is required, Nationstar

17

denies all allegations that vary from the documents or are contrary to law. Nationstar denies that

18

class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed.

19

R. Civ. P. 23.

20

21

179.    Paragraph 179 refers to documents which speak for themselves and/or states

22

conclusions of law to which no response is required. To the extent a response is required, Nationstar

23

denies all allegations that vary from the documents or are contrary to law. Nationstar denies that

24

class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed.

25

R. Civ. P. 23.

26

27

180.    Nationstar is without knowledge or information sufficient to enable it to admit or

28

deny the allegations in Paragraph 180 and therefore denies all such allegations.

NATIONSTAR'S ANSWER TO AMENDED COMPLAINT - 28
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

181.    Nationstar is without knowledge or information sufficient to enable it to admit or deny the allegations in Paragraph 181 and therefore denies all such allegations.

182.    Paragraph 182 refers to documents which speak for themselves and/or states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents or are contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

183.    Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Except as expressly admitted, Nationstar is without knowledge or information sufficient to enable it to admit or deny the remaining allegations in Paragraph 183 and therefore denies all such allegations.

184.    Nationstar is without knowledge or information sufficient to enable it to admit or deny the allegations in Paragraph 184 and therefore denies all such allegations.

185.    Nationstar denies the allegations in Paragraph 185.

186.    Nationstar denies the allegations in Paragraph 186.

187.    Paragraph 187 refers to documents which speak for themselves and states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the documents or are contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Nationstar denies the remaining allegations in Paragraph 187.

188.    In response to Paragraph 188, Nationstar denies that Plaintiffs are entitled to relief, that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

1  **C**    **COUNT III: Violations of the FDCPA**

2

3  **(Plaintiff Hackinen on behalf of the Plaintiffs Class and FDCPA Subclass members against Nationstar)**

4  189.    Nationstar restates and incorporates by reference herein its responses to paragraphs

5  1 through 188 (and all subparts), above. Nationstar denies that class certification is appropriate or

6  that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

7  190.    Paragraph 190 states conclusions of law to which no response is required. To the

8  extent a response is required, Nationstar denies all allegations contrary to law.

9
10  191.    Nationstar is without knowledge or information sufficient to enable it to admit or

11  deny the allegation concerning the primary use of funds from Plaintiffs' mortgages and therefore

12  denies all such allegations. Nationstar denies that class certification is appropriate or that Plaintiffs

13  can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. The remaining allegations in

14  Paragraph 191 state legal conclusions to which no response is required. To the extent a response is

15  required, Nationstar denies all allegations contrary to law.

16
17  192.    Nationstar denies that the Hackinen Loan was in default when it commenced

18  servicing on August 15, 2011. The remaining allegations in Paragraph 192 state legal conclusions

19  to which no response is required. To the extent a response is required, Nationstar denies all

20  allegations that are contrary to law.

21  193.    Paragraph 193 states conclusions of law to which no response is required. To the

22  extent a response is required, Nationstar denies all such allegations that are contrary to law.

23  Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements

24  of LCR 23 and/or Fed. R. Civ. P. 23. The remaining allegations in Paragraph 193 state legal

25  conclusions to which no response is required. To the extent a response is required, Nationstar denies

26  all allegations contrary to law.

27
28  194.    Paragraph 194 refers to documents which speak for themselves or states conclusions

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

1    of law to which no response is required. To the extent a response is required, Nationstar denies all

2    allegations that vary from the documents and/or are contrary to law. Nationstar denies that class

3    certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R.

4    Civ. P. 23. Nationstar denies all remaining allegations.

5
6        195.    Paragraph 195 refers to documents which speak for themselves or states conclusions

7    of law to which no response is required. To the extent a response is required, Nationstar denies all

8    allegations that vary from the documents and/or are contrary to law.

9        196.    Paragraph 196 states a conclusion of law to which no response is required. The

10   extent a response is required, Nationstar denies all allegations that are contrary to law. Nationstar

11   denies that it violated the FDCPA.

12
13       197.    Nationstar denies the allegations in Paragraph 197 and denies that class certification

14   is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

15       198.    Paragraph 198 refers to documents that speak for themselves and states conclusions

16   of law to which no response is required. To the extent a response is required, Nationstar denies all

17   allegations that vary from the documents and/or are contrary to law.

18       199.    Nationstar denies the allegations in Paragraph 199 and denies that class certification

19   is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

20
21       200.    Paragraph 200 refers to documents which speak for themselves and states legal

22   conclusions to which no response is required. To the extent a response is required, Nationstar denies

23   all allegations that vary from the documents and/or are contrary to law. Nationstar denies that class

24   certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R.

25   Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 200.

26       201.    Paragraph 201 refers to documents that speak for themselves and/or states a

27   conclusion of law to which no response is required. To the extent a response is required, Nationstar

28

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW River, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

1    denies all allegations that vary from the documents or are contrary to law. Nationstar denies that

2    class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed.

