The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICARDO SALOM, CATHERINE PALAZZO as assignee for Ruben Palazzo, and PETER HACKINEN, *on their own behalf and on behalf of other similarly situated persons,*<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC d/b/a CHAMPION MORTGAGE, et al.,<br><br>Defendants. | Case No. 2:24-cv-00444-BJR<br><br>**NATIONSTAR MORTGAGE LLC D/B/A CHAMPION MORTGAGE COMPANY'S MOTION TO STAY DISCOVERY PENDING RULING ON ITS MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendant Nationstar Mortgage LLC d/b/a Champion Mortgage Company ("Nationstar") moves to stay discovery pending a ruling on its Motion for Judgment on the Pleadings. Pursuant to Standing Order [Dkt. # 16] §§ C, F and Federal Rules of Civil Procedure 26(c), Nationstar conferred with Plaintiffs but were unable to agree on the issues presented herein.

## I.  INTRODUCTION

In this putative class action Plaintiffs seek certification of four classes:

(1) were borrowers (or the assigns or successors in interest to the borrowers) on residential mortgage loans in the United States to which Nationstar acquired servicing rights when such loans were 30 days or more delinquent or in default on loan payment obligations or other standard default terms as defined by a Uniform Mortgage instrument ("FDCPA Subclass"); or

(2) were borrowers (or the assigns or successors in interest to the borrowers) on residential mortgage loans secured by residential properties in the State of Washington in the four years before the commencement of this action to which

NATIONSTAR'S MOTION TO STAY DISCOVERY - 1
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

Nationstar acted as a mortgage servicer ("Washington Subclass"); or

(3) were borrowers (or the assigns or successors in interest to the borrowers) on residential mortgage loans secured by residential properties in the State of Maryland since October 1, 2019 to the commencement of this action to which Nationstar acted as a mortgage servicer ("Maryland Subclass"); or

(4) were borrowers on residential mortgage loans on properties located in the United States in the six years before the commencement of this action ("Nationwide Unjust Enrichment Subclass") in which Nationstar was not a party to the mortgage lender and merely acted as a collector on behalf of another.

Dkt. # 24 ¶ 129.

Nationstar moved for judgment on the pleadings, which will be fully briefed and pending by the deadline for the last defendant, Federal Home Loan Mortgage Corporation, to respond to the Amended Complaint on August 26, 2024. Dkt. # 36. That motion is based solely on the allegations in Plaintiffs' Amended Complaint and does not require any facts outside the pleadings to resolve. If granted, the motion will result in dismissal of all claims against Nationstar. Plaintiffs have informed Nationstar that they intend to take the deposition of Courtney Ehinger, a Senior Vice President at Nationstar, on August 16, 2024.[1] Nothing in Plaintiffs' proposed discovery bears on the legal issues presented in Nationstar's motion. That discovery will result in pointless burden and expense if the Court grants Nationstar's motion for judgment on the pleadings.

The Ninth Circuit and the district courts in Washington recognize that good cause generally exists to stay discovery while considering a potentially dispositive motion on the pleadings. In line with those authorities, this Court should stay discovery against Nationstar pending a ruling on Nationstar's Motion for Judgment on the Pleadings because (1) Nationstar's Motion will be decided based on the content of Plaintiffs' Amended Complaint, irrespective of any facts known now or discovered later, and (2) the Motion for Judgment on the Pleadings, if granted, resolves all claims against Nationstar, thus avoiding the burden and expense of discovery. Moreover, Plaintiffs will not be prejudiced by a stay.

## II.   FACTUAL BACKGROUND

Plaintiffs filed their initial Complaint in this matter on February 28, 2024. Dkt. # 1.

---

[1] Plaintiffs did not confer with Nationstar on scheduling. It is unknown at time of filing this motion whether Ms. Ehinger is available on August 16, 2024.

