The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICARDO SALOM, CATHERINE PALAZZO as assignee for Ruben Palazzo, and PETER HACKINEN, *on their own behalf and on behalf of other similarly situated persons,*<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00444-BJR<br><br>**MOTION FOR APPROPRIATE RELIEF PURSUANT TO FED. R. CIV. P. 23(d)** |

Plaintiffs Ricardo Salom, Catherine Palazzo as assignee for Ruben Palazzo, and Peter Hackinen ("Plaintiffs") pursuant to FED. R. CIV. P. 23(d) do hereby move to certain appropriate relief in the conduct of this action and say in support of this motion as follows:

### I.   CERTIFICATION OF CONFERRAL

Pursuant to § II(C) the Court's Standing Order (ECF. 16), the Plaintiffs do hereby certify that the Parties have meaningfully met and conferred prior to the filing of this motion. Plaintiffs first requested dates and times for Nationstar's counsel to meet and confer on June 14, 2024 and June 18, 2024 but Nationstar was unable to specify any date its counsel were available. Plaintiffs then provided a near, final draft of this motion (substantially in the form presented to the Court)

MOTION FOR APPROPRIATE RELIEF PURSUANT
TO FED. R. CIV. P. 23(D) - 1

SEATTLE CONSUMER JUSTICE P.S.
10728 16th Avenue SW
Seattle, WA 98146
206.330.0595

on June 25, 2024.  Thereafter, counsel for the Parties met and conferred about the motion by Zoom on July 3, 2024 which was more than three business days before the filing of the motion. Nationstar's written response to the proposed motion dated June 28, 2024 was to claim the "LCR 3(g)/(h) is not as broad as your motion suggests" In addition, Nationstar also responded for the first time ever that its pre-certification communications with the putative class members in the Baxter case was only out of fear of "regulatory action" by the "Consumer Financial Protection Bureau" which has no authority to enforce Maryland consumer protection laws at issue in *Baxter* but does has authority to enforce Federal consumer protection laws not present in *Baxter*.  During the conference Plaintiffs also requested information from Nationstar about a check it had sent to Plaintiff Hackinen following service in this case (which is lost) and for what purpose the check was intended.  Nationstar's counsel said it would follow-up to the inquiry and respond.  As of this filing Nationstar has not done so.

**II.     INTRODUCTION**

This putative class action pursuant to FED. R. CIV. P. 23 concerns the pattern or practice of Defendant Nationstar Mortgage LLC ('Nationstar") practice of imposing and collecting fees from residential mortgage borrowers nationwide to obtain a payoff statement.  These fees are neither expressly authorized by contract or law but Nationstar harvests it anyway from hundreds if not thousands of consumers nationwide.  The Court recently discussed the governing Federal law at issue and explained:

> Determining whether conduct violates Section 1692f, as for Sections 1692e and 1692e(2), "requires an objective analysis" and does not inquire into a defendant's knowledge. *Donohue*, 592 F.3d at 1030.
>
> On the undisputed facts presented, Plaintiff has established a violation of Section 1692f(1) for the same reason as Defendant's violations of Sections 1692e and 1692e(2). The Balance contained a $1,250 amount that was not "permitted by law," and nor does Defendant contend it was authorized by Plaintiff's lease agreement with Riverstone. As such, Defendant's attempts to collect the full Balance constitute a violation of Section 1692f(1). *See Williams*, 579 F.Supp.3d at 1210 (debt collector violated Section 1692f(1) "[b]ecause Defendant has not established that it was entitled to collect" amounts at issue"); *Dawson*, 2017 WL 5668073, at *3 (debt

MOTION FOR APPROPRIATE RELIEF PURSUANT
TO FED. R. CIV. P. 23(D) - 2

SEATTLE CONSUMER JUSTICE P.S.
10728 16th Avenue SW
Seattle, WA 98146
206.330.0595

collector violated Section 1692f by its attempts to collect debt not "legally owed by [plaintiff]" under apartment lease agreement; "[t]he same conduct by a debt collector can violate multiple provisions of the FDCPA").

