The Honorable Barbara J. Rothstein

1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - SEATTLE

12

13   RICARDO SALOM, CATHERINE          Case No. 2:24-cv-00444-BJR
     PALAZZO as assignee for Ruben Palazzo,
14   and PETER HACKINEN, *on their own
     behalf and on behalf of other similarly
15   situated persons,*

16          Plaintiffs,

17          vs.                                **PLAINTIFFS' MOTION FOR CLASS
                                               CERTIFICATION OF THE
18   NATIONSTAR MORTGAGE LLC                   PLAINTIFFS' CLASS AND
                                               SUBCLASSES AND TO ALLOW
19   And                                       SUPPLEMENTATION**

20   FEDERAL HOME LOAN MORTGAGE
21   CORPORATION, *on its own behalf and on
     behalf of similarly situated persons*
22

23          Defendants.

24
25
26

SEATTLE CONSUMER JUSTICE, P.S.
                                               10728 16th Avenue SW
                                               Seattle, WA  98146
                                               Tel# 206-330-0595 / Fax# 206-400-7609

## I.    CERTIFICATION OF CONFERRAL STATEMENT

The Plaintiffs requested opportunities to meet and confer with counsel for Defendant Nationstar Mortgage LLC ("Nationastar") about this motion on multiple dates including on June 14, 2024, June 20, 2024, and June 23, 2024, and the Parties finally met and conferred on July 3, 2024.  Nationstar's written position on any motions prior to the conference was that no motions were appropriate because Freddie Mac has not appeared (conveyed on June 28, 2024).  At the conference, the Parties understood and seemed to agree that all claims against Freddie Mac and the Defendant Class were in the alternative.  Nationstar continued to claim it was/is the owner of the Plaintiffs' loans which is simply a factual dispute not even supported by Nationstar's own written communications or Freddie Mac's and Fannie Mae's prior statements on publicly available look-up tools.  After the conference, Nationstar abandoned its prior position about the timing of any motions before Freddie Mac's appearance.  ECF. 37, 39.

## II.    INTRODUCTION

This case satisfies the prerequisites for class certification.[1]  Through a standardized course of conduct, Defendant Nationstar has collected thousands of unlawful pay-to-pay fees for its residential, mortgage servicing borrowers to receive a payoff statement related to residential mortgage debtors nationwide—fees that were *never* expressly authorized under any of the original standard-form mortgage agreements nor specifically permitted by law.  In fact,

---

[1]    Plaintiffs request leave to supplement this motion after discovery on relevant and material issues in actual dispute (if any exists).  Based upon the public facts and judicial admissions of Defendant Nationstar and others no material dispute of fact bars this motion.  In addition, Plaintiffs seek early certification to ensure any effort by Nationstar to moot the Plaintiffs' claims without the supervision of the Court and only after taxing the Court and Parties with unnecessary delays and tactical maneuvers is avoided.  *See also* Plaintiffs' Motion for Appropriate Relief Pursuant to Fed. R. Civ. P. 23(d).

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 2

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA  98146
Tel# 206-330-0595 / Fax# 206-400-7609

the fees were also barred by Federal and State law and the standardized mortgage contracts governing each of the mortgage loans of the Plaintiffs' Class members.

