UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICARDO SALOM, CATHERINE PALAZZO as assignee for Ruben Palazzo, and PETER HACKINEN, *on their own behalf and on behalf of other similarly situated persons,*<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00444-MJP<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OF THE PLAINTIFFS' CLASS AND SUBCLASSES**<br><br>**[PROPOSED ALTERNATIVE I]** |

THIS MATTER has come before the Court upon Plaintiffs RICARDO SALOM, CATHERINE PALAZZO, and PETER HACKINEN *on their own behalf and on behalf of other similarly situated persons* ("Plaintiffs" or "Named Plaintiffs")*,* requesting that the Court grant their Plaintiffs' Motion for Class Certification of the Plaintiffs' Class and Subclasses ("Motion").

Pursuant to Plaintiffs' Motion and Fed. R. Civ. P. 23,, the opposition and response, early formal and informal discovery record, and related replies and papers and the argument

ORDER- 1

of counsel before the Court, the Court makes the following findings and grants the Motion:

1. The Court finds that each requirement of Fed. R. Civ. P. 23(a) has been satisfied by Plaintiffs Richardo Salom, Catherine Palazzo, and Peter Hackinen in this action. There is sufficient evidence in the record of numerosity, commonality, typicality, and adequacy of the Plaintiffs as Class Representatives and their counsel Christina Henry and Phillip Robinson as Class Counsel.

2. The Court finds that the requirements of Fed. R. Civ. P. 23(b)(2) have been satisfied. By imposing and collecting fees upon borrowers to obtain accurate payoff statements of their mortgage loans, Defendant Nationstar Mortgage LLC ("Nationstar") has acted on grounds generally applicable to the Plaintiffs and also to the class and subclasses defined *infra*, thereby making corresponding relief with respect to the classes as the whole, appropriate.

3. The Court finds that the requirements of Fed. R. Civ. P. 23(b)(3) have also been satisfied. The predominant issue before the Court concerns whether (i) Nationstar was expressly authorized by any law or any contract to impose and collect fees upon borrowers for loans owned by others for which it acted as the owner's servicer and collector for the right to obtain a payoff statement related to the mortgage loan; and (ii) whether Nationsrar's practice doing so was unfair, deceptive, or unconscionable.

4. The Court finds that the public records and limited informal discovery record and laws and regulation governing Nationstar's business make the certified class both ascertainable and manageable.

5. The Court GRANTS the Motion and certifies the following classes of persons pursuant

to Fed. R. Civ. P. 23:[1]

    All persons who Nationstar imposed a Payoff Fee as part of a payoff statement issued to them who fall into one or more of the following groups (and subclasses):

    a. were borrowers (or the assigns or successors in interest to the borrowers) on residential mortgage loans in the United States to which Nationstar acquired servicing rights when such loans were 30 days or more delinquent or in default on loan payment obligations or other standard default terms as defined by a Uniform Mortgage instrument ("**FDCPA Subclass**"); or

    b. were borrowers (or the assigns or successors in interest to the borrowers) on residential mortgage loans secured by residential properties in the State of Washington in the four years before the commencement of this action to which Nationstar acted as a mortgage servicer ("**Washington Subclass**"); or

    c. were borrowers (or the assigns or successors in interest to the borrowers) on residential mortgage loans secured by residential properties in the State of Maryland since October 1, 2019 to the commencement of this action to which Nationstar acted as a mortgage servicer ("**Maryland Subclass**"); or

    d. were borrowers on residential mortgage loans on properties located in the United States in the six years before the commencement of this action ("**Nationwide Unjust Enrichment Subclass**") in which Nationstar was not a party to the mortgage lender and merely acted as a collector on behalf of another.

6. The Court appoints Richardo Salom, Catherine Palazzo, and Peter Hackinen as Class Representatives for the Plaintiffs' Class and the Nationwide Unjust Enrichment Subclass.

7. The Court appoints Peter Hackinen as Class Representative of the FDCPA Subclass and

---

[1] Excluded from membership in the Plaintiffs' Class and the related Subclasses are the Defendant, any entities in which it has a controlling interest, their agents and employees, and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

Washington Subclass.

8. The Court appoints Catherine Palazzo and Ricardo Salom as the Class Representatives of the Maryland Subclass.

9. The Court appoints Plaintiff's counsel, Christinia Henry and Phillip Robinson and as Class Counsel.

10. The Court reserves the right and authority to modify this Order pursuant to Fed. R. Civ. P. 23(c)(1)(C) as this matter proceeds as necessary and appropriate (based upon discovery and the identification of any admissible evidence to support a decertification or modification of the class).

11. Within 30 days of entry of this Order, Class Counsel shall prepare, in consultation with counsel for Nationstar, an Administrative Order for the Court's consideration which:

   a. Sets forth the form and manner of notice to be sent to the Plaintiffs' Class and Subclass members,

   b. Orders Nationstar to prepare a list of members of the Plaintiffs' Class and Subclass members from its records—which includes last known emails and property addresses—to provide it to Class Counsel for the purposes of sending notice to the Plaintiffs' Class and Subclass members members, and

   c. If necessary, orders a Fed. R. Civ. P. 34 limited inspection of Nationstar's electronic records by Plaintiff's expert/consultant for the purposes of obtaining whatever data is necessary to properly identify the members of the — that cannot otherwise be produced from Nationstar's standard electronic reporting functions.

SO ORDERED.

DATED this _____ day of August, 2024.

_____
Honorable Barbara J. Rothstein

Presented by:

SEATTLE CONSUMER JUSTICE, P.S.

By: */s/ Christina L. Henry*
Christina L. Henry (WSBA No. 31273)
10728 16th Avenue SW
Seattle, WA 98146
Telephone: 206.330.0595
Email: chenry@hdm-legal.com

CONSUMER LAW CENTER, LLC

By: */s/ Phillip R. Robinson*
Phillip R. Robinson
(*Admitted Pro Hac Vice*)
1220 Blair Mill Road, Suite 1105
Silver Spring, MD 20901
Telephone: 301.448.1304
Email: phillip@marylandconsumer.com

ATTORNEYS FOR PLAINTIFFS RICHARDO SALOM, CATHERINE PALAZZO AS ASSIGNEE FOR RUBEN PALAZZO, AND PETER HACKINEN, ON THEIR OWN BEHALF AND ON BEHALF OF OTHER SIMILARLY SITUATED PERSONS