IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICARDO SALOM, CATHERINE PALAZZO as assignee for Ruben Palazzo, and PETER HACKINEN, on their own behalf and on behalf of other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a CHAMPION MORTGAGE, et al.,<br><br>Defendants. | Civil Action No. 2:24-cv-00444-BJR |

**CONSUMER FINANCIAL PROTECTION BUREAU'S
MOTION FOR LEAVE TO FILE AMICUS BRIEF**

The Consumer Financial Protection Bureau ("CFPB"), a federal agency responsible for interpreting and enforcing the Fair Debt Collection Act ("FDCPA"), respectfully seeks the Court's leave to file the attached Amicus Brief addressing questions relating to the FDCPA raised by Defendant's pending motion for judgment on the pleadings, ECF No. 37.

The Bureau has conferred with counsel for Plaintiffs, who do not object to this filing. The Bureau attempted to confer with counsel for Defendants, but contact was not successfully made, despite the Bureau's efforts to reach counsel by email on August 2 and August 5 (to all counsel of record) and by telephone on August 5 (to the lead attorneys). The Bureau nonetheless files this motion now so that, if the Court grants this motion, Defendant will have had as much time as possible to consider and respond to the Bureau's Amicus Brief in any forthcoming reply brief.

In support of this Motion, the Bureau avers as follows:

1. This case concerns, *inter alia*, whether Defendant Nationstar Mortgage LLC violated the FDCPA, 15 U.S.C. § 1692f(1), by collecting fees that were neither expressly authorized by the underlying mortgage agreements nor permitted by law. ECF No. 24.

2. The CFPB seeks to participate as amicus and believes that its views concerning the FDCPA may be of assistance to the Court in resolving Defendant's motion for judgment on the pleadings. This Court has discretion to permit the filing of an amicus brief. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Chong Yim v. City of Seattle*, No. C18-0736, 2018 WL 5825965, at *1 (W.D. Wash. Nov. 7, 2018).

3. The Bureau has authority to interpret and issue rules under the FDCPA and to enforce the statute's requirements. *See* 15 U.S.C. §§ 1692l(b)(6), (d), 1692k(e). The Bureau has issued advisory opinions clarifying the scope of the FDCPA; issued rules implementing the FDCPA, known as Regulation F, 12 C.F.R. pt. 1006; brought enforcement actions under the FDCPA; and participated as amicus in other cases involving FDCPA claims in federal courts. Accordingly, the Bureau has a strong interest in the correct interpretation and application of the FDCPA.

4. The attached Amicus Brief addresses two legal issues regarding the FDCPA—whether Defendant can apply a contractual provision requiring notice and an opportunity to cure to the instant FDCPA claim, and whether Defendant violated the FDCPA by collecting payoff statement fees that were neither expressly authorized by the agreement creating the debt nor permitted by law. These issues were raised by Defendant's motion and are relevant to this Court's disposition of the motion for judgment on the pleadings.

5. The timing of filing this Amicus Brief will not prejudice any party. The Plaintiffs filed their opposition on August 2, and this Amicus Brief was filed the following business day. Briefing on the Defendant's motion for judgment on the pleadings has not closed, and Defendant may file a reply brief by August 16. Because this Amicus Brief was filed the next business day after Plaintiffs' opposition, Defendant has adequate time to respond under the current briefing schedule. Further, the Amicus Brief is limited to certain aspects of Defendant's discussion of the legal framework of the FDCPA, and takes no position on the parties' other claims or arguments.

WHEREFORE, the Bureau respectfully requests that this Motion be granted and that the Court permit the Bureau to file the attached Amicus Brief.

August 5, 2024

Respectfully submitted,

Seth Frotman
  *General Counsel*
Steven Y. Bressler
  *Deputy General Counsel*
Kristin Bateman
  *Assistant General Counsel*
Joe Frisone
  *Senior Counsel*
Lauren Gorodetsky
  *Counsel*

/s/ Lauren Gorodetsky
Lauren Gorodetsky
  *Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
(202) 435-7560
lauren.gorodetsky@cfpb.gov