The Honorable Barbara J. Rothstein

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7

8    RICARDO SALOM, CATHERINE
     PALAZZO as assignee for Ruben Palazzo,        NO. 2:24-cv-00444-BJR
     and PETER HACKINEN, on their own
9    behalf and on behalf of other similarly       DEFENDANT FEDERAL HOME LOAN
     situated persons,                             MORTGAGE CORPORATION'S
10                                                 MOTION TO DISMISS PLAINTIFFS'
                         Plaintiffs,               AMENDED COMPLAINT
11
           v.                                      NOTE ON MOTION CALENDAR:
12                                                 October 15, 2024
     NATIONSTAR MORTGAGE LLC, et al.,
13
                         Defendants.
14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT FEDERAL HOME LOAN MORTGAGE                    **Miller Nash LLP**
CORPORATION'S MOTION TO DISMISS                    605 5th Avenue S | Suite 900
NO. 2:24-cv-00444-BJR                                  Seattle, WA  98104
                                                206.624.8300 | Fax: 206.340.9599

4878-6597-9107.4

## OVERVIEW AND RELIEF REQUESTED

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") is a Government Sponsored Enterprise formed under the Federal Home Loan Mortgage Corporation Act and is a government instrumentality for purposes of this lawsuit.  Congress chartered Freddie Mac to facilitate the nationwide secondary residential mortgage market.  Pursuant to its federal charter, Freddie Mac plays a central role in making mortgage loans available to consumers and lowering interest rates across the nation.

To advance those critical public goals, the Supreme Court created the *Merrill* Doctrine, which provides that an instrumentality of the federal government cannot be vicariously liable for actions taken by its agents unless the instrumentality *actually authorized* the challenged actions.  Thus, under the *Merrill* Doctrine, Freddie Mac cannot be vicariously liable for its servicer's unauthorized acts, including those acts alleged against Nationstar Mortgage LLC ("Nationstar") in this lawsuit.

This is a textbook case for application of the *Merrill* Doctrine.  The Amended Complaint alleges that Defendant Nationstar charged Ruben Palazzo a fee to obtain a payoff quote and seeks to hold Freddie Mac liable for Nationstar's actions.  The Amended Complaint, however, does not contain a single allegation that Freddie Mac instructed Nationstar to charge the fee or *actually authorized* Nationstar to do so.  Indeed, Plaintiffs admit that Freddie Mac required Nationstar to service all Freddie Mac loans – including the loans at issue in this lawsuit – in accordance with federal and Maryland law.  This admission is fatal to Plaintiffs' claim against Freddie Mac: Freddie Mac expressly requires its servicers to comply with all applicable law and charge only lawful fees and therefore, if the fee is unlawful, as Plaintiffs allege, under the *Merrill* Doctrine, Freddie Mac cannot be liable for Nationstar's imposition of that fee.  As federal courts have consistently done in similar circumstances, this Court should dismiss the claim asserted against Freddie Mac in this case.  *Johnson v. Fed. Home Loan Mortg. Corp.*, 2013 WL 308957, at *6 (W.D. Wash. Jan. 25, 2013) (dismissing claims against

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-1
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

4878-6597-9107.4

1    Freddie Mac on Rule 12(b)(6) motion to dismiss as barred by *Merrill* Doctrine), *dismissal*

2    *affirmed*, 793 F.3d 1005 (9th Cir. 2015); *Paslowski v. Std. Mortg. Corp. of Ga.*, 129 F. Supp. 2d

3    793, 802 (W.D. Pa. 2000) (same); *Deerman v. Fed. Home Loan Mortg. Corp.*, 955 F. Supp.

4    1393, 1400 (N.D. Ala. 1997), *aff'd sub nom.*, 140 F.3d 1043 (11th Cir. 1998) (same); *see also*

5    *Coniglio v. Fed. Nat'l Mortg. Ass'n, Corp.*, 2019 WL 9633294, at *4 (M.D. Fla. Sept. 16,

6    2019) (same as to Fannie Mae); *Cannon v. Wells Fargo Bank N.A.*, 917 F. Supp. 2d 1025, 1035

7    (N.D. Cal. 2013) (same).

8           Plaintiff Palazzo's breach of contract claim[1] – the only claim asserted against Freddie

9    Mac – must be dismissed for the additional reason that the Amended Complaint fails to

10   sufficiently plead a claim for such relief.  Specifically, the Amended Complaint does not

11   plausibly allege a breach of any contractual provision by Freddie Mac.

12          Freddie Mac therefore respectfully requests that this Court dismiss with prejudice the

13   claim asserted against it by Plaintiffs Ricardo Salom, Catherine Palazzo as assignee for Ruben

14   Palazzo, and Peter Hackinen pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

15   for failure to state a claim on which relief could be granted.

