The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICARDO SALOM, *et al.*, *on their own behalf and on behalf of other similarly situated persons*,<br><br>　　Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, *et al.*,<br><br>　　Defendants. | NO. 24-cv-444-BJR<br><br>**ORDER DENYING JUDGMENT ON THE PLEADINGS** |

## I.　INTRODUCTION

Plaintiffs have filed a putative class action accusing Defendants, Nationstar Mortgage LLC and Federal Home Loan Mortgage Association ("Freddie Mac"), of illegally charging fees whenever homeowners request payoff statements for their loans. In addition to their claims asserted under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, Plaintiffs also assert claims under Washington and Maryland state law, alleging violations of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code, Com. L. § 14-202, *et seq.*, the Washington State Consumer Agency Act ("WCPA"), R.C.W. §§ 19.86, *et seq.*, and the Washington State Collection Agency Act ("WCAA"), R.C.W. § 19.16.250 *et seq.* Currently pending before the Court

ORDER DENYING JUDGMENT ON THE PLEADINGS

- 1

is Nationstar's motion for judgment on the pleadings, ECF No. 37.[1] Having reviewed the materials[2] and the relevant legal authorities, the Court will deny Nationstar's motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

Plaintiffs, Ricardo Salom, Catherine Palazzo as assignee for Ruben Palazzo, and Peter Hackinen, on their own and on behalf of similar borrowers, bring this action against Nationstar (also known under the trade name Champion Mortgage), which acts as a collector on behalf of the owners of thousands of mortgage loans throughout the country, including mortgage loans owned by Freddie Mac. Am. Compl. ¶ 1, ECF No. 24. Plaintiffs propose that Freddie Mac be appointed as the Named Defendant on behalf of a Defendant Class, who are the owners of mortgage loans where Nationstar had no ownership interest but acted as the mortgage servicer and collected payments from the borrower. *Id.* ¶ 143. Plaintiffs claim that the $25 fees charged to their accounts for written payoff quotes are illegal pay-to-pay "junk fees." *Id.* ¶¶ 5-9. Specifically, Plaintiffs assert four causes of action: (1) Unjust Enrichment against Nationstar; (2) Breach of Contract against Freddie Mac and the Defendant Class, brought as an alternative claim to the unjust enrichment claim against Nationstar; (3) Violations of the FDCPA brought by Plaintiff Hackinen against Nationstar; and (4) Violations of State Debt Collection and Mortgage Servicing Laws against Nationstar. *Id.* ¶¶ 160-220. Plaintiffs move the Court to take judicial notice of various documents, which they assert concern issues and topics presented by their complaint. Mot. JN, ECF Nos. 13, 40 (corrected

---

[1] Multiple other motions depend upon the outcome of this motion as they relate specifically to Plaintiffs' and Nationstar. *See* ECF Nos. 39, 43, 46.

[2] Including the motion, ECF No. 37; Plaintiffs' response in opposition, ECF No. 47; and Nationstar's reply, ECF No. 61; together with attached exhibits. The Court also reviewed an Amicus Curiae Brief filed by the Consumer Financial Protection Bureau in support of Plaintiffs, ECF No. 54, and Nationstar's response thereto, ECF No.73.

ORDER DENYING JUDGMENT ON THE PLEADINGS

- 2

appendix of exhibits). Nationstar has filed an opposition in response to the motion for judicial notice, and Plaintiffs filed a reply. Opp'n JN, ECF No. 18; Reply JN, ECF No. 22

By its motion for judgment on the pleadings, Nationstar seeks the dismissal with prejudice of Plaintiffs' claims. Mot. 1, 15.[3] In support of its motion, Nationstar asks the Court to take judicial notice of a loan modification document referenced in the complaint. ECF No. 38.

