The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

RICARDO SALOM, CATHERINE
PALAZZO as assignee for Ruben Palazzo,
and PETER HACKINEN, on their own
behalf and on behalf of other similarly
situated persons,

Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC, et al.,

Defendants.

NO. 2:24-cv-00444-BJR

REPLY IN FURTHER SUPPORT OF
DEFENDANT FEDERAL HOME LOAN
MORTGAGE CORPORATION'S
MOTION TO DISMISS PLAINTIFFS'
AMENDED COMPLAINT

REPLY IN FURTHER SUPPORT OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS
NO. 2:24-cv-00444-BJR

ACTIVE/132086907.3

1

## **INTRODUCTION**

2      Plaintiffs' Opposition to Freddie Mac's Motion to Dismiss (ECF 76) ("Opposition" or

3

"Opp.") does not rebut the sound, well-supported bases to dismiss this case as a matter of law

4

with respect to Freddie Mac.

5      As demonstrated in its Motion to Dismiss (ECF 74) ("Motion")[1]: (i) the *Merrill*

6

Doctrine provides unequivocally that Freddie Mac cannot be held liable for any unauthorized

7

acts of its servicer, and (ii) Plaintiff Palazzo has not sufficiently pleaded a claim for breach of

8

contract against Freddie Mac.  Plaintiffs' contention that the *Merrill* Doctrine does not apply

9

here (Opp. 2-11) is contrary to well-established legal authority and unsupported by any case

10

law.  Further, the assertion that Freddie Mac's Motion should be denied because discovery is

11

needed on Freddie Mac's "policing" of Nationstar (Opp. 12-13) provides no cognizable basis to

12

deny Freddie Mac's Rule 12(b)(6) Motion, particularly because the "exceptions" on which

13

discovery is sought are neither legally recognized nor applicable.[2]

14      Plaintiffs' new breach of contract theory – that Freddie Mac breached the provision that

15

provides "Lender may not charge fees that are expressly prohibited by this Security Instrument

16

or by Applicable law" (Opp. 14) – likewise does not withstand Rule 12(b)(6) scrutiny.

17

Plaintiffs fail to identify any law directly applicable to Freddie Mac, let alone a law that

18

Freddie Mac violated.  Thus, Plaintiffs still have not plausibly alleged a breach of contract

19

claim against Freddie Mac, and the claim must be dismissed.

20

21

22

23

24

25

26

---

[1] Freddie Mac adopts herein the same terms defined in its Motion to Dismiss.
[2] Plaintiffs' request at the outset that this Court "stay" Plaintiffs' claim against Freddie Mac (Opp. 2) is similarly baseless and only highlights their inability to substantively defeat Freddie Mac's Motion.  *See Nelson Cap., LLC v. Campbell*, 2019 WL 2123568, at *2 (W.D. Wash. May 15, 2019).

REPLY IN FURTHER SUPPORT OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS-1
NO. 2:24-cv-00444-BJR

## ARGUMENT

**I.    PLAINTIFFS DO NOT REFUTE THAT THE *MERRILL* DOCTRINE REQUIRES DISMISSAL OF THEIR CLAIM AGAINST FREDDIE MAC.**

    A.    <u>Plaintiffs' Contention that the *Merrill* Doctrine Does Not Apply Here is Unsupported by Any Case Law and Contrary to Established Legal Authority.</u>

Despite the overwhelming case law holding that Freddie Mac (and Fannie Mae) cannot be liable for the unauthorized acts of its servicers (Motion 2-3), Plaintiffs contend that the *Merrill* Doctrine somehow does not apply here.[3]  Plaintiffs' arguments are unsupported by any case law, are contrary to established legal authority, and have been consistently rejected by courts across the country.

