The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARDO SALOM, CATHERINE PALAZZO as assignee for Ruben Palazzo, and PETER HACKINEN, *on their own behalf and on behalf of other similarly situated persons,*<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>And<br><br>FEDERAL HOME LOAN MORTGAGE ASSOCIATION, *on its own behalf and on behalf of similarly situated persons*,<br><br>Defendants. | Case No. 2:24-cv-00444-BJR<br><br>**JOINT STIPULATED PROTECTIVE ORDER** |

Plaintiffs Ricardo Salom, Christine Palazzo, and Peter Hackinen ("Plaintiffs") and the putative Class Members ("Class Members") [1], and Defendants Nationstar Mortgage, LLC ("Nationstar") and Federal Home Loan Mortgage Corporation ("Freddie Mac"), by and through their undersigned counsel, hereby stipulate and agree to the following Joint Stipulated Protective Order. For purposes of this Joint Stipulated Protective Order, Plaintiffs on their behalf and on behalf of the putative class members, Nationstar, and Freddie Mac are each a "Party" and are collectively referred to as the "Parties."

1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

This Stipulation is not an agreement that any particular document or category of documents is discoverable, but is intended to protect only those documents that are produced and which are entitled to the protections described herein and in accordance with the Federal Rules of Civil Procedure and consistent with the strong presumption of public access to public records. *See e.g. Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016).

2.   "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(a)   With the limitation described *infra*, Parties' nonpublic personal information

---

[1] Putative Class Members shall not be permitted to view documents and information designated by another party as "confidential" unless and until a class is certified and he/she acknowledges his/her consent to the terms of this Stipulation by executing the Exhibit A hereto.

STIPULATED PROTECTIVE ORDER - 2
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

1  including, but not limited to, medical information; tax return information; personal credit, banking
2  and other financial information; unlisted phone numbers, nonpublic personal addresses, social
3  security numbers, and other nonpublic personal identifiers and information including those/that are
4  protected by statute or Art. I, sec. 7 of the Washington Constitution;

5    (b) Except for the identification of the members of the putative Defendant Class
6  if later Ordered by the Court or that are otherwise publicly available, Defendants' records that
7  identify non-parties and their personal and/or financial information. . ;

8    (c) Nonpublic financial information;

9    (d) Proprietary software used in business activities and any underlying code or
10  similar information;

11    (e) Nonpublic business financial information including, but not limited to,
12  profitability reports or estimates, percentage fees, royalty rates, minimum guarantee payments,
13  sales reports, and sales margins;

14    (f) Nonpublic information relating to ownership or control of any non-public
15  company;

16    (g) Nonpublic information containing or concerning business strategy, business
17  plans, proprietary business information, competitively sensitive information, product-development,
18  marketing, or trade secrets;

19    (h) Nonpublic commercial information pursuant to Fed. R. Civ. P. 26(c)(1)(G),
20  including any defendants' respective policies, procedures, practices, and protocols and nonpublic
21  contracts and communications provided that information is not already publicly disclosed; and

22    (i) Any other category of information this Court subsequently affords
23  Confidential status with reasonable notice and opportunity for the Parties to be heard on the issue.

24   Notwithstanding the foregoing, "Confidential" material does not include any information
25  that: (i) is publicly available at the time of disclosure; (ii) becomes publicly available after
26  disclosure through no fault of the receiving parties; (iii) was known to the receiving party prior to
27  disclosure; (iv) contains is "personal information" as that term is defined by MD. ANN. CODE, COM.
28  LAW § 14-3501(e)(1) which can be appropriately redacted before filing with the Court as required

STIPULATED PROTECTIVE ORDER - 3
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

1  by Fed. R. Civ. P. 5.2 and LCR 5.2; or (v) the Receiving Party lawfully receives at a later date from
2  a third party without restriction as to disclosure.

3  3.  SCOPE

4  The protections conferred by this agreement cover not only confidential material (as defined
5  above), but also (1) any information copied or extracted from confidential material; (2) all copies,
6  excerpts, summaries, or compilations of confidential material; and (3) any testimony,
7  conversations, or presentations by parties or their counsel that might reveal confidential material.

8  However, the protections conferred by this agreement do not cover information that is in
9  the public domain or becomes part of the public domain through trial or otherwise.

10 4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

11 4.1  Basic Principles. A receiving party may use confidential material as defined by this
12 Order that is disclosed or produced by another party or by a non-party in connection with this case
13 only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be
14 disclosed only to the categories of persons and under the conditions described in this agreement.
15 Confidential material must be stored and maintained by a receiving party at a location and in a
16 secure manner that ensures that access is limited to the persons authorized under this agreement.

17 The parties shall not disclose information or documents designated as confidential to
18 putative class members not named as plaintiffs in putative class litigation unless and until one or
19 more classes has/have been certified.

