The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICARDO SALOM, *et al.*, *on their own behalf and on behalf of other similarly situated persons*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, *et al.*,<br><br>Defendants. | NO. 24-cv-444-BJR<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I.   INTRODUCTION

Plaintiffs have filed a putative class action accusing Defendants, Nationstar Mortgage LLC and Federal Home Loan Mortgage Association ("Freddie Mac"), of illegally charging fees whenever homeowners request payoff statements for their loans. In addition to their claims asserted under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, Plaintiffs also assert claims under Washington and Maryland state law, alleging violations of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code, Com. L. § 14-202, *et seq.*, the Washington State Consumer Agency Act ("WCPA"), R.C.W. §§ 19.86, *et seq.*, and the Washington State Collection Agency Act ("WCAA"), R.C.W. § 19.16.250 *et seq.* Currently pending before the Court

ORDER GRANTING MOTION TO DISMISS

- 1

is Freddie Mac's motion to dismiss, ECF No. 74. Having reviewed the materials[1] and the relevant legal authorities, the Court will grant Freddie Mac's motion. The reasoning for the Court's decision follows.

## II.  BACKGROUND

Plaintiffs, Ricardo Salom, Catherine Palazzo as assignee for Ruben Palazzo, and Peter Hackinen, on their own and on behalf of similar borrowers, bring this action against Nationstar (also known under the trade name Champion Mortgage), which acts as a collector on behalf of the owners of thousands of mortgage loans throughout the country, including mortgage loans owned by Freddie Mac. Am. Compl. ¶ 1, ECF No. 24. Freddie Mac and its sister corporation, Fannie Mae (Federal National Mortgage Association), are government-sponsored enterprises chartered by Congress to facilitate the nationwide secondary residential mortgage market. *See* 12 U.S.C. § 1451, 1716. Both entities buy mortgages from lenders rather than lending directly to borrowers, they bundle the mortgage loans into securities and sell those securities to investors, which helps ensure a steady supply of funds for home loans, promoting affordable housing and maintaining liquidity in the mortgage market. *See* https://www.freddiemac.com/about/business (last visited Dec. 2, 2024); https://www.fhfa.gov/about-fannie-mae-freddie-mac (last visited Dec. 2, 2024). Plaintiffs allege that Freddie Mac became the owner of the Palazzo mortgage loan, and Nationstar, acting as Freddie Mac's servicer, charged a fee for a payoff statement that is not authorized by law. Am. Compl. ¶¶ 2-5.

Plaintiffs propose that Freddie Mac be appointed as the Named Defendant on behalf of a Defendant Class that includes the owners of mortgage loans where Nationstar had no ownership

---

[1] Including the motion, ECF No. 74; Plaintiffs' response in opposition, ECF No. 76; and Freddie Mac's reply, ECF No. 78; together with attached exhibits.

ORDER GRANTING MOTION TO DISMISS
- 2

interest but acted as the mortgage servicer and collected payments from the borrower. *Id.* ¶ 143. Plaintiffs claim that the $25 fees charged by Nationstar for written payoff quotes are illegal pay-to-pay "junk fees." *Id.* ¶¶ 5-9. Specifically, Plaintiffs assert four causes of action: (1) Unjust Enrichment against Nationstar; (2) Breach of Contract against Freddie Mac and the Defendant Class, brought as an alternative claim to the unjust enrichment claim against Nationstar; (3) Violations of the FDCPA brought by Plaintiff Hackinen against Nationstar; and (4) Violations of State Debt Collection and Mortgage Servicing Laws against Nationstar. *Id.* ¶¶ 160-220.

The breach of contract claim against Freddie Mac was asserted on behalf of Ms. Palazzo based on the Palazzo mortgage loan being sold to Freddie Mac, which remains the current owner. Mot. 2 n.1; Opp'n 1; Am. Compl. ¶¶ 2, 93-94. Nationstar acted as a servicer of the loan. Am. Compl. ¶¶ 1, 11, 61, 142. Plaintiffs assert that Freddie Mac had the "means and ability to audit and supervise Nationstar's conduct" to ensure that the fees collected were allowable, and Freddie Mac ratified Nationstar's illegal fees "by turning a blind eye" to the payoff fees. *Id.* ¶ 180; *see also* ¶¶ 181-83 (describing Freddie Mac's inaction and ratification of Nationstar's fee collection). By its motion, Freddie Mac seeks dismissal with prejudice of the breach of contract claim asserted against it.

### III.   LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is properly granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831

1  F.3d 1159, 1162 (9th Cir. 2016). When considering a motion to dismiss under Rule 12(b)(6), courts

2  must accept the factual allegations in the complaint as true and construe such allegations in the

3  light most favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87

4  (9th Cir. 2018).

