The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

RICARDO SALOM, CATHERINE
PALAZZO as assignee for Ruben Palazzo,
and PETER HACKINEN, *on their own
behalf and on behalf of other similarly
situated persons,*

     Plaintiffs,

          vs.

NATIONSTAR MORTGAGE LLC

     Defendant.

Case No: 2:24-cv-00444-BJR

**AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN**

      Pursuant to LCR 26(f), Fed. R. Civ. P. 16 and 26(f), and the Court's Orders on Initial

Discovery (Dkt 17), and in the Order Granting Freddie Mac's Motion to Dismiss (Dkt. 85),

Plaintiffs and Defendant Nationstar Mortgage LLC ("Nationstar"), though counsel, (collectively

the "Parties") submit the following Joint Status Report and Discovery Plan.

     **1.**     **A Statement of the Nature and Complexity of the Case.**

          **a.**     **Procedural History**

      Plaintiffs initiated this action in state court with putative class claims against Nationstar

related to fees imposed and collected by it from the Plaintiffs and others like them for a payoff

statement of their residential, mortgage loans.  Nationstar removed this action to this Court and

filed an initial motion to dismiss the Plaintiffs' original complaint.  As is their matter of right,

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Plaintiffs filed an Amended Complaint—Class Action (Dkt. 24) altering their original claims and also adding alternative claims against Freddie Mac and a Defendant's Class (who are Nationstar's clients for whom it collects on the loans Nationstar's clients own). Nationstar then filed an Answer to the Amended Complaint (Dkt. 35) and then a Motion for Judgment on the Pleadings, (Dkt. 37). Freddie Mac also filed a Motion to Dismiss (Dk No. 74). Plaintiffs filed a Motion for Relief Under Fed. R. Civ. P. 23(d) and a preliminary Motion for Class Certification (Dkt. 46).

The Court filed an order on October 14, 2024 denying Nationstar's Motion for Judgment on the Pleadings, denying Plaintiff's Motion for Relief Under Fed. R. Civ. P. 23(d) without prejudice, and left the Plaintiff's Motion for Class Certification pending supplementation. (Dkt. 77). Then, after stalled negotiation, Plaintiff's brought a Motion for a Protective Oder (Dkt No. 80), which was ultimately withdrawn, and a Stipulated Protective Order was filed and approved by the Court. (Dkt. 84).

Lastly, on December 5, 2024, the Court granted Freddie Mac's Motion to Dismiss without prejudice, dismissing both Freddie Mac and the Defendants' Class. (Dkt. 85).

### b.    Plaintiffs' Claims

Plaintiffs' claims concern whether Nationstar (or its clients) may impose and collect claim fees (typically in the sum $25.00 or more) related to their requests for accurate written payoff statements their residential, mortgage loans issued pursuant to 15 U.S.C.A. § 1639g and 12 C.F.R. § 1026.36(c)(3) under the Truth in Lending Act (TILA) when their loan agreements and the standard loan agreements of the putative class members do not expressly authorize the fees. In addition, Federal and State laws governing the Parties' relationships, also do not expressly authorize fees for the Payoff statements. For example, the Fair Debt Collections

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Practices Act ("FDCPA"), 15 U.S.C. § 1692f(1), expressly bars Nationstar's conduct at issue and the state laws of multiple states including Maryland and Washington incorporate the same fee bar by their own statutes. In addition, additional Federal law also bars Nationstar as a servicer for others from imposing and collecting fees for statements issued pursuant to the TILA which includes statements issued by 15 U.S.C.A. § 1639g and 12 C.F.R. § 1026.36(c)(3). 12 U.S.C.A. § 2610.

Plaintiffs seek damages and/or disgorgement on their behalf and others similarly situated for the fees collected by Nationstar or in the alternative for the sums collected in excess of Nationstar's actual, reasonable costs. In addition, also seek statutory damages, injunctive relief, attorneys' fees and costs, and pre- and post-judgment interest.

Nationstar denies liability and denies damages as to all of Plaintiffs' causes of action. Nationstar asserts that it was entitled to charge a fee for expedited payoff quotes and its authority to do so is found in the loan agreements, federal regulations, and HUD guidelines. Nationstar denies the issues in this case have been previously determined. Nationstar does not believe any individual cause of action is complex, but if a class were certified it would add a level of complexity to the case. Nationstar further asserts that none of the Plaintiffs provided pre-suit notice and opportunity to cure prior to commencing this action either directly to Nationstar or indirectly through notice to the investor.

## 2.    A Proposed Deadline For the Joining of Additional Parties.

Plaintiffs believe the deadline for joining additional Parties should be 60 days following the filing of this Joint Status Report in light of Nationstar's continued omission of its frank and honest disclosures to the Plaintiffs and the Court. *See* ¶ 5(c) *infra*. This extended deadline is also fair and reasonable since Nationstar has purposely avoided agreeing to have is sole witness

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

appear to any deposition until six months after Plaintiffs first notices its and more than 15 days after this report is filed with the Court.  This extended deadline is also reasonable since Nationstar has also indicated it will not agree to have its non-disclosed *Bloom* witnesses until some date it alone determines but coincidentally also more than 15 days after the filing of this report with the Court.  *See also*  ¶ 5(e) *infra.*

Nationstar believes the deadline for joining additional parties should be 15 days following the filing of this Joint Status Report.

