# EXHIBIT 3

The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARDO SALOM, CATHERINE PALAZZO as assignee for Ruben Palazzo, and PETER HACKINEN, *on their own behalf and on behalf of other similarly situated persons,*<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC d/b/a CHAMPION MORTGAGE<br><br>And<br><br>FEDERAL HOME LOAN MORTGAGE ASSOCIATION, *on its own behalf and on behalf of similarly situated persons*,<br><br>Defendants. | Case No. 2:24-cv-00444-BJR<br><br>**DECLARATION OF COURTNEY EHINGER** |

NATIONSTAR DECLARATION - 1
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

I, Courtney Ehinger, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury the following:

1. I am a resident of Texas, competent in all respects, and by my own free will state the following true facts.

2. I am employed by Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") as a Senior Vice President, Performing Servicing. In that capacity, I am familiar with Nationstar's policies and procedures for servicing loans, including various payment methods Nationstar offers, the fees that were associated with making payment by telephone, and the extent to which information available in Nationstar's electronic databases can be searched systematically. I am authorized to make this Declaration on behalf of Nationstar.

3. In my capacity as Senior Vice President, I have access to Nationstar's business records regarding its customers. I am familiar with the manner and procedures by which the records contained in Nationstar's files were prepared and maintained. These records were prepared and maintained by employees of Nationstar in the performance of their regular business duties and were made by persons with knowledge of the matters they record or from information supplied by persons with such knowledge. It is Nationstar's regular practice to create and maintain such records in the course of its business.

4. I know from training and personal experience that: a) these records are made at or near the time of the occurrence of the matter recorded by either a person with personal knowledge of the matter or from information transmitted by persons with personal knowledge; b) that it is regular practice and procedure to keep and updated these records in the course of regularly conducted business activities; c) procedures are in place to assure the accuracy of those records and that these records are generally accurate; and d) the regular servicing records are kept as electronic data and typically include electronic data compilations and imaged documents pertaining to the

NATIONSTAR DECLARATION - 2
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

serviced loans.

5. I have full access to the servicing records of Nationstar, including the imaging repository. In the ordinary course of its business, Nationstar maintains a record of all loan contracts and agreements serviced by Nationstar (and its predecessors) on behalf of lenders, including promissory notes and associated documents pertaining to the origination of the loan. Nationstar also maintains records related to servicing such loans. Prior servicers' records for the loan were integrated, boarded, and incorporated into Nationstar's systems, such that their records, including loan origination documents, payment histories, communication logs, and other documents concerning the loan are now integrated into Nationstar's records. It is Nationstar's regular business practice to access and integrate prior servicers' records into its business records and to rely upon those third-party records in day-to-day operations.

6. I am familiar with the allegations made by the Plaintiffs, Ricardo Salom ("Salom"), Catherine Palazzo ("Palazzo"), and Peter Hackinen ("Hackinen") in this case and have reviewed their loan files

7. The facts set forth in this Declaration are based on my review of Nationstar's business records or my personal knowledge. If called as a witness, I could and would be competent to testify to these facts.

8. Nationstar does not charge customers for payoff statements processed and delivered in the ordinary course. The ordinary course is within 7 business days after receiving a written request from the consumer or someone acting on behalf of the consumer.

9. Numerous state laws govern the permissibility of charging fees for expediting a payoff statement or payoff quote. Nationstar tracks these state laws and complies with them when processing and delivering payoff statements.

NATIONSTAR DECLARATION - 3
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

10. Similarly, federal guidance governs the permissibility of charging fees for expediting payoff statements with respect to certain loan types or for certain investors. Nationstar follows all federal guidance on the issue.

11. Expedited Payoff Statement Fees are common in the industry. The amount of an Expedited Payoff Statement Fee in the industry varies by a number of factors, including, investor, loan type, and the state where the collateral property is located.

12. Upon customer request for expedited delivery of a payoff statement, depending on the state in which the customer's property is located and the type of loan, Nationstar advises the customer that there is a fee for the expedited service of preparing, processing, and delivering a payoff statement within 24 to 48 hours ("Expedited Payoff Statement Fee").

