# EXHIBIT 5

```
 1                UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON - SEATTLE
 2

 3   RICARDO SALOM, CATHERINE   )
     PALAZZO as assignee for    )
 4   Ruben Palazzo, and PETER   )
     HACKINEN, on their own     )
 5   behalf and on behalf of    )
     other similarly situated   )
 6   persons,                   )
                                )
 7       PLAINTIFFS,            )
                                ) CIVIL ACTION NO.:
 8   VS.                        ) 2:24-CV-00444-BJR
                                )
 9   NATIONSTAR MORTGAGE, LLC,  )
     AND                        )
10   FEDERAL HOME LOAN          )
     MORTGAGE ASSOCIATION, on   )
11   its own behalf and on      )
     behalf of similarly        )
12   situated persons,          )
                                )
13       DEFENDANTS.            )

14   _____

15          ORAL AND VIDEOTAPED DEPOSITION OF
                     COURTNEY  EHINGER
16                   JANUARY 14, 2025
     _____
17

18      ORAL AND VIDEOTAPED DEPOSITION OF COURTNEY

19   EHINGER, produced as a witness at the instance of the

20   PLAINTIFFS, and duly sworn, was taken in the

21   above-styled and numbered cause on the 14th of January,

22   2025 from 9:40 a.m. to 2:36 p.m., before Stefanie

23   Andrews, CSR in and for the State of Texas, reported by

24   machine shorthand, at the law offices of Troutman Pepper

25   Locke, 2200 Ross Ave., Ste. 2800, Dallas, Texas 75201.
```

Page 108

```
 1      A.   So it's driven by whatever the loan status,
 2   the documents and payment history is.
 3      Q.   Right.  Let me rephrase, so it's clear so
 4   you -- and I was unclear.  The note, as modified
 5   potentially from time to time, is -- you can determine
 6   what interest and principal are due on a loan at any
 7   point in time based on what prior payments have been
 8   received, correct?
 9      A.   Generally, yes.
10      Q.   All right.  And then the expedited delivery
11   fee that's listed here is $25?
12      A.   Yes.
13      Q.   That's the fee for -- in response to his
14   request for a payoff statement and the production of
15   this payoff statement to Mr. Hackinen; is that right?
16      A.   Yes, because of the manner it was requested to
17   be delivered.
18      Q.   All right.  And this payoff statement and fee
19   here is consistent if Nationstar always charges $25 for
20   this type of fee, and how it was delivered and prepared
21   for him, correct?
22      A.   Can you rephrase that.
23      Q.   Right.  Does Nationstar always charge an
24   expedited delivery fee for other borrowers who
25   collect -- who request a fee in the same manner that
```

Page 109

1   Mr. Hackinen did?

2        A.   No.  Not always.

3        Q.   Right.  In what instances do they not?

4        A.   Well, it would -- whether an expedited fee and
5   the amounts charged depends on state, the loan type,
6   could even be lien type, it could be balance amount,
7   could be client, so it varies.

8        Q.   Okay.  But all of that information that would
9   vary the amount of the fee is contained within LSAMs,
10  correct?

11             MR. LYNCH:  I'm going to object to form.
12             But you can answer.
13       A.   Can you -- yeah, can you rephrase that?  I'm
14  not sure I understand the question.

15       Q.   All of the variance factors, I think that's
16  how you just described, I understood, to be sort of
17  variance factors.  Do you under -- was that a fair
18  representation?

