# EXHIBIT 7

The Honorable Barbara J. Rothstein

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF WASHINGTON
8

9   RICARDO SALOM, CATHERINE                | Case No. 2:24-cv-00444-BJR
    PALAZZO as assignee for Ruben Palazzo, and |
10  PETER HACKINEN, on their own behalf and   | CATHERINE PALAZZO'S RESPONSES
    on behalf of other similarly situated persons, | TO NATIONSTAR MORTGAGE LLC'S
11                                           | FIRST SET OF INTERROGATORIES
                    Plaintiffs,              | (OBJECTIONS ONLY)
12       vs.

13  NATIONSTAR MORTGAGE LLC,

14  And

15  FEDERAL HOME LOAN MORTGAGE
    ASSOCIATION, on its own behalf and on
16  behalf of similarly situated persons,

17                  Defendants.

18          **PLAINTIFF CATHERINE PALAZZO RESPONSE TO**
                  **NATIONSTAR'S INTERROGATORIES**
19

20          Plaintiff Catherine Palazzo, by and through her undersigned counsel, in response to

21  Defendant Nationstar Mortgage LLC's ("Mr. Cooper" or Nationstar") First Set of Interrogatories,

22  responds as follows:

23

24

## GENERAL OBJECTIONS, LIMITATIONS & INCORPORATIONS

A. The information contained in these Answers is being provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure which require the disclosure of all facts which may be relevant or may lead to the discovery of relevant information. Accordingly, the party answering these Interrogatories, by providing the information requested, does not waive objection to its admission in evidence or grounds for objection.

B. The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes the known knowledge of the party, the party's agents, representatives, and attorneys, unless privileged.

C. The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers, and thus, does not necessarily purport to be the particular language of the executing party.

D. These Answers are subject to supplementation.

E. The Interrogatories have been interpreted and answered in accordance with the Federal Rules of Civil Procedure, plain English usage, and to the extent not specifically challenged by objection, the definitions and instructions included with the Requests.

F. Plaintiff generally objects to the Interrogatories to the extent that they are overly broad, impermissibly vague, and fail to describe the information sought with reasonable particularity.

G. Plaintiff generally objects to the Interrogatories to the extent they seek information that is not reasonably calculated to lead the discovery of admissible evidence in this case.

H. Plaintiff generally objects to the Interrogatories to the extent they seek the disclosure of information that:

    (i) is subject to the attorney-client privilege;
    (ii) constitutes trial preparation material or other work-product material as defined by the Federal Rules of Civil Procedure and Evidence;
    (iii) constitutes confidential information; and
    (iv) is subject to any other applicable privilege under federal or state law.

I. Plaintiff generally objects to the Interrogatories to the extent that they seek information that is already in the possession, custody or control of Defendant and its agents, affiliates and/or principals, or is publicly available from other sources.

J. Plaintiff generally objects to the extent the Interrogatories are inconsistent with the requirements of the Federal Rules of Civil Procedure.

K. Plaintiff generally objects, since this matter largely concerns Nationstar's omissions and concealment of certain matters, to provide information that is more readily available to it

than it is to the Plaintiff, and because requiring Plaintiff to answer would enlist the service of Plaintiff and Plaintiff's counsel in the preparation of Defendant's case—to which Nationstar has wrongfully withheld responsive discovery served upon it months ago without the right to do so and in bad faith.

**INTERROGATORY NO. 1**: Identify by date and amount all fees or other sums you claim Nationstar improperly charged with respect to the Loan.

    **RESPONSE TO INTERROGATORY NO. 1**: In response to a request for a payoff, on September 11, 2023, Nationstar included the imposition of a $25.00 payoff fee for the payoff statement related to Palazzo's residential mortgage loan related to her home and property (34811 Old Ocean City Road) in the State of Maryland. The $25 fee was not expressly authorized by any contract or applicable law.  Nationstar demanded the payoff fee from Palazzo when it issued the payoff statement on or about September 11, 2023 demanding the total sum of $109,421.63, which included the $25 fee subject to this action for Plaintiff to obtain the payoff statement.  That sum (including the improperly charged fee for the payoff statement) was paid to Nationstar by Plaintiff as part of the regular monthly payment on or about October 13, 2023 (as reflected on the October 17, 2023 mortgage statement).

Nationstar has also imposed other fees and sums with respect to the Loan which Plaintiff also believes were improper, including various fees identified as Legal Fees and other sums on various statements (including October 17, 2023, August 2, 2024).  Nationstar has also admitted in correspondence dated February 24, 2023, that it imposed  fees without proper notice to Plaintiff when it became the collector on the Plaintiff's loan on behalf of Freddie Mac.

Plaintiff is not able to identify other fees that may have been improperly imposed and/or collected because Nationstar refuses to send timely statements related to the loan to Plaintiff

or her husband and does not even send the statements to their counsel. By way of example, Nationstrar recalculated recently the escrow sum related to the loan but did not timely notify the Plaintiff until after the payment for the proceedings month was made. So, while Plaintiff has made a second payment to cover the difference, Plaintiff does not know if as a result of Nationstar's untimely discosures it it has sought to profit more fees than it is entitled (again).

**INTERROGATORY NO. 2**: Describe all facts supporting your assertion that the fees or other sums described in the Amended Complaint were unlawful or improper.

