# EXHIBIT 18



The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

RICARDO SALOM, CATHERINE
PALAZZO as assignee for Ruben Palazzo, and
PETER HACKINEN, on their own behalf and
on behalf of other similarly situated persons,

        Plaintiffs,

    vs.

NATIONSTAR MORTGAGE LLC,

And

FEDERAL HOME LOAN MORTGAGE
ASSOCIATION, on its own behalf and on
behalf of similarly situated persons,

        Defendants.

Case No. 2:24-cv-00444-BJR

**RICARDO SALOM'S RESPONSES TO
NATIONSTAR MORTGAGE LLC'S
FIRST SET OF INTERROGATORIES
(FULL ANSWERS)**

**PLAINTIFF RICARDO SALOM'S RESPONSES TO
NATIONSTAR'S FIRST INTERROGATORIES**

Plaintiff Ricardo Salom, by and through his undersigned counsel, in response to

Defendant Nationstar Mortgage LLC's ("Mr. Cooper" or Nationstar") First Set of

Interrogatories, responds as follows:

**GENERAL OBJECTIONS, LIMITATIONS & INCORPORATIONS**

A. The information contained in these Answers is being provided in accordance with
the provisions and intent of the Federal Rules of Civil Procedure which require the
disclosure of all facts which may be relevant or may lead to the discovery of relevant

information. Accordingly, the party answering these Interrogatories, by providing the information requested, does not waive objection to its admission in evidence or grounds for objection.

B. The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes the known knowledge of the party, the party's agents, representatives, and attorneys, unless privileged.

C. The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers, and thus, does not necessarily purport to be the particular language of the executing party.

D. These Answers are subject to supplementation.

E. The Interrogatories have been interpreted and answered in accordance with the Federal Rules of Civil Procedure, plain English usage, and to the extent not specifically challenged by objection, the definitions and instructions included with the Requests.

F. Plaintiff generally objects to the Interrogatories to the extent that they are overly broad, impermissibly vague, and fail to describe the information sought with reasonable particularity.

G. Plaintiff generally objects to the Interrogatories to the extent they seek information that is not reasonably calculated to lead the discovery of admissible evidence in this case.

H. Plaintiff generally objects to the Interrogatories to the extent they seek the disclosure of information that:

> (i) is subject to the attorney-client privilege;
> (ii) constitutes trial preparation material or other work-product material as defined by the Federal Rules of Civil Procedure and Evidence;
> (iii) constitutes confidential information; and
> (iv) is subject to any other applicable privilege under federal or state law.

I. Plaintiff generally objects to the Interrogatories to the extent that they seek information that is already in the possession, custody or control of Defendant and its agents, affiliates and/or principals, or is publicly available from other sources.

J. Plaintiff generally objects to the extent the Interrogatories are inconsistent with the requirements of the Federal Rules of Civil Procedure.

K. Plaintiff generally objects, since this matter largely concerns Nationstar's omissions and concealment of certain matters, to provide information that is more readily available to it than it is to the Plaintiff, and because requiring Plaintiff to answer would enlist the service of Plaintiff and Plaintiff's counsel in the preparation of Defendant's case—to which Nationstar has wrongfully withheld responsive

discovery served upon it months ago without the right to do so and in bad faith.

**INTERROGATORY NO. 1**: Identify by date and amount all fees or other sums you claim Nationstar improperly charged with respect to the Loan.

   **RESPONSE TO INTERROGATORY NO. 1**:

   In response to a request for a payoff, on June 29, 2022, Nationstar included the imposition of a $25.00 payoff fee for the payoff statement related to Salom's former, residential mortgage loan related to his former home and property (14608 Quince Orchard Road) in the State of Maryland (before he relocated to the State of Washington). The $25 fee was not expressly authorized by any contract or applicable law.  Nationstar demanded the payoff fee from Salom when it issued the payoff statement on or about June 29, 2022 which demanded the total sum of $212,405.83 which included the $25 fee subject to this action for Plaintiff to obtain the payoff statement.  That sum (including the improperly charged fee for the payoff statement) was paid and disbursed to Nationstar by the settlement agent for the sale of Plaintiff's former home on July 12, 2022.

**INTERROGATORY NO. 2**: Describe all facts in support of your assertion that the fees described in the Amended Complaint were unlawful or improper.

