The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - SEATTLE

| | |
|---|---|
| RICARDO SALOM, CATHERINE PALAZZO as assignee for Ruben Palazzo, and PETER HACKINEN, *on their own behalf and on behalf of other similarly situated persons,*<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC<br><br>Defendant. | Case No. 2:24-cv-00444-BJR<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO SUBSTITUTE AND REFORM CASE CAPTION** |

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO SUBSTITUTE AND
REFORM CASE CAPTION
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Ricardo Salom assigned his individual claims to the two remaining Plaintiffs to serve in his place in this action "due to his health issues." Dkt. 94 at Page 2. *See also* Dkt. 94-1 at ECF Page 2 ("Salom makes this assignment because, for his personal health reasons, he is unable to participate further as a named party in this action but wishes for Catherine Palazzo and Peter Hackinen to continue to pursue the action on his behalf and also on behalf of other current and former Mr. Cooper borrowers…").

As explained by one court in similar circumstances, "Plaintiff's claims remain live. [He] simply seeks substitution of a new lead plaintiff because of [his] deteriorating health. **No court has denied amendment under such circumstances**." *Wilson v. Quest Diagnostics Inc.*, No. CV 18-11960 (WJM), 2020 WL 401814, at *2 (D.N.J. Jan. 24, 2020)(emphasis added)(pronouns changed to apply to this case). *Cf. Aguilar v. Boulder Brands, Inc.*, No. 3:12-CV-01862-BTM, 2014 WL 4352169, at *8 (S.D. Cal. Sept. 2, 2014)("…it is clear that the issues in this case remain alive. Ms. Aguilar has not settled her dispute with Defendants; she merely seeks to join the putative class and not serve as its representative due to health issues. There is still a very real case or controversy sufficient to support federal jurisdiction for the brief interim between Ms. Aguilar's withdrawal and Ms. Mitchell's substitution").

Here, however, Nationstar ignores Salom's health condition and opposes his withdrawal as a named party and his assignment to the remaining plaintiffs for the apparent need to continue to harass and attempt to intimidate him for no legitimate purpose.[1] Nationstar claims Washington

---

[1] Salom was already deposed by Nationstar who knowingly and intentionally sought discovery from him well beyond the scope of Phase 1 discovery and without leave of the Court to do so. *See generally* Exhibit 4, Salom Dep at 11:12-14:23, 18:1-8, 22:20-23:15, 26:1-2; 27:60-29:8, 41:5-17; 55:3-56:17, 58:3-64:20 (as amended by errata). During the court of that deposition, Nationstar's counsel knowingly chose to ignore the objections of Mr. Salom's counsel and

1

| | |
|---|---|
| REPLY IN SUPPORT OF PLAINTIFFS'<br>MOTION TO SUBSTITUTE AND<br>REFORM CASE CAPTION<br>2:24-cv-00444-BJR | DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>Telephone: (302) 449-9010 |

1  law on assignments governs the Maryland law claims assigned by Salom, but does not explain
2  how Washington law would apply to Maryland law claims.  Opp. at 3-6.  Next, Nationstar,
3  without any basis to do so, suggests Salom and other plaintiffs are practicing champerty (and by
4  implication suggest that Ms. Salom's health is not the actual motivating factor).  Opp. at 6.  Next,
5  after having previously settled another junk fee case with the assignee of the original named
6  plaintiff in a court-approved settlement, Nationstar claims (even though it is judicially estopped
7  from doing so) that no assignee may qualify as a named representative and have any substantive
8  rights to pursue as an assignee.  Opp. at 7-8.

9        Salom had a former loan with Nationstar d/b/a Mr. Cooper, which he satisfied and paid
10 off when he sold his former home in Maryland.  As part of that transaction, he paid a junk fee
11 demanded by Nationstar related to his request for the delivery of a payoff statement. AC at ¶¶
12 24, 44, 49, 51, 75-91.  *Cf.* Dkt. 35-6 (indicating "**TOTAL PAYOFF AMOUNT**" to include
13 "Expedited Delivery Fee $25.00")(emphasis in original).  Plaintiff Catherine Palazzo (and her
14 husband) are residents of Maryland and also paid the same junk fee. AC at ¶¶ 2-3, 25, 44, 49,
15 51, 92-112; *Cf.* Dkt. 35-8 ((indicating "**TOTAL PAYOFF AMOUNT**" to include "Expedited
16 Delivery Fee $25.00")(emphasis in original)).  Both Salom and Palazzo assert claims under
17 Maryland law.  AC at ¶¶ 160-174 (unjust enrichment)[2] and ¶¶ 203-220 (Maryland statutory
18 claims (*see e.g.* ¶¶ 205-211 specifically).