3    R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 201.

4         202.    Paragraph 202 states a conclusion of law to which no response is required. To the

5    extent a response is required, Nationstar denies all allegations that are contrary to law. Nationstar

6    denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23

7    and/or Fed. R. Civ. P. 23. Nationstar denies Plaintiffs are entitled to any damages or have been

8

9    harmed.

10

11   **D**      **COUNT IV: Violation of State Debt Collection and Mortgage Servicing Laws**

12           **(All Plaintiffs on behalf of Plaintiffs' Class, Washington Subclass, and Maryland**
             **Subclass Against Nationstar only)**
13

14        203.    Nationstar restates and incorporates by reference herein its responses to paragraphs

15   1 through 202 (and all subparts), above. Nationstar denies that class certification is appropriate or

16   that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23.

17
18        204.    Paragraph 204 states conclusions of law to which no response is required. To the

19   extent a response is required, Nationstar denies all allegations contrary to law. Nationstar denies

20   that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or

21   Fed. R. Civ. P. 23.

22        205.    Paragraph 205 states conclusions of law to which no response is required. To the

23   extent a response is required, Nationstar denies all allegations contrary to law. Nationstar denies

24   that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or

25   Fed. R. Civ. P. 23.

26
27        206.    Paragraph 206 refers to a published court decision and statute and states conclusions

28   of law to which no response is required. To the extent a response is required, Nationstar denies all

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

1   allegations that vary from the court decision or statutory text, and/or is contrary to law. Nationstar

2   denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23

3   and/or Fed. R. Civ. P. 23.

4       207.    Nationstar denies Ms. Palazzo and Mr. Salom are entitled to any damages.

5   Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements

6   of LCR 23 and/or Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 207.

7       208.    Paragraph 208 states a conclusion of law to which no response is required. To the

8   extent a response is required, Nationstar denies all allegations that are contrary to law. Nationstar

9   denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23

10  and/or Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 208.

11      209.    Paragraph 209 refers to a published court decision and statute and states conclusions

12  of law to which no response is required. To the extent a response is required, Nationstar denies all

13  allegations that vary from the court decision or statutory text, and/or is contrary to law. Nationstar

14  denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23

15  and/or Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 209.

16      210.    Paragraph 210 refers to a published court decisions and statutes and states

17  conclusions of law to which no response is required. To the extent a response is required, Nationstar

18  denies all allegations that vary from the court decision or statutory text, and/or is contrary to law.

19  Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements

20  of LCR 23 and/or Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 210.

21      211.    Paragraph 211 states a conclusion of law to which no response is required. To the

22  extent a response is required, Nationstar denies all allegations that are contrary to law. Nationstar

23  denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23

24  and/or Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 211.

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

212.    Paragraph 212 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 212.

213.    Paragraph 213 refers to a court decision and states a conclusion of law to which no response is required. To the extent a response is required, Nationstar denies all allegations that vary from the court decision and/or are contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 213.

214.    Paragraph 214 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 214.

215.    Paragraph 215 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 215.

216.    Paragraph 216 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 216.

217.    Paragraph 217 states conclusions of law to which no response is required. To the extent a response is required, Nationstar denies all allegations contrary to law. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

1    Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 217.

2        218.    Paragraph 218 states conclusions of law to which no response is required. To the

3    extent a response is required, Nationstar denies all allegations contrary to law. Nationstar denies

4    that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or

5    Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 218.

6        219.    Nationstar denies the allegation in the first sentence of Paragraph 219 concerning

7    whether it has a contractual relationship with any of the Plaintiffs. *See* **Exhibit D**. The remaining

8    allegations in Paragraph 219 states conclusions of law to which no response is required. To the

9    extent a response is required, Nationstar denies all allegations contrary to law. Nationstar denies

10   that class certification is appropriate or that Plaintiffs can meet the requirements of LCR 23 and/or

11   Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in Paragraph 219.

12       220.    Nationstar denies that Plaintiffs have suffered damages or are entitled to relief of

13   any kind. Nationstar denies that class certification is appropriate or that Plaintiffs can meet the

14   requirements of LCR 23 and/or Fed. R. Civ. P. 23. Nationstar denies all remaining allegations in

15   Paragraph 220.

### VII.   PRAYER FOR RELIEF

16       Nationstar denies that Plaintiffs or the putative class are entitled to any of the relief set forth

17   in Paragraphs (A) through (M) of the Prayer for Relief.

18       Nationstar denies that Plaintiffs or the putative class are entitled to any relief and deny that

19   it is liable to Plaintiffs or the putative class in any amount whatsoever under any theory whatsoever.

20       Nationstar denies each and every allegation in the Amended Complaint not specifically

21   admitted in the above paragraphs.