NATIONSTAR'S MOTION TO STAY DISCOVERY - 2
(Case No. 2:24-cv-00444-BJR)

Nationstar responded to the Complaint by Motion to Dismiss on May 9, 2024. Dkt. # 19. Although Nationstar conferred with Plaintiffs prior to filing its Motion to Dismiss and Plaintiffs refused to amend the complaint in response, Plaintiffs filed their Amended Complaint on May 30, 2024. Dkt. # 24. Plaintiffs added a new defendant, Federal Home Loan Mortgage Corporation ("Freddie Mac"), and a new class theory that Freddie Mac should be the named defendant in a defendant class. *Id.* Although the parties have commenced conferral under Rule 26(f) the deadline to file the joint report has been continued to July 22, 2024. Dkt. # 30. Freddie Mac moved for a 60-day extension of time to respond to the Amended Complaint, which the Court granted by setting the deadline to August 26, 2024. Dkt. # 36. On July 3, 2024, Plaintiffs served notice of deposition for Ms. Ehinger, unilaterally scheduling her deposition for August 16, 2024. Abbott Decl. ¶ __, Ex. A.

### III.  ARGUMENT

**A.  Legal Standard**

Rule 26(c) authorizes the Court, on a showing of good cause, to "issue an order to protect a party" from "undue burden or expense" by "forbidding the disclosure or discovery" sought by another party. Fed. R. Civ. P. 26(c). The Ninth Circuit and the district courts in Washington have held that good cause exists to stay discovery during the pendency of a dispositive motion that does not depend on facts for its resolution.

In the Ninth Circuit a district court "may limit discovery 'for good cause'" pursuant to Rule 26(c). *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). This includes relieving a party of the burden of discovery while a dispositive motion is pending. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).

When determining whether to issue a stay, a court takes a "preliminary peek" at the pending dispositive motion and considers two factors: "(1) whether the pending motion could dispose of the entire case, and  (2) whether the motion can be decided without additional discovery." *Travelers Prop. Cas. Co. of Am. V. H.D. Fowler Co.*, No. C19-1050-JCC, 2020 WL 832888, *1 (W.D. Wash. Feb. 20, 2020)  (cleaned up) (granting stay where motion was based on questions of law and could be decided  without additional discovery); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *e.g., Malone  v. Clark Nuber, P.S*., No. C07–2046RSL, 2008 WL 8933296, at *1 (W.D. Wash.

NATIONSTAR'S MOTION TO STAY DISCOVERY - 3
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

Nov. 5, 2008) (exercising the court's inherent authority to stay discovery because motions to dismiss were pending and plaintiffs did not need discovery to respond to those pending motions).

Courts may also consider whether a stay will prejudice the parties, and whether a stay of discovery may "save both parties time and money." *Silbaugh v. Chao*, No. C17-1759RSM, 2018 WL 2317555, at *1 (W.D. Wash. May 22, 2018) (citing Fed. R. Civ. P. 26(c)).; *see also Lloyd v. Rufener*, No. C17-5627 BHS-TLF, 2018 WL 4353268, at *1 (W.D. Wash. Sept. 12, 2018) (granting a "brief stay" to "facilitate the orderly and efficient progress of [the] case").

**B.  The First Factor Is Met Because Nationstar's Pending Motion for Judgment on the Pleadings is Potentially Dispositive of the Entire Case**

Nationstar's pending Motion for Judgment on the Pleadings may dispose of some or all of Plaintiffs' claims, either eliminating or significantly narrowing the need for discovery into many of Plaintiffs' allegations. Nationstar's motion raises fundamental issues applicable to all of Plaintiffs' claims—such as whether Section 20 of the deeds of trust bar a suit without pre-suit notice and an opportunity to cure. In *Smith v. Flagstar Bank, FSB*, the putative class action plaintiff asserted the same theory that section 20 of the deed of trust did not apply to the loan servicer. Flagstar moved to dismiss because Smith had not provided the pre-suit notice and opportunity to cure mandated under section 20. The court granted the motion to dismiss because the loan servicer was the assignee of the Lender with respect to the collection of the loan payments and therefore was entitled to relief under section 20 in accordance with section 13's provision that the benefits of the deed of trust bind and benefit successors and assigns of the lender. *Smith v. Flagstar Bank, FSB*, No. C 18-02350 WHA, 2018 WL 3995922, at *4 (N.D. Cal. Aug. 21, 2018) (citing *Giotta v. Ocwen Loan Servicing, LLC*, 706 Fed.Appx. 421 (9th Cir. 2017)).