*Creager v. Columbia Debt Recovery*, 618 F. Supp. 3d 1094, 1103 (W.D. Wash. 2022).

Here, the specific conduct at issue in this action is Nationstar's demand for and collection of a payment of fees for payoff statements. In the Dodd-Frank Act, Congress added to the Truth in Lending Act the right of a borrower to obtain an accurate payoff statement. 15 U.S.C.A. § 1639g. *See also* 12 C.F.R. § 1026.36(c)(3); Official Interpretations of Reg. Z § 1026.36(c)(3)-3. Under the Real Estate Settlement Procedures Act ('RESPA"), 12 U.S.C.A. § 2610, Nationstar was barred from imposing or charging "upon any other person (as a part of settlement costs or otherwise)… in connection with a federally related mortgage loan… [as] a servicer (as the term is defined under section 2605(i) of [RESPA]), for or on account of the preparation and submission by such…servicer of the statement or statements required (in connection with such loan)…by the Truth in Lending Act." In addition, the pay-to-pay fee at issue is also barred by the Fair Debt Collection Practices Act ('FDCPA") as described in *Creager*. 618 F. Supp. 3d at 1103.[1]

All standard mortgage contracts, just like the Plaintiffs' contracts at issue in this action, are subject to the "'Applicable Law' [which] means all controlling applicable federal, state, and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law)…" ¶ J on ECF. 20-2 (Page 3 of 18), ECF. 20-4 (Page 3 of 22); ECF. 20-6 (Page 3 of 16).[2]

---

[1] The conduct regulated by FDCPA is also incorporated into the broader state consumer protection statutes presenting in this action from Washington and Maryland which govern all creditors and all of Nationstar's borrowers in those jurisdictions. *Alexander v. Carrington Mortg. Servs., LLC*, 23 F.4th 370, 375-76 (4th Cir. 2022).

[2] Each contract also specifically defines RESPA to include 12 U.S.C.A. § 2610 as it "might be amended from time to time, or any additional or successor legislation that governs the same

MOTION FOR APPROPRIATE RELIEF PURSUANT
TO FED. R. CIV. P. 23(D) - 3

SEATTLE CONSUMER JUSTICE P.S.
10728 16th Avenue SW
Seattle, WA 98146
206.330.0595

And also in each standard contract, it was agreed that **no** borrower would be "charge[d] fees that are expressly prohibited by…Applicable Law." ¶ 14 on ECF. 20-2 (Page 11 of 18), ECF. 20-4 (Page 12 of 22); ECF. 20-6 (Page 11 of 16).  Nationstar previously argues that the limitations in Paragraph 14 of the standard deeds of trust utilized across the United States did not apply to it and somehow an assignee and its collector (i.e. Nationstar) acquired rights their predecessors did not have, and that argument was firmly rejected by the Supreme Court of Maryland f/k/a Court of Appeals of Maryland. *Nationstar Mortg. LLC v. Kemp*, 258 A.3d 296, 309-310, 319 (2021).

From its recent experience, Nationstar is specifically aware of this bar on its fee harvesting programs are not allowed since there is no law or contract that expressly authorizes the pay-to-pay fees at issue in this action.  Plaintiffs have asserted statutory debt collection claims and a common law claim for unjust enrichment on behalf of the putative class members against Nationstar.  In the alternative, if the fact finder determines that Plaintiffs may not pursue their claims for unjust enrichment against Nationstar (who is not a party to their contracts), the Plaintiffs have asserted contract claims against the owners of their loans who hired and controlled Nationstar.

In light of Nationstar's judicial admissions in other actions in this Court and around the country, Plaintiffs are contemporaneously requesting leave to move "[a]t an early practicable time…[for an] order…to certify the action as a class action."  FED. R. CIV. P. 23(c)(1)(a). However, in the interim, before the Court rules on that motion, Plaintiffs believe it is prudent for the Court to enter an administrative order about the conduct of proceedings and Nationstar's communications with the putative class members, as authorized by FED. R. CIV. P. 23(d), in two material aspects:

---

subject matter." ¶ Q on ECF. 20-2 (Page 3 of 18), ECF. 20-4 (Page 3-4 of 22); ECF. 20-6 (Page 4 of 16).