All of Nationstar's collection of those "pay-to-pay" fees upon borrowers seeking to obtain payoff statements violate the same provision of the Fair Debt Collection Practices Act and the broader, analog state laws of Washington and Maryland (i.e. Washington Collection Agency Act, RCW ch. 19.16 ("WCAA"), and the Maryland Consumer Debt Collection Act, MD. CODE ANN., COM. LAW § 14-202(11) ("MCDCA")) which incorporate the FDCPA. Specifically, collectors like Nationstar are barred from collecting "*any* amount" incidental to a consumer debt unless "such amount is *expressly* authorized by the agreement creating the debt or permitted by law." These laws also prohibit licensed debt collectors like Nationstar from collecting "*any* sum" from a debtor in addition to the principal amount owed "other than allowable interest, collection costs or handling fees *expressly* authorized by statute." *See* 15 U.S.C. § 1692f(1), RCW § 19.16.250(21), RCW § 19.16.250(22), MD. CODE ANN., COM. LAW § 14-202(11) (emphasis added). WCAA and MCDCA violations are also *per se* unfair and deceptive practices under the Washington Consumer Protection Act and Maryland Consumer Protection Act respectively. RCW ch. 19.16.440; MD. CODE ANN., COM. LAW § 13-310(14)(iii). In addition, Nationstar was also barred by the Real Estate Settlement Procedures Act ('RESPA"), 12 U.S.C.A. § 2610, from imposing and collecting fees for payoff statements which are authorized in the Truth in Lending Act since the enactment of Dodd-Frank. 15 U.S.C.A. § 1639g. *See also* 12 C.F.R. § 1026.36(c)(3); Official Interpretations of Reg. Z § 1026.36(c)(3)-3. All of these Federal and State laws are also expressly incorporated into the standard, uniform mortgage contracts governing the loans of the Plaintiffs' Class members as well and those contracts require that **no** borrower would be "charge[d] fees that are expressly prohibited

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 3

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA 98146
Tel# 206-330-0595 / Fax# 206-400-7609

by…Applicable Law."[2]

Nationstar has an appreciation that it has **no** right to collect pay-to-pay fees like those at issue in this action since its similar (but different) fees have been challenged before and its arguments have largely been rejected. *Nationstar Mortg. LLC v. Kemp*, 258 A.3d 296, 309 (2021); *Garcia v. Nationstar Mortgage LLC* (Case No. 2:15-cv-01808-TSZ)(filed on November 11, 2015 and terminated on October 26, 2018); *Contreras v. Nationstar Mortg. LLC* (Case No. 2:16-cv-00302-MCE-EFB)(filed on February 12, 2016 and terminated on November 15, 2022). Further, Nationstar has previously conceded Nationstar's preferred practice is to charge fees and not make any corrections to its conduct until a lawsuit or regulatory notice is issued related to its specific practice—with the apparent aim to enrich itself until then by harvesting junk fees from borrowers it knows or recklessly disregards as having a right to them in the first instance. *See e.g.* Argument of Counsel for Nationstar in *Baxter v. Lakeview Loan Servicing LLC and Nationstar Mortgage LLC* (Case No. C-02-cv-22-000654)(filed on April 15, 2022 and final order entered on May 10, 2024) at 30:16-17; 31:7-8; 36:2-8 (ECF. 40-1, Apx. 19-20).

Here, Nationstar's uniform wrongful conduct caused identical injuries to Plaintiffs and the members of putative class members in that they each paid more on their consumer debts than they lawfully owed and/or Nationstar was unjustly enriched as a result of the collection of junk fees not permitted by law or contract on behalf of the owners of the mortgages loans of the Plaintiffs' Class. Such injuries and disgorgement recovery can be calculated through simple math, by calculating the total pay-to-pay payoff fees paid during defined periods of time. Such fees can also be easily identified and can be measured through objective and basic formulas

---

[2] *See e.g.* ¶ 14 on ECF. 20-2 (Page 11 of 18), ECF. 20-4 (Page 12 of 22); ECF. 20-6 (Page 11 of 16.

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 4

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA 98146
Tel# 206-330-0595 / Fax# 206-400-7609

applied to Defendant's own records that it is required to maintain electronically and produce in a matter of just days. *Yates v. NewRez LLC*, 686 F. Supp. 3d 397, 405 (D. Md. 2023)(citing 12 U.S.C. § 2605(k)(1)(E); 12 C.F.R. § 1024.38(c)(2)(i); Md. Code Regs. 09.03.06.05),  *See also* Wash. Admin. Code 208-620-520(3)(h).   The proposed Plaintiffs' Class and related Subclasses[3] are ascertainable and satisfy each of the prerequisites to certification under Rules 23(a), (b)(2), and (b)(3), and this motion should be granted in its entirety.