16                                        **BACKGROUND**

17   **I.      PARTIES**

18          A.      Freddie Mac

19          Congress chartered Freddie Mac to facilitate the nationwide secondary residential

20   mortgage market.  *See* 12 U.S.C. § 1451.  Freddie Mac plays a critical role in the national

21   housing market; it "support[s] the U.S. housing finance system and helps ensure a reliable and

22   affordable supply of mortgage funds across the country."  https://www.freddiemac.com/about.

23   Freddie Mac buys mortgage loans from the originating lenders through a secondary market.  *Id.*

24   Lenders use the money raised by selling mortgage loans to Freddie Mac to make more loans.

25   _____

26   [1] Plaintiffs' counsel confirmed during the parties' telephonic meet and confer that the breach of contract claim against Freddie Mac was asserted on behalf of Palazzo only, not Salom or Hackinen.

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-2
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

4878-6597-9107.4

*Id.*  By maintaining a secondary mortgage market, Freddie Mac ensures that lenders have a continuous and stable supply of funds to loan to individuals and families that buy homes and investors that purchase multifamily dwellings.  *Id.*

Freddie Mac's participation in the mortgage market attracts investors who might not otherwise invest in mortgages, thereby expanding the pool of funds available to lend for housing.  *Id.*  This makes the secondary mortgage market more liquid.  *See id.*  Freddie Mac also helps stabilize the mortgage market and protects housing when turmoil in the broader financial system threatens the economy.  *Id.*  Freddie Mac's support for mortgage lending that finances affordable housing reduces the cost of such borrowing.  *Id.*

Today, Freddie Mac, operating under its congressional charter, continues to "perform an important role in the nation's housing finance system – to provide liquidity, stability and affordability to the mortgage market."  https://www.fhfa.gov/about-fannie-mae-freddie-mac.

The Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110- 289, 122 Stat. 2654 (codified as 12 U.S.C. § 4511 *et seq*.), established the Federal Housing Finance Agency ("FHFA" or "Conservator") as [Freddie Mac]'s primary regulator.  On September 6, 2008, pursuant to HERA, the Director of FHFA placed Freddie Mac into conservatorship, where it remains to this day.[2]  *See* 12 U.S.C. § 4617(a).  As Conservator, FHFA succeeded to all of Freddie Mac's rights, titles, powers, privileges, and assets.  *Id.* at § 4617(b)(2)(A)(i).  FHFA, as Conservator, is statutorily empowered to preserve and conserve Freddie Mac's assets and property, to operate Freddie Mac, to perform all of Freddie Mac's functions in Freddie Mac's name, and to collect all obligations and money due to Freddie Mac.  *Id.* at

---

[2] "Why Fannie Mae and Freddie Mac are in Conservatorship," FED. HOUSING FIN. AGENCY, https://www.fhfa.gov/Conservatorship.  The Court may take judicial notice of the fact that Freddie Mac was placed under FHFA's conservatorship in 2008 and remains in conservatorship today, pursuant to pursuant to Fed. R. Evid. 201.  *See Bank of Am., N.A. v. T-Shack, Inc.*, 2021 WL 5823705, at *1 (9th Cir. Dec. 8, 2021) (affirming that "district court properly took judicial notice of the fact that Freddie Mac was in FHFA conservatorship").

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-3
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

4878-6597-9107.4

1  § 4617(b)(2)(B)(i)-(iv).  Congress also mandated that "no court may take any action to restrain

2  or affect the exercise of [FHFA's] powers or functions . . . as a conservator."  *Id.* at § 4617(f).

3      B.    Plaintiffs

4          According to the Amended Complaint, Ruben Palazzo obtained a mortgage loan in

5  April 2007 from SunTrust Mortgage, Inc., secured by a deed of trust (the "Deed of Trust") on

6  real property located in Pittsville, Maryland (the "Palazzo Mortgage Loan").  Am. Compl. ¶ 93.

7  The Palazzo Mortgage Loan was subsequently sold to Freddie Mac, which remains the current

8  owner.  *Id.* ¶¶ 2, 94.  The Amended Complaint further states that, in January 2024, Ruben

9  Palazzo assigned his consumer claims to his wife, Plaintiff Catherine Palazzo (hereinafter,

10  "Palazzo").  *Id.* ¶ 25.