## III. LEGAL STANDARD

A motion for judgment on the pleadings is authorized under Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation omitted). A motion for judgment on the pleadings brought by a defendant is functionally identical to one under Rule 12(b)(6), and the same standard of review "applies to motions brought under either rule." *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Accordingly, whether brought under Rule 12(b)(6) or Rule 12(c), the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the non-moving party's favor, the complaint has stated "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In doing so, the Court is limited to reviewing materials that are submitted with, and attached to, the complaint; matters appropriate for judicial notice; and unattached evidence on which the complaint "necessarily

---

[3] The Court notes that Freddie Mac has separately moved to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6), ECF No. 74. Freddie Mac's motion is not yet ripe for decision.

ORDER DENYING JUDGMENT ON THE PLEADINGS

- 3

relies," provided the authenticity of the document is not questioned. *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020). If such exhibits conflict with allegations in the complaint, the Court need not accept those allegations as true. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014) (citing cases).

## IV.   DISCUSSION

Nationstar contends there are three separate grounds for dismissal: (1) Plaintiffs failed to comply with the notice-and-cure provision under their deeds of trust; (2) the unjust enrichment claim fails because a contractual relationship exists between the Plaintiffs and Nationstar; and (3) the fees charged were for payoff quotes requested on an expedited basis, which does not represent a breach of the express terms of their loan agreements nor was the fee unlawful under applicable law. Before the Court addresses these arguments, it will first address the requests for judicial notice.

### A.  Requests for Judicial Notice

Plaintiffs ask that 14 documents be accepted as exhibits in support of their complaint. Mot. JN. These documents include Orders, transcripts, settlement agreements, and declarations from other cases involving Nationstar, Exs. 1-8; an Amicus brief filed in an unrelated case, Ex. 12; and reports and press releases issued by Nationstar's publicly traded parent, Exs. 9-11. It is well-established that courts may take judicial notice of court filings and other matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)). A court may also "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted; cleaned up). Of course,

ORDER DENYING JUDGMENT ON THE PLEADINGS

- 4

"[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Nationstar does not question the authenticity of the documents but argues that they are not relevant. Opp'n JN 2.  The Court notes, however, that Plaintiffs made references in their original complaint to the Maryland case, the agreement with the Maryland Attorney General, and to Nationstar's parent company. *See* Compl., ECF No. 1-1. Plaintiffs' motion for judicial notice was filed shortly after the case was removed to this Court and before any dismissal motion was filed. As Plaintiffs assert, "[a]ll the Motion sought at this early stage, from the Plaintiffs' perspective was to present those documents integral to the Plaintiffs' original complaint and some additional public documents which were relevant and material to issues that might likely be presented and apply later." Reply 2. Subsequently, all the documents are specifically referenced in Plaintiffs' Amended Complaint.

Plaintiffs have requested only that the Court take notice of publicly available documents, all of which are referenced in their amended complaint, and Plaintiffs have made no request for the Court to take judicial notice of any particular fact.  As such, Plaintiffs' requests for judicial notice are granted as to the existence of the documents but not as to the truth of their contents.  Similarly, Nationstar requests that the Court take notice of Mr. Hackinen's modified loan agreement, ECF No. 38-1, which is specifically referenced in Plaintiffs' amended complaint. Plaintiffs have lodged no objection, and the Court accordingly grants Nationstar's request to take judicial notice of the document. If the Court takes notice of any other documents, it will specifically note them.

ORDER DENYING JUDGMENT ON THE PLEADINGS

- 5

**B. Notice-and-Cure Provision**

Nationstar argues that the Court should dismiss Plaintiffs' claims against Nationstar because Plaintiffs did not comply with Section 20 of the deeds of trust, which requires a party provide pre-suit notice and an opportunity to cure. Mot. 4. Section 20 of each of the named Plaintiffs' deeds of trust states, in pertinent part:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

Salom Deed of Trust § 20, ECF No. 20-2; *see also* Palazzo Deed of Trust § 20, ECF No. 20-4; Hackinen Deed of Trust § 20, ECF No. 20-6.[4]