Plaintiffs first argue that the *Merrill* Doctrine does not apply because the Palazzos did not voluntarily choose to enter into a contract with Freddie Mac.  Opp. 3-4.  This is a complete non-sequitur.  The *Merrill* Doctrine has repeatedly been applied to cases involving mortgage loans purchased by Freddie Mac and Fannie Mae on the secondary market without regard to whether the plaintiff "chose" to enter into a contract with the enterprise.  *See, e.g.*, *Faiella v. Fed. Nat'l Mortg. Ass'n*, 928 F.3d 141, 150 (1st Cir. 2019); *Johnson v. Fed. Home Loan Mortg. Corp.*, 2013 WL 308957, at *6 (W.D. Wash. Jan. 25, 2013); *Paslowski v. Std. Mortg. Corp. of Ga.*, 129 F. Supp. 2d 793, 803 (W.D. Pa. 2000).[4]  Given the consistent history of applying the *Merrill* Doctrine to Freddie Mac, Fannie Mae, and their federally-mandated role in the

---

[3] Freddie Mac objects to Plaintiffs' submission of the Affidavit of Catherine Palazzo (ECF 76-1) to the extent that it constitutes evidence not referenced in the Amended Complaint and/or not a proper subject of judicial notice.  *See Sowa v. Ring & Pinion Serv. Inc.*, 2021 WL 6334930, at *2 (W.D. Wash. Sept. 9, 2021), *report and recommendation adopted*, 2022 WL 73879 (W.D. Wash. Jan. 7, 2022).  In any event, Palazzo's conclusory assertions are immaterial to Freddie Mac's entitlement to dismissal under the *Merrill* Doctrine as a matter of law.

[4] Freddie Mac does not, and cannot, directly enter into a mortgage contract with a borrower, as Freddie Mac is precluded from doing so under its Congressional charter, which prescribes that it purchase mortgage loans only after origination by others.  12 U.S.C. § 1454(a)(5) (prohibiting Freddie Mac from "originat[ing] mortgage loans . . ."); *see also* https://www.freddiemac.com/about ("Rather than lending directly to borrowers, Freddie Mac operates in the U.S. secondary mortgage market.").

REPLY IN FURTHER SUPPORT OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS-2
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

1  secondary mortgage market, it is not surprising that Plaintiffs cite no cases that support their

2  position.[5]

3  Plaintiffs next argue that *Merrill* is distinguishable because "unlike *Merrill*, there is no

4  risk to the 'public treasury' by Plaintiffs' claims against Freddie in this case" because, pursuant

5  to the Freddie Mac Guide, Nationstar has agreed to indemnify Freddie Mac.  Opp. 4.  Any

6  agreement by Nationstar to indemnify Freddie Mac is irrelevant to the *Merrill* Doctrine.

7  Contrary to Plaintiffs' assertion, the *Merrill* Doctrine does not require any "public treasury"

8  impact, as there are several other important public policy concerns at play, including, "'the

9  potential for interference with the separation of governmental powers between the legislative

10  and executive [branches].'"  *Faiella*, 928 F.3d at 147 (citation omitted); *see also REW Enters.*

11  *v. Premier Bank, N.A.*, 49 F.3d 163, 168 (5th Cir. 1995).  Courts have repeatedly found that the

12  *Merrill* Doctrine exempted Freddie Mac from liability for its servicer's wrongdoing where the

13  very same Guide governed the servicing relationship.  *See, e.g.*, *Johnson*, 2013 WL 308957, at

14  *6; *Paslowski*, 129 F. Supp. 2d at 803.  Once again, Plaintiffs cite no case finding that an

15  indemnification agreement renders the *Merrill* Doctrine inapplicable or any other legal

16  authority that supports their position.[6]  Indeed, while Plaintiffs may be able to proceed against

17  Nationstar for its actions here, its potential indemnification obligations to Freddie Mac do not

18  eviscerate *Merrill* and is not grounds for keeping Freddie Mac in this case.