20 Any non-party or putative class member who produces documents or information pursuant
21 to a subpoena or otherwise may choose to designate those documents or that information as
22 "confidential" pursuant to this Order such that the terms of this Order shall govern its use and
23 dissemination.

24 4.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered
25 by the court or permitted in writing by the designating party, a receiving party may disclose any
26 confidential material only to:

27 (a)  the receiving party's counsel of record in this action, as well as employees
28 of counsel to whom it is reasonably necessary to disclose the information for this litigation;

STIPULATED PROTECTIVE ORDER - 4
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

(b) the officers, directors, employees (including in-house counsel, secondees, and contract employees), and retained e-discovery vendors of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorneys' eyes only. "Attorneys' eyes only" prohibits the disclosure of documents so designated from being disclosed to anyone other than the attorneys litigating the matter and their designated experts who sign the confidentiality agreement, but prohibiting all others, including disclosure to their clients. Documents qualify for this designation should be limited to actual trade secrets which deserve the highest level of protection. Notwithstanding any of the foregoing, Freddie Mac may disclose confidential material to state or federal government, and agencies including the Federal Housing Finance Agency, and agents, servants, and employees thereof;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). A copy of each such signed Acknowledgement shall be provided to counsel for the parties within 10 days of execution;

(d) the court, court personnel, court reporters, any mediators or arbitrators, and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. A copy of such signed Acknowledgment shall be provided to counsel for the parties within 10 days of execution. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

STIPULATED PROTECTIVE ORDER - 5
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

1          (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

3          (h)    Insurance carriers and their claims representatives, for the purpose of analyzing and valuing claims or potential claims.

        4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

        As set forth in Section 6.3 herein, where there is a challenge to the designation of Confidential Material, all parties shall continue to maintain the material in question as designated until the Court rules on the challenge. The non-designating party should, unless impracticable under any briefing schedule imposed by the Court or Local Rules, provide notice at least five (5) days prior to the date on which the party intends to file the challenged material, and to permit the designating party sufficient time to file its responses, pursuant to Local Rule 5(g)(3)(B), to any Motion to Seal or to seek other appropriate relief (if necessary or required).

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

        5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The

STIPULATED PROTECTIVE ORDER - 6
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

1  designating party must designate for protection only those parts of material, documents, items, or
2  oral or written communications that qualify, so that other portions of the material, documents,
3  items, or communications for which protection is not warranted are not swept unjustifiably within
4  the ambit of this agreement.

5  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown
6  to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily
7  encumber or delay the case development process or to impose unnecessary expenses and burdens
8  on other parties) may expose the designating party to sanctions.

9  If it comes to a designating party's attention that information or items that it designated for
10 protection do not qualify for protection, the designating party must promptly notify all other parties
11 that it is withdrawing the mistaken designation.

12     5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this
13 agreement (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or
14 ordered, disclosure or discovery material that qualifies for protection under this agreement must be
15 clearly so designated before or when the material is disclosed or produced.

16     (a)    <u>Information in documentary form</u>: (e.g., paper or electronic documents and
17 deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),
18 the designating party must affix the word "CONFIDENTIAL" to each page that contains
19 confidential material. If only a portion or portions of the material on a page qualifies for protection,
20 the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate
21 markings in the margins or simply redacting the personal information contained on the material).

22     (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties
23 and any participating non-parties must identify on the record, during the deposition or other pretrial
24 proceeding, all protected testimony, without prejudice to their right to so designate other testimony
25 after reviewing the transcript. Any party or non-party may, within twenty-one (21) days after
26 receiving the transcript of the deposition or other pretrial proceeding, designate portions of the
27 transcript, or exhibits thereto, as confidential. Mass, indiscriminate, or routinized designations of
28 entire transcripts are not appropriate and the parties shall take care to only designate those portions

STIPULATED PROTECTIVE ORDER - 7
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

of deposition testimony that actually concerns confidential information as defined herein. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

    (c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

  5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

  5.4 Regardless of whether material is designated 'CONFIDENTIAL,' it shall be treated as confidential if it contains proprietary business information and/or personal identifying information, (including, but not limited to material identified in Fed. 5.2(a), home addresses and personal phone numbers).

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list

STIPULATED PROTECTIVE ORDER - 8
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) or the use of mass, indiscriminate, or routinized designations or over designations may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena, a court order issued in other litigation, or other similar demand from a government or regulatory authority that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

      (a)    at least five (5) days prior to disclosure, notify the other parties in writing and include a copy of the subpoena or court order or demand;

      (b)    within five (5) days of service, notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

      (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

Notwithstanding the foregoing, these limitations do not include Freedom of Information Act Requests, or their state equivalent (such as the Maryland Public Information Act or the Washington Public Records Act) served on a government agency for public and disclosable information the government agency has in its possession and control related to any Parties or their affiliates.