## IV.   DISCUSSION

Freddie Mac disputes that Nationstar charged an illegal fee but argues that even if Nationstar did charge an illegal fee, Freddie Mac did not authorize Nationstar to do so and, indeed, expressly requires servicers to comply with all applicable laws and charge only lawful fees. Mot. 1-2. Freddie Mac contends that, because it is a government entity, it is protected by the *Merrill*[2] doctrine, and cannot be held vicariously liable for its servicer's unauthorized acts. *Id.* Additionally, Freddie Mac argues that Plaintiffs fail to plausibly allege a breach of any contractual provision. *Id.* at 2.

Plaintiffs assert that Freddie Mac has raised the *Merrill* doctrine defense prematurely since the cause of action was pleaded only "in the alternative," and Plaintiffs suggest that the Court simply stay the claim against Freddie Mac until there is a determination that the unjust enrichment claim against Nationstar (Count I) cannot proceed. Opp'n 1-2 (citing Am. Compl. ¶¶ 136(o), 142, 146, 150, 175-188). Certainly, the Court has the power and discretion to stay the claim, but the party seeking a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Plaintiffs have not done so, and staying a claim because it was raised in the alternative is not consistent with either the language of Rule 8 or "the general purpose of the Federal Rules," which is "to minimize technical

---

[2] Referring to *Federal Crop Insurance Co. v. Merrill*, 332 U.S. 380 (1947), in which the Supreme Court held that a federal instrumentality can only be vicariously liable for the acts of its agents if those acts were actually authorized by the instrumentality.

ORDER GRANTING MOTION TO DISMISS

- 4

obstacles to a determination of the controversy on its merits." *United States ex rel. Atkins v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963). The Court finds no compelling reason to wait to resolve the pending motion.

Plaintiffs also argue that the *Merrill* doctrine is not applicable to this case. Opp'n 2. In contending that the *Merrill* doctrine does not preclude Freddie Mac's liability, Plaintiffs argue that the *Merrill* doctrine is limited—limited to equitable estoppel claims; limited due to the Palazzo's not voluntarily choosing to enter into the contract with Freddie Mac; and limited because the public treasury is not at risk. And Plaintiffs assert that Freddie Mac ratified Nationstar's illegal fees. The Court shall address these arguments in turn.

**A. The *Merrill* doctrine is not limited to estoppel claims**

Under the *Merrill* doctrine, a government agency is not bound by, or liable for, the unauthorized or illegal conduct of its agents. *Faiella v. Fed. Nat'l Mortg. Ass'n*, 928 F.3d 141, 143 (1st Cir. 2019) (citing *Merrill*, 332 U.S. at 384); *see also Johnson v. Fed. Home Loan Mortg. Corp.*, No. C12–1712TSZ, 2013 WL 308957, at *5–7 (W.D. Wash. Jan.25, 2013) (holding that Freddie Mac was not liable for alleged breaches of contract and fiduciary duty by mortgage servicers). "Federal courts consistently have recognized that Freddie Mac was created by Congress with an intent to further an important governmental objective and thus qualifies as governmental for *Merrill* purposes." *Paslowski v. Standard Mortg. Corp.*, 129 F. Supp. 2d 793, 800 (W.D. Pa. 2000) (citing cases); *see also Johnson*, 2013 WL 308957, at *5 (concluding that Freddie Mac is a federal agency for purposes of the *Merrill* doctrine).

Multiple courts have rejected the argument that the *Merrill* doctrine is limited to estoppel claims. *See, e.g.*, *Faiella*, 928 F.3d at 149-50 (collecting cases applying the *Merrill* doctrine to bar both contract and tort-based claims); *Nelson v Nationstar Mortg., LLC*, 504 F. Supp. 3d 1307, 1326

ORDER GRANTING MOTION TO DISMISS
- 5

(S.D. Ala. 2020) ("[C]ertainly, the Eleventh Circuit neither held nor intimated in those decisions that the *Merrill* doctrine is confined to the estoppel context."); *Gray v. Seterus, Inc.*, 233 F. Supp. 3d 865, 869 (D. Or. 2017) ("This finding that Fannie Mae is a federal instrumentality for the purposes of the *Merrill* doctrine has been echoed in other cases, which have found that the *Merrill* doctrine applies in both contract and statutory tort based claims."); *Cannon v. Wells Fargo Bank N.A.*, 917 F. Supp. 2d 1025, 1034 (N.D. Cal. 2013) ("Notably, the *Merrill* doctrine has been applied to both contract and tort-based claims."); *Paslowski*, 129 F. Supp. 2d at 804–05 (applying *Merrill* doctrine to claims for breach of contract and violation of state consumer protection law).