**3.      Assignment of the Case to a United States Magistrate Judge (28 U.S.C. § 636(c) an LCR MJR 13)**

There is not unanimous consent of the Parties to the appointment of a Magistrate Judge for all proceedings at this time.

**4.      A Discovery Plan That States, By Paragraph Letters, the Parties' Views and Proposals on All Items in Fed. R. Civ. P. 26(F)(3):**

**a.      Initial disclosures.**

The Parties exchanged initial disclosures as required by the Court's Order to Set Case Schedule.  (Dkt 17).  The Plaintiffs have also amended and supplemented their initial disclosures and provided those amendments to Nationstar (though its corporate counsel) on July 2, 2024 and July 20, 2024.  Plaintiffs will continue to supplement their disclosures with additional responsive information as this matter proceeds as necessary and appropriate.

**b.      Subjects, timing, and potential phasing of discovery.**

The Parties agree that discovery should be conducted within the parameters provided by the Federal Rules of Civil Procedure.

Plaintiffs contend that there is no need to phase discovery, and the legal issues can be resolved at the same time as Plaintiffs' early motion for class certification of a Plaintiffs' Class.

4

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

1  Plaintiffs also contend Nationstar's phasing request is simply its own effort to overcomplicate a

2  straightforward case and for it to dictate the sequencing and order of discovery which is not

3  permitted by FED. R. CIV. P. 26(d)(3).   If the Defendant Nationstar wishes to move for summary

4  judgment then it will waive the one-way intervention rule since the Court would be entitled and

5  authorized to make finding of law or fact adverse to Nationstar.  FED. R. CIV. P. 56(f)1) & (g).

6  Plaintiffs believe a fee related to a payoff of a mortgage loan is simply another pay-to-pay fee,

7  and Nationstar has a history of imposing and collecting in various forms to which it has

8  knowledge is not permitted (a fact to which its counsel in this case has admitted in other court

9  proceedings).  Further, Plaintiffs note that Court already determined and rejected Nationstar's

10  purported defense based upon an alleged failure to provide pre-suit notice under paragraph 20 of

11  the standard deeds of trusts (ECF. 77) and the defense fails also since: (i) that requirement does

12  not apply to illegal fees not authorized by any loan agreement (a fact that Freddie Mac

13  successfully based its motion to dismiss upon) or to a mortgage servicer—like Nationstar here—

14  who does not own any of the subject loans; (ii) when notice was already given to the loan owners

15  before the filing of the Amended Complaint; (iii) the remaining statutory claims asserted in this

16  action have no such requirement and to impose such a requirement is contrary to their remedial

17  purpose; and (iv) Nationstar has been on notice of these claims for nearly six years in the *Bloom*

18  case and other actions and elected instead to continue its fee churning practices after it was on

19  notice that its practices were being challenged thereby forfeiting and waiving any legitimate

20  defense (if it even applied to this action and Plaintiffs contend it does not).

21      Nationstar contends this case should be divided into two phases: (1) a phase to determine

22  the legality of a fee for expedited payoff quotes and whether Plaintiffs provided pre-suit notice

23  and opportunity to cure prior to commencing this action; and (2) a full merits phase. A

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

determination concerning whether Nationstar could charge a fee for expedited payoff quotes will substantially narrow the case by either eliminating certain claims or substantially narrowing them.  A determination on whether Plaintiffs complied with their obligations under section 20 of their deed of trusts will also substantially narrow the case. Nationstar should be able to move for summary judgment on the question of whether the quotes provided to each plaintiff were requested on an expedited basis, and if so, whether under the circumstance charging a fee is allowed. The merits phase for any remaining issues should commence only after an order is entered on any summary judgment motion relating to the issue of a fee for expedited quotes. Nationstar believes that an early decision on these issues will ultimately help streamline the case in the merits phase. Nationstar disagrees that a fee for expedited services is akin to the so-called "pay-to-pay" fees that were previously litigated in numerous cases and has cited loan contracts and both federal and state regulations in support.

### c.    Electronically stored information.

Without waiving objections as to any particular document or categories of documents, the Parties agree that, in the initial round of document production, documents may be produced in searchable bates-numbered PDF, TIFF, or JPEG format.  After initial production, Plaintiffs may seek some documents in native format with metadata. Nationstar will need to see Plaintiffs' subsequent requests to determine the appropriate response but reserves all objections.

The Parties have agreed upon various issues relating to the production of ESI, which are set forth at Section 5(j), *infra*.

The Parties agree that, if there is a dispute, or if the need to produce other categories of documents arises, they will work cooperatively to minimize the time and expense related to

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

production of e-discovery.  If the Parties are still unable to agree after good-faith efforts to resolve discovery disputes, they may resort to seeking resolution from the Court.

        **d.     Privilege issues.**

The Parties agree that privilege logs will be produced with each party's discovery responses at the time of production or, if a party intends to roll out discovery by agreement, within 10 days after completing production.  The Parties have filed a stipulated protective order based on the Court's model protective order and the Court has entered that stipulation as an order of the Court.

The Parties will work in good faith to resolve any future disputes regarding privilege.  If the Parties are unable to agree after good-faith efforts to resolve discovery disputes, they may resort to seeking assistance from the Court pursuant to the Court's procedures.

        **e.     Proposed limitations on discovery.**

The Parties agree that discovery should be limited as provided in the Federal Rules of Civil Procedure and Local Rules.  The Parties agree that any objections to a discovery request should be specific as to that discovery request.