13. Neither the customer's contract nor applicable law requires Nationstar to provide a customer with expedited delivery services, including the expedited delivery of a payoff statement. Preparing a payoff statement on an expedited basis requires Nationstar to commit immediate human resources to meet the customer's request.

14. The payoff quote must be accurate, cannot be automatically generated in all instances, and requires coordination between multiple interested parties, departments, and third-party vendors to ensure accuracy of the total amount due and owing. The Expedited Payoff Statement Fee compensates Nationstar for the additional time and resources necessary to accommodate the customer's request for expedited delivery of the payoff statement. The amount of time and resources necessary to prepare and process an expedited delivery fee varies, depending on the circumstances, such as whether the loan is in default, the duration of default, bankruptcy filings, and the status of foreclosure.

15. Nationstar does not prepare and process a payoff statement for expedited delivery without informing the customer that there will be a fee for the expedited service.

NATIONSTAR DECLARATION - 4
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

16. Nationstar does not assess the Expedited Payoff Statement Fee to the customer unless the customer has agreed to pay that fee to receive a payoff statement on an expedited basis.

17. The investor in Plaintiff Salom's loan is the Federal National Mortgage Association ("Fannie Mae"). Mr. Salom requested three payoff statements, two of them on an expedited basis. Nationstar did not charge Mr. Salom a fee for the payoff statement he requested in the ordinary course. Nationstar informed Mr. Salom of a $25 Expedited Payoff Statement Fee for the two payoff statements he requested on an expedited basis. Plaintiff Salom consented to the Expedited Payoff Statement Fee. Nationstar provided two payoff statements to Mr. Salom on an expedited basis. Mr. Salom paid one $25 Expedited Payoff Statement Fee.

18. The investor in Plaintiff Palazzo's loan is the Federal Home Loan Mortgage Corporation ("Freddie Mac"). Ms. Palazzo requested one payoff statement on an expedited basis. Nationstar informed Ms. Palazzo that there would be a $25 Expedited Payoff Statement Fee and she consented to the Expedited Payoff Statement Fee. Ms. Palazzo paid one $25 Expedited Payoff Statement Fee.

19. Plaintiff Hackinen's loan is a private conventional loan. Mr. Hackinen requested five payoff statements on an expedited basis. Nationstar informed Mr. Hackinen that there would be a $25 Expedited Payoff Statement Fee for each of the payoff statements he requested on an expedited basis. Plaintiff Hackinen consented to the Expedited Payoff Statement Fees. Nationstar provided five payoff statements to Mr. Salom on an expedited basis. Mr. Salom paid three $25 Expedited Payoff Statement Fees.

20. Nationstar does not require payment of any Expedited Payoff Statement Fee to release a lien. If a customer tenders the payoff statement amount without the expedited service fee, Nationstar waives the expedited service fee and closes the account as paid in full.

NATIONSTAR DECLARATION - 5
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

21. In addition, Nationstar may waive the Expedited Payoff Statement Fee depending on account-specific circumstances. There are many instances in which a customer who requests and consents to pay a fee for expedited service does not pay the fee. For example, as set forth herein, both Mr. Salom and Mr. Hackinen requested multiple expedited payoff statements and agreed to a $25 fee for each, but did not pay all of those fees.

22. An Expedited Payoff Statement Fee may be assessed to an account but not paid by the customer. For example, such fees may be waived or refunded at a later point in time. Determining whether an expedited service fee was actually paid—as opposed to assessed and waived or paid and refunded—is a complex data inquiry that may include loan-level examination of the account payment history and payoff amount.

23. Nationstar services more than five million loans nationwide, including those originated by Nationstar and those originated by third-party lenders. Those loans are secured by deeds of trust or mortgages located throughout the country. Because the terms of a home loan typically is 15-30 years, and can be longer, I would expect that many borrowers entered into their loans prior to the beginning of any class period proposed by Plaintiffs' counsel.