19       A.   They're different examples of what could
20  change -- change the fee.

21       Q.   Right.  So if you said one of the factors
22  could be what state the property is located in, correct?

23       A.   Yes.

24       Q.   Like, for example, in the Bloom litigation,
25  Nationstar stopped charging this fee to borrowers in New

Page 137

1  listed in paragraph 11 of Exhibit 1 that you can
2  identify of the amounts charged by other mortgage
3  servicers for payoff statements?
4       A.   Not that I can think of.
5       Q.   During the break, did you think of any other
6  responses to my earlier question of how Nationstar
7  determined $25 was an appropriate fee to charge and
8  impose to a borrower to obtain a payoff statement?
9       A.   No.
10      Q.   All right.  In paragraph 14, you generally are
11 testifying there about there's multiple coordination
12 necessary between various parties and departments and
13 third parties to prepare payoff statements?
14      A.   Yes.
15      Q.   Just -- I think we did some of this earlier,
16 but just to be clear, what are these other parties that
17 you're testifying about, can you identify any of them?
18      A.   Yes.  In some instances, a loan may be in
19 default, so they've had foreclosure proceedings
20 initiated, they're in the process of foreclosure, so I
21 would need to go and obtain amounts from attorneys to
22 get a full up-to-date list of their fees and costs if it
23 hasn't been billed yet, for example.
24      Q.   Anything else besides foreclosure attorneys?
25      A.   And similarly, there's property preservation

Page 138

1  work as well.  Those are just some examples.  I don't
2  know if I can think of every single one, but those are
3  the common.
4      Q.   Right.  But Nationstar can't charge Maryland
5  borrowers property preservation work, right?
6           MR. LYNCH:  Object to form.
7           But you can answer.
8      A.   Again, I don't know.  It's not my department.
9  I don't have the rules memorized for property
10 preservation.
11     Q.   Are you familiar with the Kemp versus
12 Nationstar case?
13     A.   Yes.  As I recall it's inspection.  Property
14 preservation work is different than inspection.
15     Q.   Okay.  And let me qualify.  In your response
16 earlier, property inspections is different than property
17 preservation.  So I understood it to be synonymous.
18 You're telling me it was different, I think, just to be
19 fair?
20     A.   That is correct.  Inspections is an inspection
21 and property preservation work is a different type of
22 work than an inspection.
23     Q.   So the property inspectors, property
24 preservation, the foreclosure attorneys, they all
25 communicate with Nationstar electronically, correct?

Page 140

1   Q.   Are you referring to LSAMs in this statement?
2   A.   It takes more than just LSAMs to create a
3   payoff quote.  So e-mail systems, fax systems, the
4   invoice system we talked about that has amounts that
5   need to be fed, so it's more than just LSAMs.
6   Q.   Right.  But -- and Nationstar had to create
7   all those systems to do its regular normal course of
8   work as a mortgage servicer, correct?
9   A.   No.  I don't have to fax or e-mail a payoff
10  quote, I can mail it.
11  Q.   Okay.  But it had to create LSAMs anyway,
12  right?
13  A.   You need a servicing system for lots of
14  reasons, so LSAMs.
15  Q.   Or some other servicing system they could have
16  used, right?
17  A.   Yeah, there's other servicing systems.
18  Q.   And it needed some way to invoice or collect
19  invoices from its vendors and pay its vendors, correct?
20  A.   I need a way to pay.  I don't know if I
21  need -- I guess I could pay it manually and write a
22  check.
23  Q.   But that doesn't make economic sense to have
24  people writing checks for all these various vendors,
25  right?

Page 164

```
 1  STATE OF TEXAS      )

 2       I, Stefanie Andrews, Certified Shorthand Reporter

 3  in and for the State of Texas, hereby certify to the

 4  following:

 5       That the witness, COURTNEY  EHINGER, was duly sworn

 6  by the officer and that the transcript of the oral

 7  deposition is a true record of the testimony given by

 8  the witness;

 9       That the time used by counsel for the parties is as

10  follows:

11       Mr. Phillip R. Robinson - 03 Hours:32 Minutes

12       Mr. John C. Lynch - 00 Hours:00 Minutes

13       Further, I am not a relative or employee of any

14  attorney of record in this cause, nor am I financially

15  or otherwise interested in the outcome of the action.

16       CERTIFIED by me on this the 24th day of January,

17  2025.

18                    [signature: Stefanie Andrews]

19       _____
                     Stefanie Andrews, Texas CSR 5384
20                   Expiration Date:  4/30/26

21                   Huseby Global Litigation
                     (800) 333-2082 Ext. 10012
22

23

24

25
```