**RESPONSE TO INTERROGATORY NO. 2:** Plaintiff and her husband Ruben Palazzo have no signed, written contract with Freddie mac as the owner of their mortgage loan related to their home and property which expressly authorized any fee for them or others on their behalf to obtain a payoff statement on the mortgage loan. Other fees were expressly authorized but not a fee for payoff statement which was never expressly authorized by either himself or Freddie Mac. In this action, Freddie Mac has also admitted the fees were not authorized and was dismissed by the Court based upon that representation. Neither Plaintiff nor her husband authorized Nationstar, who is simply a collector on behalf of Freddie Mac, to impose and collect fees not agreed to by this standard, written mortgage contract with Freddie Mac. Nationstar never asked Plaintiff or her husband to sign any documents authoring the imposition and collection of a fee for a payoff statement. Plaintiff knows now that Nationstar knew from its prior conduct and admissions in other cases that it is not permitted to impose and collect additional "convenience" or "pay-to-pay" fees from her or her husband related to their loan and the loans of other borrowers wishing to make payment to it. For example, it voluntarily refunded more than a million dollars to Maryland residents alone for similar conduct, after it was sued, and its attorneys in this action have represented to various Maryland Courts that Nationstar knows its conduct is unlawful and improper (not

just in Maryland but elsewhere for the same reasons).  Nationstar and the same attorneys representing it in this action have also previously admitted "[p]ayoff statement requests are governed by the Truth in Lending Act (TILA), Regulation Z—12 C.F.R.1026.36(c)(3)...*See also* 15 U.S.C. § 1639(t)." *Maribel v. Nationstar*, USDC for the SD of Florida (Case No.1:23-cv-20114-JAL) at ECF. 32, Page 13 of 19). *See also Suarez v. Nationstar*, USDC for the SD of Florida (Case No.1:23-cv-23238-DSL) at ECF. 18, Page13 of 19) (same statement as in *Maribel*) and since it freely admitted that payoff statements are governed by TILA, it is barred from imposing any fees for any payoff statements. *See* 12 U.S.C.A. §2610.  Put another way, Congress gave Plaintiff and her husband and all other borrowers the right to request a payoff statement under the Truth in Lending Act ("TILA"), and under the Real Estate Settlement Procedures Act ("RESPA"), Congress also barred any fee for disclosures and statements authorized by TILA.  Further, no Maryland law expressly authorized Nationstar to impose and collect a fee for a payoff statement either.  Further, pursuant to its license to conduct mortgage business in Maryland, Nationstar knew that it was prohibited by regulation from imposing and collecting fees from borrowers without a written, signed agreement but it ignored that regulation.  These and other laws and regulations are incorporated into the terms of Plaintiff's mortgage documents and Nationstar knows this because the Maryland Supreme Court told it so just a few years ago in the *Kemp* case.  Nationstar is paid a fee by Freddie Mac and the other owners of the loans its services and collects upon like Plaintiff's loan.  It is unjust for it to collect or even attempt to collect other sums from me than the fee it already agreed to from Freddie Mac and the owners of the other loans of the putative class members as well. Nationstar already admitted as much to various Maryland courts about similar conduct for a related but different fee.  Also, the fees for payoff statements are improper also to the extent that they exceed

Nationstar's actual costs to prepare and provide.  Based upon Plaintiff's experience and the experiences of other borrowers like Plaintiff, and Nationstar's own admissions, the payoff statement is generated from Nationstar's automated system of record in a matter of seconds and it is required to have this system of record under Federal and State regulations governing its conduct so there is no extra or direct cost to justify a $25 dollar fee (or any other sums) for Plaintiff and other borrowers to obtain a statement Congress says they are entitled to get.  While Nationstar may object to having to have a system of record required by Federal and State laws and regulations, it can't pass costs to maintain that system to Plaintiff through a fee-for-payoff statement which Congress said Plaintiff and other borrowers do not have to pay for.  To the extent Nationstar wishes to be reimbursed for the cost of servicing, its remedy is with the owners of the loans, including Freddie Mac.   It could simply negotiate a larger servicing fee instead of churning junk fees it knows it is not permitted to impose and collect.  In this case, Freddie Mac also has taken the legal position that it cannot be responsible for Nationstar's unlawful and otherwise improper conduct and the Court dismissed Freddie Mac from the action.  Upon information and belief, the owners of all other loans serviced and collected by Nationstar would take the same position as Freddie Mac did in this litigation.  Therefore, as the agent for Freddie Mac and the owners of all other loans subject to this action, Nationstar is estopped from claiming the fees for payoff statements as lawful and proper.  Nationstar also reported the fees subject to this action on Plaintiff's periodic statements (including October 17, 2023) as owed.  It also collected the fee according to Plaintiff's monthly payment and never disclosed to Plaintiff that its representations were not accurate.  The fee was also demanded on the payoff statement issued by Nationstar dated September 11, 2023 in which it represented that

"[u]pon processing of payment in full, and within State specified guidelines, the necessary

documents will be forwarded to the Trustee and/or County Recorder's Office

to release our lien…."

**INTERROGATORY NO. 3**: Identify all payoff statements you requested from Nationstar in

relation to the Loan by:

- date of request,

- method of your request,

- all reasons for your request,

- the time frame in which you requested the payoff statement[s] be delivered,

- whether you requested expedited delivery of the payoff statement[s],

- what you were told about the payoff statement and any associated fee, and

- whether you were assessed or paid a charge for each payoff statement.

**RESPONSE TO INTERROGATORY NO. 3**:    Plaintiff objects to parts of this

interrogatory that are not relevant or material to any applicable, bona fide claim or defense

before the Court in this action.  Specifically, whatever the method or means the Plaintiff

and the putative class members obtained a payoff statement, authorized by Congress in the

the Truth in Lending Act, does not authorize a fee to be imposed and collected by Rightpath

(i.e. Nationstar) for the statement.   Plaintiff further objects since Nationstar has previously

admitted "[p]ayoff statement requests are governed by the Truth in Lending Act (TILA),

Regulation Z—12 C.F.R. 1026.36(c)(3)…*See also* 15 U.S.C. § 1639(t)."   *Maribel v.