   **RESPONSE TO INTERROGATORY NO. 2**:

   Plaintiff had no signed, written contract with the owner of my former mortgage loan—Fannie Mae—related to his former home and property which expressly authorized any fee for him or others on his behalf to obtain a payoff statement on the former mortgage loan.  Other fees were expressly authorized but not a fee for payoff statement

1   which was never expressly authorized by either himself or Fannie Mae.  Plaintiff never

2   authorized Nationstar, who is simply a debt collector (it became the collector on his loan

3   when the loan was in default and it collected on behalf of Fannie Mae), to impose and

4   collect fees not agreed to by his standard, written mortgage contract with Fannie Mae.

5   Nationstar never asked Plaintiff to sign any documents authoring the imposition and

6   collection of a fee for a payoff statement.  Plaintiff knows now that Nationstar knew from

7   its prior conduct and admissions in other cases that it is not permitted to impose and

8   collect additional "convenience" or "pay-to-pay" fees from him and other borrowers

9   wishing to make payment to it.  For example, it voluntarily refunded more than a million

10  dollars to Maryland residents alone for similar conduct, after it was sued, and its

11  attorneys in this action have represented to various Maryland Courts that Nationstar

12  knows its conduct is unlawful and improper (not just in Maryland but elsewhere for the

13  same reasons).  Nationstar and the same attorneys representing it in this action have also

14  previously admitted "[p]ayoff statement requests are governed by the Truth in Lending

15  Act (TILA), Regulation Z—12 C.F.R.1026.36(c)(3)...*See also* 15 U.S.C. § 1639(t)."

16  *Maribel v. Nationstar*, USDC for the SD of Florida (Case No.1:23-cv-20114-JAL) at

17  ECF. 32, Page 13 of 19). *See also Suarez v. Nationstar*, USDC for the SD of Florida

18  (Case No.1:23-cv-23238-DSL) at ECF. 18, Page13 of 19) (same statement as in *Maribel*)

19  and since it freely admitted that payoff statements are governed by TILA, it is barred

20  from imposing any fees for any payoff statements. *See* 12 U.S.C.A. §2610.  Put another

21  way, Congress gave me and all other borrowers the right to request a payoff statement

22  under the Truth in Lending Act ("TILA") and under the Real Estate Settlement

23  Procedures Act ("RESPA") Congress also barred any fee for disclosures and statements

24  authorized by TILA.  Further, no Maryland law expressly authorized Nationstar to

1    impose and collect a fee for a payoff statement either. Further, pursuant to its license to

2    conduct mortgage business in Maryland Nationstar knew that it was prohibited by

3    regulation from imposing and collecting fees from borrowers without a written, signed

4    agreement but it ignored that regulation. These and other laws and regulations are

5    incorporated into the terms of Plaintiff's former mortgage documents and Nationstar

6    knows this because the Maryland Supreme Court told it so just a few years ago in the

7    *Kemp* case. Nationstar is paid a fee by Fannie Mae and the other owners of the loans its

8    services and collects upon like Plaintiff's former loan. It is unjust for it to collect or even

9    attempt to collect other sums from me than the fee it already agreed to from the owner of

10   my former loan and the loans of the putative class members as well. Nationstar already

11   admitted as much to various Maryland courts about similar conduct for a related but

12   different fee. Also, the fees for payoff statements are improper also to the extent that

13   they exceed Nationstar's actual costs to prepare and provide. Based upon my experience

14   and the experiences of other borrowers like me and Nationstar's own admissions, the

15   payoff statement are generated from Nationstar's automated system of record in a matter

16   of seconds and it is required to have this system of record under Federal and State

17   regulations governing its conduct so there is no extra or direct cost to justify a $25 dollar

18   fee (or any other sums) for me and other borrowers to obtain a statement Congress says

19   they are entitled to get. While Nationstar may object to having to have a system of

20   record required by Federal and State laws and regulations, it can't pass costs to maintain

21   that system to me through a fee-for-payoff statement which Congress said Plaintiff and

22   other borrowers do not have to pay for. To the extent Nationstar wishes to be reimbursed

23   for the cost of servicing its remedy is with the owners of the loans, including Fannie

24   Mae. It could simply negotiate a larger servicing fee instead of churning junk fees it

knows it is not permitted to impose and collect. In this case Freddie Mac also has taken the legal position that it cannot be responsible for Nationstar's unlawful and otherwise improper conduct and the Court dismissed Freddie Mac from the action.  Upon information and belief Fannie Mae  loan and the owners of all other loans serviced and collected by Nationstar would take the same position as Freddie Mac did in this litigation.  Therefore, as the agent for Freddie Mac, Fannie Mae, and the owners of all other loans subject to this action, Nationstar is estopped from claiming the fees for payoff statements as \lawful and proper.  Nationstar also reported the fees subject to this action on Plaintiff's periodic statements (7/5/2022 and 7/22/2022) as owed and collected the fees according to his monthly payment and never disclosed to Plaintiff that its representations were not accurate.