19       By the substitution of the remaining Plaintiffs (i.e., Palazzo and Hackinen) for Salom's
20 individual claims asserted in this action, no additional claims or counts are proposed to be asserted
21 by the Plaintiffs since the same claims asserted by Salom are already pending before the Court.

---

intentionally speak to him directly  to improperly threaten and intimidate Salom all with the knowledge that the Court had never permitted Nationstar the right to make the inquiries demanded by it. *See e.g*. *Id.* at (as amended by errata) 27:6-15, 62:11-64-4. (Plaintiffs continue Exhibit Numbering from where they left off on their Motion).

[2]  Plaintiff Hackinen also joins in on the unjust enrichment claims. AC at ¶¶ 160-174.

2

| REPLY IN SUPPORT OF PLAINTIFFS'<br>MOTION TO SUBSTITUTE AND<br>REFORM CASE CAPTION<br>2:24-cv-00444-BJR | DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>Telephone: (302) 449-9010 |
|---|---|

Maryland law, which applies to Salom's claims asserted in the Amended Complaint, has long recognized the right to assign claims just like Salom has done here. *See* Mot. at 4-5. And given the circumstances related to Salom's health, substitution and recognition of Salom's assignment should be approved here. *Wilson,* 2020 WL 401814, at *2; *Aguilar,* 2014 WL 4352169, at *8. *See also Bates v. Leprino Foods Co*., No. 220CV00700AWIBAM, 2022 WL 3371584, at *3 (E.D. Cal. Aug. 16, 2022)(collecting cases in the Ninth Circuit which have granted pre-certification motions to substitute putative class representatives); *Fife v. Sci. Games Corp.,* No. 2:18-CV-00565-RBL, 2020 WL 4933959, at *2 (W.D. Wash. Aug. 24, 2020)(approving substation and agreeing with standards in *Aguilar*); *Castillo v. United Rentals (N. Am.), Inc.*, No. C17-1573JLR, 2018 WL 3429936, at *3 (W.D. Wash. July 16, 2018)(same).

      A.      <u>Nationstar's Objection to having to Face an Assignee for its Wrongful Conduct is Without Merit</u>

In complex class litigation, it is not uncommon that the need to substitute a named representative from time to time arises for any number of reasons. It is also commonplace that assignees may stand in the shoes of their assignors and pursue claims the assignors could have otherwise pursued. "[A]an assignee generally has the same rights and responsibilities as its assignor – no more, no less." *Nationstar Mortg. LLC v. Kemp*, 258 A.3d 296, 301 (2021). *Cf. Sprint Commc'ns Co., L.P. v. APCC Servs., Inc*., 554 U.S. 269, 286 (2008)("And within the past decade we have expressly held that an assignee can sue based on his assignor's injuries"); *Puget Sound Nat. Bank v. State Dep't of Revenue*, 868 P.2d 127, 132 (1994)(holding "an assignment carries with it the rights and liabilities as identified in the assigned contract, but also all applicable statutory rights and liabilities. To hold otherwise would be contrary to the rule that the assignee acquires whatever rights the assignor possessed prior to the assignment"). The Ninth Circuit has also recognized the standing of plaintiffs to pursue actions that may have been accrued by their predecessors. *Cf. In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1106 (9th Cir.

3

REPLY IN SUPPORT OF PLAINTIFFS'  
MOTION TO SUBSTITUTE AND  
REFORM CASE CAPTION  
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC  
1526 Gilpin Avenue  
Wilmington, DE 19806  
Telephone: (302) 449-9010

2013)("Plaintiffs need not have purchased shares in the offering made under the misleading registration statement; those who purchased shares in the aftermarket have standing to sue provided they can trace their shares back to the relevant offering").