22       Nationstar further states that its investigation of the present matter is ongoing. Accordingly,

23   Nationstar reserves the right to amend this answer.

NATIONSTAR'S ANSWER TO AMENDED COMPLAINT - 35
(Case No. 2:24-cv-00444-BJR)

1

## **AFFIRMATIVE AND OTHER DEFENSES**

2

Defendants state the following affirmative and other defenses without assuming the burden

3

of proof that would otherwise rest with Plaintiff:

4

1.      Plaintiffs' claims are barred to the extent any alleged violations or errors have been

5

6

corrected.

7

2.      Plaintiffs' claims have been waived and/or are estopped, in whole or in part, by the

8

contracts to which Plaintiffs agreed and/or due to providing informed consent for the payments

9

alleged in the Amended Complaint.

10

3.      Plaintiffs' claims are barred to the extent they failed to mitigate their alleged

11

damages or harm.

12

4.      Plaintiffs' claims are barred to the extent that any alleged damages were caused by

13

factors and conduct other than, and unrelated to, any conduct of Nationstar, including but not

14

15

limited to the conduct of other individuals or entities over which Nationstar had no control.

16

5.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands,

17

and/or unjust enrichment.

18

6.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of release and/or

19

accord and satisfaction.

20

7.      Plaintiffs' claims are barred or diminished by Nationstar's rights of setoff,

21

22

recoupment, and/or restitution.

23

8.      Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have not

24

suffered any damages.

25

9.      Plaintiffs' claims are barred, in whole or in part, to the extent the filed this action

26

after the expiration of the applicable statute of limitations governing their claims.

27

28

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

10.     Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine because they paid the expedited delivery fees with full knowledge of the facts and without any fraud, duress, or extortion. *See Maxwell v. Provident Mut. Life Ins. Co. of Philadelphia*, 180 Wash. 560, 567 (1935); *Halle Dev., Inc. v. Anne Arundel Cnty.*, 371 Md. 312, 323 (2002).

11.     Plaintiffs' claims are barred, in whole or in part, to the extent they failed to comply with the notice and cure provisions under the respective deeds of trust that require each plaintiff to provide notice and an opportunity to cure before they file suit.

12.     Nationstar reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses.

WHEREFORE, Defendant Nationstar Mortgage LLC d/b/a Champion Mortgage, having fully responded to Plaintiffs' Amended Complaint, respectfully requests:

1.     that the Court enter judgment in favor of Nationstar and against Plaintiffs on all claims in the Amended Complaint and deny all relief sought by Plaintiffs;

2.     that the Court award Nationstar its costs, including reasonable attorneys' fees, incurred in connection with this action; and

3.     that the Court award Nationstar such other and further relief as this Court deems just and proper.

Dated: June 20, 2024.

TROUTMAN PEPPER                          TROUTMAN PEPPER
HAMILTON SANDERS, LLP                    HAMILTON SANDERS, LLP

By: /s/ Jason Manning                    By: /s/ John C. Lynch
Jason Manning, Pro Hac Vice             John C. Lynch, Pro Hac Vice
222 Central Park Ave, Ste 2000          222 Central Park Ave, Ste 2000
Virginia Beach, VA 23462                Virginia Beach, VA 23462
jason.manning@troutman.com              john.lynch@troutman.com

Counsel for Defendant Nationstar        Counsel for Defendant Nationstar

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

1
2

Mortgage LLC D/B/A Champion
Mortgage

Mortgage LLC D/B/A Champion
Mortgage

3

TROUTMAN PEPPER
HAMILTON SANDERS, LLP

TROUTMAN PEPPER
HAMILTON SANDERS, LLP

4
5
6
7

By: /s/ Thomas N. Abbott
Thomas N. Abbott, WSBA# 53024
100 SW Main St, Ste 1000
Portland, Oregon 97204
thomas.abbott@troutman.com

By: /s/ Justin D. Balser
Justin D. Balser, WSBA# 56577
5 Park Plaza, Suite 1400
Irvine, California 92614
justin.balser@troutman.com

8
9

Counsel for Defendant Nationstar
Mortgage LLC D/B/A Champion
Mortgage

Counsel for Defendant Nationstar
Mortgage LLC D/B/A Champion
Mortgage

10

CORR CRONIN LLP

11
12
13
14
15
16
17

By: /s/ Emily J. Harris
Emily J. Harris, WSBA No. 35763
Benjamin C. Byers, WSBA No. 52299
1015 Second Avenue, Floor 10
Seattle, WA 98104
eharris@corrcronin.com
mailto:bbyers@corrcronin.com
Counsel for Defendant Nationstar
Mortgage LLC D/B/A Champion
Mortgage

18
19
20
21
22
23
24
25
26
27
28

NATIONSTAR'S ANSWER TO AMENDED COMPLAINT - 38
(Case No. 2:24-cv-00444-BJR)