**C.  The Second Factor Is Met Because Nationstar's Pending Motion for Judgment on the Pleadings Can Be Decided Absent Discovery**

Nationstar's Motion for Judgment on the Pleadings is decided based on the allegations in the pleadings, and therefore, "the degree of discovery conducted is irrelevant to a Rule 12(b)(6) motion." *Flores v. Roma Indep. Sch. Dist.*, 2017 WL 11104106, at *3 (S.D. Tex. 2017); *see also Micron Tech., Inc. v. United Microelectronics Corp.*, 2018 WL 7288018, at *2 (N.D. Cal. 2018) (staying discovery where pending motion to dismiss did not require full discovery for resolution);

NATIONSTAR'S MOTION TO STAY DISCOVERY - 4
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

*In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) ("[t]he Court also notes that the pending motions to dismiss are fully briefed, and can be decided without additional discovery"); *see also Hamilton v. Rhoads*, 2011 WL 5085504, at *1 (N.D. Cal. 2011) ("any discovery is unnecessary for resolution of the [defendant's] motion [to dismiss]"); *Malone v. Clark Nuber, P.S.*, No. C07–2046RSL, 2008 WL 8933296, at *1 (W.D. Wash. Nov. 5, 2008) (exercising the court's inherent authority to stay discovery because motions to dismiss were pending and plaintiffs did not need discovery to respond to those pending motions).

### D.   Discovery Should Be Stayed Pending Nationstar's Motion for Judgment on the Pleadings for the Additional Reason that Discovery Will Necessarily Require Disclosure of Personally Identifiable Financial Information

Plaintiffs' allegations will necessarily require disclosure in discovery of personally identifiable financial information ("PIFI") because their proposed classes relate to consumers who were delinquent on their mortgage loans when Nationstar began servicing irrespective of whether there was any public record of a foreclosure. Dkt. # 24 ¶ 129. "Information included in a list, description, or other grouping of consumers is automatically protected if it is derived using any nonpublic personal information." *Ameriquest Mortg. Co. v. Washington State Off. of Atty. Gen.*, 170 Wash. 2d 418, 435 (2010) (quoting 15 U.S.C. § 69809(4)(C)(i); 16 C.F.R. § 313.3(n)(1)(ii)) (quotations omitted). "The FTC has interpreted the term 'personally identifiable financial information' to include all information about a consumer, including non-financial data such as name, address, and telephone number." *Experian Info. Sols., Inc. v. F.T.C.*, 2001 WL 257834, at *2 (N.D. Tex. 2001); *see also Trans Union LLC v. F.T.C.*, 295 F.3d 42, 46 (D.C. Cir. 2002) (upholding regulations protecting the privacy rights of consumers against challenge by consumer credit reporting agency). The rule prohibits the disclosure of such information. *Experian Info. Sols., Inc.*, at *2 (citing § 313.3(o)(1)). Commencement of such invasive discovery as to PIFI before the parties even know whether Plaintiffs can state a claim for relief warrants a stay of discovery.

### IV.   CONCLUSION

For the foregoing reasons, Nationstar respectfully requests that the Court order a stay of discovery, including but not limited to any depositions, pending the resolution of Nationstar's Motion for Judgment on the Pleadings.

NATIONSTAR'S MOTION TO STAY DISCOVERY - 5
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

Dated: July 12, 2024

TROUTMAN PEPPER
HAMILTON SANDERS LLP

By: */s/ Thomas N. Abbott*
Thomas N. Abbott (WSBA No. 53024)
100 SW Main Street, Suite 1000
Portland, Oregon 97204
Telephone: 503.290.2322
Email: thomas.abbott@troutman.com

Justin D. Balser (WSBA No. 56577)
5 Park Plaza, Suite 1400
Irvine, California 92614
Telephone: 949.622.2700
Facsimile: 949.622.2739
Email: justin.balser@troutman.com

ATTORNEYS FOR DEFENDANT
NATIONSTAR MORTGAGE LLC D/B/A
CHAMPION MORTGAGE

NATIONSTAR'S MOTION TO STAY DISCOVERY - 6
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405