MOTION FOR APPROPRIATE RELIEF PURSUANT TO FED. R. CIV. P. 23(D) - 4

SEATTLE CONSUMER JUSTICE P.S.
10728 16th Avenue SW
Seattle, WA  98146
206.330.0595

- Plaintiffs believe, based upon Nationstar's past practices in this Court and in other actions, that the Court should require Nationstar to identify to the Court if the subject matter of this action—its customary practice of charging a fee for a borrower to obtain a payoff statement that is neither expressly authorized by law or contract, is challenged in any other proceeding throughout the United States. This disclosure is intended solely for the purpose of avoiding the situation where the Court and the Parties here engage in substantive work on this dispute only to find out later, when Nationstar elects to disclose the facts, that a competing or companion matter exhibits elsewhere.[3]

- Plaintiffs also believe based upon Nationstar's past practices that a limited Order of the Court is necessary to police Nationstar's communications with the class members concerning its customary practice of charging a fee for a borrower to obtain a payoff statement that is neither expressly authorized by law or contract. Specifically, to avoid confusion by the putative class members from unexplained communications from Nationstar to them related to the subject fee at issue in this action, Plaintiffs request the Court enter an Order requiring Nationstar to seek Court approval before any such communications occur.

Specifically, the limited relief sought herein is brought solely related to the conduct of this action at this early stage to avoid the wasteful use of the Court's and Parties' resources where appropriate and to ensure any communications by Nationstar to the putative class members about the occurrence subject to this action are not confusing if done with the Court's supervision.

**III.    STANDARD OF REVIEW**

FED. R. CIV. P. 23(d)(1) provides that "the [C]ourt may issue orders that: (A) determine

---

[3]    Nationstar is required under the Local Rules to make such a disclosure. Local Rules W.D. Wash. LCR 3(h). However, in the past, as discussed herein, Nationstar has not adhered to that requirement which has been part of the Local Rules since December 2012 (https://www.wawd.uscourts.gov/local-rules-and-orders/archived) which is why Plaintiffs seek a limited order now to ensure the Parties' and the Court's resources are not unduly taxed.

MOTION FOR APPROPRIATE RELIEF PURSUANT  
TO FED. R. CIV. P. 23(D) - 5

SEATTLE CONSUMER JUSTICE P.S.  
10728 16th Avenue SW  
Seattle, WA  98146  
206.330.0595

the court of proceedings or prescribe measures to prevent undue repetition….or (E) deal with similar procedural matters."

Relatedly, Judge Lasnik explained

> Defendants in class action litigation are generally allowed to communicate with putative class members prior to certification of the class. Newberg on Class Actions § 9:7 (5th ed.). Nevertheless, class actions provide opportunities for abuse, and the "district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties" where there the record shows particular abuses that threaten the policies of Rule 23. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100-02 (1981).

*Nugussie v. HMS Host N. Am.*, No. C16-0268RSL, 2017 WL 1250420, at *1 (W.D. Wash. Apr. 5, 2017). *See also Dominguez v. Better Mortg. Corp.*, 88 F.4th 782, 790–92 (9th Cir. 2023)(discussing *Gulf Oil* and a district court's authority to construct narrow, case management orders related to class member communications).

> Direct communications with class members, however, whether by plaintiffs or defendants, can lead to abuse. For example, defendants might attempt to obtain releases from class members without informing them that a proposed class action complaint has been filed. If defendants are in an ongoing business relationship with members of a putative class, the court might consider requiring production of communications relating to the case. In appropriate cases, courts have informed counsel that communications during an ongoing business relationship, including individual releases or waivers, must be accompanied by notification to the members of the proposed class that the litigation is pending.