Based upon the foregoing, Plaintiff respectfully requests that the Court (1) grant class certification, now provisionally, but, (2) allow discovery to take place on the relevant, material issues actually disputed by Nationstar on class-certification issues (if it can actually identify any material disputes beyond argument of counsel).[4]

## II.    FACTUAL BACKGROUND

### A.    Common Facts Applicable to All Members of the Plaintiffs' Class.

Defendant Nationstar, one of the largest residential mortgage servicers and its services (i.e. collects upon) loans that are owned by others, including Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), and the members of the Defendant Class. **MF. 1**.  Many of the loans Nationstar services were also already in default at the time Nationstar acquired the servicing and collection rights upon them.  Nationstar capitalizes on these circumstances by

---

[3]    Plaintiffs do not move at this time for certification of the alternative Defendant Class of Nationstar's clients for whom it imposed and collected the pay-to-pay payoff fees from the members of the Plaintiffs' Class.

[4]    In support of this Motion, Plaintiffs generally incorporate their Annotated Statement of Material Facts in Support of Plaintiff's Motion for Class Certification of the Plaintiffs' Class and Subclasses and to Allow Supplementation ('SOMF').  Herein, Plaintiffs will cite to certain Annotated Facts in that statement as follows:  "**MF_____.**"

imposing and collecting junk fees of $25.00 or more in each instance when a borrower or a borrower's representative requests a payoff statement for his or her mortgage. **MF. 1.** *See also* ECF. 20-7, 20-8, 20-9, 20-10, 20-11 (all charging $25 or more for the receipt of an accurate statement the named plaintiffs authorized by 15 U.S.C.A. § 1639g, 12 C.F.R. § 1026.36(c)(3), and Official Interpretations of Reg. Z § 1026.36(c)(3)-3). Nationstar does so even when (i) no law or enforceable contract expressly authorizes the fee and (ii) its actual costs for preparing a payoff statement is pennies of what it imposed and collected from the members of the Plaintiffs' Class. *See* § II *supra*. *See also* Amended Complaint ("AC") at ¶¶ 67, 83, 102, 121, 137, 163, 194,

B.    **Facts Applicable to Named Plaintiffs Salom, Palazzo & Hackinen**

Plaintiffs are residents of Maryland and Washington State and each previously had or still has a residential mortgage loan that was serviced by (collected upon) Nationstar are on behalf of another. AC ¶¶ 61-62, 83, 89, 90, 96, 107-108, 114-115. In the case of Hackinen, Palazzo and Salom's loans, Nationstar became the servicer and collector at a time when the loan was in default. AC ¶¶ 26, 76, 81, 98, 110, 115. Each of the named plaintiffs, like thousands of other similar consumers, requested a pay-off statement(s) from Nationstar and to obtain each statement Nationstar imposed and collected fees of $25.00 or more. AC ¶¶ 14, 82-84, 102-104, 120-124. *See also* ECF. 20-7, 20-8, 20-9, 20-10, 20-11. No Federal or Maryland law expressly authorized Nationstar as a collector to collect the pay-to-pay fee for the payoff statements. **MF. IV**. *See also* § II *supra;* AC ¶¶ 10, 12, 36-37, 40-41, 68-71, 73, 80, 100, 118. No contractual provision of any of the Plaintiffs' or members of the Plaintiffs' class members' mortgage loans expressly authorized Nationstar as a collector (or anyone else) to collect the pay-to-pay fee for the payoff statement. AC ¶¶ 79, 99, 117. Further, the pay-to-pay payoff fee imposed and collected from

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA  98146
Tel# 206-330-0595 / Fax# 206-400-7609

Plaintiffs and members of the Plaintiffs' Class by Nationstar exceeds any actual pass-through costs, if any, that Nationstar paid to third parties to prepare the payoff statements. AC at ¶¶ 67, 83, 102, 121, 137, 163, 194. In addition, Plaintiff Hackinen paid and lost money above and beyond what he legally owed pursuant to terms of his loan and was permitted by Federal or State laws governed by each loan and incorporated into each loan's terms. AC ¶¶ 10, 12, 36-37, 40-41, 68-71, 73, 79-80, 99-100, 117-118.

### E.  The Proposed Classes

Plaintiffs seek certification of a Class and Subclasses of similarly situated individuals (the "Classes") as described in § I of the SOMF. As demonstrated below, the proposed Classes each meet Rule 23's prerequisites.