11          Plaintiffs Ricardo Salom and Peter Hackinen obtained mortgage loans in June 2003

12  from Wachovia Mortgage Corporation and in December 2006 from First Horizon Home Loan

13  Corporation, respectively.  *Id.* ¶¶ 75, 113.  Freddie Mac is not alleged to have ever had an

14  interest in these loans, and Plaintiffs Salom and Hackinen do not assert any claims against

15  Freddie Mac.

16      C.    Nationstar

17          Defendant Nationstar has serviced the Palazzo Mortgage Loan on behalf of Freddie

18  Mac since June 2022.  Am. Compl. ¶ 94.  As Freddie Mac's servicer, Nationstar is obligated to

19  perform its servicing duties in accordance with the Freddie Mac Single-Family Sellers and

20  Servicers Guide (the "Guide"), which is the primary document outlining the contractual

21  relationship between Freddie Mac and its sellers/servicers, including Nationstar.[3]

22

23  ───────────────

24  [3] *Freddie Mac Single-Family Seller/Servicer Guide* (June 12, 2024),
   https://guide.freddiemac.com/app/guide.  Relevant excerpts from the Guide are submitted

25  herewith as Exhibit A to the Esler Declaration.  The Court may take judicial notice of the
   public records of federal instrumentalities such as Freddie Mac on a motion to dismiss,
   pursuant to Fed. R. Evid. 201.  *See Johnson*, 2013 WL 308957, at *6 (taking judicial notice of

26  Freddie Mac Guide on Rule 12(b)(6) motion to dismiss); *see also Mack v. South Bay Beer
   Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-4
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## PROCEDURAL HISTORY AND SUMMARY OF ALLEGATIONS.

Plaintiffs Salom, Palazzo, and Hackinen filed this lawsuit on February 28, 2024.  ECF No. 1.  They asserted claims against Nationstar based on its imposition of a fee to receive a payoff quote ("Payoff Fee").  Compl. ¶ 2.  The Complaint alleged that Freddie Mac owns the Palazzo Mortgage Loan but made no allegations of wrongdoing by Freddie Mac and asserted no claims against Freddie Mac.  *Id.* ¶ 76.

On May 30, 2024, Plaintiffs filed the Amended Complaint, which, among other changes, added Freddie Mac as a defendant and putative "Defendant Class" representative.  Am. Compl. ¶¶ 2, 143.  The Amended Complaint asserts only one claim against Freddie Mac, for breach of contract (Count II), which Plaintiffs assert in the alternative to the unjust enrichment claim (Count I) asserted against Nationstar.  *Id.* ¶¶ 175-88.

Specifically, Plaintiffs allege that Nationstar, acting as Freddie Mac's loan servicer, charged Palazzo a $25 Payoff Fee in September 2023.  *Id.* ¶¶ 102-104.  According to Plaintiffs, the Palazzo Mortgage Loan contract "prohibits the charging of fees not expressly authorized by State or Federal law."  *Id.* ¶ 179.  Plaintiffs allege that no applicable law expressly authorizes the charging of Payoff Fees, and thus *Freddie Mac* breached the Palazzo Mortgage Loan contract when *Nationstar* imposed a Payoff Fee to Palazzo.  *Id.* ¶ 177.

## ARGUMENT

## I.      THE *MERRILL* DOCTRINE REQUIRES DISMISSAL OF THE CLAIM AGAINST FREDDIE MAC.

The Court should dismiss the claim asserted against Freddie Mac in the Amended Complaint.  Relying on the *Merrill* Doctrine, courts around the country have consistently ruled that Freddie Mac (and Fannie Mae) cannot be held liable for unlawful actions taken by its servicers if Freddie Mac did not actually authorize those actions.  Here, the Amended Complaint makes no allegations whatsoever that Freddie Mac authorized Nationstar to charge any unlawful fees.  In fact, the opposite is true: Freddie Mac's Guide explicitly requires its

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-5
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

4878-6597-9107.4

1   servicers, including Nationstar, to comply with all applicable law and charge only lawful fees.

2   For this reason alone, the Court should dismiss Plaintiffs' claim against Freddie Mac.

3        A.   The *Merrill* Doctrine.

4        The *Merrill* Doctrine – which the Supreme Court created in *Federal Crop Insurance*

5   *Co. v. Merrill*, 332 U.S. 380 (1947) – provides that a federal instrumentality can only be

6   vicariously liable for the acts of its agents if those acts were actually authorized by the

7   instrumentality.  Under the *Merrill* Doctrine, a federal instrumentality "cannot be held

8   vicariously liable for acts of its agents that were not actually authorized even if a private

9   principal could be held liable in the same or similar circumstances under a theory of apparent

10   authority."  *Faiella v. Fed. Nat'l Mortg. Ass'n*, 928 F.3d 141, 143 (1st Cir. 2019) (citing

11   *Merrill*, 332 U.S. at 384).