Nationstar asserts that it is entitled to the benefit of all covenants and agreements including the notice-and-cure provision, and although Plaintiffs may have provided notice to the owners of their loans, they failed to provide notice to Nationstar. Mot. 4-5. Nationstar argues that this failure requires dismissal of their claims against Nationstar, citing *Giotta v. Ocwen Loan Servicing*, LLC, 706 F. App'x 421 (9th Cir. 2017), in which the Ninth Circuit affirmed dismissal of a class action claim under the FDCPA for failure to provide notice pursuant to section 20 of the Deed of Trust. *Id.* at 5-7. Plaintiffs argue that the notice-to-cure provisions do not apply since they would add an

---

[4] The Court notes that these documents were originally exhibits included with Nationstar's motion to dismiss the original complaint, and Nationstar's motion for the Court to take judicial notice of these documents was stricken as moot with the filing of the Amended Complaint. *See* Minute Order, ECF No. 27. Plaintiffs do not object to Nationstar's reference to these exhibits, and they are integral to the complaint, so the Court will take judicial notice of them.

ORDER DENYING JUDGMENT ON THE PLEADINGS

- 6

unnecessary duty to the remedial statutes under which they assert their claims. Opp'n 7-8. Plaintiffs contend that the plain language of the notice-and-cure provision only applies to the lenders and not to the loan servicers, and the provision only applies to conduct governed by the contract, which does not include unauthorized fees such as the fee at issue here. *Id.* at 11-12. The Consumer Financial Protection Bureau, by their amicus brief in support of Plaintiffs, adds that the FDCPA claim brought by Plaintiff Hackinen is not barred by a contractual provision requiring notice and an opportunity to cure, because the FDCPA claim alleges a violation of a statutory duty that exists independent of the contract. Amicus Br. 2-3.

### 1. The notice-and-cure provision applies to Nationstar

The relevant deeds of trust include a statement that "[t]he covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." Deeds of Trust § 13. Nationstar is the loan servicer, and the deeds contain no definition for loan servicer. By the plain language of the deed, if Nationstar is a successor or assignee of the Lender, the deed's provisions also inure to Nationstar.

Plaintiffs contend that Nationstar is not a party to the deeds of trust and allege that they gave notice and an opportunity to cure to the "owners" of their loans.[5] Opp'n 5-6, 9; Am. Compl. ¶¶ 91, 108, 128). However, Plaintiffs also allege that "Nationstar works on behalf of others pursuant to an assignment of servicing rights agreement with the mortgage lender or noteholder," adding that the "assignment of servicing rights agreement transfers the lender's servicing rights under the mortgage and nothing more. Servicers and lenders are bound by the written terms of the mortgages and owe the same obligations to borrowers . . . ." Am. Compl. ¶¶ 11-12. Plaintiffs allege that

---

[5] The Court notes that since the owners were provided notice, it is possible their complaint was passed along to Nationstar since it was the entity that could "cure" the alleged "junk fee."

ORDER DENYING JUDGMENT ON THE PLEADINGS

- 7

Nationstar "acquired the servicing rights" to Plaintiffs' mortgage loans. *Id.* ¶¶ 24-26. By their allegations, Plaintiffs certainly seek to bind Nationstar to the terms in the deeds of trust.

Additionally, Plaintiff Hackinen's loan modification agreement refers to Nationstar as "Lender or Servicer ('Lender')." Hackinen Agreement, ECF No. 38-1. Plaintiff Palazzo's deed of trust was assigned to Nationstar. Answer, ECF No. 35, Exs. A-D;[6] *see also* ECF No. 47-2 (letter attached to Plaintiffs' response in opposition stating that the Palazzo loan was transferred to Nationstar). Plaintiff Salom's loan modification agreement executed by Plaintiff Salom and the Servicer, refers to the Servicer and Lender interchangeably with regard to the collection of escrow payments. Salom Agreement, ECF No. 47-1.