19  Plaintiffs further contend that the *Merrill* Doctrine is "limited" and only applies to

20  equitable estoppel claims to protect the government from being bound by unauthorized

21

22

23  [5] *Arnett v. Mortg. Elec. Registration Sys., Inc.*, 2014 WL 5111621, at *7, n.3 (W.D. Wash. Oct. 10, 2014), cited by Plaintiffs (Opp. 4), concerns the transferability of a deed of trust; it does not support Plaintiffs' argument and does not even address the *Merrill* Doctrine.

24  [6] Plaintiffs' assertion that the *Merrill* Doctrine does not apply because the "the servicing rules and regulations that control the actions of mortgage servicers are not explicit" (Opp. 4) is

25  similarly unsupported.  Furthermore, contrary to Plaintiffs' assertion, the Guide's requirement that Nationstar comply with all applicable laws and only charge lawful fees is clear and

26  explicit.  ECF 75-1, §§ 1301.2(a), 8101.2, 8102.1(a).

REPLY IN FURTHER SUPPORT OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS-3
NO. 2:24-cv-00444-BJR

contracts. Opp. 4-5, 10-11.[7] Courts have expressly rejected this argument.[8] *See, e.g.*, *Nelson v. Nationstar Mortg., LLC*, 504 F. Supp. 3d 1307, 1326 (S.D. Ala. 2020) ("Plaintiffs identify neither established law nor persuasive policy reasons why the *Merrill* doctrine should be ['confined to the estoppel context']."); *Gray v. Seterus, Inc.*, 233 F. Supp. 3d 865, 869 (D. Or. 2017) (collecting cases "which have found that the *Merrill* doctrine applies in both contract and statutory tort based claims"); *Cannon v. Wells Fargo Bank N.A.*, 917 F. Supp. 2d 1025, 1034 (N.D. Cal. 2013) ("Notably, the *Merrill* doctrine has been applied to both contract and tort-based claims." (citation omitted)).  And courts have repeatedly applied the *Merrill* Doctrine to contract claims like the one asserted against Freddie Mac here.  *See, e.g.*, *Johnson*, 2013 WL 308957, at *6; *Paslowski*, 129 F. Supp. 2d at 803.

Plaintiffs next argue that the *Merrill* Doctrine does not apply because Freddie Mac, as an assignee of the Palazzo Mortgage Loan contract, cannot have more rights than its assignor.

---

[7] None of the cases that Plaintiffs cite (Opp. 4) actually support their restrictive interpretation of the *Merrill* Doctrine.  *See Montilla v. Fed. Nat'l Mortg. Ass'n*, 999 F.3d 751, 762 (1st Cir. 2021) (addressing whether Freddie Mac was government actor for purposes of Fifth Amendment due process claim); *U.S. ex rel. Adams v. Aurora Loan Servs., Inc.*, 813 F.3d 1259, 1260 (9th Cir. 2016) (addressing whether Freddie Mac was "officer, employee or agent" of government for purposes of False Claims Act); *H. Landau & Co. v. United States*, 886 F.2d 322, 324 (Fed. Cir. 1989) (lower court erred in failing to consider whether representative had implicit actual authority), *as amended on reh'g*, 20 Cl. Ct. 400, 407 (Dec. 11, 1989); *United States v. Georgia-Pac. Co.*, 421 F.2d 92, 100 (9th Cir. 1970) (*Merrill* Doctrine does not apply if representative's actions were authorized or if government was not acting in sovereign capacity).  To the contrary, the First Circuit expressly rejected a similar attempt "to truncate the reach of the *Merrill* doctrine."  *Faiella*, 928 F.3d at 149-50.