STIPULATED PROTECTIVE ORDER - 9
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

7. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

9. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

STIPULATED PROTECTIVE ORDER - 10
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  Dated: November 22, 2024

3  SEATTLE CONSUMER JUSTICE, P.S.         TROUTMAN PEPPER
                                          HAMILTON SANDERS LLP

By: */s/ Christina L. Henry*                By: */s/ Thomas N. Abbott*
    Christina L. Henry (WSBA No. 31273)         Thomas N. Abbott (WSBA No. 53024)
    10728 16th Avenue SW                         100 SW Main Street, Suite 1000
    Seattle, Washington 98146                    Portland, Oregon 97204
    Telephone: 206.330.0595                      Telephone: 503.290.2322
    Email: chenry@hdm-legal.com                  Email: thomas.abbott@troutman.com

    ATTORNEY FOR PLAINTIFFS                      Justin D. Balser (WSBA No. 56577)
    RICHARDO SALOM, CATHERINE                    5 Park Plaza, Suite 1400
    PALAZZO AS ASSIGNEE FOR                      Irvine, California 92614
    RUBEN PALAZZO, AND PETER                     Telephone: 949.622.2700
    HACKINEN, ON THEIR OWN                       Facsimile: 949.622.2739
    BEHALF AND ON BEHALF OF                      Email: justin.balser@troutman.com
    OTHER SIMILARLY SITUATED
    PERSONS                                      John C. Lynch (*admitted pro hac vice*)
                                                                  Jason E. Manning (*admitted pro hac vice*)
                                                                  222 Central Park Avenue, Suite 2000
                                                                  Virginia Beach, Virginia 23462
                                                                  Telephone: 757.687.7500
                                                                  Email: john.lynch@troutman.com
                                                                  Email: jason.manning@troutman.com

                                                                  ATTORNEYS FOR DEFENDANT
                                                                  NATIONSTAR MORTGAGE LLC

CONSUMER LAW CENTER, LLC                  CORR CRONIN LLP

By: */s/ Phillip R. Robinson*               By: */s/ Emily J. Harris*
    Phillip R. Robinson (*admitted pro hac vice*)   Emily J. Harris (WSBA No. 35763)
    1220 Blair Mill Road, Suite 1105             1001 Fourth Avenue, Suite 3900
    Silver Spring, Maryland 20910                Seattle, Washington 98154
    Telephone: 301.448.1304                      Email: eharris@corrcronin.com
    Email: phillip@marylandconsumer.com
                                                                  ATTORNEY FOR DEFENDANT
    ATTORNEY FOR PLAINTIFFS                      NATIONSTAR MORTGAGE LLC
    RICHARDO SALOM, CATHERINE
    PALAZZO AS ASSIGNEE FOR
    RUBEN PALAZZO, AND PETER
    HACKINEN, ON THEIR OWN
    BEHALF AND ON BEHALF OF
    OTHER SIMILARLY SITUATED
    PERSONS

STIPULATED PROTECTIVE ORDER - 11
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

| | |
|---|---|
| MILLER NASH LLP (SEA) | GOODWIN PROCTER LLP (NY) |
| By: */s/ Brian William Esler*<br>　　Brian William Esler (WSBA No. 22168)<br>　　Jesús Miguel Palomares (WSBA No. 51858)<br>　　Lane Conrad (WSBA No. 59287)<br>　　605 Fifth Avenue S, Suite 900<br>　　Seattle, Washington 98104<br>　　(206) 624-8300<br>　　Fax: (206) 340-9599<br>　　Email: brian.esler@millernash.com<br>　　Email: jesus.palomares@millernash.com<br>　　Email: lane.conrad@millernash.com<br><br>ATTORNEY FOR DEFENDANT<br>FEDERAL HOME LOAN<br>MORTGAGE CORPORATION | By: */s/ Allison Schoenthal*<br>　　Allison Schoenthal (*admitted pro hac vice*)<br>　　Robin Muir (*admitted pro hac vice*)<br>　　620 Eighth Avenue<br>　　New York, New York 10018<br>　　212-813-8800<br>　　Fax: 212-355-3333<br>　　Email: aschoenthal@goodwinlaw.com<br>　　Email: robinmuir@goodwinlaw.com<br><br>ATTORNEY FOR DEFENDANT<br>FEDERAL HOME LOAN<br>MORTGAGE CORPORATION |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Dated: November 25, 2024

*[signature: Barbara J. Rothstein]*

Honorable Barbara J. Rothstein
United States District Court Judge

STIPULATED PROTECTIVE ORDER - 12
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[full name]**, of _____ **[full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ **[date]** in the case of *Richardo Salom et al. v. Nationstar Mortgage LLC et al.*, United States District Court for the Western District of Washington Case No. 2:24-cv-00444-BJR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 13
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405