### B. The *Merrill* doctrine applies to an involuntary contract

Plaintiffs try to distinguish this case from *Merrill* by arguing that the Palazzos "did not voluntarily choose, like the farmer in *Merrill* chose to do, to enter into any mortgage contract they have with Freddie [Mac] but instead entered into contracts with non-government entities which were later assigned" to Freddie Mac. Opp'n 2. However, courts have not made this distinction when applying the *Merrill* doctrine in similar cases involving mortgage loans purchased by Freddie Mac or its sister agency, Fannie Mae. *See e.g.*, *Faiella*, 928 F.3d at 150 (applying the *Merrill* doctrine to bar holding Fannie Mae vicariously liable for its loan servicer's conduct); *Johnson*, 2013 WL 308957, at *6 (holding that Freddie Mac was not liable for alleged breaches of contract and fiduciary duty by mortgage servicers); *Paslowski*, 129 F. Supp. 2d at 803 (applying the *Merrill* doctrine to preclude plaintiffs from pursuing a breach of contract action against Freddie Mac based on a theory of vicarious liability for the actions of its servicers). Plaintiffs cited no cases to support their distinction.

ORDER GRANTING MOTION TO DISMISS

- 6

**C. The *Merrill* doctrine is not limited to protection of the public fisc**

Plaintiffs also seek to distinguish this case from *Merrill* on the basis that "there is no risk to the 'public treasury' by Plaintiffs' claims . . . because Nationstar has indemnified" Freddie Mac. Opp'n 4. Of course, "the *Merrill* doctrine is designed, *in part*, to ensure appropriate protection of the public fisc." *Faiella*, 928 F.3d at 147 (emphasis added). However, "the *Merrill* doctrine implicates policy considerations beyond protection of the public treasury." *Paslowski*, 129 F. Supp. 2d at 803; *see also Faiella*, 928 F.3d at 147 (explaining that it stated "'in part' because the doctrine also rests solidly 'upon considerations of sovereign immunity and constitutional grounds.'"). "[T]he *Merrill* doctrine involves the distinct concept of whether a federal instrumentality should be bound by the unauthorized acts of its agents and is based on broader considerations involving separation of powers and public policy." *Paslowski*, 129 F. Supp. 2d at 801. The test is whether Freddie Mac is engaged in a governmental objective, and it clearly is. *Id.*

**D. The *Merrill* doctrine requires a showing of actual authority**

Finally, Plaintiffs argue that Freddie Mac is vicariously liable because it ratified Nationstar's conduct by having the "means and ability" to supervise. Opp'n 9. Plaintiffs assert that Freddie Mac was notified about Nationstar's conduct and did not respond, which exemplifies its ratification of the conduct at issue. *Id.* Plaintiffs also argue that Freddie Mac ratified Nationstar's actions by allowing the charges to appear in the payoff statements sent to borrowers. *Id.* at 12.

The court in *Faiella* made clear that "[t]he *Merrill* doctrine requires a showing of *actual* authority as a basis for holding a federal instrumentality vicariously liable for the acts of its agents," adding "even if a private principal could be held liable in the same or similar circumstances under a theory of *apparent* authority." 928 F.3d at 143 (emphasis added) (citing *Merrill*, 332 U.S. at 384). Plaintiffs fail to allege any affirmative act committed by Freddie Mac nor that Freddie Mac provided

ORDER GRANTING MOTION TO DISMISS
- 7

any express authorization for the charged fee. Plaintiffs allege that Freddie Mac did not take any actions to prevent the fees being charged by Nationstar, but Plaintiffs fail to provide any authority to support a theory that Freddie Mac can be held vicariously liable under a theory of ratification by inaction. Even if the fees charged by Nationstar are illegal, the *Merrill* doctrine precludes Freddie Mac from being held vicariously liable for conduct it did not authorize. *See Paslowski*, 129 F. Supp. 2d at 803 (finding that the alleged actions occurred outside the scope of their express authority). As such, Plaintiffs' claim against Freddie Mac is barred by the *Merrill* doctrine.

Accordingly, the Court dismisses Plaintiffs' claims against Freddie Mac based on the *Merrill* doctrine. At this juncture, the dismissal shall be without prejudice. Plaintiffs have requested leave to amend, which is granted, but only if they can, in good faith, allege facts that plausibly establish that Freddie Mac authorized Nationstar's conduct.

## V.   CONCLUSION

For the foregoing reasons,

1. Defendant Federal Home Loan Mortgage Corporation's Motion to Dismiss Plaintiffs' Amended Complaint, ECF No. 74, is GRANTED;

2. Plaintiffs' claim for breach of contract asserted against Federal Home Loan Mortgage Corporation is DISMISSED WITHOUT PREJUDICE;

3. Plaintiffs have leave to amend, as authorized herein, to be filed within 15 days if they choose to do so; and

4. The parties are ordered to confer and file an Amended Joint Status Report within 15 days.

DATED this 5th day of December 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING MOTION TO DISMISS

- 8