Plaintiffs contend that boilerplate objections to discovery requests are not proper and may not be used.  Plaintiffs request that Defendants agree to this prohibition.  Nationstar brought a motion to stay discovery pending the Court's ruling on its Motion for Judgment on the Pleadings after Plaintiffs notified Nationstar they sought to move for early class certification and for a case management order. (Dkt. 39).  The Court denied Nationstar's Motion to Stay Discovery with its Order Denying Motion for Judgment on the Pleadings. (Dkt. 77).  Just before the Stay Motion was filed five months ago, Plaintiffs served a subpoena on Fannie Mae and a Notice of Deposition on Courtney Ehinger, a Managing Officer of Defendant Nationstar.  Nationstar

7

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

delayed setting the deposition until the Court's ruling on its Motion to for Judgment on the Pleadingsand only agreed to make her available on January 14, 2025—more than six months after the deposition was noted and never timely objected.. Since that time, Plaintiffs have served written discovery on Nationstar for each of the Plaintiffs and have also served Subpoenas to the Maryland Department of Financial Affairs and the Washington State Department of Financial Affairs.  Plaintiffs have also served deposition notices for two additional Nationstar employee witnesses for whom Nationstar failed to identify in its discovery production or disclosures to the Court and Plaintiffs but who have knowledge of Nationstar's conduct at issue in this case—since they have provided testimony on behalf of Nationstar in New York state on the same issues. *See* ¶ 5(c) *infra.*  Yet, Nationstar's response to these other depositions is to delay providing the witnesses' availability to appear for any deposition until it alone decides to do so and after its own proposed amendment deadline.

Nationstar notes this section should simply be about limitations to discovery, and Plaintiffs' requested "limitations" are unnecessary. Further, Nationstar believes Plaintiffs' requested instructions are inappropriate because they lack context in this discussion, and whether a specific objection is appropriate to a specific discovery response should be determined on a case-by-case basis. Nationstar agrees to meet and confer in good faith concerning objections to discovery.

Nationstar further notes that it has agreed to produce Ms. Courtney Ehinger for deposition on January 14, 2024 in Dallas, TX and has produced 20,022 pages of documents of which only 91 pages (i.e., less than 5/10 of 1%) are designated as confidential.

Otherwise, the Parties do not currently seek additional limitations on discovery but may seek limitations should the need arise.

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

**f.    The need for any discovery-related orders.**

On November 25, 2024, the Court entered a Stipulated Protective Order. (Dkt. # 84.) Additional orders may be necessary based on the scope of discovery and discussions of the Parties concerning such discovery.  The Parties will attempt to amicably resolve differences whenever possible.  If a genuine dispute arises, and the parties are unable to resolve it, the Court may be requested to resolve such disputes.

Plaintiffs do not believe Nationstar's efforts to control the sequencing of this action are reasonable or appropriate under the circumstances of this case.  *See* ¶ 4(b) *supra*.  By bifurcating the action in the manner sought by Nationstar, it seeks to over-complicate the proceedings in a time and manner it alone controls when it knows from its own judicial admissions in other recent actions there is no basis to suggest this action is overly complicated and cannot be easily maintained on a class-wide basis.  *See e.g.* ECF 41-2 at Pages 14-15 of 16 (MF XVII).

Nationstar believes a stay on class-wide discovery pending a ruling on the central legal issues in the case—the legality of charging a fee for expedited services such as the payoff quotes integral to the amended complaint and whether Plaintiffs complied with section 20 of their deed of trusts by providing pre-suit notice and opportunity to cure prior to commencing this action—is warranted and will conserve considerable court and party resources. Nationstar disagrees with Plaintiffs that any statements in unrelated cases such as the so-called "pay-to-pay" fee cases is relevant in this matter.

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

5.    **The Parties' Views, Proposals, and Agreements, By Corresponding Paragraph Letters, on All Items Set Forth in Local Civil Rule 26(F)(1):**

a.    **Prompt case resolution.**

The Parties intend to file dispositive motions on all or part of the claims, allegations, and/or affirmative defenses in an effort to shorten or simplify the case.

After notifying Nationstar on June 14, 2024, Jule 20, 2024, and June 23, 2024 of their intentions and finally having a meet and confer session on July 3, 2024 when Nationstar's and the Plaintiffs' counsel were available, the Plaintiffs sought leave to file their prepared motion for early class certification. *See e.g.* ECF 41, 41-1, 41-2. Plaintiffs previously moved for a Rule 23(d) case management order related to certain issues to ensure any specific communications by Nationstar with the Plaintiffs and putative members of the Plaintiffs' Class. The Court denied that motion with prejudice, but since then, Plaintiffs have learned about a related state law case from New York where a class is certified (*see* ¶ 5(c) *infra)* and Nationstar has affirmatively stated under penalties of perjury by its authorized corporate designee that it "does not intend to refund any [payoff fees] absent a resolution of this dispute." In light of Nationstar's prior omissions and sworn declaration and desire to continue to charge and collect fees to borrowers to receive payoff statements, Plaintiffs position is Nationstar simply wishes to forestall any efforts for prompt case resolution.