24. Nationstar services a multitude of different loan types, originated by different lenders, and on behalf of different investors. The loans Nationstar services include loans originated and/or owned by Fannie Mae, Freddie Mac, national banks, and federal savings associations. For example, Wachovia originated Salom's loan, Fannie Mae was the investor; SunTrust originated Palazzo's loan, Freddie Mac is in the investor; and First Horizon originated Hackinen's loan, and Bank of New York Mellon was the investor.

25. These loans may be insured by the Federal Housing Authority ("FHA") and governed by the Department of Housing and Urban Development ("HUD" regulations), by the Veterans Administration ("VA"), other agencies, or may be private loans.

NATIONSTAR DECLARATION - 6
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

26. Although the Fannie Mae/Freddie Mac deed of trust is a common security instrument, many Nationstar borrowers entered into security instruments that differ from the Fannie Mae/Freddie Mac form. Security instrument forms have varied over time and according to the type of loan, among other factors. As noted, the various types of mortgage loans serviced by Nationstar include FHA residential loans, VA residential loans, conventional loans, home equity lines of credit, and second liens, among others. Each of these loan types are documented in security instruments that differ from the Fannie Mae/Freddie Mac form. Some of the loans serviced by Nationstar are documented on forms drafted by other lenders or financial institutions. Each of these varying security instruments have different contractual provisions, including different language regarding the fees (such as expedited service fees) servicers may charge.

27. Further, as part of the ordinary servicing of delinquent accounts, Nationstar routinely receives the assignment of mortgages or deeds of trust, such as occurred with Mrs. Palazzo's mortgage, which was assigned to Nationstar and recorded on June 23, 2022. Determining whether Nationstar is the assignee of a mortgage or deed of trust requires an individualized review of each loan account, including a manual review of the loan documents housed in Nationstar's systems.

28. As noted, the loans that Nationstar services are secured by varying security instruments with different contractual provisions, and such provisions vary by loan type, originator, and investor. Nationstar has no method by which it can determine the form of security instrument securing a particular loan, other than by reviewing the security instrument itself. Because Nationstar does not code an account to identify the form of the underlying loan documents, identification of the form of the loan documents (e.g., note and deed of trust/mortgage) and their provisions requires a manual review of the documents securing each loan.

NATIONSTAR DECLARATION - 7
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

29. Some borrowers, like Plaintiffs, entered into Fannie Mae/Freddie Mac Uniform Security Instruments. Section 20 of the version of Fannie Mae/Freddie Mac Uniform Security Instrument provides as follows:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

Under Section 13 of the Deed of Trust, Plaintiffs agreed: "The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

30. Nationstar's records cannot be queried or systematically searched to determine whether any given borrower who entered into a Fannie Mae/Freddie Mac Uniform Security Instrument gave Nationstar pre-suit notice of claims challenging the Expedited Payoff Statement Fee. Instead, Nationstar would have to review all correspondence between Nationstar and each borrower to determine whether the borrower complied with the provision requiring pre-suit notice.

31. Servicing transfers are common in the industry and Nationstar frequently begins or ceases servicing a loan, such that Nationstar is servicing for a limited period of time. Investors for whom Nationstar is servicing loans also frequently change and it is not unusual for the investor to change during Nationstar's servicing of the loan.

32. Nationstar frequently services loans for customers who file for bankruptcy protection, such as Mr. Hackinen. Determining whether a borrower has filed for bankruptcy protection and how the loan is treated in that bankruptcy cannot be determined in any systematic fashion. It requires an individual search of PACER dockets and bankruptcy filings.

NATIONSTAR DECLARATION - 8
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322T: / F: 503.290.2405

33. Nationstar believes that the Expedited Payoff Statement Fee was charged in accordance with Plaintiffs' contracts and applicable law. Nationstar does not intend to refund any such fees that actually were paid absent a resolution of this dispute.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 14th day of August, 2024.

*[signature]*
Courtney Ehinger
Senior Vice President

NATIONSTAR DECLARATION - 9
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER
HAMILTON SANDERS LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204