Nationstar*, USDC for the SD of Florida (Case No. 1:23-cv-20114-JAL) at ECF. 32, Page

13 of 19).  *See also Suarez v. Nationstar*, USDC for the SD of Florida (Case No. 1:23-cv-

23238-DSL) at ECF. 18, Page 13 of 19)(same statement as in *Maribel*) and since it freely

admitted that payoff statements are  governed by TILA, it is barred from imposing any fees

for any payoff statements.  *See* 12 U.S.C.A. § 2610.  Notwithstanding the foregoing, Plaintiff responds as follows:

A payoff statement was requested from Nationstar d/b/a Rightpath on behalf of Freddie Mac, related to Plaintiff's mortgage loan, on or about September 11, 2023.  Seconds after the request was made through Nationstar's on-line portal for borrowers like Plaintiff, it provided the statement and disclosed the $25 fee for the payoff statement to Plaintiff.  On that statement, Nationstar demanded the payoff fee from Palazzo as part of the total sum of $109,421.63 it claimed due from Plaintiff and her husband.  That sum (including the improperly charged fee for the payoff statement) was paid to Nationstar by Plaintiff as part of the regular monthly payment on or about October 13, 2023 (as reflected on a Nationstar periodic statement dated October 17, 2023).  Neither Plaintiff nor her husband or Freddie Mac ever signed any agreement agreeing to g  allow Freddie Mac to impose and collect a fee from Plaintiff for receipt of a payoff statement.  Neither did Nationstar's on-line portal require any signature by Plaintiff or Plaintiff's husband or Freddie Mac.  Plaintiff and her husband never authorized Nationstar or anyone acting on their behalf to sign any modification of their former mortgage to impose and collect fees not expressly authorized by law or contract.

**INTERROGATORY NO. 4**: Identify the following with respect to your payoff of the Loan:

- the date of payoff,

- the method of payment,

- the amount,

- any payoff statement you relied upon for that payoff amount,

- and all reasons for your payoff of the Loan.

**RESPONSE TO INTERROGATORY NO. 4**:  Plaintiff objects to parts of this interrogatory that are not relevant or material to any applicable, bona fide claim or defense before the Court in this action.  Plaintiff objects to the term "payoff" which is not defined.  Assuming that Nationstar intends the term to mean a satisfaction of the loan, Plaintiff further objects to the interrogatory since it would be seeking facts which are not relevant and material to the action which is based upon whether or not Nationstar may impose and collect a fee from the Plaintiff and other borrowers for receiving a payoff statement which is neither authorized by any law or written, signed contract of the parties to the mortgage loan.  Plaintiff further objects since Nationstar has previously admitted "[p]ayoff statement requests are governed by the Truth in Lending Act (TILA), Regulation Z—12 C.F.R. 1026.36(c)(3)…*See also* 15 U.S.C. § 1639(t)."  *Maribel v. Nationstar*, USDC for the SD of Florida (Case No. 1:23-cv-20114-JAL) at ECF. 32, Page 13 of 19).  *See also Suarez v. Nationstar*, USDC for the SD of Florida (Case No. 1:23-cv-23238-DSL) at ECF. 18, Page 13 of 19)(same statement as in *Maribel*) and since it freely admitted that payoff statements are  governed by TILA, it is barred from imposing any fees for any payoff statements.  *See* 12 U.S.C.A. § 2610.  Notwithstanding the foregoing, Plaintiff responds as follows:  A payoff statement was requested from Nationstar d/b/a Righpath on behalf of Freddie Mac, related to Plaintiff's mortgage loan, on or about September 11, 2023.  Seconds after the request was made through Nationstar's on-line portal for borrowers like Plaintiff, it provided the statement and disclosed the $25 fee for the payoff statement to Plaintiff.  On that statement, Nationstar demanded the payoff fee from Palazzo as part of the total sum of $109,421.63 it claimed due from Plaintiff and her husband.  That sum (including the improperly charged fee for the payoff statement) was paid to Nationstar by Plaintiff as part of the regular monthly payment on or about October 13, 2023 (as reflected on a Nationstar

periodic statement dated October 17, 2023).  Neither Plaintiff nor her husband or Freddie Mac ever signed any agreement agreeing to allow Freddie Mac to impose and collect a fee from Plaintiff for receipt of a payoff statement.  Neither did Nationstar's on-line portal require any signature by Plaintiff or Plaintiff's husband or Freddie Mac.  Plaintiff and her husband never authorized Nationstar nor anyone acting on their behalf to sign any modification of their former mortgage to impose and collect fees not expressly authorized by law or contract.  Neither Plaintiff nor her husband have paid off the loan.

**INTERROGATORY NO. 5**: Identify all persons with knowledge of the allegations in your Complaint and Amended Complaint including the damages and relief that you claim you are entitled to, and for each such person identified, set forth his or her name, address, and current telephone number, as well as a detailed description of the scope of each such person's knowledge relating to this action.

**RESPONSE TO INTERROGATORY NO. 5**:  Plaintiff objects to the extent the interrogatory seeks attorney-client communications and protected work product which is not discoverable.   Notwithstanding the foregoing, Plaintiff responds as follows:

The allegations in the Complaint regarding Freddie Mac are moot since they were dismissed from the case.  The Plaintiff reviewed the Complaint before it was filed.  Plaintiff also reviewed the Amended Complaint before it was filed.  In addition to Plaintiff and her attorneys as well as Nationstar and its agents and affiliates, Plaintiff believes the following persons may have knowledge related to the occurrence described in the Amended Complaint and fee for the payoff statement subject to this action:

- Plaintiff's husband Ruben Palazzo.

- Unknown agents and employees of Freddie Mac who owns Plaintiff's mortgage loan.

**INTERROGATORY NO. 6**: Identify and describe all communications or correspondence you or any of your representatives have had with Nationstar relating to any payoff statement or a fee associated with a payoff statement. Your answer should include the date and description of each such contact, the manner of communication (i.e. via email, letter, telephone, etc.), as well as the identity of all persons present or involved in such communications.