**INTERROGATORY NO. 3**: Identify all payoff statements you requested from Nationstar in  relation to the Loan by:

- date of request,

- method of your request,

- all reasons for your request

- the time frame in which you requested the payoff statement[s] be delivered,

- whether you requested expedited delivery of the payoff statement[s],

- what you were told about the payoff statement and any associated fee, and

- whether you were assessed or paid a charge for each payoff statement.

**RESPONSE TO INTERROGATORY NO. 3**:    Plaintiff objects to parts of this interrogatory that are not relevant or material to any applicable, bona fide claim or defense before the Court in this action. Specifically, whatever the method or means the Plaintiff and the putative class members obtained a payoff statement, authorized

by Congress in the Truth in Lending Act, does not authorize a fee to be imposed

and collected by Nationstar for the statement. Plaintiff further objects since

Nationstar has previously admitted "[p]ayoff statement requests are governed by

the Truth in Lending Act (TILA), Regulation Z—12 C.F.R.1026.36(c)(3)...*See*

*also15* U.S.C. § 1639(t)." *Maribel v. Nationstar*, USDC for the SD of Florida (Case

No.1:23-cv-20114-JAL) at ECF. 32, Page13 of 19). *See also Suarez v. Nationstar*,

USDC for the SD of Florida (Case No.1:23-cv-23238-DSL) at ECF. 18, Page 13 of

19) (same statement as in *Maribel*) and since it freely admitted that payoff

statements are governed by TILA, it is barred from imposing any fees for any

payoff statements. *See* 12 U.S.C.A. § 2610. Plaintiff further objects that the term

"expedited payoff statement" is not defined and in any event, whatever the

meaning, has no relevance to the claims and defenses before the Court

Notwithstanding the foregoing, Notwithstanding the foregoing, Plaintiff responds

as follows:

A payoff statement was requested from Nationstar d/b/a Mr. Cooper on behalf of

Fannie Mae, related to Salom's mortgage loan, on June 29, 2022. As part of the sale

of Salom's house, he paid $210,965.10 to Nationstar on July 12, 2022, which

included the amount of this payoff fee imposed and demanded by Nationstar. As

Salom's agents who were assisting him with the sale of his home the payoff

statement request was made on his behalf, but he has no personal knowledge of

whether "expedited delivery" was requested and or what was said about the payoff

statement fee. Salom was assessed a payoff fee of $25 on the payoff issued on June

29, 2022 as reflected on the payoff statement and on his subsequent periodic

statements.  Plaintiff never authorized Nationstar or anyone acting on his behalf to

sign any modification of his former mortgage to impose and collect fees not expressly authorized by law or contract.

**INTERROGATORY NO. 4**: Identify when you paid off the loan by:

- the date of payoff,

- the method of payment,

- the amount,

- any payoff statement you relied upon for that payoff amount,

- and all reasons for your payoff of the Loan.

**RESPONSE TO INTERROGATORY NO. 4**: Plaintiff objects to parts of this interrogatory that are not relevant or material to any applicable, bona fide claim or defense before the Court in this action. Plaintiff objects to the term "payoff" which is not defined. Assuming that Nationstar intends the term to mean a satisfaction of the loan, Plaintiff further objects to the interrogatory since it would be seeking facts which are not relevant and to the action which is based upon whether or not Nationstar may impose and collect a fee from the Plaintiff and other borrowers for receiving a payoff statement which is neither authorized by any law or written, signed contract of the parties to the mortgage loan. Plaintiff further objects since Nationstar has previously admitted "[p]ayoff statement requests are governed by the Truth in Lending Act (TILA), Regulation Z—12 C.F.R.1026.36(c)(3)...*See also*15 U.S.C. § 1639(t)." *Maribel v. Nationstar*, USDC for the SD of Florida (Case No.1:23-cv-20114-JAL) at ECF. 32, Page 13 of 19). *See also Suarez v. Nationstar*,

1    USDC for the SD of Florida (Case No.1:23-cv-23238-DSL) at ECF. 18,

2    Page13 of 19)(same statement as in *Maribel*) and since it freely admitted

3    that payoff statements are governed by TILA, it is barred from imposing

4    any fees for any payoff statements. See12 U.S.C.A. §2610.