Nationstar knows that assignees in cases just like this action involving Salom's assignment and substitution are common.[3] In fact, it recently agreed to a class action settlement in Maryland state court with an assignee of the original named plaintiff. *See* Mot. at FN 1. Specifically, upon remand of *Kemp*, 258 A.3d 296, from the Maryland Supreme Court to the Circuit Court for Montgomery County, Maryland the original named plaintiff assigned her claims to her friend Barbra Clair. *See* Exhibit 5, Class Action Settlement & Individual Settlement Agreement and Release at Caption. Introduction (Page 1), and ¶ 3 (definitions). Nationstar benefited from that assignment and later settlement by obtaining a class-wide release (not covering the claims in this action but governing a different junk fee). *Id.* at ¶ 37 (release governing the Parties, which includes the Defendant (i.e., Nationstar) at ¶¶ 11, 22). That agreement resulted in a court-approved settlement. Ex. 6, Order Granting Final Approval of the *Clair-Kemp v. Nationstar Settlement* (i.e. Ex. 5).[4]

The Ninth Circuit has recognized "[t]he doctrine of judicial estoppel…[which] was developed to prevent litigants from 'playing fast and loose' with the courts by taking one position, gaining advantage from that position, and then seeking a second advantage by later taking an incompatible position" applies to Nationstar's core argument. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 778–79 (9th Cir. 2009). Judicial Estoppel also applies not just to

---

[3] *Nationstar Mortg. LLC v. Safari Homeowners Ass'n*, No. 2:16-CV-02542-RFB-DJA, 2024 WL 4349449, at *8 (D. Nev. Sept. 30, 2024)("The United States Supreme Court has held that an assignee of a claim can bring suit. *Sprint Communs. Co., L.P. v. APCC Servs.*, 554 U.S. 269, 286 (2008)").

[4] Having been provided copies of these papers filed in the Maryland state court documents confirming Nationstar's prior views, the Court shall take judicial notice. Fed. R. Evid. 201.

4

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO SUBSTITUTE AND
REFORM CASE CAPTION
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

inconsistent factual situations but also serves to "prevent[ ] a party from asserting a *claim* in a legal proceeding that is inconsistent" with a previous claim….We've applied the doctrine to prevent a party from making a legal assertion that contradicts its earlier legal assertion. *Wagner v. Prof'l Eng'rs in Cal. Gov't,* 354 F.3d 1036, 1044 (9th Cir.2004)." *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) (cleaned up).

In *Baughmam,* the plaintiff claimed she was unaware of non-sworn statements made by her attorneys in prior litigation, which led to settlements that were materially inconsistent with statements in the pending action.  The Ninth Circuit rejected this argument against applying the judicial estoppel doctrine, explaining, "[s]o long as those judgments or settlements stand, Baughman is bound by the representation she made during the course of the litigation." *Id.* at 1134.  For example, "[w]hen a party settles a case involving false allegations or claims, the court is deemed to have been misled. This is because it's the coercive power of the court—the judgment it might render if the case is litigated to its conclusion—that's the driving force behind such settlements." *Id.*

The Ninth Circuit recently reaffirmed the three-factor test as to whether or not to apply judicial estoppel to bar a party's position and contrary position to a position formally taken by it:

> The Supreme Court has set out three factors to guide courts in applying the doctrine. First, a "party's later position must be 'clearly inconsistent' with its earlier position." ... Second, the court should consider "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.' " ... And third, the court should determine "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." ....

*Consumer Fin. Prot. Bureau v. CashCall, Inc.*, No. 23-55259, --- F.4th ---, 2025 WL 1194987, at *6 (9th Cir. Apr. 24, 2025)(cleaned up).

5

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO SUBSTITUTE AND
REFORM CASE CAPTION
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

   Here, all three factors bar Nationstar's argument that Salom has no right to assign his claims.  <u>First</u>, in *Kemp-Claros*, while represented by counsel, Nationstar took the position that it could settle class-wide claims brought in part by an assignee (i.e., Clair)_ of the original named plaintiff (i.e., Kemp) and received a court-approved order approving that settlement and release. Ex. 6, Order Granting Final Approval of the *Clair-Kemp v. Nationstar Settlement* (i.e., Ex. 5). So, Nationstar's position in the *Clair-Kemp* settlement succeeded in obtaining a settlement of the class claim against it in that action.  *Id.*  Accepting Nationstar's argument here about whether Salom had a right to assign his claims to be pursued by Hackinen and Palazzo would mean either its present argument on this topic is false and misleading or its prior argument to the Maryland state court was false and misleading. *Baughman,* 685 F.3d at 1133.  "So long as [the prior *Kemp-Clair* class action settlement and judgment approving it] stand[s], [Nationstar] is bound by the representation[s] [it] made during the course of the litigation." *Id.* at 1134 (substituting Nationstar for the party name in *Baughman.* who was estopped). *Cf. Wagner v. Pro. Eng'rs in California Gov't*, 354 F.3d 1036, 1044 (9th Cir. 2004)("Judicial estoppel applies to a party's stated position whether it is an expression of intention, a statement of fact, or a legal assertion").