21.12. Precertification Communications with the Proposed Class, Ann. Manual Complex Lit. § 21.12 (4th ed.)(FN omitted).

### IV. ARGUMENT

A. <u>Nationstar has a Pattern of Failing to Disclose Related Matters in This and Other Courts Which Has Caused Unnecessary Use of Judicial Resources; A Limited Order of the Court Requiring Nationstar to Acknowledge by its Corporate Designee or Counsel of Record Its Ongoing Compliance with LCR 3(g) is Warranted</u>

In a prior action in this Court, Nationstar proceeded to litigation and ultimate class action settlement in the matter of *Garcia v. Nationstar Mortgage LLC* (Case No. 2:15-cv-01808-

MOTION FOR APPROPRIATE RELIEF PURSUANT
TO FED. R. CIV. P. 23(D) - 6

SEATTLE CONSUMER JUSTICE P.S.
10728 16th Avenue SW
Seattle, WA 98146
206.330.0595

TSZ)(filed on November 11, 2015 and terminated on October 26, 2018).  The *Garcia* settlement was presented to the Court for preliminary approval by motion which summarized the claims and proceedings to date as follows:

> Plaintiff Juanita Garcia brought this lawsuit in response to Defendant Nationstar Mortgage LLC's practice of charging her "Convenience Fees" for making mortgage payments over the phone or online. Garcia alleged that Nationstar, by charging fees not authorized by her loan agreements, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692f(1) ("FDCPA") and the Washington Collection Agency Act, RCW § 19.16.250(21) ("WCAA"). After more than two-and-a-half years of hard-fought litigation—including significant motion practice, wide-ranging written discovery, depositions, arms'-length settlement negotiations, and mediation with a well-respected mediator—Garcia and class counsel secured a Settlement that represents a significant result for the settlement class. That Settlement, and the work leading up to it, forms the basis for this request for an award of reasonable attorneys' fees, reimbursement of expenses to Garcia's counsel, and an incentive award to Garcia as class representative.

*Garcia*, ECF. 103.

Of import to the relief requested in this Motion, Nationstar never disclosed in *Garcia* that it faced a parallel action concerning the same subject matter in the United States United States District Court for the Eastern District of California in the matter of *Contreras v. Nationstar Mortg. LLC* (Case No. 2:16-cv-00302-MCE-EFB)(filed on February 12, 2016 and terminated on November 15, 2022).  *See generally Garcia* docket (not identifying any LCR 3(g) notice). However, LCR 3(h) f/k/a LCR 3(g) required Nationstar to make the disclosure throughout the entirety of the *Garcia* litigation:

> Whenever a party knows or learns that its pending case involves all or a material part of the same subject matter and all or substantially the same parties as another action that is pending in any other federal or state court, before an administrative body, or before an arbitrator, the party must file a Notice of Pendency of Other Action within five days of learning of the other action. The Notice must contain the title and case number of the other action, a brief description of the other action, the title and location of the court or other forum in which the other action is pending, a statement of any relationship between the two actions, a statement regarding whether transfer should be effected pursuant to 28 U.S.C. § 1407 (Multi District

Litigation Procedures) if the action is pending in another U.S. District Court, and a statement regarding whether coordination between the actions might avoid conflicts, conserve resources and promote an efficient determination of the action.

LCR 3(g)(effective 12/1/2012)(now codified at LCR 3(h)).[4]

Neither did Nationstar disclose in the *Contreras* action in California the related case of *Garcia* pending in this Court. Instead, Nationstar elected "[a]s part of the Rule 26(f) conference that the parties held in the *Contreras* matter in November 2017…that no cases related to the *Contreras* matter existed." ECF. 40-1, Declaration of Ian Menser (October 16, 2018) at ¶ 4 (filed in *Garcia* at ECF. 118)(Apx. 63). When asked about why Nationstar elected not to disclose to the Court or the plaintiffs in the *Contreras* matter that a parallel action was proceeding in *Garcia*, Nationstar's position was (i) Nationstar "was [not] required to disclose the *Garcia* case under the Local Rules of Practice for the United States District Court, Eastern District of California" and (ii) Nationstar never intended to make such a disclosure about the existence of the *Garcia* matter until "*after* this Court entered final approval of the class settlement in *Garcia*." *Id.* at ¶¶ 7-8 (filed in *Garcia* at ECF. 118)(emphasis in original). When presented with a draft of this Motion, Nationstar simply claimed the following about this sworn testimony: "In the sole example from your motion, the *Garcia* and *Contreras* cases, *Garcia* dealt exclusively with convenience fees for making payments by means other than sending a check in the mail while *Contreras* focused primarily on fees charged for property inspections. Not only was the substance different, but the class allegations also had minimal overlap." (Abbott, June 28, 2024 email).