## III.  FACTUAL BACKGROUND

This Court should certify the proposed Plaintiffs' Class and Subclasses because they are ascertainable (**MF. XVII**) and they each satisfy the requirements of Rule 23. *See* SOMF. Certification is appropriate when a proposed class meets Rule 23(a)'s four requirements— numerosity, commonality, typicality, and adequacy of representation—and satisfies at least one of Rule 23(b)'s subparts. *See* Fed. R. Civ. P. 23(a), (b). *See also* SOMF. Plaintiffs seek certification under 23(b)(3). In order to certify a class under 23(b)(3), the common questions of law or fact must predominate over questions affecting only individual members, and the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

In determining whether to certify a proposed class, a court does not inquire into the merits of the plaintiff's claims. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184,

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 7

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA  98146
Tel# 206-330-0595 / Fax# 206-400-7609

1194-95 (2013). Indeed, while a court may look behind the pleadings and otherwise consider evidence for purposes of deciding the question of certification itself, "a district court has no authority to conduct a preliminary inquiry into the merits of a suit at class certification unless it is necessary to determine the propriety of certification," as "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Id.* (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552, n. 6 (2011)) (internal citations omitted). "Rule 23 does not authorize a preliminary inquiry into the merits of the suit for purposes other than determining whether certification was proper." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983, n.8 (9th Cir. 2011). Here, the proposed Plaintiffs' Class and Subclasses are ascertainable and satisfy Rule 23's requirements. To protect the rights of those who have no wherewithal, power, knowledge, or practical means of individually adjudicating their claims, the Court should grant Plaintiffs' motion for class certification.

### A. The Plaintiffs' Class and Subclasses Are Ascertainable Because They Are Defined by Reference to Objective Criteria.

A party seeking class certification must demonstrate that "the class definition [is] definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member.'" *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 566 (W.D. Wash. 2012) (Coughenour, J.) (quoting *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998)). Administrative feasibility does not turn on whether a ready list of putative class members exists, *O'Connor*, 184 F.R.D. at 319 (citing 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1760 (3d ed.)), but rather asks whether "[t]he class definition provides sufficiently precise and objective criteria to determine class membership." *Agne*, 286 F.R.D. at 566; *see also* 1 William B. Rubenstein, *Newberg on Class Actions* § 3:1 (5th ed. 2011).

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 8

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA 98146
Tel# 206-330-0595 / Fax# 206-400-7609

The proposed class and subclass definitions (SOMF at § I) are both objective and precise because liability will track Nationstar's common conduct—*i.e.*, its standardized imposition and collection of pay-to-pay fees for payoff statements—and because membership in any given Class turns on objective criteria from Natonstar's own records. Indeed, the criteria governing whether a given debtor is included in the Plaintiffs' Class amounts to whether (1) he or she paid a "payoff fee" (2) collected in whole or in part by Nationstar (3) related to a residential mortgage debt (4) where the specific term "payoff statement fee" does not appear in any borrower's original mortgage documents. AC at ¶ 24-26, 71, 88, 104, 122-124.

Other Class-specific questions identified by the Plaintiff in **MF III** are also objective. These criteria can be readily analyzed entirely from Nationstar's records (as it has done so before time and time again), which contain the timing and amounts of Pay-to-pay payoff fees paid, the identities and residential addresses of the debtors who paid such fees, the nature of the properties securing the debts, the terms of each debtors' loan/mortgage agreements, and the timing and history of each debtors' loan payments. **MF XVII**. It is administratively feasible for the Court and the parties to ascertain, based on objective criteria, whether any given individual is a member of the proposed Plaintiffs' Class or Subclasses. The proposed Plaintiffs' Class and Subclasses are ascertainable. **MF XVIII**.

**B.    The Classes Satisfy Rule 23(a)'s Four Requirements.**

The proposed Plaintiffs' Class and Subclasses also meet Rule 23(a)'s four requirements because each (1) are sufficiently numerous, (2) raise common questions of law and fact, (3) feature a propose representative whose claims are typical of the Plaintiffs' Class and each Subclass, and (4) are each adequately represented by the named Plaintiffs and counsel. Fed. R.