12        If a defendant invokes the protections of the *Merrill* Doctrine on a Rule 12(b)(6)

13   motion, the court must first determine whether the defendant is a federal instrumentality for

14   purposes of the Doctrine.  In making this determination, courts look to whether the defendant

15   was created to serve an important government objective and whether holding the defendant

16   liable for its agents unauthorized acts would undermine that objective.  *See Faiella*, 928 F.3d at

17   148 (citations omitted).  Once a defendant has established that it is a federal instrumentality

18   under *Merrill*, the court must then determine whether the complaint plausibly alleges that the

19   defendant *actually authorized* its agent's unlawful acts.  *See Johnson*, 2013 WL 308957, at *6;

20   *Coniglio*, 2019 WL 9633294, at *4; *Cannon*, 917 F. Supp. 2d at 1035.

21        B.   Freddie Mac Is A Federal Instrumentality For *Merrill* Doctrine Purposes.

22        As previously explained, Freddie Mac was created by Congress to serve an important

23   government objective: to help provide liquidity, stability, and affordability in the residential

24   mortgage market, and continues to serve that important objective today.  *Supra*, at pp. 2-3.

25   Thus, courts around the country, including in this District, have consistently recognized Freddie

26   Mac as a federal instrumentality for purposes of the *Merrill* Doctrine.  *See, e.g.*, *Johnson*, 2013

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-6
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

WL 308957, at *6; *St. Amour v. Fed. Home Loan Mortg. Corp.*, 2022 WL 704027, at *2-3
(D.R.I. Mar. 9, 2022); *Draper v. Fed. Home Loan Mortg. Corp.*, 2014 WL 2601740, at *3
(Bankr. D. Or. June 10, 2014); *Paslowski*, 129 F. Supp. 2d at 800; *Deerman*, 955 F. Supp. at
1400; *Dupuis v. Fed. Home Loan Mortg. Corp.*, 879 F. Supp. 139, 144 (D. Me. 1995);
*Mendrala v. Crown Mortg. Co.*, 955 F.2d 1132, 1140-41 (7th Cir. 1992).  Freddie Mac "has at
its core a public purpose established by Congress, which is to provide stability in, and to
provide ongoing assistance to, a secondary market for home mortgages." *Paslowski*, 129 F.
Supp. 2d at 802 (citing *Mendrala*, 955 F.2d at 1140).  Imposing liability on Freddie Mac "for
the unauthorized actions of an entity such as [its servicer] would thwart its congressional
purpose." *Mendrala*, 955 F.2d at 1141.  This Court should likewise find here that Freddie Mac
is an instrumentality of the federal government for purposes of the *Merrill* Doctrine.

C.    The Amended Complaint Does Not Allege That Freddie Mac Actually
      Authorized Nationstar's Conduct.

As a federal instrumentality entitled to the protection of the *Merrill* Doctrine in this
lawsuit, Freddie Mac is not bound by any *unauthorized* acts of its servicers.  In other words,
Freddie Mac may only be liable for Nationstar's acts if Freddie Mac actually authorized them.
The Court should dismiss the claim asserted against Freddie Mac in the Amended Complaint
because it alleges no facts that plausibly suggest that Freddie Mac actually authorized
Nationstar's complained of acts.

Nowhere does the Amended Complaint allege that Freddie Mac actually authorized
Nationstar to charge a Payoff Fee to the Palazzo Mortgage Loan.  It does not assert that Freddie
Mac instructed Nationstar to charge a Payoff Fee to Palazzo or that Freddie Mac even knew
that Nationstar would charge a Payoff Fee to Palazzo.  That is the end of the matter.  In the
absence of plausible allegations of actual authorization in the Amended Complaint, the Court
need go no further to dismiss the claim against Freddie Mac under the *Merrill* Doctrine.  *See*
*Johnson*, 2013 WL 308957, at *6 (dismissing plaintiffs' claims under *Merrill* Doctrine when

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-7
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

4878-6597-9107.4

plaintiff alleged no facts that Freddie Mac authorized servicer's wrongdoing); *Coniglio*, 2019

WL 9633294, at *4 (dismissing plaintiffs' claims under *Merrill* Doctrine because "there is no

allegation that [Fannie Mae] 'actually authorized' the conduct that gives rise to Plaintiff's

injury in the underlying action"); *Cannon*, 917 F. Supp. 2d at 1035 (emphasizing that plaintiffs

did not allege that "Fannie Mae authorized Wells Fargo's kickback scheme, the excessive

coverage, or the backdating"); *see also Best v. Newrez LLC*, 2020 WL 5513433, at *33 (D. Md.

Sept. 11, 2020) ("Plaintiff has also made no allegations with respect to whether Fannie Mae

authorized the acts by Shellpoint that give rise to Plaintiff's claims, further undermining the

plausibility of Plaintiff's already limited allegations against Fannie Mae").