Based upon Plaintiffs' allegations, the documents provided by both Plaintiffs and Nationstar, and the plain language definition of "assignee,"[7] the Court concludes that Nationstar is an assignee of the Lender, and the notice-and-cure provision is a benefit that inures to Nationstar. In addition to the allegations and the plain text of the mortgage documents, the Court finds persuasive the reasoning by multiple courts in this Circuit that have explicitly found that loan servicers are assignees of the Lender's servicing right. For example, in *Giotta v. Ocwen Loan Servicing, LLC*,[8] the Ninth Circuit affirmed the trial court's dismissal of plaintiffs' claims based on their failure to comply with the exact same deed of trust notice provision. *See* 706 F. App'x at 422 ("[A]s an assign of the Lender, the Notice Provision is a 'benefit' of the 'covenants and agreements' in the Deed of Trust, inuring to [the loan servicer]."). In *Giotta*, the district court had initially ruled

---

[6] The Court takes judicial notice of these documents attached to Nationstar's Answer, as they are necessarily relied upon by the complaint, and Plaintiffs do not question the documents' authenticity.
[7] "Someone to whom property rights *or* powers are transferred by another." ASSIGNEE, Black's Law Dictionary (12th ed. 2024) (emphasis added).
[8] Although an unpublished decision is not binding on the Court, the decision's reasoning is persuasive.

ORDER DENYING JUDGMENT ON THE PLEADINGS

- 8

that the notice-and-cure provision in the deed of trust did not apply to loan servicers, but on review of later-supplied loan modification documents, the district court concluded that the language therein suggested that the parties had always understood the term "Lender" to include servicer.  *Giotta v. Ocwen Fin. Corp.*, 15-CV-00620-BLF, 2015 WL 8527520, at *6 (N.D. Cal. Dec. 11, 2015); *Giotta v. Ocwen Fin. Corp.*, 15-CV-00620-BLF, 2016 WL 4447150, at *3 (N.D. Cal. Aug. 24, 2016), *aff'd sub nom. Giotta v. Ocwen Loan Servicing, LLC*, 706 F. App'x 421 (9th Cir. 2017). Following the Ninth Circuit's opinion in *Giotta*, other district courts have held that similar "Notice Provisions" applied to loan servicers. *See, e.g.*, *Necer v. PHH Mortgage Corp.*, 1:21-CV-01730-JLT-CDB, 2024 WL 3011182, at *7 (E.D. Cal. June 11, 2024); *Wilde v. Flagstar Bank FSB*, No. 18cv1370-LAB (BGS), 2019 WL 1099841, at *1, n. 2 (S.D. Cal. Mar. 8, 2019); *Neagle v. Goldman Sachs Grp., Inc.*, No. 6:18-cv-00754-MC, 2019 WL 1102199, at *1-2, 5 (D. Or. Mar. 1, 2019); *Smith v. Flagstar Bank, FSB*, No. C 18-02350 WHA, 2018 WL 3995922, at *1, 3-4 (N.D. Cal. Aug. 21, 2018).

Accordingly, the Court concludes that the notice-and-cure provision applies to Nationstar.

### 2. The notice-and-cure provision does not apply to statutory claims

Plaintiffs contend that even if the notice-and-cure provision inures to Nationstar, it does not apply to their statutory claims. Opp'n 13; Amicus Br. Plaintiffs argue that no legislature requires pre-suit notice for a remedial claim such as theirs. Opp'n 4, 8. The Consumer Financial Protection Bureau ("CFPB"), in support of Plaintiffs, asserts that the notice-and-cure provision's terms do not apply to the FDCPA claim, and such a contractual provision cannot limit consumers' ability to vindicate their FDCPA rights. Amicus Br. 3. The CFPB argues that Plaintiffs' FDCPA claim neither "arises from the other party's actions pursuant to this Security Instrument," nor breaches "any provision of, or any duty owed by reason of, this Security Instrument." *Id.* (quoting the Deeds of

ORDER DENYING JUDGMENT ON THE PLEADINGS
- 9

1   Trust § 20). According to CFPB, Plaintiff Hackinen alleges a violation of the FDCPA statute, not

2   the contract, and the duty breached is one owed by reason of the FDCPA, not a contractual provision

3   or duty. *Id.*

4   Nationstar argues that under the plain language of the provision, a plaintiff's claim does not

5   need to be a breach of contract or duty arising under the contract, but if a plaintiff's claim "arises

6   from the other party's actions pursuant to the Security Instrument," then notice and an opportunity

7   to cure is required. Nationstar Resp. 2, ECF No. 73 (quoting the Deeds of Trust § 20). According

8   to Nationstar, Plaintiff Hackinen's FDCPA claim and the state consumer law claims challenge

9   actions that Nationstar took pursuant to its role as loan servicer under the deed of trust.