[8] The two cases cited by Plaintiffs to support their contention that the *Merrill* Doctrine only applies to equitable estoppel claims (Opp. 11) are readily distinguishable.  In *Hartley-Culp v. Green Tree Servicing, LLC*, 52 F. Supp. 3d 700, 704-705 (M.D. Pa. 2014), the court was not persuaded that the *Merrill* Doctrine applied "outside the context of a contractual relationship" and even if it did, the *Merrill* Doctrine would not apply there because the plaintiff specifically alleged that the misconduct of Fannie Mae's agent was made "at the direction and under the control of" Fannie Mae.  Here, the Amended Complaint is devoid of any allegations that plausibly suggest that Nationstar's imposition of a Payoff Fee was "at the direction and under the control of" Freddie Mac and, in any event, Plaintiffs only assert a claim for breach of contract against Freddie Mac.  In *Selene Finance, LP v. MacDougall*, 2019 WL 1313724, at *4 (Conn. Super. Ct. Jan. 16, 2019), the court found that the *Merrill* Doctrine was inapplicable to the defendant's statutory-tort-based counterclaims and because no agency relationship between Ginnie Mae and its servicer was alleged.  In sharp contrast here, Plaintiffs assert a breach of contract claim against Freddie Mac and an agency relationship with Nationstar.

REPLY IN FURTHER SUPPORT OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS-4
NO. 2:24-cv-00444-BJR

1  Opp. 5-6.  Plaintiffs' argument mixes apples and oranges.  Freddie Mac does not contend that it

2  is not subject to the provisions of the Palazzo Mortgage Loan contract or that it has more rights

3  than its assignor.[9]  Rather, Freddie Mac's position is that it did not authorize Nationstar to

4  impose any unlawful fees in breach of the Palazzo Mortgage Loan contract.  ECF 75-1, §§

5  1301.2(a), 8101.2, 8102.1(a).  Thus, even if Nationstar charged a fee that the contract

6  prohibited – a premise that Freddie Mac disputes – the *Merrill* Doctrine simply prevents

7  Freddie Mac from being held vicariously liable for that unauthorized conduct.  *See Johnson*,

8  2013 WL 308957, at *6; *Paslowski*, 129 F. Supp. 2d at 803.

9        Lastly, Plaintiffs argue that the application of the *Merrill* Doctrine here would

10  effectively allow Freddie Mac to breach and disregard its contractual obligations.  Opp. 7-8.

11  Recognizing the (obvious) distinction between acts of Freddie Mac itself and the unauthorized

12  acts of a servicer, the court in *Paslowski* expressly rejected this exact argument:

13        Contrary to plaintiffs' assertions, the *Merrill* doctrine does not permit Freddie Mac
      to violate its contractual obligations with impunity. Had Freddie Mac itself engaged
14      in or authorized the alleged conduct, it could be held responsible therefor. <u>However,
      the breaches and misconduct alleged in plaintiffs' complaint were not committed
15      by Freddie Mac, but by its servicers outside the scope of their authority as
      established in the Guide, and *Merrill* precludes liability against Freddie Mac for its
16      servicers' unauthorized conduct.</u> Although the Supreme Court recognized in
      *Merrill* the potentially harsh effects of this concept, that harshness is alleviated in
17      this case by the fact that plaintiffs are not left without any recourse. Rather,
      recovery is sought, and may be had, against those who actually engaged in the
18      conduct at issue—the servicers.

19

20  129 F. Supp. 2d at 805 (emphasis added).

21        Furthermore, contrary to Plaintiffs' assertion, in raising the *Merrill* Doctrine as a

22  defense, Freddie Mac does not "acknowledge[e]" or "concede" (Opp. 2) anything with respect

23

24

25

26  [9] For this reason, *Epps v. JP Morgan Chase Bank, N.A.*, 675 F.3d 315 (4th Cir. 2012), cited by
Plaintiffs (Opp. 6), which did not concern the *Merrill* Doctrine, is irrelevant here.

REPLY IN FURTHER SUPPORT OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS-5
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

to Nationstar's alleged misconduct.  Under the *Merrill* Doctrine, Freddie Mac is not liable for its servicer's unauthorized actions.[10]

### B. Plaintiffs' Alleged Need for Unspecified Discovery is Insufficient to Defeat Freddie Mac's Rule 12(b)(6) Motion.

In a transparent attempt to avoid the application of the *Merrill* Doctrine, Plaintiffs claim that Freddie Mac's Motion should be denied as premature because discovery is needed to resolve purported factual issues and determine whether imagined-but-nonexistent "exceptions" to the *Merrill* Doctrine apply.  Opp. 12-13.  This argument fails for several reasons.