Nationstar filed its motion to dismiss the initial complaint on May 9, 2024 after conferring with counsel for Plaintiffs on May 2, 2024.[1] In response, Plaintiffs filed their amended

---

[1] Nationstar conferred with counsel for Plaintiffs in writing and by video conference. In its written conferral, Nationstar provided citations to legal authority forming the basis for the motion

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

complaint on May 30, 2024. After evaluating the amended complaint and conferring with counsel for Plaintiffs on July 3, 2024, on July 12, 2024, Nationstar filed a motion for judgment on the pleadings regarding fundamental threshold issues that do not require discovery for adjudication and a motion to stay discovery pending a ruling on its motion for judgment on the pleadings. On October 7, 2024, the Court ruled on these motions. (Dkt. # 77.)

### b. Alternative dispute resolution.

If the matter is not dismissed on dispositive motions, the parties prefer mediation at the close of discovery pursuant to LCR 39.1.

### c. Related cases.

The Plaintiffs have just become aware of a pending related case as that term is defined and described in LCR 3(g)(h) related to Nationstar's practice of imposing and collecting fees onto the mortgage accounts of borrowers who have requested accurate payoff statements that was commenced against Nationstar in a New York state court on or about October 3, 2018 where it remains pending, a statutory class has been certified, and Nationstar has admitted to the conduct at issue in this case concerning its practice of charging thousands of borrowers with fees in order for them to receive payoff statements—i.e. *Bloom v. Nationstar Mortgage*, Supreme Court of the State of New York for Orange County (Case No. EF010147-2018). Of note, Nationstar voluntarily choose in this action on multiple occasions to not disclose the *Bloom* action to the Court or the Plaintiffs. *Cf.* ECF. 1-2, ECF. 45 at Page 6 of 18 ("Nationstar is unaware of any pending related cases in this or any other court"), ECF. 51.

---

to dismiss it later filed. Despite conferring, Plaintiffs never indicated they intended to file an Amended Complaint, which would have avoided the necessity of filing the Motion to Dismiss.

11

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Nationstar is unaware of any pending related cases in this or any other court. Nationstar believes that the *Bloom* case cited by Plaintiffs is not a related case under LCR 3(g) for a variety of reasons, including but not limited to the fact that *Bloom* was adjudicated <u>*before*</u> this action commenced in 2024, is on appeal, involves a different state, a different statute, a different time period, and has no overlap with the purported classes here. Nationstar also does not believe *Bloom* is subject LCR 3(h) for the same reasons. Accordingly, no coordination between the actions is necessary or appropriate. Nationstar believes that LCR 3 does not require parties to inundate the Court with pleadings from any case ever filed that may have some similarity. Doing so would be contrary to the letter and spirit of LCR 3. However, if the Court believes *Bloom* is subject to disclosure under LCR 3, Nationstar will file the appropriate notice.

### d. Discovery management.

Discovery should be managed as provided for in the Federal Rules of Civil Procedure and Local Rules.

Plaintiffs believe that any discovery disputes, if any, should be presented to the Court using LCR 37(a)'s expedited joint motion procedure.

Nationstar does not agree that all disputes must automatically use the procedure set forth in LCR 37(a) and believes that the methodology to resolve discovery disputes should be determined on a case-by-case basis depending on the issue.

### e. Anticipated discovery sought.

The Parties anticipate discovery depositions of the parties, and non-parties, and discovery pursuant to Civil Rule 33, 34, 36, and 45.

Plaintiffs believe substantial, targeted discovery may also be required of non-parties who Nationstar may engage to provide direct or indirect services related to the services at issue in this

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

action. Plaintiffs need discovery from various non-parties to verify the truthfulness of any affirmation of Nationstar and its designees in light of their prior, material omissions to the Court in this action and prior actions. *See* ¶ 5(c) *supra*. *See also* ECF. 43.

Nationstar does not agree that substantial discovery of non-parties is necessary although some discovery of non-parties is necessary to determine the circumstances of each plaintiff's expedited requests for payoff quotes. Nationstar believes the defendants' class will not satisfy Rule 23 requires because Freddie Mac, or any defendant for that matter, will not be willing to act as representative. Further, the Court granted Freddie Mac's motion to dismiss based on the Merrill doctrine which would apply equally to Fannie Mae. (Dkt. # 85.)

This is a statement of the parties' present intentions but does not represent an agreement as to any particular areas of inquiry.

**Plaintiff currently intends to conduct discovery on the following topics:**

- Nationstar's policies, practice, and procedures related to (i) the imposition and collection of fees related to the issuance of payoff statements; (ii) its quality control processes and reports related to its practice and custom of collecting fees from borrowers in compliance with Federal and State laws and regulations governing its conduct at issue; (iii) the electronic tools and systems of records available to it to identify the putative class members and the subject transactions; (iv) its relationship with the owners/beneficiaries/investors of the Plaintiffs' loans and the loans of putative class members, including Nationstar's indemnification of the owners/beneficiaries for its conduct at issue in this action of imposing and collecting fees not expressly authorized by contract or law from the Plaintiffs or members of the Plaintiffs' Class in their agreements with the owners of their loans

13

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

(which do not include Nationstar); (v) the terms and conditions governing the class member loan documents to ensure compliance by Nationstar; and (vi) any affirmative defenses asserted by Nationstar.

- The identification of the putative class member transactions and sums collected from them by date.

- Nationstar's knowledge it received from Federal and State agencies who regulate and/or license it to conduct its business related to the imposition and collection of fees like those in this action and information Nationstar has received from those regulators which might support pattern or practice allegations.