**RESPONSE TO INTERROGATORY NO. 6**:  Plaintiff objects to the extent the interrogatory seeks attorney-client communications that are not discoverable. Plaintiff further objects to the extent the interrogatory infers that certain modes of communications took place related to the subject of the interrogatory that Nationstar knows are not relevant or material to the occurrence related to the Plaintiff (i.e. oral communications, e-mail communications, voice recording, etc.).  Notwithstanding the foregoing, Plaintiff responds as follows:

- A payoff statement was requested from Nationstar d/b/a Rightpath on behalf of Freddie Mac, related to Plaintiff's mortgage loan, on or about September 11, 2023. Seconds after the request was made through Nationstar's on-line portal for borrowers like Plaintiff, it provided the statement and disclosed the $25 fee for the payoff statement to Plaintiff.  On that statement Nationstar demanded the payoff fee from Palazzo as part of the total sum of $109,421.63 it claimed due from Plaintiff and her husband.

- That sum (including the improperly charged fee for the payoff statement) was paid to Nationstar by Plaintiff as part of the regular monthly payment on or about October 13, 2023 (as reflected on a Nationstar periodic statement dated October 17, 2023).

- Neither Plaintiff nor her husband nor Freddie Mac ever signed any agreement agreeing to allow Freddie Mac to impose and collect a fee to Plaintiff for receipt of a payoff statement.

- Neither did Nationstar's on-line portal require any signature by Plaintiff or Plaintiff's husband or Freddie Mac.

**INTERROGATORY NO. 7**: Identify and describe all non-privileged contacts or communications you have had with any third party regarding the subject matter of this lawsuit.  Your answer should include the date and description of each such contact, the manner of communication (*i.e.*, via email, letter, telephone, in-person, etc.), as well as the identity of all persons present or involved in such contacts.

**RESPONSE TO INTERROGATORY NO. 7**:  *See* response to Interrogatory No. 6. Freddie Mac did write to Freddie Mac about the fee subject to this action before the filing of the Amended Complaint but Freddie Mac never responded.  Plaintiff has had no other non-privileged contacts or communications with any third party regarding the subject matter of this lawsuit other than those identified in Interrogatory No. 6.

**INTERROGATORY NO. 8**: If your response to any request for admission in Nationstar's first set of requests for admission to is anything but an unqualified admission, identify the number of the request for admission; describe all facts which preclude you from responding with an unqualified admission; identify all persons who have knowledge of the facts on which you based your response; and identify all documents that relate to the basis for your response.

**RESPONSE TO INTERROGATORY NO. 8**:  Plaintiff objects to the extent the interrogatory seeks information already stated in Plaintiff's responses to Nationstar's (i.e. Rightpath's) requests for admission. Plaintiff further objects to the interrogatory which is not properly framed as a single interrogatory but involves responses for up to 32 different requests for admission which exceeds the number of interrogatories permitted for Nationstar under the Federal Rules of Civil Procedure.  Plaintiff further objects to the extent the term "unqualified" in the interrogatory is not defined and therefore is ambiguous. Notwithstanding the foregoing, Plaintiff responds as follows:

Plaintiff has produced all non-privileged documents responsive to this interrogatory in response to his document responses and described all responsive facts in his responses to requests for admission.  Plaintiff also incorporates his responses to interrogatory no. 6 by this reference and his prior responses to his first set of admissions from Nationstar (and any further amendments thereto now in the future as necessary and appropriate).

**INTERROGATORY NO. 9**: If you contend the fees at issue in the Amended Complaint are incidental to the principal obligation secured by the Deed of Trust state all facts supporting your contention.

**RESPONSE TO INTERROGATORY NO. 9**:  Plaintiff objects to the extent the phrase "incidental to the principal obligation secured by the Deed of Trust" in the interrogatory is not defined and therefore is ambiguous.   Plaintiff further objects to the suggestion by the interrogatory that the 'obligation' may not also include the underlying mortgage note and is limited to just the deed of trust when under Maryland law both instruments represent the 'mortgage debt' by a borrower. Plaintiff further objects to this interrogatory since when combined with the previous interrogatories and specifically Interrogatory No. 8 (which includes up to 32 separate interrogatories), this interrogatory exceeds the limits permitted

by the Federal Rules of Civil Procedure.  Notwithstanding the foregoing, Plaintiff responds as follows:

The payoff statement included a $25 charge for providing the payoff statement which was not part of the contract creating the mortgage debt and was not allowed under applicable law. Nationstar demanded the payment to satisfy Plaintiff's loan with Freddie Mac and explained as follows on the payoff statement itself in its standard and uniform "Frequently Asked Questions" portion of the payoff statement:  "Upon processing the payment in full, we will forward the necessary documents to the Trustee and/or County Recorder's Office to release the lien…"  Also, Nationstar's standard and uniform payoff statement issued to Plaintiff also included the $25 fee as part of the "**TOTAL PAYOFF AMOUNT**" demanded by Nationstar to satisfy Plaintiff's loan with Freddie Mac (emphasis in original).

**INTERROGATORY NO. 10:** State all facts you rely on in support of your contention that a fee to provide an expedited payoff statement is a "pay-to-pay" fee.

> **RESPONSE TO INTERROGATORY NO. 10:**  Plaintiff objects to the extent the phrase "expedited payoff statement" in the interrogatory is not defined and therefore is ambiguous.  Plaintiff further objects to this interrogatory since when combined with the previous interrogatories and specifically Interrogatory No. 8 (which includes up to 32 separate interrogatories), this interrogatory exceeds the limits permitted by the Federal Rules of Civil Procedure.