5    Notwithstanding the foregoing, Plaintiff responds as follows:  Salom

6    closed the sale of his home on July 12, 2022 and as part of that closing, his

7    former loan owned by Fannie Mae was paid in full in the amount of

8    $210,965.10, including payment of the $25.00 payoff fee.  In addition, it

9    should be noted that Plaintiff's second loan (then collected by Truist f/k/a

10   SunTrust) was also paid off and it did not demand or collect any fee for its

11   faxed payoff statement in contrast to Nationstar who unlawfully and

12   without authorization did so.  Further, Plaintiff's prior servicer provided

13   Plaintiff with a payoff statement on May 31, 2016 and also did not impose

14   a fee for doing so.

15   **INTERROGATORY NO. 5**: Identify all persons with knowledge of the allegations

16   in your Complaint and Amended Complaint including the damages and relief that you

17   claim you are entitled to, and for each such person identified, set forth his or her name,

18   address, and current telephone number, as well as a detailed description of the scope of

19   each such person's knowledge relating to this action.

20   **RESPONSE TO INTERROGATORY NO. 5**:  Plaintiff objects to the extent the

21   interrogatory seeks attorney-client communications and protected work product

22   which is not discoverable. Notwithstanding the foregoing, Plaintiff responds as

23   follows:

24

The allegations in the Complaint regarding Freddie Mac are moot since they were dismissed from the case. The plaintiff reviewed the Complaint before it was filed. Plaintiff also reviewed the Amended Complaint before it was filed. In addition Plaintiff and his attorneys as well as Nationstar and its agents and affiliates, Plaintiff believes the following persons may have knowledge related to the occurrence described in the Amended Complaint and the payoff of his former loan subject to this action:

- Unknown agents and employees of Amerikor Title & Escrow, LLC who conducted or were involved in the sales transaction of Plaintiff's former home and property when the loan was paid off.

- Unknown agents and employees of Fannie Mae who owned Plaintiff's former mortgage loan.

- Certain attorneys and their agents of Nationstar and Fannie Mae from the *Kemp* action who were put on notice of my records and Nationstar's practices.

**INTERROGATORY NO. 6**: Identify and describe all communications or correspondence you or any of your representatives have had with Nationstar relating to any payoff statement or a fee associated with a payoff statement. Your answer should include the date and description of each such contact, the manner of communication (i.e. via email, letter, telephone, etc.), as well as the identity of all persons present or involved in such communications.

     **RESPONSE TO INTERROGATORY NO. 6**: Plaintiff objects to the extent the interrogatory seeks attorney-client communications that are not discoverable. Plaintiff further objects to the extent the interrogatory infers that certain modes of

communications took place related to the subject of the interrogatory that

Nationstar knows are not relevant or material to the occurrence related to Plaintiff

(i.e. oral communications, e-mail communications, voice recording, etc.).

Notwithstanding the foregoing, Plaintiff responds as follows:

- Salom requested a payoff statement through his agent as part of the sale of his home. Nationstar was ultimately paid in full in the amount of $210,965.10 on July 12, 2022 (upon information and belief by wire transmission) which included the $25 fee for the payoff statement.

- Nationstar communicated with Plaintiff about the fee on a written payoff statement (dated 6/29/2022) and also on periodic statements (dated 7/5/2022 and 7/22/2027).

- Plaintiff also acknowledges that he did write and call Nationstar concerning the fees he paid on his former loan on or about October 21, 2022 and thereafter. Nationstar acknowledged this correspondence in letters dated November 23, 2022 and November 28, 2022 and also sent Plaintiff copies of its own records designating the fee subject to this action as part of some of that correspondence. Plaintiff also provided notice of the improper fee in the production of his documents to Nationstar's' counsel in a prior action in which it was a party (i.e. *Kemp*).

**<u>INTERROGATORY NO. 7</u>**: Identify and describe all non-privileged contacts or communications you have had with any third party regarding the subject matter of this lawsuit.  Your answer should include the date and description of each such contact, the manner of communication (*i.e.*, via email, letter, telephone, in-person, etc.), as well as the identity of all persons present or involved in such contacts.

1    **RESPONSE TO INTERROGATORY NO.7**:

2    *See* response to Interrogatory No. 6.   Plaintiff has had no other non-privileged

3    contacts or communications with any third party regarding the subject matter of this

4    lawsuit other than those identified in Interrogatory No. 6.

5    **INTERROGATORY NO. 8**: If your response to any request for admission in

6    Nationstar's first set of requests for admission to you is anything but an unqualified

7    admission, identify the number of the request for admission; describe all facts which

8    preclude you from responding with an unqualified admission; identify all persons who

9    have knowledge of the facts on which you based your response; and identify all

10    documents that relate to the basis for your response.