   Salom only asserted Maryland claims in this action because Maryland law applied to his transaction at issue in this case, since the illegal fees charged and collected by Nationstar from Salom happened in Maryland.[5] *Cf. Lab'y Corp. of Am. v. Hood,* 911 A.2d 841, 845 (2006)("Maryland continues to adhere generally to the *lex loci delicti* principle in tort cases. Under that approach, where the events giving rise to a tort action occur in more than one State,

---

[5] The Maryland Consumer Debt Collection Act recognizes a claim arising under it survives to a protected consumer's estate.  MD. CODE ANN., COM. LAW § 14-201(d).  The same is true under the Maryland Consumer Protection Act.  MD. CODE ANN., COM. LAW § 13-101(h).  Of note Salom did not raise a claim in this action under the Fair Debt Collection Practices Act (Mr. Hackinen does so) so there is no need to determine whether an FDCPA claim is assignable or not since Salom never asserted the claim.

| REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO SUBSTITUTE AND REFORM CASE CAPTION 2:24-cv-00444-BJR | DEVLIN LAW FIRM LLC 1526 Gilpin Avenue Wilmington, DE 19806 Telephone: (302) 449-9010 |
|---|---|

we apply the law of the State where the injury—the last event required to constitute the tort—occurred"). *See also* Dkt. 24; 35-6.   Nationstar does not dispute the authorities in Plaintiffs' Motion that Maryland law permits a party to assign his claims.  Mot. at 4-5.[6] *See generally* Opposition (not addressing the Maryland authorities).

Further, as a non-party to the assignment (Dkt. 94-1), Nationstar has no standing to object to it.  *Cf. Henry v. Aurora Loan Servs., LLC*, No. CV TDC-14-1344, 2016 WL 1248672, at *4 (D. Md. Mar. 25, 2016)(holding a non-party to the assignment "lacks standing to challenge its validity"); *Smallwood v. Nationstar Mortg., LLC*, No. CV PX-16-4008, 2017 WL 6527251, at *5 (D. Md. Dec. 21, 2017)(same).  *Compare Quattlebaum v. Bank of Am., N.A.*, No. CIV.A. TDC-14-2688, 2015 WL 1085707, at *4 (D. Md. Mar. 10, 2015)("What the lender chooses to do with that entitlement-whether to keep it or to sell it to another financial institution-is a decision Quattlebaum has no standing to challenge. *Wolf v. Fed Nat'l Mortg. Ass'n,* 512 F. App'x 336, 342 (4th Cir.2013) (per curiam) (holding that "a mortgagor lacks standing to challenge the propriety of the assignment of the note").

>   B.   There is No Legitimate Basis for Nationstar to Assert the Assignment of Valid Legal Claims Amount to Champerty

Nationstar's entire litigation strategy in this action seems to be to do and say anything to preserve its fee churning conduct at issue in this action even though it has judicially admitted to

---

[6]   Although Washington law does not govern Salom's claims, Washington law also recognizes that tort claims may be freely assigned. *Kommavongsa v. Haskell*, 299, 67 P.3d 1068, 1074 (2003)(recognizing that legal malpractice claims can be assigned and the former plaintiff (client) no longer has any "control over the litigation is lost…[including the right to object to an] attorney's right to defend by revealing client information" to the assigned legal malpractice claim). *Cf. Cooper v. Runnels*, 291 P.2d 657, 658 (1955)("…a tort claim for damage to property is assignable under the law of this state"); *Carlile v. Harbour Homes, Inc.*, 194 P.3d 280, 287 (2008)("The traditional test for whether a cause of action is assignable is whether the claim would survive to the personal representative of the assignor upon death").

| | |
|---|---|
| REPLY IN SUPPORT OF PLAINTIFFS'<br>MOTION TO SUBSTITUTE AND<br>REFORM CASE CAPTION<br>2:24-cv-00444-BJR | DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>Telephone: (302) 449-9010 |

the state court in Maryland it knows the fees at issue here are illegal and not allowed since they are not expressly authorized by any law or contract. *Compare* Dkt. 103, Plaintiffs' Mot. to Disregard. Now, to deflect from its own admissions and wrongful conduct, Nationstar claims without any legitimate basis that Plaintiffs and Plaintiffs' counsel who oppose its fee churning practice are employing champerty. Opp. at 6. The argument is simply bogus.