---

[4] The recodification appears to have occurred with the December 4, 2018 changes to the local rules.

MOTION FOR APPROPRIATE RELIEF PURSUANT TO FED. R. CIV. P. 23(D) - 8

SEATTLE CONSUMER JUSTICE P.S.
10728 16th Avenue SW
Seattle, WA 98146
206.330.0595

In light of the failure of Nationstar to timely disclose in *Garica* the existence of the *Contreras* action or in *Contreras,* the existence of the *Garvia* action—even though both concerned the same conduct (i.e. Nationstar's pay-to-pay fee practices by telephone and/or the Internet),[5] Plaintiffs wish to ensure that this Court's and the Plaintiffs' resources are not unduly burdened by Nationstar again through its selective pattern of compliance with basic rules and norms. Here, based upon Nationstar's resent elections to which it continues to claim was proper based upon its counsel's communication of June 28, 2024, Plaintiffs believe it is necessary at this early stage of the proceedings for Nationstar to acknowledge its duties pursuant to LCR 3(g)(h) and conform to the Court Rules by informing the Court and the Plaintiffs promptly if any related cases (as defined and described in LCR 3(g)(h)) are pursued against Nationstar in any other proceeding. Such a disclosure is prudent and necessary to "avoid conflicts, conserve resources and promote an efficient determination of the action." LCR 3(h). *See also* § 10:33. Means of coordinated management of related cases, 3 Newberg and Rubenstein on Class Actions § 10:33 (6th ed.)("The primary goals of class action lawsuits are to avoid a multiplicity of actions and the risk of inconsistent or conflicting adjudications… If the goals of the class suit are to be achieved, it is generally beneficial for the multiple related actions to be coordinated or consolidated in some fashion"). In addition, the scope of LCR 3(h) is broad and applies to actions in "any other federal or state court, before an administrative body, or before an arbitrator."

Wherefore, pursuant to FED. R. CIV. P. 23(d)(1) and LCR 3(h), Plaintiffs request entry of

---

[5] Mr. Abbotts' June 28, 2024 email claiming no relation between the *Garcia* and *Contreras* cases—which both concern Nationstar's pay-to-pay fee practices—to trigger any notice under LCR 3(h)'s plain language, simply demonstrates Nationststar's gamesmanship to advance arguments which are contrary to the expectations of all parties in this Court and elsewhere.

MOTION FOR APPROPRIATE RELIEF PURSUANT
TO FED. R. CIV. P. 23(D) - 9

SEATTLE CONSUMER JUSTICE P.S.
10728 16th Avenue SW
Seattle, WA 98146
206.330.0595

a limited Order requiring Nationstar to promptly disclose to the Court and the Plaintiffs any other related actions, as defined by LCR(g)(h) that it knows about or becomes aware of during this action concerning the subject matter of this action—i.e. its imposition and collection of a fee from its borrowers to obtain a payoff statement of their mortgage loans. Such an Order is intended to prevent undue burdens and repetition of resources and is necessary based upon Nationstar's past conduct and position that it has no duty to make such disclosures in this or another other Court. Plaintiffs wrote to Nationstar and asked it on April 23, 2024, and sought for it to confirm its representation on its Civil Cover Sheet filed with the removal papers that no related cases to which Nationstar did not respond. Plaintiffs also requested Nationstar's position to this issue as part of the continued Rule 26(f) communications on June 19, 2024 and Nationstar's counsel only responded that their client has not informed them of any related cases which leaves the response at best ambiguous.