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 9

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA  98146
Tel# 206-330-0595 / Fax# 206-400-7609

Civ. P. 23(a). The Plaintiffs' Class and Subclasses each also consist of thousands of similarly situated persons whose common experiences relating to Nationstar's convenience fees can be uniformly and collectively resolved through a single action. As these common issues directly track Plaintiffs' own facts and claims, their class certification motion should be granted.

i.    **The Classes are sufficiently numerous because thousands of individuals, in Washington, Maryland, and nationwide, have paid pay-to-pay fees for payoff statements to Nationstar.**

For a class to be certified, it must satisfy Rule 23's requirement that "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). "'[I]impracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913- (9th Cir. 1964). While no "magic number" is required for a class to be numerous, *McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan & Trust*, 268 F.R.D. 670, 673 (W.D. Wash. 2010), "[i]n general, courts find the requirement satisfied when a class includes at least 40 members." *Z.D. ex rel. J.D. v. Group Health Coop.*, No. 11-1119, 2012 WL 1977962 at *3 (W.D. Wash. Jun. 1, 2012). And, the proposed Class members are geographically dispersed, rendering joinder more impractical.

Plaintiffs allege—and discovery will show if necessary—that Nationstar has charged pay-to-pay fees for borrowers to obtain payoff statements to thousands of individuals throughout Washington, Maryland, and the United States. (AC ¶¶ 14, 82, 102, 120-121, 137; **MF I-II**) *See* Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3:5, 243–46 (4th ed. 2002). Accordingly, joinder is impracticable and the numerosity requirement is met.

ii.    **Classwide resolution will provide uniform answers to common questions of both law and fact.**

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA 98146
Tel# 206-330-0595 / Fax# 206-400-7609

The proposed Classes meet the commonality requirement because Plaintiff seeks common answers to questions of law and fact that will determine Defendant's liability to her as well as every other member of each of the proposed Classes. **MF. III**.  These common answers turn on the existence and lawfulness Nationstar's standardized practice of imposing and collecting convenience fees when not specifically allowed by the underlying note/mortgage. The answers will be the same for all members within each of the Classes, ensuring that all will enjoy uniform rights to recovery.

Rule 23 requires that all Classes show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This rule is "construed permissively." *Parra v. Bashas', Inc.*, 536 F.3d 975, 978 (9th Cir. 2008). Commonality may be demonstrated when the claims of all class members "depend upon a common contention," and "even a single common question will do." *Dukes*, 131 S.Ct. at 2545, 2556; *see also Parra*, 536 F.3d at 978 ("[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class").

The common contention must be of such a nature that it is capable of class-wide resolution, and that the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S.Ct. at 2545. Moreover, the permissive standard of commonality provides that "[w]here the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class commonality exists." *Parra*, 536 F.3d at 978-79.

The claims of Plaintiffs and the members of the Classes are based upon the same common contention: that Nationstar violated the law by imposing and collecting pay-to-pay fees for

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 11

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA  98146
Tel# 206-330-0595 / Fax# 206-400-7609

payoff statements from Plaintiffs and the members of the Classes, even though the standard-form mortgage agreements that the Class members originally entered into and all governing laws never expressly authorized such fees. (AC at ¶¶ 5-6, 68, 73, 79, 99, 117, 133). Nationstar collected these fees systematically, and its conduct affected Plaintiffs and the members of the Plaintiffs' Class and Subclasses in a virtually identical manner (*i.e.*, subjecting them to loss from paying wrongfully-imposed charges in excess of what they lawfully owed). (*Id.*) Moreover, Nationstar's wrongful conduct will be proven through common and generalized evidence applicable to the Classes as a whole.