D.  <u>Freddie Mac Expressly Prohibited Nationstar From Charging Borrowers Unlawful Fees.</u>

Not only is the Amended Complaint devoid of any allegation that Freddie Mac actually

authorized Nationstar to charge any unlawful fee to Palazzo, any such assertion would be

belied by Freddie Mac's express direction to Nationstar that it *comply* with all applicable laws

in its servicing of Freddie Mac loans and that it only charge fees to the extent permitted by

applicable law.  Such an express direction to Nationstar and all other servicers is in the publicly

available Freddie Mac Guide available on its website. *Freddie Mac Single-Family*

*Seller/Servicer Guide* (June 12, 2024), https://guide.freddiemac.com/app/guide.

Freddie Mac's Guide is the primary contractual document governing its servicers'

obligations in servicing all Freddie Mac loans.  Esler Decl., Ex. A: Guide, § 1101.2 ("The

Guide governs the business relationship between a Seller/Servicer and Freddie Mac relating to

the sale of Mortgages to, and Servicing of such Mortgages for, Freddie Mac.").  Among other

things, the Guide provides direction to servicers with respect to compliance with applicable law

and the charging of fees.  Specifically, the Guide states:

- "Any costs or expenses incurred by the Servicer may be charged or collected from the Borrower *only to the extent allowed under the terms of the Security Instrument, the Servicing Contract and any applicable law*." Guide § 8101.2 (emphasis added).

DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S MOTION TO DISMISS-8
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

4878-6597-9107.4

- "The Servicer must service Mortgages purchased by Freddie Mac *in accordance with the requirements of applicable law* and the Purchase Documents." *Id*. at § 8102.1(a) (emphasis added).

- "The Seller/Servicer agrees to comply with all applicable federal, State and local laws, ordinances, regulations, orders and regulator guidance . . . including, without limitation . . . laws that prohibit unfair or deceptive acts or practices[,] . . . The Truth in Lending Act[,] . . . The Fair Debt Collections Practices . . . ." *Id*. at § 1301.2(a).

These provisions expressly forbid Nationstar from charging a fee to Palazzo in violation of any state or federal law. Indeed, Plaintiffs admit that "Freddie Mac requires that Nationstar service its agreements, including the Palazzo Loan and the loans of similar putative class members, *in accordance with federal and Maryland law* . . . ." Am. Compl. ¶ 2 (emphasis added). That admission, by itself, requires dismissal of Freddie Mac from this lawsuit. If the Court finds the allegations in the Amended Complaint to be true – that Nationstar breached the Palazzo Mortgage Loan contract by imposing a fee in violation of applicable law (Am. Compl. ¶ 179) – then Nationstar acted in violation of Freddie Mac's specific instructions to the contrary. Under the *Merrill* Doctrine, Freddie Mac cannot, as a matter of law, be liable for such an act by Nationstar. *See Paslowski*, 129 F. Supp. 2d at 804 (*Merrill* Doctrine required dismissal of claim against Freddie Mac that was premised on servicer's conduct that "was outside the scope of the servicers' actual authority," as evidenced by Freddie Mac Guide); *Johnson*, 2013 WL 308957, at *7 (same).

    E.    <u>Plaintiffs' "Ratification" Argument Is Meritless.</u>

Plaintiffs make no allegations that Freddie Mac authorized Nationstar to charge fees in violation of any law. Indeed, Plaintiffs admit that "Freddie Mac requires that Nationstar service its agreements, including the Palazzo Loan and the loans of similar putative class members, *in accordance with federal and Maryland law* . . . ." Am. Compl. ¶ 2 (emphasis added).

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-9
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

1  Confronted with these facts, Plaintiffs try a different approach: they make a series of

2  allegations that Freddie Mac "ratified" Nationstar's conduct by alleged inaction.[4]  This tactic

3  does not save the claim against Freddie Mac from dismissal because "[t]he *Merrill* doctrine

4  requires a showing of ***actual authority*** as a basis for holding a federal instrumentality

5  vicariously liable for the acts of its agents." *Faiella*, 928 F.3d at 143 (emphasis added) (citing

6  *Merrill*, 332 U.S. at 384).  An instrumentality "cannot be held vicariously liable for acts of its

7  agents that were not ***actually authorized*** even if a private principal could be held liable in the

8  same or similar circumstances under a theory of apparent authority." *Id.* at 143 (emphasis

9  added) (citing *Merrill*, 332 U.S. at 384); *see also id.* at 150 ("apparent authority 'is not

10 available to bind the federal sovereign'" (quoting *United States v. Flemmi*, 225 F.3d 78, 85 (1st

11 Cir. 2000))).

12  Freddie Mac knows of no cases in which a court has held a federal instrumentality

13 vicariously liable for its agent's actions based on a theory of "ratification," let alone ratification

14 by inaction.  And at least one court has expressly rejected the theory: "Plaintiff offers no legal

15 authority for the novel theory that a federal instrumentality may be held vicariously liable based

16 on a theory of ratification, and the Court can find none." *Coniglio*, 2019 WL 9633294, at *4.