10  In *Giotta*, the district court concluded that the statutory claims in that case fell "squarely

11  within the ambit of the notice-and-cure provision," because the plaintiffs' allegations arose from

12  actions taken pursuant to the deed of trust. 2016 WL 4447150, at *3. The Ninth Circuit agreed and

13  specifically held that the provision "does not abrogate the provisions of the FDCPA." *Giotta*, 706

14  F. App'x at 422-23. Other district courts have also concluded that borrowers were bound by the

15  notice-and-cure provision on statutory claims. *See, e.g.*, *Necer*, 2024 WL 3011182, at *8 ("Thus

16  claims, even statutory claims, that arise from the other party's actions pursuant to the Deed of Trust

17  are subject to the Notice Provision."); *Neagle*, 2019 WL 1102199, at *4 (rejecting argument that

18  the provision does not apply to state consumer protection law claims); *Contreras v. Nationstar LLC*,

19  216CV00302MCEEFB, 2017 WL 3438769, at *3 (E.D. Cal. Aug. 10, 2017) (barring both common

20  law and statutory claims against Nationstar for failure to comply with the notice-and-cure

21  provision); *but see McShannock v. JP Morgan Chase Bank N.A.*, 354 F. Supp. 3d 1063, 1072 (N.D.

22  Cal. 2018) (concluding that the notice provision did not apply because the statutory duty existed

24  ORDER DENYING JUDGMENT ON THE PLEADINGS

25  - 10

independent of any contract between the parties), *rev'd and remanded on other grounds*, 976 F.3d 881 (9th Cir. 2020).

The Court agrees that providing notice is not so burdensome that it impedes enforcement of statutory rights. *McShannock*, 354 F. Supp. 3d at 1070. However, under circumstances where there is an intervening assignee, it becomes difficult for a lay person to give notice to the right party, and here, notice was given to the original owners of the mortgages, who could easily have passed the complaint along to Nationstar. As such, indirect notice was provided. The *Giotta* plaintiffs had provided no notice whatsoever, and the Ninth Circuit concluded without exploration that the notice provision does not abrogate the purpose of the FDCPA to "protect vulnerable and unsophisticated debtors from abuse, harassment, and deceptive collection practices." *Giatta*, 706 F. App'x at 422. But requiring a plaintiff to not only provide notice, but to correctly determine the right party to whom notice must be given, is inconsistent with the purpose of the FDCPA and state consumer laws. Under the circumstances present here, this Court concludes that enforcing the notice provision to Nationstar's benefit does contravene the purpose of protecting unsophisticated debtors.

Therefore, Plaintiffs are not barred from pursuing their remedial statutory claims against Nationstar for lack of pre-suit notice to Nationstar. Similarly, because Plaintiffs provided notice and an opportunity to cure prior to filing suit, even though not directly to Nationstar, Plaintiffs' unjust enrichment claim against Nationstar is not barred for lack of pre-suit notice to Nationstar.

**C. Failure to State a Claim**

Nationstar contends that the claims against them fail for additional independent reasons. Mot. 7. The Court shall address each argument in turn.

### 1. Unjust enrichment

Nationstar claims that Plaintiffs' unjust enrichment claim fails because Washington and Maryland law do not recognize claims for unjust enrichment when a contract governs the parties' conduct. Mot. 7. Plaintiffs have alleged a contractual relationship with Nationstar based on Nationstar acquiring the servicing rights to Plaintiffs' loans and being "bound by the written terms of the mortgages . . . ." Am. Compl. ¶¶ 12, 15, 24-26. However, Plaintiffs argue that the fee charged by Nationstar was not authorized by the contracts, was charged in bad faith, and thus, represents an exception to the general bar on unjust enrichment claims. Opp'n 13.