As a preliminary matter, it is well-settled that a plaintiff may not "rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery."  *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) (citations omitted).  Vague references to unspecified discovery are insufficient to defeat a Rule 12(b)(6) motion to dismiss.  *See Gilligan v. Hammond*, 2013 WL 315717, at *4 (W.D. Wash. Jan. 28, 2013).

Furthermore, "[t]he nature of the relationship and Freddie's policing (or lack of policing) of Nationstar's activities," "what Freddie does to ensure" that its servicers "comply with all laws," "whether Freddie ratified the actions by Nationstar," and whether the "affirmative misconduct exception" applies (Opp. 12-13) are irrelevant to the application of the *Merrill* Doctrine and implausible, in the face of the Freddie Mac Guide (ECF 75-1, §§ 1301.2(a), 8101.2, 8102.1(a)) and Plaintiffs' own allegations (Am. Compl. ¶ 2) demonstrating that Freddie Mac did not authorize Nationstar to impose any unlawful fees.  Motion 9-10.  The Freddie Mac Guide is the controlling document with respect to Nationstar's servicing obligations, and these obligations may only be modified by specifically-identified documents

---

[10] Plaintiffs' contention that Freddie Mac's "counsel in this case served as counsel for Fannie Mae in *Kemp* where it made these same arguments and lost" (Opp. 9, n.3) is wrong.  Although Fannie Mae's initial dismissal (on non-*Merrill* grounds) was reversed on appeal in *Kemp*, upon remand, the Maryland circuit court expressly found "that the Merrill Doctrine applies and bars all claims against [Fannie Mae]."  Esler Reply Decl., Ex. A.

REPLY IN FURTHER SUPPORT OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS-6
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

1    amending the Guide.  ECF 75-1, § 1101.2.  Plaintiffs' desire for a fishing expedition on these

2    implausible "issues" is not grounds for denying Freddie Mac's Motion under Rule 12(b)(6).

3    *See Dejeu v. Wash. State Dep't of Lab. & Indus.*, 2013 WL 5437649, at *1 (W.D. Wash. Sept.

4    27, 2013) ("dismissal under 12(b)(6) is . . . proper in the absence of any cognizable, non-

5    speculative basis for liability, and where there is an 'insuperable bar to relief'").

6          If, as Plaintiffs contend, such fact issues warranted denial of a Rule 12(b)(6) motion,

7    dismissal under the *Merrill* Doctrine would *never* be appropriate on a Rule 12(b)(6) motion.

8    Yet courts have routinely granted Rule 12(b)(6) motions to dismiss pursuant to the *Merrill*

9    Doctrine.  *See, e.g.*, *Johnson*, 2013 WL 308957, at *6; *Paslowski*, 129 F. Supp. 2d at 802;

10   *Deerman v. Fed. Home Loan Mortg. Corp*, 955 F. Supp. 1393, 1400 (N.D. Ala. 1997);

11   *Coniglio v. Fed. Nat'l Mortg. Ass'n, Corp.*, 2019 WL 9633294, at *4 (M.D. Fla. Sept. 16,

12   2019); *Cannon*, 917 F. Supp. 2d at 1034.

13         Plaintiffs' reliance on *Denton v. Nationstar Mortgage LLC*, 2020 WL 1917486 (N.D.

14   Okla. Apr. 20, 2020), to suggest that a court must rely on a discovery record to decide *Merrill*

15   Doctrine issues (Opp. 13) is misplaced.  Unlike here, *Denton* was a decision on a summary

16   judgment motion.  *See id.* at *4.  It was in this context that the court found a triable issue of

17   material fact – whether Fannie Mae's servicer acted with actual authority when it declined to

18   apply insurance proceeds to the plaintiff's loan, given that Fannie Mae acknowledged that the