- Fact discovery about the actual costs incurred by Nationstar in preparing payoff statements to the Plaintiffs and members of Plaintiffs' class as compared to the fees imposed and collected of $25 or more (when the statements are generated by Nationstar's system of record and it is already paid a servicing fee by its clients to perform this servicing function and has no right as a non-party to the mortgage contracts to add fees not expressly authorized by law or contract with the Plaintiffs and members of the Plaintiffs' Class).

- The identification of Nationstar's clients (i.e., the owners/beneficiaries/investors of the Plaintiffs' loans and the loans of putative class members) for whom it has imposed and collected Payoff Fees and what communications Nationstar has made to those clients about the occurrence subject to this action (and when those occurred).

- Fact discovery about the standard terms and conditions of the loan contracts of the members of the Plaintiffs' Class with members of the Defendant Class.

14

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

- The calculation of sums collected by Nationstar from the putative class members related to payoff statements and the calculation of pre-judgment interest for the liquidated sums.

- Nationstar's net worth for the purposes of statutory damages (unless Nationstar stipulates to its net worth exceeding $50,000,000.00.

- Fact discovery related to any affirmative defenses asserted by Nationstar.

- Fact discovery about the knowledge or reckless disregard of f Nationstar's conduct toward the Plaintiffs and putative class members for actions at issue in this case and subject to the occurrence and their ratification of Nationstar's conduct based upon that knowledge.

- Fact discovery for any issues disputed by Nationstar to Plaintiffs' Motion for Class Certification for a Plaintiffs' Class and related subclasses (if any).  Other topics that may arise from the above areas and related to the subject occurrence at issue by Plaintiffs' claims as described in the Amended Complaint and Nationstar's Answer.

**Defendants currently intend to conduct discovery on the following topics:**

The discovery that Defendants intend to conduct includes, but will not necessarily be limited to the following topics:

- Each request for a payoff quote by the Plaintiffs.[2]

---

[2] In its conferral with counsel for Plaintiffs prior to filing the motion to dismiss the complaint, Nationstar raised the fact that its records show the payoff quotes at issue in the complaint were requested on an expedited basis. Plaintiffs raised no objection, only to

| | |
|---|---|
| AMENDED JOINT STATUS REPORT | DEVLIN LAW FIRM LLC |
| AND DISCOVERY PLAN | 1526 Gilpin Avenue |
| 2:22-cv-01440-LK | Wilmington, DE 19806 |
| | Telephone: (302) 449-9010 |

- Each plaintiff's understanding of the terms of their loans.

- Plaintiffs' claimed damages, if any.

- Disclosure related to Plaintiffs' claims and theories as described in the Amended Complaint and their future discovery responses and Nationstar's defenses.

- Nationstar may conduct similar third-party discovery and/or take third-party discovery in response to such discovery taken by Plaintiffs

### f.    Whether Phasing Motions Are Desirable.

Plaintiffs do not currently believe that phasing motions is desirable.  *See* ¶ 4(b) *supra.* Based upon Nationstar's past conduct in this Court and elsewhere, along with its efforts to delay these proceedings, warrant the issuance of a case management order (i) regulating a narrow scope of Nationstar's communications with the Plaintiffs and putative members of the Plaintiffs' Class (ii) and requiring Nationstar to affirm its knowledge and compliance with LCR 3(g)(h).  *See e.g.* ECF 43.  *See also* ¶ 5(c) *supra.*

As set forth in Section 4(b), above, Nationstar believes that this case should be divided into two phases: (1) a phase to determine the legality of charging a fee for expedited payoff quote services as authorized by the mortgage, federal law, and industry standard and whether Plaintiffs complied with section 20 of their deed of trust by providing pre-suit notice and opportunity to cure prior to commencing this action; and (2) a full merits phase that includes the purported class

---

subsequently claim a lack of conferral about Nationstar's motion for judicial notice whatsoever. Regardless of Plaintiffs' disingenuous assertions, these records, on which Plaintiffs' claims depend on, are integral to the Amended Complaint, and in fact, are now referenced therein. *See, e.g.*, Am. Compl. ¶ 122 (admitting the disputed fee was "labeled 'Expedited Delivery Fee'" as a new factual allegation).

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

allegations. Nationstar believes that a short individual-merits discovery phase (60 days written requests and 30 days party depositions) will enable this matter to be ripe for early summary judgment (to be filed 30 days after depositions). The Court has discretion to phase discovery in accordance with Fed. R. Civ. P. 1 to avoid delay and expense, which also conserves scarce judicial resources. *See, e.g.*, *Dennis v. Amerigroup Wash., Inc.*, 2019 U.S. LEXIS 225992, (W.D.Wash. Sept. 19, 2019) (granting motion to bifurcate to tailor discovery to individual-merits discovery until summary judgment); *Fitzgerald v. Pollard*, 2021 U.S. Dist. LEXIS 98959 (S.D.Cal. May 25, 2021), *3-6 (same) (citing cases); *Giglio v. Monsanto Co.*, 2016 U.S. Dist. LEXIS 101983 (S.D.Cal. Aug. 2, 2016), * 2-4 (same) (citing cases). Nationstar believes that during the first phase the court can determine whether Plaintiffs' failure to comply with the notice and cure provision under section 20 of their deeds of trust bars their claims.

### g.    Preservation of Discoverable Information.

The Parties do not foresee issues with the preservation of or production of electronically stored information, subject to any applicable objection or privilege. The parties have taken reasonable steps to preserve electronically stored information.