Notwithstanding the foregoing, Plaintiff responds as follows:  In order to pay off the Plaintiff's loan with Freddie mac, Nationstar's standard and uniform payoff statement issued to Plaintiff included the $25 fee as part of the "**TOTAL PAYOFF AMOUNT**" (emphasis in original) which means to pay-off the loan Plaintiff was required by Nationstar to pay the fee (just like it imposed and collected from the other plaintiffs in this action and the putative class members.  Further, Nationstar and its counsel admitted in the

Maryland state courts (the same counsel who represents it in this action) that it knows 'pay-to-pay' a/k/a or 'convenience fees' imposed upon and collected from borrowers are not permitted or allowed.  For example, Nationstar through its authorized counsel John Lynch made the following relevant and material admissions to the occurrence subject to these proceedings to the Circuit Court for Anne Arundel County, Maryland on April 24, 2022:

> "There are plenty of cases…that have declared that convenience fees [for making payments by telephone] that have declared the convenience fees are, you know, violations.  So then, after that May 12th [notice from of Maryland Office of the Commissioner Financial Regulation n/k/a Office of Financial Regulation]…[Nationstar gave] refunds because of the ruling of the Commissioner….Nationstar refunded 1.16 [mission]…And they did it because they have a history in Maryland and then made the decision….they made the business decision that they were going to make that refund [after they were sued in Maryland]."

Later, on February 20, 2024, Nationstar again made multiple relevant and material admissions to the Circuit Court of Anne Arundel County, Maryland by the same law firm representing it in this action: "As an initial matter. [Nationstar]…process[ed]…these convenience fees."

And recently, Nationstar's counsel, including John Lynch, made the following judicial admissions to the Maryland Appellate Court on October 21, 2024:

> Nationstar charged these sums…as convenience fees whenever [a borrower] made her monthly mortgage payments over the telephone—a practice that Nationstar has since discontinued for its mortgage servicing customers in Maryland…Nationstar later…issued similar refunds to all other Maryland customers to whom it had charged similar fees….

> Nationstar subsequently refunded all convenience fees [for payments made by telephone] paid by Maryland borrowers…dating back to October 1, 2018….

> Nationstar ceased collecting all convenience fees for telephonic payments made by Maryland borrowers on May 16, 2022, and ceased charging convenience fees nationwide by July 2, 2022…It also amended its policies and procedures to reflect the change…

Nationstar is also aware of the prior testimony in the *Kemp* action of the Maryland Office of Financial Regulation about its duties and responsibilities as a licensed mortgage servicer in Maryland and it may not impose and charge fees it has no right to collect.

Nationstar also knows from the *Kemp* action that the fees it imposes and collects from a borrower must be authorized by written contract expressly and it is its own responsibility as an assignee of the collection rights to read and review those documents and it may not claim any greater rights than its predecessors or assigns (i.e. Freddie Mac) had to give it.

**INTERROGATORY NO. 11:** State all facts you rely on to support your contention that "[e]ach time a mortgage borrower whose loan is serviced by Nationstar requests a payoff statement related to their loan, Nationstar imposes, charges and/or collects from the borrower one or more Payoff Fees up to $25 per each Payoff Transaction."

**RESPONSE TO INTERROGATORY NO. 11**:  Plaintiff objects to the extent discovery is ongoing and Nationstar has not yet fully responded to Plaintiff's discovery requests and has wrongfully delayed Plaintiff's efforts to further investigate the claims and defenses in the action by seeking to avoid having its officer Courtney Ehinger appear for a deposition for over five months.[1]  Plaintiff further objects to this interrogatory since when combined with the previous interrogatories and specifically Interrogatory No. 8 (which includes up to 32 separate interrogatories), this interrogatory exceeds the limits permitted by the Federal

---

[1]    Plaintiff originally noted this deposition to occur on August 16, 2024 and Nationstar did not timely object but instead declared the witness would not appear.  Plaintiffs and Nationstar tentatively agreed to the witness appearing on October 2, 2024 but Nationstar conditioned its agreement that the witness would never appear for a deposition until the Court ruled on its then pending motion on the judgment on the pleadings.  That motion was denied and Plaintiffs requested Nationstar's cooperation to getting the deposition scheduled in a communication on August 28, 2024, but Nationstar refused to respond.  In light of Nationstar's conduct, Plaintiffs issued a notice on November 8, 2024 for Ms. Ehinger's deposition to occur on December 3, 2014.  On November 20, 2024 Nationstar's counsel Jason Manning declared "due to a December trial and the holidays, Courtney is available in Dallas, TX for deposition January 14-17."

1    Rules of Civil Procedure.   Notwithstanding the foregoing, Plaintiff responds as follows:

2    Based upon the experiences of the Plaintiff and her co-plaintiffs and also the representations

3    of Nationstar and Freddie Mac about Nationstar's wrongful conduct (which Freddie mac

4    used as a basis to be dismissed from the action rather than make Plaintiff and other

5    borrowers right) the practice is upon information and belief uniform and consistent.  In fact

6    in Plaintiff's case the fee was automatic through the portal made available by Nationstar

7    and Plaintiff has no basis to believe Nationstar treated her any differently than any other

8    borrower.  Nationstar has testified previously in multiple cases that it treats all borrowers

9    the same.  Further, Nationstar's custom and practice is not to stop its wrongful fee churning

10   practices until a borrower sues it even when it knows the practices are wrong.  For example,

11   Nationstar, through its authorized counsel John Lynch, made the following relevant and

12   material admissions to the occurrence subject to these proceedings (i.e. pay-to-pay fees) to

13   the Circuit Court for Anne Arundel County, Maryland on April 24, 2022:

14       "There are plenty of cases…that have declared that convenience fees [for
         making payments by telephone] that have declared the convenience fees are,
15       you know, violations.  So then, after that May 12th [notice from of Maryland
         Office of the Commissioner Financial Regulation n/k/a Office of Financial
16       Regulation]…[Nationstar gave] refunds because of the ruling of the
         Commissioner….Nationstar refunded 1.16 [mission]…And they did it
17       because they have a history in Maryland and then made the decision….they
         made the business decision that they were going to make that refund [after
18       they were sued in Maryland]."