11    Salom has not had any non-privileged communications regarding the subject matter

12    of this lawsuit.

13    **RESPONSE TO INTERROGATORY NO. 8**:  Plaintiff objects to the extent the

14    interrogatory seeks information already stated in Plaintiff's responses to

15    Nationstar's requests for admission. Plaintiff further objects to the interrogatory

16    which is not properly framed as a single interrogatory but involves responses for up

17    to 62 different requests for admission which exceeds the number of interrogatories

18    permitted for Nationstar under the Federal Rules of Civil Procedure. Plaintiff

19    further objects to the extent the term "unqualified" in the interrogatory is not

20    defined and therefore is ambiguous. Notwithstanding the foregoing, Plaintiff

21    responds as follows:  Plaintiff has produced all non-privileged documents

22    responsive to this interrogatory in response to his document responses and

23    described all responsive facts in his responses to requests for admission.  Plaintiff

24    also incorporates his responses to interrogatory no. 6 by this reference and his prior

1    responses to his first set of admissions from Nationstar (and any further

2    amendments thereto now in the future as necessary and appropriate).

3    **INTERROGATORY NO. 9**: If you contend the fees at issue in the Amended

4    Complaint are incidental to the principal obligation secured by the Deed of Trust state all

5    facts supporting your contention.

6        **RESPONSE TO INTERROGATORY NO. 9**:  Plaintiff objects to the extent the

7        phrase "incidental to the principal obligation secured by the Deed of Trust" in the

8        interrogatory is not defined and therefore is ambiguous. Plaintiff further objects to

9        the suggestion by the interrogatory that the 'obligation' may not also include the

10       underlying mortgage note and is limited to just the deed of trust when under

11       Maryland law both instruments represent the 'mortgage debt' by a borrower.

12       Plaintiff further objects to this interrogatory since when combined with the previous

13       interrogatories and specifically Interrogatory No. 8 (which includes up to 62

14       separate interrogatories), this interrogatory exceeds the limits permitted by the

15       Federal Rules of Civil Procedure. Notwithstanding the foregoing, Plaintiff responds

16       as follows:  The payoff statement included a $25 charge for providing the payoff

17       statement which was not part of the contract creating the mortgage debt and was not

18       allowed under applicable law. Nationstar demanded the payment to satisfy

19       Plaintiff's former loan with Fannie Mae and explained as follows on the payoff

20       statement itself in its standard and uniform "Frequently Asked Questions" portion

21       of the payoff statement:  "Upon processing the payment in full, we will forward the

22       necessary documents to the Trustee and/or County Recorder's Office to release the

23       lien…"  Also, Nationstar's standard and uniform payoff statement issued to

24       Plaintiff also included the $25 fee as part of the "**TOTAL PAYOFF AMOUNT**"

demanded by Nationstar to satisfy Plaintiff's former loan with Fannie Mae

(emphasis in original).

**INTERROGATORY NO. 10:** If you claim that the payoff statement(s) Nationstar

provided to you were not accurate, state all facts you rely on to support that contention.

**RESPONSE TO INTERROGATORY NO. 10:**

The payoff statement included a $25 charge for providing the payoff statement

which was not part of the contract creating the mortgage debt and was not allowed

under applicable law and therefore the statement was not accurate.  Fannie Mae has

testified previously that it expects its servicers to comply with all applicable laws

and not to impose and collect fees that are not permitted by contract and law.  Since

the $25 fee was not expressly authorized by any enforceable, written contract or

applicable law, the payoff statement demanding it to be paid was not accurate and it

is unfair, deceptive, and wrong for Nationstar to impose and collect sums it is not

entitled to collect related to the Plaintiff and the similar putative class members.

**INTERROGATORY NO.  11:**  State all facts you rely on to support your contention

that "Nationstar knew on or before June 23, 2022, it was not permitted to impose and

collect any payoff statement fee that it imposed and collected from Salom but it chose to

do so anyway."