Both Palazzo and Hackinen paid the same illegal fee that Salom paid. So their individual claims are aligned and in accord with Salom's claims. Even where champerty may apply, "the consistent trend across the country is toward limiting, not expanding, champerty's reach." *Del Webb Communities, Inc. v. Partington*, 652 F.3d 1145, 1156 (9th Cir. 2011). *See also Kommavongsa*, 67 P.3d at 1078 (rejecting claims of champerty and recognizing that "[p]ersonal injury claims have been assignable in Washington for years, and we have not seen a lucrative business arise in the factoring of those claims").

Because of his personal health issues (Dkt. 94 at Page 2; Dkt. 94-1 at ECF Page 2), Salom assigned his claims to the remaining Plaintiffs to pursue on their behalf and also on behalf of others like them (as permitted by the Court) to stop Nationstar's illegal, fee-harvesting practice subject to this action. That is not champerty on its face and Nationstar's effort to claim it so without any good basis only demonstrates it will simply continue to say and do anything to preserve its illegal conduct to gain a competitive advantage over its competitors (who actually follow the law and do not change this junk fee [Dkt. 102-10]) and also to realize millions of dollars in fees it is not entitled to collect.

C. <u>Salom's Individual Claims Are Assignable, Even Without Class Certification</u>

Nationstar also argues that Salom's assignment is improper because, as a non-certified class representative, he has no "right" to assign class claims. This misstates both the nature and effect of the assignment. While the assignment does include references to "others similarly situated," it does not, and cannot, assign any procedural right to act as a class representative under

8

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO SUBSTITUTE AND
REFORM CASE CAPTION
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Rule 23. That is a role which only the Court may confer upon finding that the Rule 23 elements are satisfied when the Plaintiffs renew their motion for class certification (which that have requested leave of the Court to do—*see e.g.* Dkt. 106 at Pages 6-7, 25). What Salom assigned are his substantive claims—for restitution, damages, and equitable relief—arising from the same unlawful conduct already being challenged by the remaining Plaintiffs. These claims arise under Maryland law, which "whether the fee that was charged the named Plaintiffs was authorized by the mortgage contracts, federal or state law, and industry standards." Dkt. No. 88 at 1. The Court has not authorized broad, merits-based or background questioning beyond that defined scope. Yet, Nationstar intentionally and knowingly sought to ignore the Court's prior Order. *See* FN 1 *supra*. If Nationstar believed it needed more discovery from Mr. Salom, it should have raised that issue three months ago with the Court when discovery was open and it had first sought its improper questions. Having failed to do so, it should not now be permitted to use a routine substitution motion as a backdoor to reopen or expand discovery it waived and based on false innuendo. Courts routinely reject such tactics. *See, e.g., Aguilar v. Boulder Brands, Inc.*, 2014 WL 4352169, at *8 (S.D. Cal. Sept. 2, 2014) (rejecting request to delay substitution based on alleged need for additional discovery).

Finally, as shown, Salom's individual claims are substantively aligned with those already being prosecuted by the remaining Plaintiffs. The Court can evaluate those claims as they stand now without delay. The Motion to Substitute should therefore be granted without conditioning it on further discovery.

D. <u>Conclusion</u>

Wherefore, for good cause shown and without prejudice to Defendant Nationstar, Plaintiffs request the relief requested by the Plaintiffs' Motion to Substitute and Reform Case Caption.

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO SUBSTITUTE AND
REFORM CASE CAPTION
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

DATED May 19, 2025.

| DEVLIN LAW FIRM, LLC. | CONSUMER LAW CENTER, LLC |
|---|---|
| By: */s/ Christina L. Henry*<br>Christina L. Henry, WSBA# 31273<br>6100 219th St SW, Ste 480<br>PMB 398<br>Seattle, WA 98043-2222<br>*chenry@devlinlawfirm.com*<br>Counsel for Plaintiffs | By: */s/ Phillip Robinson*<br>Phillip Robinson, *Pro Hac Vice*<br>1220 Blair Mill Road, Suite 1105<br>Silver Spring, MD 20910<br>*phillip@marylandconsumer.com*<br>Counsel for Plaintiffs |

10

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO SUBSTITUTE AND
REFORM CASE CAPTION
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010