> B. <u>In Light of Nationstar's Other Recent Conduct in Another Putative Class Action where it Communicated with Putative Class Members without Court Supervision for the Purpose of Compromising their Claims, a Limited Order of the Court Related to Nationstar's Communications with the Plaintiffs and Putative Class Members is Also Appropriate Here</u>

In a recent, prior action before the Circuit Court for Anne Arundel County, Maryland, i.e. *Baxter v. Lakeview Loan Servicing LLC and Nationstar Mortgage LLC* (Case No. C-02-cv-22-000654)(filed on April 15, 2022 and final order entered on May 10, 2024), the plaintiff challenged Nationstar's pay-to pay fee practices related to payments made by telephone. While the litigation proceeded and without any prior notice to the plaintiff or her counsel or court approval at any time, Nationstar sought to compromise the claims of the plaintiff and the putative class members by communicating with the plaintiff and putative class members about the subject

MOTION FOR APPROPRIATE RELIEF PURSUANT
TO FED. R. CIV. P. 23(D) - 10

SEATTLE CONSUMER JUSTICE P.S.
10728 16th Avenue SW
Seattle, WA  98146
206.330.0595

of the litigation when it knew they were represented by counsel.  Its counsel[6] conceded as much by acknowledging that after the plaintiff in *Baxter* sued Nationstar for its practice in April 2022, it made a "business decision that they were going to make that refund" months later to the putative class members with no notice or approval by the state court… "[because] [b]efore it's certified, you can take whatever steps you want." ECF 40-1, (Apx. 19-20 at 30:16-17, 31:7-8).

The express purpose of Nationstar's effort in *Baxter* to communicate with the plaintiff and the putative class members was to moot the entire claims after the state court and the plaintiff and her counsel proceeded through the discovery and motions phase as its counsel also admitted:

> As far as mooting a class action, we have not done that very often. We did not even really -- we wanted to make sure we weren't -- we're in good situations with the regulators, and we put all of that in the declarations, and that's the reason we did it. But there is no class. We believe this is what mootness is designed to do. Everything they're suing for is gone. It is complete relief.

*Id.* (Apx. 21 at 36:2-8).

In this putative class action, Fed. R. Civ. P. 23 governs the proceedings.  At this early stage, before the Court has ruled on Plaintiffs' motion for class certification, notwithstanding Nationstar's desire and broad statements in *Baxter* (ECF. 40-1, Apx. 19-21, 30:16-17, 31:7-8, 36:2-8), this Court does have an inherent power and authority to supervise the pre-certification communications of Nationstar to the putative class members about the occurrence—i.e. Nationstar's imposition and collection of pay-to-pay fees related to payoff statements issued by it to borrowers without the right to do so. *Dominguez v. Better Mortg. Corp.*, 88 F.4th at 790–92; *Nugussie,* 2017 WL 1250420, at *1; Ann. Manual Complex Lit. § 21.12.

In the Federal courts,

---

[6]     Nationstar is represented by the same counsel in this case which represented it in the *Baxter* case.

MOTION FOR APPROPRIATE RELIEF PURSUANT
TO FED. R. CIV. P. 23(D) - 11

SEATTLE CONSUMER JUSTICE P.S.
10728 16th Avenue SW
Seattle, WA  98146
206.330.0595

> Class actions serve an important function in our system of civil justice. They present, however, opportunities for abuse as well as problems for courts and counsel in the management of cases. Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties. But this discretion is not unlimited, and indeed is bounded by the relevant provisions of the Federal Rules…

*Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99–100 (1981)(cleaned up).