Nationstar's conduct gives rise to several common questions of law and fact the answers to which are central to the validity of Plaintiffs' and the Plaintiffs' Class and Subclass members' claims. **MF. III**.  Because the answers sought depend on Nationstar's standardized course of conduct, common answers will ensue. Regardless of the ultimate outcome on the merits, these common questions will generate common answers especially about the legality of Nationstar's course of conduct. Plaintiffs have easily established the commonality requirement.

   iii. **Plaintiffs' claims are typical because they have been injured by the same standardized course of conduct as all members of the Plaintiffs' Class and the each of the Classes—Defendant's unlawful collection of pay-to-pay fees related to requests for payoff statements.**

Rule 23(a)(3) provides that a representative party's claims or defenses must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Under the Rule's permissive standards, the representative claims need only be "reasonably co-extensive" with those of the class—not "substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[], and whether other

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 12

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA  98146
Tel# 206-330-0595 / Fax# 206-400-7609

class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Typicality tends to merge with commonality. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982). No unique factual circumstances materially distinguish Plaintiffs' claims from those held by other members of the Classes. **MF. IV**. Like everyone else included in the definitions for the Plaintiffs' Class and Subclasses, Plaintiffs paid pay-to-pay payoff fees in order to obtain one or more payoff statements for their residential mortgage debt, and these fees were all collected in whole or in part by Nationstar. AC at ¶¶ 14, 82, 102, 120-121, 137. *See also* ECF. 20-7, 20-8, 20-9, 20-10, 20-11. Like everyone else included in each of the definitions of the Plaintiffs' Class and Subclasses, these pay-to-pay fees for payoff statements were not specifically enumerated in the standard-form original note/mortgage underlying Plaintiffs' consumer debts nor expressly permitted by law. AC at ¶¶ 10, 12, 36-37, 40-41, 68-71, 73, 79-80, 99-100, 117-118. *See also* § II *supra*. Plaintiffs suffered the same injury as all members of the Classes in that they paid and lost money to Nationstar in excess of what they lawfully owed through the collection of fees related to their payoff statements not expressly permitted by law or contract. (AC at ¶ 24-26, 71, 88, 104, 122-124; ECF. 20-7, 20-8, 20-9, 20-10, 20-11). Because Plaintiffs Salom, Palazzo, and Hackinen have suffered the same injuries as all members of each of the members of the Plaintiffs' Class and the Subclasses, and because these injuries all result from Nationstar's uniform conduct, their claims will rise or fall in tandem with those of the other members of the Classes. Their claims are typical. **MF. IV.**

iv.     **Plaintiffs and their counsel have no conflicts with and are committed to adequately representing the Plaintiffs' Class and Subclasses.**

Rule 23(a)(4) requires that the representative parties "fairly and adequately protect the

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 13

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA  98146
Tel# 206-330-0595 / Fax# 206-400-7609

interests of the class." Fed. R. Civ. P. 23(a)(4). To determine whether a plaintiff satisfies the adequacy factor, courts ask: "(a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir.), as amended (2000) (citing *Hanlon*, 150 F.3d at 1020). "[T]he class representative must not have interests antagonistic to the unnamed class members, and [] the representative must be able to prosecute the action vigorously through qualified counsel." *Id.* (citation and quotation omitted). It is persuasive evidence that proposed class counsel have been found adequate in prior cases. *See id.*

Plaintiffs' interests are aligned with those of the Classes and they are committed to prosecuting their claims on a representative basis. They have been active participants in this case, having already reviewed filings, answered detailed questions, and secured and produced documents for investigation. Like the other putative class members, their interests lie in ensuring that Nationstar's unlawful conduct on its behalf does not continue in the future and that they and the other members of the Classes recover the monetary relief to which they are entitled. Plaintiffs have no interests antagonistic to those of the Classes, and Nationstar has no defenses unique to any of the named plaintiffs. AC ¶ 138;  **MF V**.

Plaintiffs' counsel are well-respected members of the legal community who have extensive experience in class actions of similar size, scope, and complexity as this case. **MF. VI**. They have regularly engaged in complex litigation involving consumer finance issues, have the resources necessary to conduct litigation of this nature, and have frequently been appointed class counsel by courts throughout the country.  Proposed class counsel has already diligently

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 14

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA  98146
Tel# 206-330-0595 / Fax# 206-400-7609

investigated the claims at issue in this action and dedicated substantial resources to the case, and they will continue to do so throughout its pendency. **MF. VI**.

### C.    The Class Satisfies the Requirements of Rule 23(b)(3).

The prerequisites of Rule 23(a) are satisfied; and those of Rule 23(b)(3) are as well. "It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). Here, Nationstar acted on grounds generally applicable to the Plaintiffs' Class and Subclasses as a whole. **MF VII**.  Within each, Nationstar imposed and collected virtually identical fees for the right to residential, mortgage borrowers for the right to obtain a payoff statement.