17  Although no more is needed, Plaintiffs' "ratification" theory also fails under Rule

18 12(b)(6) for the additional reason that their allegations are fatally vague.  Plaintiffs make only

19 generic claims of ratification and allege no specific facts detailing how Freddie Mac

20 supposedly ratified Nationstar's imposition of a Payoff Fee to the Palazzo Mortgage Loan.  *See*

21 *Wondie v. King Cnty.*, 2023 WL 22058, at *4 (W.D. Wash. Jan. 3, 2023) ("In order to survive a

22

23  [4] Am. Compl. ¶¶ 180 ("turning a blind eye in reckless indifference," despite having the "ability
   and means and methods to ensure such compliance by Nationstar's work on [its] behalf"); 181
24 ("choos[ing] not to investigate Nationstar's conduct," despite having "an appreciation of
   Nationstar's overall pay-to-pay practices since they have been involved in this conduct with
25 many actions across the country"); 182 ("choos[ing] not to require Nationstar to correct its
   practices," despite Nationstar's disclosure of the claims asserted by Plaintiffs in this action in
26 March 2024); 183 ("never [having] required Nationstar to stop its payoff statement fee
   harvesting practice").

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-10
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

4878-6597-9107.4

1  motion to dismiss [on theory of ratification], [plaintiff] must allege some additional facts that a

2  policymaker had 'knowledge of the constitutional violation and actually approve[ed] of it.'"

3  (citation omitted)); *see also Cannon*, 917 F. Supp. 2d at 1035 ("It is Plaintiff's burden under

4  *Merrill* to make allegations that Fannie Mae authorized Wells Fargo's acts.").  For this

5  additional reason, Plaintiffs' breach of contract claim against Freddie Mac must be dismissed.

6  **II.     PLAINTIFFS OTHERWISE FAIL TO STATE A VALID CLAIM FOR BREACH
           OF CONTRACT AGAINST FREDDIE MAC.**

7      The Court should dismiss the claim asserted against Freddie Mac in the Amended

8  Complaint for the separate, additional reason that it fails to state a valid claim for breach of

9  contract – the only claim asserted against Freddie Mac.  "[T]he elements of a breach of contract

10  claim include: (1) a contractual obligation and (2) a material breach of that obligation." *GMD*

11  *Props., LLC v. Safeco Ins. Co. of Am.*, 2022 WL 2073854, at *3 (D. Md. June 9, 2022)

12  (citations omitted).[5]  Thus, "to state a prima facie claim for breach of contract under Maryland

13  law, a plaintiff must allege that a contractual obligation exists, and that the defendant has

14  breached that obligation." *McCray v. Specialized Loan Servicing*, 2013 WL 1316341, at *4 (D.

15  Md. Mar. 28, 2013).

16      Plaintiff Palazzo has failed to state a valid breach of contract claim against Freddie

17  Mac.  Specifically, the Amended Complaint does not plausibly allege a breach of any particular

18  provision of the Palazzo Mortgage Loan contract by Freddie Mac.  *See Woodrow v. Vericrest*

19  *Fin., Inc.*, 2009 WL 4348594, at *4 (D. Md. Nov. 30, 2009) (dismissing breach of contract

20  claim when "the loan agreement does not contain any provision requiring Defendant to inform

21  Plaintiff of its financial condition or to produce any type of blue ink signature note"); *Garay v.*

22  *Select Portfolio Servicing Inc.*, 2020 WL 10823745, at *10 (S.D. Fla. Aug. 7, 2020), *report and*

23

24  _____

25  [5] Freddie Mac respectfully submits that pursuant to the choice-of-law provision in the Palazzo
   Deed of Trust, Maryland law applies to Palazzo's breach of contract claim. *Gierke v. Allstate*
   *Prop. & Cas. Ins. Co.*, 2019 WL 4849494, at *3 (W.D. Wash. Oct. 1, 2019).  However,
26  Washington law is no different and would respect the parties' contractual choice of law. *Erwin*
   *v. Cotter Health Ctrs.*, 167 P.3d 1112, 1121 (Wash. 2007).

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-11
NO. 2:24-cv-00444-BJR

4878-6597-9107.4

1   *recommendation adopted*, 2020 WL 10823759 (S.D. Fla. Aug. 31, 2020) ("Plaintiff, here, does
2   not point to any specific provision which would characterize charging processing fees as a
3   breach of the Mortgage, and therefore, does not adequately allege the breach.").