The general rule is that an unjust enrichment claim may not proceed when an enforceable contract exists. *Orser v. Select Portfolio Servicing, Inc.*, C05-1507C, 2005 WL 3478126, at *3-4 (W.D. Wash. Dec. 20, 2005)). But if the contract does not cover the subject matter at issue, or there is evidence of bad faith, an implied contract may arise. *Id.*; *see also Beyer* v. *Countrywide Home Loans Servicing LP*, No. C07-1512MJP, 2008 WL 1791506, at *11 (W.D. Wash. Apr. 18, 2008); *Gerber v. First Horizon Home Loans Corp.*, C05-1554P, 2006 WL 581082, at *3 (W.D. Wash. Mar. 8, 2006).

In *Orser*, the court denied a motion to dismiss an unjust enrichment claim where the deed of trust was silent as to the challenged fees. 2005 WL 3478126, at *3-4. Similarly, in *Beyer*, the court allowed an unjust enrichment claim to proceed where plaintiffs had sufficiently alleged that the defendant had collected a fee that it was not entitled to collect under the contract. 2008 WL 1791506, at *11. Here, Plaintiffs have not pleaded a breach of contract claim against Nationstar, and they have clearly pleaded that Nationstar had no right to impose and collect the fees at issue, inflated the actual costs for the service provided, and profited substantially at Plaintiffs' expense. *See, e.g.*, Am. Compl. ¶¶ 13-17, 163-74. To state a claim for unjust enrichment, a plaintiff must

ORDER DENYING JUDGMENT ON THE PLEADINGS

allege three elements: "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young v. Young*, 164 Wn.2d 477, 484–85 (2008). Accepting Plaintiffs' allegations as true and construing them in the light most favorable to them, the Court concludes that Plaintiffs have adequately pleaded a plausible claim of unjust enrichment against Nationstar.

### 2. FDCPA and State consumer protection claims

Nationstar contends that Plaintiffs fail to plausibly allege an FDCPA claim. Mot. 9-10. Nationstar further contends that the related state consumer protection claims in Count IV are premised on the alleged violation of the FDCPA, and thus, cannot proceed because the FDCPA claim fails. *Id.* at 9-11. Nationstar also argues that the consumer protection claims fail because Plaintiffs have not plausibly alleged an unfair or deceptive act or practice and have not alleged any harm. *Id.* at 11-12.

Plaintiff Hackinen asserts an FDCPA claim, stating that Nationstar's payoff statement fees violate U.S.C. § 1692f(1), which prohibits a debt collector from collecting fees that are not authorized by the agreement or permitted by law. To plead an FDCPA claim, "a plaintiff must establish that (1) the plaintiff is a consumer, (2) who was the object of a collection activity arising from a debt, (3) the defendant is a debt collector, and (4) the defendant violated a provision of the FDCPA." *Rose v. Bank of Am., N.A.*, 2:16-CV-00122-SAB, 2017 WL 1197822, at *5 (E.D. Wash. Mar. 30, 2017) (citations omitted). The first three elements are not at issue, but Nationstar argues that Plaintiff Hackinen cannot establish that Nationstar charged an "improper fee" because a fee charged for an expedited payoff quote is allowed by the loan contract and is recognized under federal law. Mot. 9-10.

ORDER DENYING JUDGMENT ON THE PLEADINGS

- 13

The FDCPA is to be liberally construed in favor of the consumer. *See Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006). Section 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Here, Nationstar disputes the facts pleaded by Plaintiffs, arguing that the fee charged was for "expedited delivery" of the payoff statement and was not a "pay-to-pay" fee. Mot. 9-10 (referencing statement exhibits attached to their Answer and asserting that Nationstar does not charge fees for "un-expedited payoff statements"). Nationstar argues that there is no prohibition on charging a fee for an expedited payoff quote and contends that there is no violation as long as the fee is not prohibited by law. *Id.* at 9. In *Alexander v. Carrington Mortgage Services, LLC*, the Fourth Circuit rejected Nationstar's interpretation, holding that the collection of the convenience fee at issue was prohibited, based on principles of statutory interpretation and a review of the phrase "permitted by law" in the linguistic context of the FDCPA. 23 F.4th 370, 377 (4th Cir. 2022). The Fourth Circuit determined that the phrase "requires affirmative sanction or approval, typically (though not always) from a statute." *Id.* The Court finds this analysis persuasive.