19   servicing guide was silent regarding the use of insurance proceeds and when the guide is silent,

20   the servicer was authorized "to take whatever action is necessary," in its discretion.  *Id.*

21         Here, there is no factual dispute, only the deficiency of Plaintiffs' allegations measured

22   against the governing law.  Freddie Mac is entitled to dismissal because Plaintiffs' Amended

23   Complaint makes no allegations that Freddie Mac actually authorized Nationstar to charge any

24   unlawful fees.  Motion 8-9.  And here, Freddie Mac's Servicing Guide is *not* silent as to

25   whether Nationstar was permitted to impose unlawful fees—it *expressly* provides that

26   Nationstar may only impose lawful fees.  ECF 75-1, §§ 1301.2(a), 8101.2, 8102.1(a).

REPLY IN FURTHER SUPPORT OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS-7
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

1  Plaintiffs' alleged need for discovery on manufactured speculation is irrelevant to Freddie

2  Mac's Rule 12(b)(6) Motion.[11]

3         Plaintiffs' alleged need for discovery relating to its ratification theory (Opp. 12) cannot

4  defeat dismissal under Rule 12(b)(6) for the additional reason that "ratification" is not a

5  recognized exception to the *Merrill* Doctrine.  *See Coniglio*, 2019 WL 9633294, at *4

6  ("Plaintiff offers no legal authority for the novel theory that a federal instrumentality may be

7  held vicariously liable based on a theory of ratification, and the Court can find none.").  As

8  explained in Freddie Mac's Motion, that ends the matter.  Motion 10-12.

9         Plaintiffs' alleged need for unspecified discovery on the "affirmative misconduct

10 exception" (Opp. 13) is similarly meritless, as that exception does not apply here.  The

11 "affirmative misconduct exception" refers to the principle that "the federal government cannot

12 claim the prophylaxis of the *Merrill* doctrine in the face of its own affirmative misconduct."

13 *Faiella*, 928 F.3d at 150 (citation omitted).  "Courts have interpreted the affirmative

14

15 [11] *Thomas v. Green Tree Serv. LLC*, 2019 WL 2224922 (W.D. Wash. May 23, 2019), cited by
   Plaintiffs (Opp. 13) is similarly distinguishable.  In that case, in granting the plaintiff's motion
16 for leave to amend to add a claim against Freddie Mac, the court rejected the defendant-
   servicer's argument that leave to amend would be futile based on the *Merrill* Doctrine and
17 emphasized that the complaint "allege[d] that all the actions taken by Ditech were taken under
   the supervision and direction of Freddie Mac."  *Id*. at *4.  The court, however, cautioned that
18 Freddie Mac would not be precluded from moving for dismissal of the amended complaint.
   *See id*.  Freddie Mac's Rule 12(b)(6) Motion here is subject to a different legal standard than a
19 motion for leave to amend.  Moreover, nowhere in the Amended Complaint here do Plaintiffs
   allege that Freddie Mac directed Nationstar to impose any unlawful fees – an allegation that
20 would not only be unfounded but contrary to the contractual documents that required
   Nationstar to comply with all applicable law.  *See David v. Herc Rentals Inc.*, 2024 WL
21 2133369, at *3 (W.D. Wash. May 10, 2024).  *Akowskey v. Nationstar Mortgage LLC*, 2022 WL
   3718165 (S.D. Fla. Aug. 5, 2022), another case cited by Plaintiffs (Opp. 13-14) is
22 distinguishable as well.  In that case, in denying Fannie Mae's motion to dismiss under the
   *Merrill* Doctrine, the court emphasized that the complaint specifically alleged that Fannie Mae
23 had knowledge of its servicer's alleged wrongdoing and was involved in its servicer's decision
   to engage in the allegedly wrongful conduct, and that the allegedly wrongful conduct was
24 performed at Fannie Mae's direction via the Servicing Guide and "loan-level instructions
   related directly to the [subject loan]." *Id*. at *9.  The Amended Complaint here is devoid of any
25 similar allegations.  Moreover, such allegations would not be entitled to a presumption of truth
   here, as the Servicing Guide required Nationstar to comply with all applicable law.  *See David*,
26 2024 WL 2133369, at *3 (court need not accept allegations as true when contradicted by record
   evidence).

REPLY IN FURTHER SUPPORT OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS-8
NO. 2:24-cv-00444-BJR

1  misconduct exception to "require[] either an affirmative misrepresentation of a material fact by

2  the government or some affirmative concealment of such a fact by the government." *Id.*

3  (citation omitted).  At the very least, "affirmative misconduct 'requires something more than

4  simple negligence' on the part of the federal instrumentality." *Id*. at 150-51 (citation omitted).

5  The party opposing the application of the *Merrill* Doctrine (not Freddie Mac, as Plaintiffs

6  suggest (Opp. n.4)) bears the burden of plausibly pleading—and ultimately proving—

7  affirmative misconduct by the government instrumentality.  *Fisher v. Peters*, 249 F.3d 433, 443

8  (6th Cir. 2001).

9          Plaintiffs fail to plausibly suggest that the exception could be applicable here.  Plaintiffs

10  do not, and cannot, allege any "affirmative misrepresentation of a material fact" *by Freddie*

11  *Mac* or "some active concealment of such a fact" *by Freddie Mac* with respect to Nationstar's

12  imposition of a Payoff Fee to the Palazzo Mortgage Loan.[12]  It is undisputed that Nationstar

13  serviced Palazzo's Mortgage Loan, communicated with Palazzo regarding the Loan and

14  Palazzo's request for a payoff statement, and imposed the fee at issue.  Am. Compl. ¶ 11.

15  Moreover, the very nature of Palazzo's breach of contract claim belies any argument of

16  misrepresentation or concealment by Freddie Mac, as Palazzo does not contend that she did not

17  know that she was being charged a Payoff Fee or that she did not know what the Payoff Fee

18  was for.  Plaintiffs should not be permitted to engage in a fishing expedition, let alone in

19  ostensible support of an argument that is factually and legally deficient on its face.

20  **II.     PLAINTIFFS' NEW BREACH OF CONTRACT THEORY STILL FAILS TO
        PLAUSIBLY ALLEGE A CLAIM FOR BREACH OF CONTRACT.**

21

22          Faced with the incontrovertible truth that their breach of contract claim is premised on

23  the breach of a provision that does not exist – i.e., one that "prohibit[s] the charging of fees not

24  _____

    [12] Plaintiffs allege that "[t]he statutory duty that prohibits charging payoff statement fees for a
    mortgage loan owned by Freddie Mac is a non-delegable duty."  Opp. 13.  Plaintiffs, however,

25  do not cite to any case law holding that this somehow equates to affirmative misconduct by
    Freddie Mac.  To the contrary, it is well-settled that to establish the "affirmative misconduct"

26  exception to the *Merrill* Doctrine, "a 'party must allege more than mere negligence, delay,
    inaction, or failure to follow an internal agency guideline.'"  *Rew Enters.*, 49 F.3d at 169.

REPLY IN FURTHER SUPPORT OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS-9
NO. 2:24-cv-00444-BJR

expressly authorized by State or Federal law" (Am. Compl. ¶ 179) (Motion 12-15) – Plaintiffs now contend that Freddie Mac breached the provision that provides "Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable law," citing 15 U.S.C. § 1692f(1), Md. Com Law § 14-202(11), and 12 C.F.R. § 1026.36(c)(3).  Opp. 14-15.

But Plaintiffs fail to allege a violation of any law *applicable to Freddie Mac* to support their claim for a breach of this provision.  Neither 15 U.S.C. § 1692f(1) nor Md. Com. Law § 14-202(11), which govern "debt collectors," applies to Freddie Mac as the owner of the Palazzo Mortgage Loan.[13]  *See* 15 U.S.C. § 1692f(1) (prohibits "debt collectors" from collecting amounts not "expressly authorized by the agreement creating the debt or permitted by law"); Md. Com. Law § 14-202(11) (prohibits "debt collectors" from engaging in "conduct that violates §§ 804 through 812 of the federal Fair Debt Collection Practices Act").  And Plaintiffs' reliance on 12 C.F.R. § 1026.36(c)(3) is likewise misplaced, as nowhere in the Amended Complaint do Plaintiffs allege a violation of that regulation.  *See* 12 C.F.R. § 1026.36(c)(3) (requires creditors, assignees, and servicers to provide accurate payoff statements "within a reasonable time").  Thus, because Plaintiffs have failed to allege that Freddie Mac did anything "expressly prohibited by this Security Instrument or by Applicable law" – or even cited any law regarding fees applicable to Freddie Mac – Plaintiffs still have not plausibly alleged any breach of the Palazzo Mortgage Loan contract by Freddie Mac.  *See Daughtry v. Stanwich Mortg. Loan Tr. Series 2013-7*, 2015 WL 13611836, at *1 (D. Md. Mar. 31, 2015) ("The facts pleaded in the Amended Complaint, therefore, do not fairly apprise Defendant of what is being claimed and are insufficient to survive a motion to dismiss.").

---

[13] Freddie Mac is not a "debt collector" under the Fair Debt Collection Practices Act.  *See Pacaya v. Freedom Mortg. Corp.*, 2024 WL 1194987, at *2 (D.N.H. Feb. 5, 2024) ("As a 'creditor,' Freddie Mac is 'generally exempt from the definition of 'debt collector' and thereby exempt from FDCPA liability." (citation omitted)); *Stewart v. JP Morgan Chase Bank, N.A.*, 2020 WL 444248, at *3 (N.D. Ill. Jan. 28, 2020) (dismissing claims where plaintiff "cannot plausibly allege[] that Freddie Mac is a debt collector as defined by the FDCPA").

REPLY IN FURTHER SUPPORT OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS-10
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

1    DATED this 14th day of October, 2024.

2                                      */s/ Brian W. Esler*
                                       Brian W. Esler, WSBA No. 22168
3                                      */s/ Jesús Miguel Palomares*
                                       Jesús Miguel Palomares, WSBA No. 51858
4                                      */s/ Lane Conrad*
                                       Lane Conrad, WSBA No. 59287
5                                      605 5th Avenue S, Ste 900
                                       Seattle, WA 98104
6                                      Telephone: (206) 624-8300
                                       Facsimile: (206) 340-9599
7                                      brian.esler@millernash.com
                                       jesus.palomares@millernash.com
8                                      lane.conrad@millernash.com

9                                      GOODWIN PROCTER LLP
                                       Allison J. Schoenthal (admitted *pro hac vice*)
10                                     Robin L. Muir (admitted *pro hac vice*)
                                       The New York Times Building
11                                     620 Eighth Avenue
                                       New York, NY 10018
12                                     (212) 813-8800
                                       ASchoenthal@goodwinlaw.com
13                                     RobinMuir@goodwinlaw.com

14                                     Joseph F. Yenouskas (*pro hac vice* forthcoming)
                                       Collin Grier (*pro hac vice* forthcoming)
15                                     1900 N Street NW
                                       Washington, DC 20036
16                                     (202) 346-4000
                                       JYenouskas@goodwinlaw.com
17                                     CGrier@goodwinlaw.com

18                                     *Attorneys for Defendant*
                                       *Federal Home Loan Mortgage Corporation*
19

20

21

22

23

24

25

26

REPLY IN FURTHER SUPPORT OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS-11
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of Washington, that the foregoing document was presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED this 14th day of October, 2024.

*/s/ Kristin Martinez Clark*
Kristin Martinez Clark

REPLY IN FURTHER SUPPORT OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS-12
NO. 2:24-cv-00444-BJR

**Miller Nash LLP**
605 5th Avenue S | Suite 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599