### h.    Privilege Issues.

*See* Paragraphs 4(d), 4(e). *supra.*

### i.    Model Protocol For Discovery Of ESI.

The Parties disagree regarding the ESI protocol to be used. Plaintiff prefer to use the Model ESI protocol. Nationstar prefers the Parties discuss modifications to the Model ESI protocol tailored to this case.

17

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

        **j.**       **Alternatives To Model Protocol.**

Without waiving objections regarding challenges to production of specific documents, or categories of documents, the Parties agree that:

(i)     Documents other than emails and email attachments may generally be produced as searchable bates-numbered PDF documents, or other similar reasonably accessible electronic format as agreed to by the Parties;

(ii)     Emails may be produced either in PDF or .pst format, with attachments, if any, produced in their native formats.  If a document is produced in PDF format and a party believes it requires an electronic version, it may request such, and the parties agree to meet and confer in good faith;

(iii)    A producing party may produce electronically stored documents, including emails, attachments, and other documents, as TIFF or JPG images.  To the extent technically feasible without undue burden, TIFFs or JPGs must show all text and images that would be visible to the reader using the native software that created the document;

(iv)    A producing party may provide documents with a Concordance-compatible image and data load files (i.e., .OPT and .DAT files) using standard Concordance delimiters.

(v)     If a party intends to use search terms to respond to particular Requests for Production, the producing party may produce such search terms to the requesting party prior to conducting the search.  No Party is required to use search terms to collect documents or to search for documents in response to a Request for Production;

(vi)    To the extent the Parties may agree to disclose records custodians to each other, no producing party is required to search for ESI from more than three records custodians, each of whom may be identified to the requesting party before performing the search; and

18

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

(vii)    Nothing herein prohibits the Parties, or a subset of Parties, from negotiating further agreements concerning production of ESI.

**6.    The date by which discovery can be completed.**

**Plaintiffs** propose the following case schedule:

| Event | On or Before Deadline |
|---|---|
| Exchange Initial Disclosures | 6/10/2024 |
| Deadline to Join Additional Parties (except for members of the Defendant Class as appropriate and necessary at the later stage of the proceedings) | 2/28/2025 |
| Deadline to Add Claims or Defenses | 3/28/2025 |
| Discovery Deadline for Class Certification Fact Issues (if disputed) to be Concluded | 5/16/2025 |
| Class Notice and Opt-Out Period, expert disclosures, relating to merits, fact discovery, all other dispositive motions, pre-trial and trial deadlines | To be set by the Court after ruling on class certification, if needed |
| Discovery Deadline for Merits Issues to be Concluded | 9/5/2025 |
| Any party who intends to rely on expert testimony, other than for rebuttal purposes, shall make expert disclosures under Fed. R. Civ. P. 26(a)(2) along with available dates for expert depositions<br>• For Class Certification issues (if necessary)<br>• For Merits Issues | 6/20, 2025<br>10/3/2025 |
| Dispositive Motion Deadline | 11/7/2025 |
| Trial | To be set by the Court after ruling on class certification, if needed |

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Consistent with its position set forth above that phasing would be beneficial because a primary issue in this case is whether Nationstar may charge a fee for expedited services, **Nationstar** proposes the following case schedule:

| Event | On or Before Deadline |
|---|---|
| **Phase 1** | |
| Exchange Initial Disclosures | 6/10/2024 |
| Deadline to Join Additional Parties | 8/21/2024 |
| Deadline to Add Claims or Defenses | 8/21/2024 |
| Fees for expedited services Discovery Cut-Off | 2/04/2025 |
| Nationstar May File a Dispositive Motion Relating to Whether Charging a Fee for Expedited Services is Allowable and Whether Plaintiffs complied with section 20 of their deed of trusts by providing pre-suit notice and opportunity to cure prior to commencing this action. | 4/4/2025 |
| **Phase 2** | |
| Fact Discovery Cut-Off | 150 days after order on fees for expedited services motion/compliance with section 20 of deed of trusts |
| Any party who intends to rely on expert testimony, other than for rebuttal purposes, shall make expert disclosures under Fed. R. Civ. P. 26(a)(2) | 90 days after order on fees for expedited services motion/compliance with section 20 of deed of trusts |
| Deadline for Rebuttal Expert Reports if any | 135 days after order on fees for expedited services motion/compliance |

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

| Event | On or Before Deadline |
|---|---|
| | with section 20 of deed of trusts |
| Dispositive Motion Deadline | 180 days after order on fees for expedited services motion |
| Class Certification Motion Deadline | 180 days after order on fees for expedited services motion/compliance with section 20 of deed of trusts |
| Trial | 90 days after order on latest of Class Certification Motion or Dispositive Motion(s). |

7.      **Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

Plaintiffs do not anticipate the need to formally request phased motions at this time. *See* ¶ 4(b) *supra*. If a party later concludes that issues in this case require phasing, those matters should be promptly brought to the attention of the Court and parties. The parties do not anticipate any bifurcation of issues at trial currently. If a party later concludes that issues in this case require bifurcation, those matters will be promptly brought to the attention of the court and parties. Nationstar's authorized corporate designees have affirmed, agreed, and testified in other judicial proceeding that Nationstar has the means and ability to proceed electronically all the information necessary for this action to proceed on a class-wide basis (i.e. the names and addresses of the borrowers and the dates and amounts of specific fees imposed and collected by it from those borrowers). *See e.g.* ECF 41-2 at Pages 14-15 of 16 (MF XVII). Nationstar also has legal duties to perform such functions in a matter of less than seven days. 12 C.F.R. §

21

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

1024.38(c)(2)(i); Md. Code Regs. 09.03.06.05(C)(2)(3). *See also Yates v. NewRez LLC*, 686 F. Supp. 3d 397, 405 (D. Md. 2023).

Nationstar believes this case should be bifurcated into two phases: (1) a phase to determine the legality of a fee for expedited payoff quotes and whether Plaintiffs were required, but failed to, provide pre-suit notice of their dispute and an opportunity to cure to Nationstar pursuant to section 20 of their deeds of trust prior to commencing this action; and (2) a full merits phase. The merits phase for any remaining issue should commence only after an order is entered on a motion concerning the legality of a fee for expedited payoff quotes and section 20 compliance.  Accordingly, the discovery in this matter should be tailored to the individual-merits discovery to avoid the waste of resources and delay.  As evident from Plaintiffs' intended class discovery outlined *supra* and their Amended Complaint, Plaintiffs seek production of countless loan files in their entirety, nationally, over six years, with four-purported classes and a separate defendant class.  Defendants believe that an early decision on these issues will streamline the case in the merits phase and enable the Court to assess the propriety of the expedited payoff quote fees first as to the named Plaintiffs.  The Federal Rules of Civil Procedure and courts nationally are designed to avoid disproportionate and avoidable expenses. Fed. R. Civ. P. 1. Further, in the event that Plaintiffs survive summary judgment and choose to seek an injunction at trial, Nationstar proposes the liability and damages phases of any trial be bifurcated. The legal duty to furnish a payoff quote is that the payoff quote be provided in no more than 7 business days after receipt of a written request for such balance from or on behalf of the consumer. 15 U.S.C. § 1639g.

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

8. **Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The parties believe a pretrial statement and pretrial order called for by Local Civil Rule 16(e), (h), (i), and (k) and 16.1 should be utilized in this case.

9. **Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.**

The Parties do not intend to use the Individualized Trial Program set forth in Local Civil Rule 39.2. If the matter is not dismissed on dispositive motions, and ADR becomes necessary, the parties believe that mediation at the close of discovery (or upon a decision of the Court on Class Certification) before an independent mediator mutually agreed to by the Parties will be the most acceptable options set forth in Local Civil Rule 39.1.

10. **Any other suggestions for shortening or simplifying the case.**

The Plaintiffs believe based upon Nationstar's prior admissions and recent sworn testimony and Nationstar's legal duties governing its conduct and issues before the Court, they are entitled to early for class certification and thereafter for summary judgment on their legal claims concerning all fees imposed by Nationstar related to a borrower's request for an accurate payoff statement pursuant to TILA since the uniform contracts and laws governing the loans of the members of the Plaintiffs' Class and the owners of the loans (who do not include Nationstar) do not expressly authorize any such fees. To that end, Plaintiffs believe their proposed schedule will shorten and streamline this case. *See* ¶ 6 *supra*.

Nationstar believes its statements in other litigation unrelated to payoff quote fees is inapplicable to plaintiffs' challenge in this case to the legality of fees specific to expedited services for payoff quotes that Plaintiffs requested and consent to here.

23

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

The Parties intend to file dispositive motions on all or part of the claims, allegations, and/or affirmative defenses in an effort to shorten or simplify the case.

Nationstar believes that 90 days for individual-merits discovery and summary judgment 30 days later will expedite this matter, avoiding gross waste of resources by the parties and the Court. *Giglio v. Monsanto Co.*, 2016 U.S. Dist. LEXIS 101983 (S.D.Cal. Aug. 2, 2016), * 1-2 ("The Federal Rules of Civil Procedure must be 'employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action, Fed. R. Civ. P. 1, and courts are authorized to tailor their scheduling orders to fit the particular needs of each case, Fed. R. Civ. P. 16.'").

The parties currently have no additional, specific suggestions for shortening or simplifying the case other than their motions currently pending before the Court.

**11.    The date the case will be ready for trial.**

Plaintiffs believe that the case should be ready for trial as an individual case by 180 days after close of merits discovery.

Nationstar believes the case should be ready for trial as an individual case by 240 days after close of discovery in the merits phase of the case, subject to the timing of the Court's orders on the Class Certification Motion and Dispositive Motions. However, Defendants contend that a trial continuance would be needed if a class were certified in this case. Should that occur, Defendants would move for a trial continuance.

**12.    Whether the trial will be jury or non−jury.**

Plaintiffs have demanded a jury.

**13.    The number of trial days required.**

The Parties believe that at least seven (7) court days will be needed to try this case.

24

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

14.     The names, addresses, and telephone

| | |
|---|---|
| DEVLIN LAW FIRM, LLC. | CONSUMER LAW CENTER, LLC |
| By: /s/ Christina L. Henry | By: /s/ Phillip Robinson |
| Christina L. Henry, WSBA# 31273 | Phillip Robinson, *Pro Hac Vice* |
| 6100 219th St SW, Ste 480 | 1220 Blair Mill Road, Suite 1105 |
| PMB 398 | Silver Spring, MD 20910 |
| Seattle, WA 98043-2222 | phillip@marylandconsumer.com |
| *chenry@devlinlawfirm.com* | |
| | Counsel for Plaintiffs |
| Counsel for Plaintiffs | |
| TROUTMAN PEPPER | TROUTMAN PEPPER |
| HAMILTON SANDERS, LLP | HAMILTON SANDERS, LLP |
| By: /s/ Jason Manning | By: /s/ John C. Lynch |
| Jason Manning, Pro Hac Vice | John C. Lynch, Pro Hac Vice |
| 222 Central Park Ave, Ste 2000 | 222 Central Park Ave, Ste 2000 |
| Virginia Beach, VA 23462 | Virginia Beach, VA 23462 |
| jason.manning@troutman.com | john.lynch@troutman.com |
| Counsel for Defendant Nationstar | Counsel for Defendant Nationstar |
| Mortgage LLC D/B/A Champion | Mortgage LLC D/B/A Champion |
| Mortgage | Mortgage |
| TROUTMAN PEPPER | TROUTMAN PEPPER |
| HAMILTON SANDERS, LLP | HAMILTON SANDERS, LLP |
| By: /s/ Thomas N. Abbott | By: /s/ Justin D. Balser |
| Thomas N. Abbott, WSBA# 53024 | Justin D. Balser, WSBA# 56577 |
| 100 SW Main St, Ste 1000 | 5 Park Plaza, Suite 1400 |
| Portland, Oregon 97204 | Irvine, California 92614 |
| thomas.abbott@troutman.com | justin.balser@troutman.com |
| Counsel for Defendant Nationstar | Counsel for Defendant Nationstar |
| Mortgage LLC D/B/A Champion | Mortgage LLC D/B/A Champion |
| Mortgage | Mortgage |

CORR CRONIN LLP

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

1

2

3

4

5

6

By: /s/ Emily J. Harris
Emily J. Harris, WSBA No. 35763
Benjamin C. Byers, WSBA No. 52299
1015 Second Avenue, Floor 10
Seattle, WA 98104
eharris@corrcronin.com

Counsel for Defendant Nationstar
Mortgage LLC D/B/A Champion
Mortgage

7    **15.    The dates on which the trial counsel may have complications to be considered**

8    **in setting a trial date.**

9    Plaintiffs have no conflicts for trial to be scheduled in 2026.

10

11

12    Defendants have conflicts for trial on the following dates:

13

14    **16.    If all defendant(s) or respondents(s) have not been served, counsel for the**

15    **plaintiff shall advise the Court when service will be effected, why it was not**

16    **made earlier, and shall provide a proposed schedule for the required Fed. R.**
      **Civ. P. 26(f) conference and Fed. R. Civ.P. 26(a) initial disclosures.**

17    Nationstar was served on March 4, 2024.  Freddie Mac was added as a named

18 defendant to this action on behalf of a Defendant's Class in the Plaintiffs' Amended Complaint

19 – Class Action filed on May 30, 2024.  Freddie Mac specially appeared and obtained an

20 extension through and including August 26, 2024 to respond to the Amended Complaint.

21 Freddie Mac was promptly served by Plaintiffs with the Summons issued by the Clerk of the

22 Court along with all prior papers filed in this action.

23

24    **17.    Whether any party wishes a scheduling conference before the Court enters**
      **a scheduling order in the case.**

25

26

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

The Parties request a status conference with the Court before a schedule order is entered in this case.

**18.    List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

**19.**

Nationstar's Corporate Disclosure Statement was filed on April 10, 2024 (Dkt No. 8).

JOINTLY SUBMITTED this 20th day of December 2024.

DEVLIN LAW FIRM, LLC.

By: */s/ Christina L. Henry*
Christina L. Henry, WSBA# 31273
6100 219th St SW, Ste 480
PMB 398
Seattle, WA 98043-2222
*chenry@devlinlawfirm.com*

Counsel for Plaintiffs

CONSUMER LAW CENTER, LLC

By: */s/ Phillip Robinson*
Phillip Robinson, Pro Hac Vice
1220 Blair Mill Road, Suite 1105
Silver Spring, MD 20910
phillip@marylandconsumer.com

Counsel for Plaintiffs

TROUTMAN PEPPER
HAMILTON SANDERS, LLP

By: */s/ Jason Manning*
Jason Manning, Pro Hac Vice
222 Central Park Ave, Ste 2000
Virginia Beach, VA 23462
jason.manning@troutman.com

Counsel for Defendant Nationstar
Mortgage LLC D/B/A Champion
Mortgage

TROUTMAN PEPPER
HAMILTON SANDERS, LLP

By: */s/ John C. Lynch*
John C. Lynch, Pro Hac Vice
222 Central Park Ave, Ste 2000
Virginia Beach, VA 23462
john.lynch@troutman.com

Counsel for Defendant Nationstar
Mortgage LLC D/B/A Champion
Mortgage

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

CORR CRONIN LLP

By: */s/ Emily J. Harris*
Emily J. Harris, WSBA No. 35763
Benjamin C. Byers, WSBA No. 52299
1015 Second Avenue, Floor 10
Seattle, WA 98104
eharris@corrcronin.com

Counsel for Defendant Nationstar
Mortgage LLC D/B/A Champion
Mortgage

TROUTMAN PEPPER
HAMILTON SANDERS, LLP

By: */s/ Justin D. Balser*
Justin D. Balser, WSBA# 56577
5 Park Plaza, Suite 1400
Irvine, California 92614
justin.balser@troutman.com

Counsel for Defendant Nationstar
Mortgage LLC D/B/A Champion
Mortgage

28

AMENDED JOINT STATUS REPORT
AND DISCOVERY PLAN
2:22-cv-01440-LK

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010