19   Later, on February 20, 2024, Nationstar again made multiple relevant and material

20   admissions to the Circuit Court of Anne Arundel County, Maryland by the same law firm

21   representing it in this action: "As an initial matter. [Nationstar]…process[ed]…these

22   convenience fees."  And recently, Nationstar's counsel, including John Lynch, made the

23   following judicial admissions to the Maryland Appellate Court on October 21, 2024:

24       Nationstar charged these sums…as convenience fees whenever [a borrower]
         made her monthly mortgage payments over the telephone—a practice that

Nationstar has since discontinued for its mortgage servicing customers in Maryland…Nationstar later…issued similar refunds to all other Maryland customers to whom it had charged similar fees….

Nationstar subsequently refunded all convenience fees [for payments made by telephone] paid by Maryland borrowers…dating back to October 1, 2018….

Nationstar ceased collecting all convenience fees for telephonic payments made by Maryland borrowers on May 16, 2022, and ceased charging convenience fees nationwide by July 2, 2022…It also amended its policies and procedures to reflect the change…

Further Nationstar has testified previously by its authorized corporate designee that in its system of record, known as LSAMS, "we have coding that kind of tells us what's going on with the account.…[which includes a] detailed transaction history…[with the] purpose [of providing a] basic[]..accounting function of – accounting of the application of the mortgage payments, fees and costs tied to the account, anything that might affect the loan balances…"

Further Nationstar has also testified previously by its authorized corporate designee that is responsible on behalf of the owner of the mortgage loans it services to send to borrowers periodic statements about the loan and "those statements identify fees and charges and interest and principal owed" on a borrower's loan.  That testimony also confirms that LSAMS provides "[t]he status of the account…, the transaction history, [and] the communication history."

Plaintiff's discovery requests have been wrongfully delayed by Nationstar which have prevented her from further relevant investigation of the claims and defenses in the action including by seeking to avoid having its officer Courtney Ehinger not be willing to appear for a deposition for over five months.  *See* FN 1 *supra*.  When Nationstar provides its past-due discovery, Plaintiff will supplement this response with more precise data. Pursuant to Federal and State law, Nationstar is required to have produced this information in less than ten days but has elected to conceal it.

**INTERROGATORY NO. 12:** State all facts you rely on to support your contention that "Nationstar has known since at least 2018 and thereafter that it was improper for it to impose … "pay-to-pay fees related to payoff statements." Include in your answer all facts identifying communications or other publications of the "CFPB and other regulators" that purportedly advised Nationstar that it was "improper" to charge a fee for providing an expedited payoff statement.

**RESPONSE TO INTERROGATORY NO. 12:** Plaintiff objects to the extent the phrase "expedited payoff statement" in the interrogatory is not defined and therefore is ambiguous. Plaintiff further objects to this interrogatory since when combined with the previous interrogatories and specifically Interrogatory No. 8 (which includes up to 32 separate interrogatories), this interrogatory exceeds the limits permitted by the Federal Rules of Civil Procedure.   Notwithstanding the foregoing, Plaintiff responds as follows:

In addition to the reported cases and law already identified in the proceeding and the Plaintiffs' prior filings, the Plaintiff believes this is a fair and just position and belief since Nationstar and its counsel in the Maryland state courts (the same counsel who represents it in this action) have admitted as much in public proceedings.  For example:

Nationstar through its authorized counsel John Lynch made the following relevant and material admissions to the occurrence subject to these proceedings to the Circuit Court for Anne Arundel County, Maryland on April 24, 2022:

"There are plenty of cases…that have declared that convenience fees [for making payments by telephone] that have declared the convenience fees are, you know, violations.  So then, after that May 12th [notice from of Maryland Office of the Commissioner Financial Regulation n/k/a Office of Financial Regulation]…[Nationstar gave] refunds because of the ruling of the Commissioner….Nationstar refunded 1.16 [mission]…And they did it because they have a history in Maryland and then made the decision….they made the business decision that they were going to make that refund [after they were sued in Maryland]."

1   On February 20, 2024, Nationstar again made multiple relevant and material

2   admissions to the Circuit Court of Anne Arundel County, Maryland by the same law

3   firm representing it in this action:

4          As an initial matter. [Nationstar]…process[ed]…these convenience
       fees.

5

6   And again, Nationstar's counsel, including John Lynch, made the following judicial

7   admissions to the Maryland Appellate Court on October 21, 2024:

8          Nationstar charged these sums…as convenience fees whenever [a borrower]
       made her monthly mortgage payments over the telephone—a practice that
9          Nationstar has since discontinued for its mortgage servicing customers in
       Maryland…Nationstar later…issued similar refunds to all other Maryland
10         customers to whom it had charged similar fees….

11         Nationstar subsequently refunded all convenience fees [for payments made
       by telephone] paid by Maryland borrowers…dating back to October 1,
12         2018….

13         Nationstar ceased collecting all convenience fees for telephonic payments
       made by Maryland borrowers on May 16, 2022, and ceased charging
14         convenience fees nationwide by July 2, 2022…It also amended its policies
       and procedures to reflect the change…

15

16   When Nationstar provides its past-due discovery Plaintiff will supplement this response

17   with more precise data and information.  *See* FN 1 *supra*.

18   Nationstar has also known since the commencement of the *Kemp* action and its failed

19   arguments in Maryland's appellate courts in that action that it is not permitted any greater

20   rights than its assignors and/or predecessors had to give it to collect any sums (including

21   fees for payoff statements) unless those fees are expressly authorized in writing or by law.

22   Further, Nationstar knows from the Kemp action and its failed arguments there that all

23   mortgages are subject to the applicable laws governing them.  Nationstar and the same

24   attorneys representing it in this action have also previously admitted "[p]ayoff statement

1   requests are governed by the Truth in Lending Act (TILA), Regulation Z—12

2   C.F.R.1026.36(c)(3)...*See also* 15 U.S.C. § 1639(t).” *Maribel v. Nationstar*, USDC for the

3   SD of Florida (Case No.1:23-cv-20114-JAL) at ECF. 32, Page 13 of 19). *See also Suarez v.*

4   *Nationstar*, USDC for the SD of Florida (Case No.1:23-cv-23238-DSL) at ECF. 18, Page13

5   of 19) (same statement as in *Maribel*).  Since it freely admitted that payoff statements are

6   governed by TILA, Nationstar also knows it is barred from imposing any fees for any payoff

7   statements. *See* 12 U.S.C.A. §2610.  Put another way, Congress gave Plaintiff and her

8   husband and all other borrowers the right to request a payoff statement under the Truth in

9   Lending Act (“TILA”), and under the Real Estate Settlement Procedures Act (“RESPA”)

10  Congress also barred any fee for disclosures and statements authorized by TILA.  Those

11  laws have not changed and Nationstar is required by Freddie mac and the other owners of

12  the loans it collects upon to follow the law and ensure it does not impose fees it is not

13  permitted to impose and collect.

14  **INTERROGATORY NO. 13:** If you contend that you gave notice to Nationstar pursuant to

15  Section 20 of the Deed of Trust of the claims you assert in the Complaint or the Amended Complaint

16  state all facts supporting your contention, including the date of the notice, the form of the notice,

17  and the address to which the notice was delivered.

18      **RESPONSE TO INTERROGATORY NO. 13:**  Plaintiff objects to the request as it

19      seeks information which is not relevant or material to the claims and defenses before the

20      Court which are based largely on statutory and regulatory requirements which do not

21      require any written notice to Nationstar and Nationstar is not the owner of Plaintiff’s loan

22      which is Freddie Mac and Nationstar’s claim that it is the owner entitled to notice is

23      legally erroneous.   Plaintiff further objects since Plaintiff’s claims concern fees not

24      actually authorized by any loan documents and therefore the deed of trust’s notice

provision does not apply to the claims asserted since the fee at issue does not arise from the instrument. Plaintiff further objects since she gave notice to Freddie Mac as the loan owner on her behalf and on behalf of others and Freddie Mac did not respond.  Plaintiff further objects to this interrogatory since when combined with the previous interrogatories and specifically Interrogatory No. 8 (which includes up to 32 separate interrogatories), this interrogatory exceeds the limits permitted by the Federal Rules of Civil Procedure. Notwithstanding the foregoing, Plaintiff responds as follows:

The allegations in the Complaint regarding Freddie Mac are moot since they were dismissed from the case and claims of breach of contract are not before the Court anymore.  However, as a precaution, Plaintiff sent a grievance notice to Freddie Mac under paragraph 20 for her alternative breach of contract claim, on her behalf and on behalf of others like her, and Freddie Mac never responded.  Upon information and belief, Plaintiff reasonably assumes Freddie Mac loan alerted Nationstar to the problem since Nationstar was its agent and collector.

**INTERROGATORY NO. 14:** Identify and state with specificity all damages that you seek from Nationstar in this action, including a description and the amount of any statutory damages, actual, emotional, or financial damages, punitive damages, attorneys' fees, costs, out-of-pocket expenses, etc.  Please include in your answer any calculations, breakdowns or computations associated with your alleged damages.

**RESPONSE TO INTERROGATORY NO. 14:**  Plaintiff objects to the extent discovery is ongoing and Nationstar has not yet fully responded to Plaintiff's discovery requests and has wrongfully delayed Plaintiff's efforts to further investigate the claims and defenses in the action by seeking to avoid having its officer Courtney Ehinger appear for a deposition for over five months.  *See* FN 1 *supra*. Plaintiff further objects to this interrogatory since

when combined with the previous interrogatories and specifically Interrogatory No. 8 (which includes up to 32 separate interrogatories), this interrogatory exceeds the limits permitted by the Federal Rules of Civil Procedure.  Notwithstanding the foregoing, Plaintiff responds as follows:

On behalf of the putative class members, co-plaintiffs, and Plaintiff, the actual damages sought in this action are a return of 100% of all fees imposed and collected by Nationstar from Plaintiff and the putative class members and co-plaintiffs related to the issuance of a payoff statement during the appropriate class periods.  In addition, Plaintiff also notes Plaintiff Hackinen also seeks statutory damages available under the Fair Debt Collection Practices Act to himself and subclass of the putative class members, Plaintiff also seeks disgorgement of Nationstar's profits as a result of its unjust enrichment—including the fees and charges it imposed and collected from the putative class members as a result of the issuance of the inaccurate payoff statements with the fees subject to the occurrence at issue in this action.  In addition, Plaintiff also seeks pre-judgment interest on her behalf and on behalf of the putative class members who are entitled to a return of the payments they received.  This is a fair and just result as admitted to by Nationstar and its counsel in the Maryland state courts (the same counsel who represents it in this action).  For example:

Nationstar through its authorized counsel John Lynch made the following relevant and material admissions to the occurrence subject to these proceedings to the Circuit Court for Anne Arundel County, Maryland on April 24, 2022:

"There are plenty of cases…that have declared that convenience fees [for making payments by telephone] that have declared the convenience fees are, you know, violations.  So then, after that May 12th [notice from Maryland Office of the Commissioner Financial Regulation n/k/a Office of Financial Regulation]…[Nationstar gave] refunds because of the ruling of the Commissioner….Nationstar refunded 1.16 [mission]…And they did it because they have a history in Maryland and then made the decision….they

made the business decision that they were going to make that refund [after they were sued in Maryland]."

On February 20, 2024, Nationstar again made multiple relevant and material admissions to the Circuit Court of Anne Arundel County, Maryland by the same law firm representing it in this action:

> As an initial matter. [Nationstar]...process[ed]...these convenience fees.

And again, Nationstar's counsel, including John Lynch, made the following judicial admissions to the Maryland Appellate Court on October 21, 2024:

> Nationstar charged these sums...as convenience fees whenever [a borrower] made her monthly mortgage payments over the telephone—a practice that Nationstar has since discontinued for its mortgage servicing customers in Maryland...Nationstar later...issued similar refunds to all other Maryland customers to whom it had charged similar fees....

> Nationstar subsequently refunded all convenience fees [for payments made by telephone] paid by Maryland borrowers...dating back to October 1, 2018....

> Nationstar ceased collecting all convenience fees for telephonic payments made by Maryland borrowers on May 16, 2022, and ceased charging convenience fees nationwide by July 2, 2022...It also amended its policies and procedures to reflect the change...

When Nationstar provides its past-due discovery (see FN 1) Plaintiff will supplement this response with more precise data.  Pursuant to Federal and State law, Nationstar is required to have produced this information in less than ten days but has elected to conceal it.

**INTERROGATORY NO. 12:** State all facts you rely on in support of your claims that the "actual cost for Nationstar to produce these statements involved mere seconds" and "amounted to mere pennies of the sum charged and collected." Include in your response the identity of any documents or

other materials supporting your claims.  If no such documents exist, please indicate so in your response.

**RESPONSE TO INTERROGATORY NO. 12:** Plaintiff objects to the extent discovery is ongoing and Nationstar has not yet fully responded to Plaintiff's discovery requests and has wrongfully delayed Plaintiff's efforts to further investigate the claims and defenses in the action by seeking to avoid having its officer Courtney Ehinger appear for a deposition for over five months. *See* FN 1 *supra*.  Plaintiff objects further to the extent Nationstar seeks by this interrogatory to shift its burden of persuasion and proof on the actual costs incurred by it in preparing a payoff statement subject to these proceedings.  Plaintiff further objects to this interrogatory since when combined with the previous interrogatories and specifically Interrogatory No. 8 (which includes up to 89 separate interrogatories), this interrogatory exceeds the limits permitted by the Federal Rules of Civil Procedure.  Notwithstanding the foregoing, Plaintiff responds as follows as follows:

Nationstar's authorized corporate designees have routinely testified that they maintain this data and information to a precise sum on its system of record and that testimony under penalties of perjury has been produced in Plaintiffs' document production.  Further, Plaintiff responds by stating that she was able to obtain her payoff statement through Nationstar's portal in seconds.  This occurred so fast that there can be no true costs involved since no human eyes likely ever reviewed or approved the statements which were simply generated by Nationstar's system of record.  Plaintiff has produced Nationstar's records which are responsive this interrogatory.

1  DATED December 9, 2024

2

3                                    _/s/ Christina L. Henry_____
                                    Christina L Henry, WSBA 31273
                                    SEATTLE CONSUMER JUSTICE, P.S.
4                                    Counsel for Plaintiffs
                                    10728 16th Ave SW
5                                    Seattle, WA 98146
                                    206-330-0595 Fax 206-400-7609
6                                    chenry@hdm-legal.com

7                                    _/s/ Phillip R. Robinson_____
                                    Phillip R. Robinson (admitted *Pro Hac Vice*)
8                                    Consumer Law Center, LLC
                                    Counsel for Plaintiffs
9                                    1220 Blair Bill Road, Suite 1105
                                    Silver Spring, MD 20910
10                                   301-448-1304
                                    phillip@marylandconsumer.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

2                                    **<u>VERIFICATION</u>**

3       I, Catherine Palazzo have personally answered the above Interrogatories.  I declare under the

4       penalty of perjury that the foregoing is true and correct.

5

6       EXECUTED on this date _____
                                   12/9/2024

7       ┌─────────────────────────────────────┐
        │         Catherine Palazzo            │
        │ ID kuUSLw4fi7wcLJLZZvfoSLE7          │
        └─────────────────────────────────────┘

8       Catherine Palazzo

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

## CERTIFICATE OF SERVICE

2

3
I hereby certify that on December 9, 2024, a true and correct copy of the foregoing was served on the parties listed below via electronic mail:

| | |
|---|---|
| 4    John Lynch<br>TROUTMAN PEPPER HAMILTON SANDERS,<br>5    LLP<br>100 SW Main Street, Suite 1000<br>6    Portland, Oregon 97204 | Email: John.lynch@troutman.com<br><br>Attorneys for Defendant<br>NATIONSTAR MORTGAGE LLC |
| 7    Jason Manning<br>TROUTMAN PEPPER HAMILTON SANDERS,<br>LLP<br>8    100 SW Main Street, Suite 1000<br>Portland, Oregon 97204 | Email: Jason.manning@troutman.com<br><br>Attorneys for Defendant<br>NATIONSTAR MORTGAGE LLC |
| 9    Tom Abbott<br>TROUTMAN PEPPER HAMILTON SANDERS,<br>10    LLP<br>100 SW Main Street, Suite 1000<br>11    Portland, Oregon 97204 | Email:<br>Thomas.Abbott@troutman.com<br><br>Attorneys for Defendant<br>NATIONSTAR MORTGAGE LLC |
| Emily J. Harris<br>12    CORR CRONIN LLP<br>1001 Fourth Avenue, Suite 3900<br>Seattle, Washington 98154 | Email: eharris@corrcronin.com<br><br>Attorneys for Defendant<br>NATIONSTAR MORTGAGE LLC |

13

14
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Signed on December 9, 2024.

15

16
*Christina L. Henry*
Christina L. Henry

17

18

19

20

21

22

23

24

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **kuUSLw4fi7wcLJLZZvfoSLE7** |
| Signed by: | Catherine Palazzo |
| Sent to email: | cathypalazzo@live.com |
| IP Address: | 173.23.211.18 |
| Signed at: | Dec 9 2024, 4:12 pm EST |