**RESPONSE TO INTERROGATORY NO. 11:**  Plaintiff objects to the extent

discovery is ongoing and Nationstar has not yet fully responded to Plaintiff's

discovery requests and has wrongfully delayed Plaintiff's efforts to further

investigate the claims and defenses in the action by seeking to avoid having its

officer Courtney Ehinger appear for a deposition for over five months.[1]  Plaintiff

further objects to this request since when combined with the previous

interrogatories and specifically Interrogatory No. 8 (which includes up to 62

separate interrogatories), this interrogatory exceeds the limits permitted by the

Federal Rules of Civil Procedure.  Notwithstanding the foregoing, Plaintiff

responds as follows:

The payoff fee at issue for Salom in this lawsuit was issued on June 29, 2022. The

reference to June 23, 2022 in paragraph 86 of the amended complaint is a typo. It

should say June 29, 2022. In any event, the June 29, 2022 payoff statement

included a $25 charge for providing the payoff statement which was not part of the

contract creating the mortgage debt and was not allowed under applicable law.

Nationstar knew it had no right to impose fees and charges not expressly authorized

by contract or law because the Maryland Supreme Court and the Appellate Court of

Maryland told it so in the *Kemp* case when its arguments (as well as Fannie Mae's

arguments) trying to justify a similar junk fee were rejected by those courts.


Further, Nationstar and its counsel admitted in the Maryland state courts (the same

counsel who represents it in this action) that it knows 'pay-to-pay' or 'convenience

fees' imposed upon and collected from borrowers are not permitted or allowed.  For

example, Nationstar through its authorized counsel John Lynch made the following

[1]    Plaintiff originally noted this deposition to occur on August 16, 2024 and Nationstar did not timely object but instead declared the witness would not appear.  Plaintiffs and Nationstar tentatively agreed to the witness appearing on October 2, 2024 but Nationstar conditioned its agreement that the witness would never appear for a deposition until the Court ruled on its then pending motion on the judgment on the pleadings.  That motion was denied and Plaintiffs requested Nationstar's cooperation to getting the deposition scheduled in a communication on August 28, 2024, but Nationstar refused to respond.  In light of Nationstar's conduct, Plaintiffs issued a notice on November 8, 2024 for Ms. Ehinger's deposition to occur on December 3, 2014.  On November 20, 2024 Nationstar's counsel Jason Manning declared "due to a December trial and the holidays, Courtney is available in Dallas, TX for deposition January 14-17."

relevant and material admissions to the occurrence subject to these proceedings to the Circuit Court for Anne Arundel County, Maryland on April 24, 2022:

> "There are plenty of cases…that have declared that convenience fees [for making payments by telephone] that have declared the convenience fees are, you know, violations. So then, after that May 12th [notice from of Maryland Office of the Commissioner Financial Regulation n/k/a Office of Financial Regulation]…[Nationstar gave] refunds because of the ruling of the Commissioner….Nationstar refunded 1.16 [mission]…And they did it because they have a history in Maryland and then made the decision….they made the business decision that they were going to make that refund [after they were sued in Maryland]."

Later, on February 20, 2024, Nationstar again made multiple relevant and material admissions to the Circuit Court of Anne Arundel County, Maryland by the same law firm representing it in this action: "As an initial matter. [Nationstar]…process[ed]…these convenience fees."

And recently, Nationstar's counsel, including John Lynch, made the following judicial admissions to the Maryland Appellate Court on October 21, 2024:

> Nationstar charged these sums…as convenience fees whenever [a borrower] made her monthly mortgage payments over the telephone—a practice that Nationstar has since discontinued for its mortgage servicing customers in Maryland…Nationstar later…issued similar refunds to all other Maryland customers to whom it had charged similar fees….

> Nationstar subsequently refunded all convenience fees [for payments made by telephone] paid by Maryland borrowers…dating back to October 1, 2018….

> Nationstar ceased collecting all convenience fees for telephonic payments made by Maryland borrowers on May 16, 2022, and ceased charging convenience fees nationwide by July 2, 2022…It also amended its policies and procedures to reflect the change…

When Nationstar provides its past-due discovery Plaintiff will supplement this response with more precise data. Pursuant to Federal and State law, Nationstar is

required to have produced this information in less than ten days but has elected to

conceal it.

Nationstar is also aware of the prior testimony in the Kemp action of the Maryland

Office of Financial Regulation about its duties and responsibilities as a licensed

mortgage servicer in Maryland and it may not impose and charge fees it has no right

to collect.

Nationstar also knows from the Kemp action that the fees it imposes and collects

from a borrower must be authorized by written contract expressly and it is its own

responsibility as an assignee of the collection rights to read and review those

documents and it may not claim any greater rights than its predecessors or assigns

(i.e. Fannie Mae) had to give it.

**INTERROGATORY NO. 12:** If you contend that you gave notice to Nationstar

pursuant to Section 20 of the Deed of Trust of the claims you assert in the Complaint or the

Amended Complaint state all facts supporting your contention, including the date of the

notice, the form of the notice, and the address to which the notice was delivered.

**RESPONSE TO INTERROGATORY NO. 12:** Plaintiff objects to the request as

it seeks information which is not relevant or material to the claims and defenses

before the Court which are based largely on statutory and regulatory requirements

which do not require any written notice to Nationstar and Nationstar was not the

owner of Plaintiff's loan which was Fannie Mae and Nationstar's claim that it is the

owner entitled to notice is legally erroneous. Plaintiff further objects since

Plaintiff's claims concern fees not actually authorized by any loan documents and

therefore the deed of trust's notice provision does not apply to the claims asserted

since the fee at issue does not arise from the instrument. Plaintiff further objects

since he gave notice to Fannie Mae as the loan owner on his behalf and on behalf of

others.  Plaintiff objects to the extent discovery is ongoing and Nationstar has not

yet fully responded to Plaintiff's discovery requests and has wrongfully delayed

Plaintiff's efforts to further investigate the claims and defenses in the action by

seeking to avoid having its officer Courtney Ehinger appear for a deposition for

over five months. *See* FN 1 supra.   Plaintiff further objects to this request since

when combined with the previous interrogatories and specifically Interrogatory No.

8 (which includes up to 62 separate interrogatories), this interrogatory exceeds the

limits permitted by the Federal Rules of Civil Procedure.   Notwithstanding the

foregoing, Plaintiff responds as follows:  The allegations in the Complaint are moot

regarding Freddie Mac since they were dismissed from the case and claims of

breach of contract are not before the Court anymore. Plaintiff satisfied all his

obligations under the Deed of Trust when the loan was paid off and Fannie Mae

said so before the Amended Complaint was filed in a public filing.  However, as a

precaution, Plaintiff sent a grievance notice to Fannie Mae which under paragraph

20 is required for the breach of contract claim, on his behalf and on behalf of others

like him.  Fannie Mae acknowledged receipt but never responding with any error

corrections.  Upon information and belief, Plaintiff reasonably assumes Fannie Mae

alerted Nationstar to the problem since Nationstar was its agent and debt collector

and the two of them are aligned.

**INTERROGATORY NO. 13:** Identify and state with specificity all damages that you

seek from Nationstar in this action, including a description and the amount of any

statutory damages, actual,  emotional, or financial damages, punitive damages, attorneys'

fees, costs, out-of-pocket expenses, etc.  Please include in your answer any calculations,

breakdowns or computations associated with your alleged damages.

**RESPONSE TO INTERROGATORY NO. 13:** Plaintiff objects to the extent discovery is ongoing and Nationstar has not yet fully responded to Plaintiff's discovery requests and has wrongfully delayed Plaintiff's efforts to further investigate the claims and defenses in the action by seeking to avoid having its officer Courtney Ehinger appear for a deposition for over five months. *See* FN 1 *supra*. Plaintiff further objects to this interrogatory since when combined with the previous interrogatories and specifically Interrogatory No. 8 (which includes up to 89 separate interrogatories), this interrogatory exceeds the limits permitted by the Federal Rules of Civil Procedure. Notwithstanding the foregoing, Plaintiff responds as follows:

On behalf of the putative class members, co-plaintiffs, and Plaintiff, the actual damages sought in this action are a return of 100% of all fees imposed and collected by Nationstar from me and the putative class members and co-plaintiffs related to the issuance of a payoff statement during the appropriate class periods.  In addition, Plaintiff also notes Plaintiff Hackinen seeks statutory damages available under the Fair Debt Collection Practices Act to himself and subclass of the putative class members. Plaintiff also seeks disgorgement of Nationstar's profits as a result of its unjust enrichment—including the fees and charges it imposed and collected from the putative class members as a result of the issuance of the inaccurate payoff statements with the fees subject to the occurrence at issue in this action.  In addition, Plaintiff also seeks pre-judgment interest on his behalf and on behalf of the putative class members who are entitled to a return of the payments they received.  This is a fair and just result as admitted to by Nationstar and its counsel in the Maryland state courts (the same counsel who represents it in this action).  For example:

1    Nationstar through its authorized counsel John Lynch made the following

2    relevant and material admissions to the occurrence subject to these

3    proceedings to the Circuit Court for Anne Arundel County, Maryland on

4    April 24, 2022:

5        "There are plenty of cases…that have declared that convenience fees
         [for making payments by telephone] that have declared the
6        convenience fees are, you know, violations.  So then, after that May
         12th [notice from of Maryland Office of the Commissioner Financial
7        Regulation n/k/a Office of Financial Regulation]…[Nationstar gave]
         refunds because of the ruling of the Commissioner….Nationstar
8        refunded 1.16 [mission]…And they did it because they have a history
         in Maryland and then made the decision….they made the business
9        decision that they were going to make that refund [after they were
         sued in Maryland]."

10

11   On February 20, 2024, Nationstar again made multiple relevant and material

12   admissions to the Circuit Court of Anne Arundel County, Maryland by the

13   same law firm representing it in this action:

14       As an initial matter. [Nationstar]…process[ed]…these convenience
         fees.

15

16   And again, Nationstar's counsel, including John Lynch, made the following

17   judicial admissions to the Maryland Appellate Court on October 21, 2024:

18       Nationstar charged these sums…as convenience fees whenever [a
         borrower] made her monthly mortgage payments over the
19       telephone—a practice that Nationstar has since discontinued for its
         mortgage servicing customers in Maryland…Nationstar later…issued
20       similar refunds to all other Maryland customers to whom it had
         charged similar fees….

21
         Nationstar subsequently refunded all convenience fees [for payments
22       made by telephone] paid by Maryland borrowers…dating back to
         October 1, 2018….

23

24       Nationstar ceased collecting all convenience fees for telephonic
         payments made by Maryland borrowers on May 16, 2022, and ceased

RICARDO SALOM'S RESPONSES TO NATIONSTAR'S FIRST SET OF
INTEROGATORIES - 20
(Case No. 2:24-cv-00444-BJR)

charging convenience fees nationwide by July 2, 2022…It also amended its policies and procedures to reflect the change…

When Nationstar provides its past-due discovery Plaintiff will supplement this response with more precise data.  Pursuant to Federal and State law, Nationstar is required to have produced this information in less than ten days but has elected to conceal it.

DATED December 9, 2024

_/s/ Christina L. Henry_____
Christina L Henry, WSBA 31273
SEATTLE CONSUMER JUSTICE, P.S.
Counsel for Plaintiffs
10728 16th Ave SW
Seattle, WA 98146
206-330-0595 Fax 206-400-7609
_chenry@hdm-legal.com_

_/s/ Phillip R. Robinson_____
Phillip R. Robinson (admitted _Pro Hac Vice_)
Consumer Law Center, LLC
Counsel for Plaintiffs
1220 Blair Bill Road, Suite 1105
Silver Spring, MD 20910
301-448-1304
_phillip@marylandconsumer.com_

1

2                                    **<u>VERIFICATION</u>**

3    I, Ricardo Salom have personally answered the above Interrogatories.  I declare under the

4    penalty of perjury that the foregoing is true and correct.

5    
     EXECUTED on this date _____

6

7    _____

8    Ricardo Salom

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

## **CERTIFICATE OF SERVICE**

2

     I hereby certify that on December 9, 2024, a true and correct copy of the foregoing

3

was served on the parties listed below via electronic mail:

| | |
|---|---|
| 4<br><br>5<br><br>6 | John Lynch<br>TROUTMAN PEPPER HAMILTON<br>SANDERS, LLP<br>100 SW Main Street, Suite 1000<br>Portland, Oregon 97204 | Email: John.lynch@troutman.com<br><br>Attorneys for Defendant<br>NATIONSTAR MORTGAGE LLC |
| 7<br><br>8 | Jason Manning<br>TROUTMAN PEPPER HAMILTON<br>SANDERS, LLP<br>100 SW Main Street, Suite 1000<br>Portland, Oregon 97204 | Email:<br>Jason.manning@troutman.com<br><br>Attorneys for Defendant<br>NATIONSTAR MORTGAGE LLC |
| 9<br><br>10<br><br>11 | Tom Abbott<br>TROUTMAN PEPPER HAMILTON<br>SANDERS, LLP<br>100 SW Main Street, Suite 1000<br>Portland, Oregon 97204 | Email:<br>Thomas.Abbott@troutman.com<br><br>Attorneys for Defendant<br>NATIONSTAR MORTGAGE LLC |
| 12<br><br>13 | Emily J. Harris<br>CORR CRONIN LLP<br>1001 Fourth Avenue, Suite 3900<br>Seattle, Washington 98154 | Email: eharris@corrcronin.com<br><br>Attorneys for Defendant<br>NATIONSTAR MORTGAGE LLC |

14

     I declare under penalty of perjury under the laws of the United States that the

15

foregoing is true and correct.  Signed on December 9, 2024.

16

*Christina L. Henry*

17

Christina L. Henry

18

19

20

21

22

23

24