Following, the Supreme Court's guidance in *Gulf Oil* and the plain text of Fed. R. Civ. P. 23, many courts have rejected Nationstar's view that before certification of a class it is permitted to take whatever steps it desires in a putative class action and have placed limited, focused restrictions on a defendant's pre-certification communications with a plaintiff and putative class members.  *See e.g. Dominguez,* 88 F.4th at 793; *Dondore v. NGK Metals Corp.*, 152 F. Supp. 2d 662, 666 (E.D. Pa. 2001)("If defense counsel or counsel otherwise adverse to their interests is allowed to interview and take statements from often unsophisticated putative class members without the approval of counsel who initiated the action, the benefits of class action litigation could be seriously undermined"); *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 667 (E.D. Tex. 2003)("Courts have found a need to limit communications with absent class members where the communications were misleading, coercive, or an improper attempt to undermine Rule 23…"). In addition, "[a] defendant's failure to mention even an uncertified class action in securing settlements or releases from putative class members may be 'misleading.'" *Friedman v. Intervet Inc.*, 730 F. Supp. 2d 758, 762–63 (N.D. Ohio 2010)(cleaned up).

In general, Plaintiffs here do not dispute that Nationstar is allowed to communicate with the putative class members prior to the Court's certification of the proposed Plaintiffs' class—especially if an on-going relationship might still exist.  *Nugussie,* 2017 WL 1250420, at *1;

*Quezada v. Schneider Logistics Transloading & Distribution*, No. CV 12-2188 CAS DTBX, 2013 WL 1296761, at *4 (C.D. Cal. Mar. 25, 2013). Put another way:

> communications that are litigation-neutral-that do not alter the legal relationship between the defendants and members of a putative class-are not subject to restriction. However, courts have a responsibility to restrict communications that are potentially coercive or misleading. *See Gulf Oil,* 42 U.S. at 104 ("We recognize the possibility of abuses in class-action litigation, and agree ... that such abuses may implicate communications with potential class members."); *In re School Asbestos Litigation,* 842 F.2d at 680 ("Misleading communications to class members concerning the litigation pose a serious threat to the fairness of the litigation process, the adequacy of representation and the administration of justice generally.").

*Zamboni v. Pepe W. 48th St. LLC*, No. 12 CIV. 3157 AJN JCF, 2013 WL 978935, at *3 (S.D.N.Y. Mar. 12, 2013).

However, Plaintiffs believe, based upon the recent practice and representations of Nationstar before the Circuit Court for Anne Arundel County, Maryland in the *Baxter* action and it's the unexplained purpose of its communication with Plaintiff Hackinen following service in this case (*see* § I *supra*), that a limiting order should be entered by the Court requiring Nationstar's pre-certification communications about or concerning the occurrence subject to this action--i.e. its imposition and collection of a fee from its borrowers to obtain a payoff statement of their mortgage loans—should be subject to certain limited restrictions. These limited restrictions should include the following: (i) the communications should be in writing, (ii) the general (not borrower specific) communications should be approved by the Court before they occur, and (iii) the communications should identify that the topic of the communication relates to the claims asserted in this action and if the putative class member wishes to get more information, they may, at their voluntary choice, contact Plaintiffs' counsel. Finally, in light of Nationstar's prior conduct and stated positions, Plaintiffs also request the Court issue an Order

MOTION FOR APPROPRIATE RELIEF PURSUANT
TO FED. R. CIV. P. 23(D) - 13

SEATTLE CONSUMER JUSTICE P.S.
10728 16th Avenue SW
Seattle, WA 98146
206.330.0595

to Nationstar to affirm whether it has directly or indirectly communicated with any putative class members of the Plaintiffs' Class since the commencement of this action on February 28, 2024.

The Court has the inherent authority under FED. R. CIV. P. 23(d) to issue this limited relief at this early stage. *See also Gulf Oil,* 452 U.S. at 99–100; *Dominguez,* 88 F.4th at 790–92; *Nugussie,* 2017 WL 1250420, at *1; Ann. Manual Complex Lit. § 21.12; *Dondore,* 152 F. Supp. 2d at 666; *Belt,* 299 F. Supp. 2d at 667; *Quezada,* 2013 WL 1296761, at *4; *Zamboni,* 2013 WL 978935, at *3. Moreover, this Court has the authority to issue such relief even precertification to ensure Nationstar does not send the putative class members information which is misleading or omits the basis of communication related to the issue before this Court. *Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 518 (N.D. Cal. 2010)("Obtaining opt-out forms *ex parte* at this stage of the litigation—before a class has been certified by the Court—unquestionably frustrates the purposes of Rule 23"); *Cnty. of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 WHA, 2010 WL 2724512, at *5 (N.D. Cal. July 8, 2010)(finding the communications by the defendant were "inadequate to inform the putative class" of their claims and rights in the litigation that had not been certified).; *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 254 (S.D.N.Y. 2005)("…defendants' unsupervised communications were improper because they sought to eliminate putative class members' rights in this litigation. Thus, this Court holds that those arbitration clauses may not be enforced because Chase and Citibank added them, without notice, after this litigation commenced"). Finally,

> The imposition of conditions under Rule 23(d) does not require a finding of actual harm. *Cobell v. Norton*, 212 F.R.D. 14, 19 (D.D.C. 2002). Rather, the court may impose a restricting order "to guard against the *likelihood* of serious abuses." *Id.* (internal citations omitted) (emphasis in original).

*Brewer v. Holder*, No. CV 08-1747 (BJR), 2013 WL 12399110, at *2 (D.D.C. Aug. 9, 2013).

Wherefore, pursuant to FED. R. CIV. P. 23(d), Plaintiffs request the Court to issue a narrow and limited Order of the Court relating to any pre-certification communications by Nationstar concerning its conduct at issue to this action—i.e. its imposition and collection of pay-to-pay fees for issuing payoff statements—which require: (i) the communications to be in writing, (ii) the general (not borrower specific) communications should to be approved by the Court before they are communicated, (iii) the communications identify that the topic of the communication relates to the claims asserted in this action and if the putative class member wishes to get more information they may, at their voluntary choice, contact Plaintiffs' counsel; and (iv) Nationstar shall file a verified statement with the Court identifying if any such communications have occurred since the commencement of this action and disclose the contents of those communications. *Brewer,* 2013 WL 12399110, at *2.

V.   **CONCLUSION**

Wherefore, for good cause shown, Plaintiffs request the entry of a limited case management Order requested herein pursuant to FED. R. CIV. P. 23(d) which will assist and ensure "the just, speedy, and inexpensive determination of [this] action and proceeding" and respect for the Parties and the Court's resources now and throughout the proceedings. FED. R. CIV. P. 1. Such an Order of the Court will help guard against any unfair abuses that might otherwise occur from incomplete information being conveyed by Nationstar to the putative class members before the Court makes a final ruling on class certification.

Dated: July 17, 2024.

I certify that this memorandum contains 4,891 words and 15 pages, in compliance with the Local Civil Rules and this Court's Standing Order.

SEATTLE CONSUMER JUSTICE, P.S.

By: */s/ Christina L. Henry*
   Christina L. Henry (WSBA No. 31273)
   10728 16th Avenue SW
   Seattle, WA 98146
   Telephone: 206.330.0595
   Email: chenry@hdm-legal.com

CONSUMER LAW CENTER, LLC

By: */s/ Phillip R. Robinson*
   Phillip R. Robinson (*Admitted Pro Hac Vice*)
   1220 Blair Mill Road, Suite 1105
   Silver Spring, MD 20901
   Telephone: 301.448.1304
   Email: phillip@marylandconsumer.com

ATTORNEYS FOR PLAINTIFFS RICHARDO SALOM, CATHERINE PALAZZO AS ASSIGNEE FOR RUBEN PALAZZO, AND PETER HACKINEN, ON THEIR OWN BEHALF AND ON BEHALF OF OTHER SIMILARLY SITUATED PERSONS

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing and related other filings referenced herein and proposed order was provided to counsel to record for Defendant Nationstar at the time of filing through the Court's CM/ECF system. In addition, I also hereby certify that a paper copy of the same was sent by pre-paid U.S. Mail to Freddie Mac's General Counsel at:

Heidi Mason
Executive VP & General Counsel
Freddie Mac
8200 Jones Brach Drive
McLean, VA  22102

      /s/ Christina L. Henry
      Christina L Henry