Rule 23(b)(3) provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). Certification under Rule 23(b)(3) is appropriate and encouraged "whenever the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon*, 150 F.3d at 1022.

Where a proposed class meets Rule 23(b)(3)'s requirements, the class action mechanism has a "practical utility . . . achiev[ing] economies of time, effort, and expense." *Murray v. Fin. Visions, Inc.*, No. 07-2578, 2008 WL 4850328 at \*4 (D. Ariz. Nov. 7, 2008); *see also* Fed. R. Civ. P. 23(b)(3) advisory committee's note. A case such as this—where individual recoveries for the members of the Classes would be relatively small and likely not pursued absent classwide litigation—exemplifies the class action's practical utility. *See Amchem Prods. Inc. v. Windsor*,

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 15

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA  98146
Tel# 206-330-0595 / Fax# 206-400-7609

521 U.S. 591, 617 (1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights."). This Court should therefore find the requirements of Rule 23(b)(3) satisfied. **MF VII – MF XIII**.

> **i.  Common issues regarding the collection and legality of Nationstar's pay-to-pay fees for borrowers to obtain payoff statements predominate over any individual questions.**

The predominance requirement is satisfied because the key questions at issue in this case stems from Nationstar's uniform imposition and collection of pay-to-pay fees for payoff statements without legal right, ensuring that no uniquely individual concerns are at stake. **MF XIV – XV.** Although predominance is a more demanding standard than commonality, the predominance requirement is satisfied when a proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 622. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012).

Here, Plaintiffs have presented cognizable, unified theories of liability, and the claims they share with other members of the Classes arise from Defendant's standardized conduct of imposing and collecting the challenged fees. (AC ¶ 9, 14-17, 24-26, 65, 74, 79, 88, 102, 104, 120-122; *see* § II *supra*). The common questions predominate over issues affecting only individual Class members (*e.g.*, the total amounts of payoff statement fees paid by each individual Class member). The answers to these questions are subject to common proof, primarily from information to be found within Nationstar's own records. *See Dukes*, 131 S. Ct. at 2551 (2011). For example, evidence of the timing and amounts of paid and the identities and

addresses of the debtors who paid them will come from within Nationstar's own records. **MF. XVII**. The legal theories at issue—Nationstar's alleged violations of the Federal and State debt collection laws as well as common law unjust enrichment claims—will not require individual proof such that class treatment would be inappropriate, and resolution of the common issues will "help achieve judicial economy." *See Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

ii.    **A Class Action is a superior means of adjudicating this controversy.**

The proposed Plaintiffs' Class and Subclasses also meet Rule 23(b)'s second requirement—that class resolution be "superior to other methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). "Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Id*. at 1175. Moreover, the class action mechanism is superior to individual actions in consumer cases with thousands of members as "Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Holloway v. Full Spectrum Lending*, No. 06-5975, 2007 WL 7698843 at *9 (C.D. Cal. Jun. 26, 2007).

In assessing superiority, courts examine a non-exclusive list of factors including (1) whether any related litigation has already commenced, (2) the desirability of the chosen forum, (3) the class members' interests in pursuing individual litigation, and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D); *Wolin*, 617 F.3d at 1175. As to the first and second factors, Plaintiffs are unaware of any related litigation among class members or any difficulties as to the forum where Nationstar is licensed to do business. The third and fourth factors

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 17

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA 98146
Tel# 206-330-0595 / Fax# 206-400-7609

also weigh in favor of certification, as debtors pursuing small claims share a strong interest in combining litigation into a single action and manageability concerns are not so great as to outweigh the advantages of a class action. In assessing superiority, the alternative no litigation is not considered a "means of adjudicating "th[e] controversy." *See, e.g., Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). A class action would also be particularly well suited for the fair and efficient adjudication of the claims of Plaintiffs and the proposed Classes. "Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Wolin*, 617 F.3d at 1175-76; *see also Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001).

Plaintiffs and the proposed members of the Plaintiffs' Class and Subclasses seek injunctive relief and monetary recovery. The pay-to-pay fees to obtain payoff statements typically amount to $25 or more per occurrence. Even if trebled under Washington law or increased to statutory damages under the FDCPA, the amounts sought would be too small for the litigation of individual claims. **MF XVII**. Such claims would be cost prohibitive and simply insufficient to justify the risk and cost of litigation against a corporation such as Nationstar. Members of the Plaintiffs' Class and Subclasses are therefore best served by pooling their resources into a single proceeding, making a class action the superior method of resolving the controversy.

No actual or perceived manageability concerns outweigh the superiority of a class action. **MF XVIII**. Manageability refers to "the whole range of practical problems that may render the class action format inappropriate for a particular suit," such as the calculation of individual damages, distribution of damages, and notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 164

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 18

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA 98146
Tel# 206-330-0595 / Fax# 206-400-7609

(1974). In contrast to this case, other matters involving numerous and substantial individual issues, or varying state-law causes of action, may pose management difficulties, *see Zinser*, 253 F.3d at 1192. In addition, manageability is a factor only if it outweighs the overall superiority of a class action. *See Santoro v. Aargon Agency, Inc.*, 252 F.R.D. 675, 686-87 (D. Nev. 2008). Courts do not assess manageability in the abstract, but instead examine "how the problems that might occur in managing a class suit compare to the problems that would occur in managing litigation without a class suit." 2 Newberg on Class Actions § 4:72; *see also Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1358 (11th Cir. 2009).

No manageability issues in this case warrant denial of certification—especially since numerous other actions against Nationstar on the specific fees have easily been managed. **MF. XVII**. The claims at issue here arise pursuant to simple facts that may be redressed under Federal and State laws and uniform contractual terms. The questions that must be answered to determine Nationstar's liability are not individual to members of the Classes, but common by virtue of Nationstar's uniform and standardized course of conduct.

## IV. CONCLUSION

This case is appropriate for class certification. Plaintiffs, individually and on behalf of the proposed Classes, respectfully requests that the Court issue an order that (1) reserves ruling on class certification; (2) allows discovery to take place on the relevant and material issues actually in dispute; (3) grants Plaintiffs leave to file a supplemental motion or brief at the conclusion of such discovery; and (4) grants class certification after full briefing of the issues.[5]

---

[5]    Plaintiffs respectfully reserve the right to amend the definitions of the Class and Subclasses, as appropriate, at the conclusion of necessary discovery.

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA  98146
Tel# 206-330-0595 / Fax# 206-400-7609

DATED July 24, 2024

*We certify that this memorandum is 19 pages and is supported by the Statement of Material Fact of 15 pages in compliance with the Order Granting Overlength Brief, Dkt No. 44*

*/s/ Christina L. Henry_____*
Christina L Henry, WSBA  31273
SEATTLE CONSUMER JUSTICE, P.S.
Counsel for Plaintiffs
10728 16th Ave SW
Seattle, WA 98146
206-330-0595 Fax 206-400-7609
*chenry@hdm-legal.com*

*_/s/ Phillip R. Robinson_____*
Phillip R. Robinson (admitted *Pro Hac Vice*)
Consumer Law Center, LLC
Counsel for Plaintiffs
122 Blair Mill Road, Suite 1105
Silver Spring, MD 20910
301-448-1304
*phillip@marylandconsumer.com*

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 20

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA  98146
Tel# 206-330-0595 / Fax# 206-400-7609

**Certificate of Service**

I hereby certify that a copy of the foregoing and related other filings referenced herein and proposed order was provided to counsel to record for Defendant Nationstar at the time of filing through the Court's CM/ECF system.

In addition, I also hereby certify that a paper copy of the same was sent by pre-paid U.S. Mail the same day to Freddie Mac's General Counsel at:

> Heidi Mason
> Executive VP & General Counsel
> Freddie Mac
> 8200 Jones Branch Drive
> McLean, VA  22102

_/s/ Christina L. Henry_____
Christina L Henry

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 21

SEATTLE CONSUMER JUSTICE, P.S.
10728 16th Avenue SW
Seattle, WA  98146
Tel# 206-330-0595 / Fax# 206-400-7609