4       The Amended Complaint alleges that, "on behalf of Freddie Mac . . . , Nationstar
5   improperly collected Payoff Fees contrary to the express terms of [the] mortgage agreements
6   that prohibit the charging of fees not expressly authorized by State or Federal law."  Am.
7   Compl. ¶ 179.  In other words, Plaintiffs contend that the Palazzo Mortgage Loan contract
8   forbids charging fees that are not expressly authorized by applicable law.  The Palazzo
9   Mortgage Loan contract, however, contains no such provision.  *See David v. Herc Rentals Inc*.,
10  2024 WL 2133369, at *3 (W.D. Wash. May 10, 2024) (court need not accept allegations as true
11  when contradicted by record evidence) (citation omitted).

12      Rather, the Palazzo Deed of Trust states: "Lender may not charge fees that *are*
13  *expressly prohibited* by this Security Instrument or by Applicable law."  Esler Decl., Ex. B ¶ 14
14  (emphasis added).[6]  And significantly, it further provides that "the absence of express authority
15  in this Security Instrument to charge a specific fee to Borrower *shall not be construed as a*
16  *prohibition on the charging of such fee*."  *Id.* (emphasis added).

17      Based on the plain language of the Deed of Trust, Plaintiffs' breach of contract claim
18  against Freddie Mac is simply implausible.  It is premised on the "breach" of a provision that
19  does not exist and ignores the explicit language that the absence of express authority shall not
20  be construed as a prohibition.

21      In *Mirabadi v. Select Portfolio Servicing, Inc.*, the court dismissed a breach of contract
22  claim under nearly identical circumstances.  2024 WL 1151673, at *6 (C.D. Cal. Feb. 13,
23  2024).  The plaintiff in that case alleged "that the EZ Pay fees breached her deed of trust
24  because they were not authorized by the contract or, alternatively, because the charges were

25  _____
26  [6] The Court may take judicial notice of the Palazzo Deed of Trust, which is publicly available,
    pursuant to Fed. R. Evid. 201.  *See Carlson v. Wells Fargo Bank, N.A.*, 2015 WL 2062394, at
    *4 (W.D. Wash. May 4, 2015).

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-12
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

4878-6597-9107.4

1   prohibited by law." *Id.* at *4.  The deed of trust contained the same language at issue here:

2   "[i]n regard to any other fees, the absence of express authority in this Security Instrument to

3   charge a specific fee to Borrower shall not be construed as a prohibition on the charging of

4   such fee.  Lender may not charge fees that are expressly prohibited by this Security Instrument

5   or by Applicable Law." *Id.* at *5 (citation omitted).  In dismissing the plaintiff's breach of

6   contract claim, the court explained: "The plain terms of the 'Loan Charges' clause expressly

7   allow for fees like the EZ Pay fee, as nowhere does the agreement forbid such fees.  And the

8   agreement provides that if there is no express prohibition, then there is no prohibition at all."

9   *Id.*

10          Likewise, in *Matchett v. BSI Financial Services*, the 10th Circuit affirmed the district

11   court's dismissal of a breach of contract claim based on the charging of a convenience fee,

12   relying on the same exact language in the Palazzo Deed of Trust: "the absence of express

13   authority in this Security Instrument to charge a specific fee to Borrower shall not be construed

14   as a prohibition on the charging of such fee.  2021 WL 3473062, at *5 (D. Utah Aug. 6, 2021),

15   *aff'd*, 2023 WL 4678683 (10th Cir. July 21, 2023).  The court reasoned: "[b]ecause the

16   Amended Complaint does not identify a single contractual provision of the loan documents, or

17   any other contract between Matchett and BSI, that prohibited BSI from charging the

18   convenience fees for optional phone payment services, Matchett's breach of contract claim is

19   not plausible." *Id.*

20          Other courts have come to the same conclusion in cases alleging breaches of mortgage

21   agreements, where the mortgage contract contained the same or similar "the absence of express

22   authority" language as the Palazzo Deed of Trust here.  *See, e.g.*, *McGhee v. Fay Servicing,*

23   *LLC*, 2023 WL 2335376, at *11 (M.D. La. Mar. 2, 2023) ("Plaintiffs have not pointed the

24   Court to any specific provision of the original mortgage agreement or the modifications that it

25   contends Defendants breached by adding said fees. On the contrary, . . . the mortgage . . .

26   provides that 'the absence of express authority in this Security Instrument to charge a specific

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-13
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

1  fee to [Plaintiffs] shall not be construed as a prohibition on the charging of such fee.'"); *Lish v.*
2  *Amerihome Mortg. Co., LLC*, 2020 WL 6688527, at *5 (C.D. Cal. Nov. 10, 2020) (dismissing
3  breach of contract claim where Plaintiff was charged convenience fee because "the Mortgage
4  specifically state[d] that the failure to include a specific fee 'shall not be construed as a
5  prohibition of the charging of such fee'"); *Torliatt v. Ocwen Loan Servicing, LLC*, 2020 WL
6  1904596, at *5 (N.D. Cal. Apr. 17, 2020) (dismissing breach of contract claim where "the Deed
7  of Trust describes only fees that are 'expressly prohibited'" and convenience fees were not
8  expressly prohibited); *Manos v. MTC Fin., Inc.*, 2018 WL 6220051, at *6 (C.D. Cal. Apr. 2,
9  2018), *aff'd*, 773 F. App'x 452 (9th Cir. 2019) ("Based on the language of the Manos's loan,
10 ["in the absence of express authority in this Security Instrument to charge a specific fee to
11 Borrower shall not be construed as a prohibition on the charging of such fee"] Plaintiffs'
12 general allegations that they were unlawfully charged legal fees and other fees belies the terms
13 of the loan . . . .").

14      Accordingly, this Court should find that Palazzo failed to adequately allege a breach of
15 any particular provision of the Palazzo Mortgage Loan contract by Freddie Mac.  Not only is
16 the Palazzo Deed of Trust devoid of any provision that prohibits charging a fee that is not
17 expressly authorized by applicable law, it confirms the opposite – that "the absence of express
18 authority [] shall not be construed as a prohibition on the charging of such fee."  Esler Decl.,
19 Ex. B ¶ 14.  In the face of such language, Palazzo's breach of contract claim against Freddie
20 Mac is implausible and must be dismissed.

21                    **CERTIFICATION OF CONFERRAL AND CONCLUSION**

22      Attorneys for Freddie Mac conferred with plaintiffs' counsel starting on August 23,
23 2024 and thereafter regarding the subject of this motion but could not reach agreement except
24 as noted in footnote 1.  For reasons stated above, Freddie Mac respectfully requests that the
25
26

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-14
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

1    Court grant this motion and dismiss the claims asserted against it in the Amended Complaint

2    with prejudice.[7]

3            *I certify that this memorandum contains 5,014 words, in compliance with the Local*

4    *Civil Rules.*

5            DATED this 9th day of September, 2024.

6                                          */s/ Brian W. Esler*
                                           Brian W. Esler, WSBA No. 22168
7                                          */s/ Jesús Miguel Palomares*
                                           Jesús Miguel Palomares, WSBA No. 51858
8                                          */s/ Lane Conrad*
                                           Lane Conrad, WSBA No. 59287
9                                          605 5th Avenue S, Ste 900/Seattle, WA 98104
                                           Telephone: 206-624-8300
10                                         Facsimile: 206-340-9599
                                           brian.esler@millernash.com
11                                         jesus.palomares@millernash.com
                                           lane.conrad@millernash.com
12
                                           GOODWIN PROCTER LLP
13                                         Joseph F. Yenouskas (*pro hac vice* forthcoming)
                                           Collin Grier (*pro hac vice* forthcoming)
14                                         1900 N Street NW/Washington, DC 20036
                                           (202) 346-4000
15                                         JYenouskas@goodwinlaw.com
                                           CGrier@goodwinlaw.com
16
                                           Allison J. Schoenthal (admitted *pro hac vice*)
17                                         Robin L. Muir (admitted *pro hac vice*)
                                           The New York Times Building
18                                         620 Eighth Avenue/New York, NY 10018
                                           (212) 813-8800
19                                         ASchoenthal@goodwinlaw.com
                                           RobinMuir@goodwinlaw.com
20
                                           *Attorneys for Defendant*
21                                         *Federal Home Loan Mortgage Corporation*

22

23    [7] Should Plaintiffs' claim against Freddie Mac survive this motion – and it should not – Freddie
      Mac intends to move to strike Plaintiffs' putative "Defendant Class."  Courts have long
24    recognized that defendant class actions are seldom certified, making them as rare as "unicorns."
      *Bell v. Brockett*, 922 F.3d 502, 504 (4th Cir. 2019) (citation omitted).  Furthermore, as a federal
25    instrumentality under the conservatorship of the FHFA, Freddie Mac has unique defenses that
      are unavailable to other owners of mortgage loans serviced by Nationstar.  *See* 12 U.S.C.
26    § 4617.  Freddie Mac, therefore, also is not an adequate – or appropriate – representative of the
      Defendant Class.

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATION'S MOTION TO DISMISS-15
NO. 2:24-cv-00444-BJR

4878-6597-9107.4

1

**CERTIFICATE OF SERVICE**

2

The undersigned certifies under penalty of perjury under the laws of the State of

3

Washington, that the foregoing document was presented to the Clerk of the Court for filing and

4

uploading to the CM/ECF system, which will send notification of such filing to all counsel of

5

record.

6

DATED this 9th day of September, 2024.

7

8

*/s/ Kristin Martinez Clark*
Kristin Martinez Clark

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

4878-6597-9107.4