Nationstar also provided an example of federal law approving similar fees under the Home Ownership and Equity Protection Act ("HOEPA"). Mot. 9-10. Although Plaintiff Hackinen's loan contract was not a high-cost loan regulated by HOEPA, Nationstar argues that federal law refers to "fees imposed for similar services provided in connection with [loans that] are not high-cost mortgages." *Id.* at 10 (quoting 12 CFR § 1026.34(9)(ii); 15 U.S.C. § 1639(t)(1)(B)). But a reference to a fax or courier charge in another context does not provide the Court with an affirmative sanction of Nationstar's expedited payment fee. Nationstar does not establish any federal or state law expressly authorizing or approving the fee. And Plaintiffs have adequately alleged that the fee was

ORDER DENYING JUDGMENT ON THE PLEADINGS

- 14

not expressly permitted by agreement, and they included allegations that the fee charged for the payoff statements far exceeded the actual costs of preparing them. *See, e.g.*, Am. Compl. ¶¶ 10-16, 67, 83, 102, 121, 163, 193-96.

Further, Plaintiffs have alleged that the FDCPA violation is *per se* unfair or deceptive. *Id.* ¶¶ 53-54, 57, 208-09; *see Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field. When a violation of debt collection regulations occurs, it constitutes a *per se* violation . . . under state and federal law, reflecting the public policy significance of this industry.").

Accepting Plaintiffs' allegations as true and construing them in the light most favorable to them, the Court concludes that Plaintiffs have adequately pleaded plausible FDCPA and related State consumer protection claims against Nationstar, sufficient for them to proceed to discovery.

**D.  Plaintiffs' motion for relief**

Plaintiffs filed a motion for relief pursuant to Federal Rule of Civil Procedure 23(d) and Local Rule 3(g),(h), essentially seeking an order of protection based on Nationstar's past practices in other litigation.  ECF No. 43. The Court has reviewed the parties' briefs on this issue and finds it unnecessary to prospectively order Nationstar to comply with the law. As officers of the court, counsel for both parties have a duty to comply with this Court's local rules and standing orders as well as conduct themselves as professional members of the bar. The Plaintiffs' motion is denied without prejudice.

## V.  CONCLUSION

For the foregoing reasons,

    1.  Plaintiffs' Motion to Take Judicial Notice, ECF No. 13, is GRANTED;

ORDER DENYING JUDGMENT ON THE PLEADINGS

- 15

2. Nationstar Mortgage LLC d/b/a Champion Mortgage Company's Motion for Judgment on the Pleadings, ECF No. 37, is DENIED;

3. Nationstar Mortgage LLC d/b/a Champion Mortgage Company's Motion to Stay Discovery Pending Ruling on its Motion for Judgment on the Pleadings, ECF No. 39, is DENIED AS MOOT;

4. Plaintiffs' Motion for Appropriate Relief Pursuant to Fed. R. Civ. P. 23(d), ECF No. 43, is DENIED WITHOUT PREJUDICE;

5. Plaintiffs' Motion for Class Certification of the Plaintiffs' Class and Subclasses and to Allow Supplementation, ECF No. 46, remains pending;

6. Defendant Federal Home Loan Mortgage Corporation's Motion to Dismiss Plaintiffs' Amended Complaint, ECF No. 74, which is not yet ripe for decision, remains pending; and

7. The parties are ordered to confer and file an Amended Joint Status Report within 15 days of the Court's ruling on ECF No. 74.

DATED this 7th day of October 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge