UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - SEATTLE

| | |
|---|---|
| RICARDO SALOM, CATHERINE PALAZZO as assignee for Ruben Palazzo, and PETER HACKINEN, *on their own behalf and on behalf of other similarly situated persons,*<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC<br><br>Defendant. | Case No. 2:24-cv-00444-BJR |

# Exhibit 5 to the

# Motion to Substitute and Reform Case

# Caption

### IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| **BARBRA CLAIR,** as the assignee of DONNA KEMP and **MIRTHA CLAROS-ALMENDRAS**, *et al.,* *On behalf of themselves and other similarly situated persons* | Case No. 441428-V |
| Plaintiffs, v. | Judge Ronald B. Rubin (Specially Assigned) |
| **NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER ("NATIONSTAR")** as the Successor by merger to Seterus, Inc. and **FEDERAL NATIONAL MORTGAGE ASSOCIATION** | |
| Defendants | |

## CLASS ACTION & INDIVIDUAL SETTLEMENT AGREEMENT AND RELEASE

The Parties enter into the following Class Action and Individual Settlement Agreement and Release ("Agreement"). The Agreement is entered into by and amongst Barbra Clair, as the assignee of Donna Kemp and Mirtha Claros-Almendras (the "Plaintiffs" in this Class Action), in their individual capacities and also in their representative capacity on behalf of the Class described in this Agreement, and Nationstar Mortgage LLC ("Nationstar") d/b/a Mr. Cooper, successor by merger to Seterus, Inc. ("Seterus") and Federal National Mortgage Association ("Fannie Mae") (jointly "Defendants" in this Class Action), who collectively with Plaintiffs shall be the "Parties." The Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle on behalf of the entire Class the Released Claims, and in addition, on behalf of the Plaintiffs their individual claims upon and subject to the terms and conditions herein.

## RECITALS

WHEREAS, Donna Kemp filed this putative class action lawsuit against Seterus, Inc. and Fannie Mae in the Circuit Court for Montgomery County, Maryland in December 2017 asserting various claims concerning Property Inspection Fees, defined below;

WHEREAS, on March 23, 2023 the Court granted Plaintiffs' motion to file the Third Amended Complaint ("TAC"), asserting claims concerning Property Inspection Fees, and alleging violations of Maryland's Consumer Debt Collections Act, Maryland's Consumer Protection Act, and Maryland Comm. Law 12-114, and claims for declaratory relief, injunctive relief, and unjust enrichment;

WHEREAS, the Court previously entered summary judgment in favor of Fannie Mae;

WHEREAS, Defendants have denied and continue to deny all wrongdoing and liability as to all claims asserted in the TAC; and

WHEREAS, the Parties have concluded that it is desirable for the Class Action claims to be settled as between the Parties to avoid further inconvenience, delay, and expense and to dispose of potentially burdensome and protracted litigation and to put to rest all claims that have been or might be asserted by the Plaintiffs and the Class Members relating to Property Inspection Fees; and

WHEREAS, the Settling Parties have engaged in extensive arms-length settlement negotiations, before the Honorable William Connelly (Ret.), and have determined that the terms of the Settlement Agreement constitute a fair and reasonable compromise of the claims and defenses of all Settling Parties under the unique circumstances of this case; and

WHEREAS, Named Plaintiffs and Class Counsel believe that the claims asserted by the TAC are meritorious, they also recognize, however, that this action has an uncertain outcome and

ACTIVE/124263999.5

that pursuing this litigation through trial would involve substantial cost, risk, and inevitable delay that may not increase the benefits to the Class Members each of whom would benefit from relief sooner than after months or years of more litigation.  Based on their evaluation of the facts and law and procedural posture of the case since remand from the Supreme Court of Maryland f/k/a the Maryland Court of Appeals, and a weighing of the risks and benefits, the expense and length of continuing proceedings necessary to prosecute the Action against Defendants through trial and any appeals, and the substantial benefits the Settlement confers upon the Class, Class Counsel have determined that the Settlement set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class Members; and

WHEREAS, the Defendants believe that they have meritorious defenses to all of the claims asserted against them and meritorious defenses to certification of any litigation class. Fannie Mae and Nationstar also recognize, however, that this Action has an uncertain outcome and that pursuing this litigation through trial would involve substantial cost and risk.  Based on their evaluation of the facts and law, and a weighing of the risks and benefits, the expense and length of continuing proceedings necessary to defend the Action, as well as other business considerations, Defendants have determined that the Settlement set forth in this Settlement Agreement is in their best interest; and

WHEREAS, in consideration of the foregoing and other good and valuable consideration, it is stipulated and agreed by and between Plaintiffs and Defendants that the Released Claims, defined below, of the Plaintiffs and Class Members be and are hereby compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

ACTIVE/124263999.5

## DEFINITIONS

1.    <u>Accessible Contact Information</u>.   "Accessible Contact Information" means the names and most current email address and mailing addresses of Class Members as currently contained in the records of Seterus (to the extent which they are available) that are maintained and are reasonably accessible by Nationstar. This information shall be used for the sole purpose of identifying the Class Members.

2.    <u>Action</u>.   "Action" means the above-captioned action currently pending in the Circuit Court for Montgomery County, Maryland (Case No. 441428-V).  Action shall also include two pending appeals arising from the Circuit Court action now before the Appellate Court of Maryland involving Fannie Mae (Case No. ACM-REG-1013-2022) and non-party Idean Marvastian, Phillip Robinson, and the Consumer Law Center LLC (Case No. ACM-REG-0310-2023).

3.    <u>Parties</u>.  The "Parties" to this Agreement are Barbra Clair, as the assignee of Donna Kemp and Mirtha Claros-Almendras (the Plaintiffs in this Action), on behalf of themselves and a Class of persons similarly situated (collectively, "Class Members"), and Defendants Nationstar and Fannie Mae (jointly "Defendants").

4.    <u>Attorney's Fees</u>.   "Attorney's Fees" means attorney's fees, cost of litigation, and expenses, as approved by the Court.

5.    <u>Class Counsel</u>.   "Class Counsel" means counsel for the Plaintiffs and the Class Members: Phillip R. Robinson of the Consumer Law Center LLC, 10125 Colesville Road, Suite 378, Silver Spring, MD  20901 and Scott Borison, Borison Firm LLC, 1400 S. Charles St., Baltimore, MD 21230.

6.      <u>Property Inspection Fees</u>.  "Property Inspection Fees" means the monetary fees imposed by Seterus on the mortgage loan accounts of borrowers whose loans were (i) secured by mortgages on real property located in Maryland and also (ii) owned by Fannie Mae or in a securitization trust for which Fannie Mae was the trustee, to perform an inspection of that property during the period from March 2010 through February, 2019, including all such fees that Class Members have already paid or recovered and all such fees that remain outstanding on their loans as of the date of this Agreement.

7.      <u>Class</u>.  The "Class" shall mean:

> All persons with residential mortgage loans secured by real property in Maryland, which were serviced by Seterus and owned by Fannie Mae or in a securitization trust for which Fannie Mae was the trustee, for which Seterus imposed one or more Property Inspection Fee from March 2010 through February 2019.  The Class shall consist of two subclasses:
>
> > <u>Subclass A</u>:  All persons from or on behalf of whom Seterus collected at least one Property Inspection Fee (or a partial Property Inspection Fee) via a borrower payment or by adding it to a loan modification balance.
> >
> > <u>Subclass B</u>:  All persons who Seterus imposed at least one Property Inspection Fee onto the periodic statement or other written communication sent to a borrower, or were assessed to the borrower's loan account, but the fee was never paid by Class Member.

For the purposes of this Agreement, Nationstar represents and warrants that it believes based upon its understanding of the Seterus data it has that the Class includes approximately 15,345 separate and unique mortgage loans (with one or more borrowers), Subclass A includes approximately 4,029 separate and unique mortgage loans (with one or more borrowers), and Subclass B includes approximately 11,316 separate and unique mortgage loans (with one or more borrowers).  To the extent that there is more than one borrower on a mortgage loan subject to this

ACTIVE/124263999.5

Agreement, the co-borrowers shall be deemed to be one Settlement Class Member and any settlement payment shall be paid by one check payable jointly to the co-borrowers on such loan.

8.  <u>Class Representative or Plaintiffs</u>.  "Class Representatives" or "Plaintiffs" means Barbra Clair and Mirtha Claros-Almendras.

9.  <u>TAC or Third Amended Complaint</u>:  "TAC" or "Third Amended Complaint" means the Third Amended Complaint filed by Plaintiffs in the Action in the Circuit Court for Montgomery County, Maryland (Case No. 441428-V).

10.  <u>Court and Circuit Court</u>.  The "Court" means the Circuit Court for Montgomery County, Maryland.

11.  <u>Defendants</u>.  "Defendants" mean Nationstar and Fannie Mae.

12.  <u>Defendants' Counsel</u>.  "Defendants' Counsel" means Goodwin Procter LLP and Joseph Yenouskas and Allison Schoenthal of Goodwin Procter LLP.

13.  <u>Effective Date</u>.  "Effective Date" means the date when this Agreement is fully executed by all Parties hereto.

14.  <u>Final Approval Date</u>.  "Final Approval Date" means the last date on which all of the following have occurred:

(i) the Court has entered all orders needed to effectuate this Agreement; and

(ii) Final Judgment is entered by the Court.  If an appeal or review is sought from the Final Judgment, Final Approval Date shall mean the later of (a) the date of the expiration of time for Petition for Review or for Writ of Certiorari from any final affirmance of the Judgment, or if Review or Certiorari is granted, the date of final affirmance following review pursuant to that grant; or (b) the date of final dismissal of any appeal, including denial of or expiration of the time for filing any Petition for Writ of Certiorari, or ultimate final dismissal of any proceeding on

ACTIVE/124263999.5

review. If no appeal or petition for review is filed, Final Approval Date shall mean the third business day after expiration of the time for taking an appeal or petition for review, and no further appeal is permitted; and (c) the time period for terminating the Agreement has expired as provided in Paragraph 53 below.

15.    <u>Final Judgment</u>.   "Final Judgment" means the Final Judgment provided for in Paragraph 45 below.

16.    <u>Notice</u>.   "Notice" means the Notice of Proposed Class Action Settlement in the form attached hereto and incorporated herein as **<u>Exhibit A-1</u>** that is emailed or mailed or made available by the Settlement Administrator to all Class Members either by electronic email, the Settlement Website, and/or by mailing as provided herein.   Notice includes the Notice and Settlement Website (including agreed upon FAQs) which will notify Class Members, among other things, about their rights under this Agreement including any right to opt out or object to the Settlement, the preliminary approval of the Settlement, the scheduling of the Final Approval Hearing, and how to contact Class Counsel to answer any questions.

17.    <u>Notice Date</u>.   "Notice Date" means the date that Notices described in Paragraph 16 are initially sent electronically or by pre-paid U.S. Mail to the Class Members.   The Notices should be transmitted or mailed no later than (i) twenty-eight (28) days after Nationstar provides the emails and mailing addresses to the Settlement Administrator as provided in Paragraph 1, or (ii) as the Court may otherwise direct.

18.    <u>Opt-out Date</u>.   "Opt-out Date" or "Exclusion Deadline" means the deadline for requests for exclusion from the Settlement to be received by the Settlement Administrator, or mailed to Class Counsel and Defendants' Counsel at the address provided in the Class Notice.   The Opt-Out Date shall be thirty (30) days from the Notice Date, and requests for exclusion received

ACTIVE/124263999.5

by the Settlement Administrator, Class Counsel, and Defendants' Counsel that are postmarked after that date will have no legal effect.

19.    <u>Preliminary Approval Order</u>.  "Preliminary Approval Order" means the Order preliminarily approving the Agreement, approving the Notice, and setting the Settlement Hearing date, as provided in Paragraph 40 of the Agreement, a form of which is attached hereto and incorporated herein as **<u>Exhibit A-3</u>**.

20.    <u>Related Parties</u>.  "Related Parties" shall mean, individually and collectively, Nationstar, Seterus, Fannie Mae, and each of their vendors who performed property inspections with respect to properties of Settlement Class Members, and each of Nationstar's, Seterus's and Fannie Mae's past and present parents, predecessors, successors, subsidiaries, affiliates, divisions, owners, conservators, certificate holders, shareholders, officers, directors, trustees, members, employers, employees, partners, member firms, principals, agents, attorneys, accountants, auditors, advisors, personal and legal representatives, present insurers, re-insurers, heirs, beneficiaries, and assigns, and as to individuals any members of their immediate families.  Related Parties shall also include (i) International Business Machines Corporation (and its past and present parents, predecessors, successors, subsidiaries, affiliates, divisions, owners, conservators, certificate holders, shareholders, officers, directors, trustees, members, employers, employees, partners, member firms,  principals, agents, attorneys, accountants, auditors, advisors, personal and legal representatives, present insurers, re-insurers, heirs, beneficiaries, and assigns); (ii) any third parties, including servicers, to which Fannie Mae, Nationstar or Seterus may have sold Class Members' Loans or transferred servicing and/or servicing rights for Class Members' Loans; and (iii) any third party or subsequent servicer which may have done the same.

21.    <u>Released Claims</u>.  "Released Claims" are  defined in Paragraph 37 below.

22.    <u>Released Parties</u>.  "Released Parties" means Defendants and all Related Parties.

23.    <u>Releasors</u>.  "Releasors" shall mean those persons and entities who are releasing claims under this Agreement, and shall include Plaintiffs and every Class Member who does not properly and timely opt out of the settlement, together with their spouses, heirs, beneficiaries, agents, trustees, and any personal or legal representatives who exercise any authority on their behalf.

24.    <u>Service Award</u>. "Service Award" means any sums awarded by the Court from the Common Fund to the Class Representatives for their service in the Action, as set forth in Paragraph 33 below.

25.    <u>Settlement.</u>  "Settlement" means the terms and conditions set forth in this Agreement, including all Exhibits.

26.    <u>Settlement Administration Costs and Expenses</u>.  "Settlement Administration Costs and Expenses" means the costs and expenses reasonably incurred by the Settlement Administrator, at the direction of the Parties, as approved by the Court for costs and expenses to facilitate the Settlement, including but not limited to, the costs of printing and mailing the Notice and making the distributions contemplated herein for Class Members.  Notice and Settlement Administration costs and expenses must be paid by Defendants to the Settlement Administrator from the Common Fund as set forth in Paragraph 31 within 30 days after the Final Approval date and before distributions are made to Class Members.  Defendants will have no obligation to contribute to Settlement Administration Costs and Expenses beyond payment from the Common Fund, except that in the event the Court does not give Final Approval of the Agreement as described in Paragraph 45, the Parties shall be equally responsible to pay the Settlement Administration Costs and Expenses incurred as of that date.

ACTIVE/124263999.5

27.  Settlement Administrator.  "Settlement Administrator" means an entity selected by the Parties which is American Legal Claim Services LLC contingent upon the Court's approval. If the Court does not approve American Legal Claim Services LLC, the Parties shall jointly select another administrator.  The Settlement Administrator shall provide to Class Counsel and Defendants' Counsel no later than sixty (60) days after the initial notice emailing/mailing or twenty-five (25) days before the Final Fairness Hearing, whichever occurs later, a declaration confirming results of the transmissions of the Notices that were emailed and mailed to all Class Members as required by this Agreement, the number of returned undeliverable Notices (if any), and the number of opt-outs and objections, as well as any additional information Class Counsel deems appropriate to provide to the Court. It is a material term of this Agreement that, except as Ordered by the Court, the Settlement Administrator shall keep confidential the personal identifying information, including physical addresses and e-mail addresses of class members, and that the Settlement Administrator shall not share such information with any person, including Class Counsel, except as needed to allow Class Counsel to answer a specific question from a Class Member or to identify objections or exclusion requests to the Court.  In the event that the Settlement Administrator determines that it believes it must share personally identifying information with Class Counsel, it shall first provide notice to Defendants' counsel five days before doing so and Defendants shall have the ability in good faith to comment on such request.

28.  Common Fund.  "Common Fund" means the amount of three million five hundred thousand dollars ($3,500,000) to be held by and paid on behalf of Nationstar to the Settlement Administrator for distribution as attorneys' fees to Class Counsel, payments to Class Members, Service Awards to the  Plaintiffs, and for payment of Settlement Administration Costs and Expenses and other distributions in accordance with the terms of this Agreement.  Fannie Mae

shall not be required to pay any amount of the Common Fund or have any other financial obligation as part of the settlement.  In no event shall Nationstar or any Related Party be responsible for funding any amount in excess of $3.5 million inclusive of attorneys' fees, costs, administrative costs or otherwise.

29.    <u>Settlement Hearing</u>.  "Settlement Hearing" means the hearing to determine whether the Settlement of the Class Action should be given Final Approval, whether the proposed plan of allocation should be approved, and whether the applications for Service Fees, Settlement and Administrative Costs, and attorney's fees for Class Counsel should be approved.

30.    <u>Settlement Website</u>.  "Settlement Website" means the website to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic access to relevant case documents including Class Notice, Third Amended Complaint, Answer, this Agreement, the Preliminary Approval Order, and other relevant documents.  The Settlement Website, which shall be referred to on the Settlement Website and in the Notices sent to Class Member as the "Seterus Property Inspection Fee Litigation Website," shall be made operable using the URL www.SeterusPropertyInspectionFeeLitigation.com and starting on the date that Notice is sent to Class Members, and it shall be deactivated within 90 days of the Final Approval Date. Defendants shall have the right to review and approve  the content of the Settlement Website before the Settlement Administrator makes the Settlement Website public.

<u>**PLAN OF ALLOCATION**</u>

31.    <u>Relief to Class Members/Payment to Settlement Administrator</u>.  The Parties agree as part of this Settlement:

(a)    That the Common Fund shall be distributed as follows:

ACTIVE/124263999.5

i.  Within thirty (30) days of the Final Approval Date, payment from the Common Fund of any Service Award awarded by the Court to the Plaintiffs and any Attorney's Fees, costs and expenses awarded by the Court to Class Counsel;

ii.  Within thirty (30) days of the Final Approval Order, payment from the Common Fund of Settlement Administration Costs and Expenses to the Settlement Administrator;

iii.  Within forty-five (45) days of the Final Approval Date, Defendants shall provide to the Settlement Administrator, through a mutually acceptable method of transfer, the funds need to make pro-rata payments to each Class Member.

iv.  Within sixty (60) day of the Final Approval Date, the Settlement Administrator shall make payments to Class Members by sending a check by United States mail and which shall be valid for no more than a 60-day period (if a Class member has more than one borrower, one payment shall be made payable to all borrowers jointly).  Payment shall be made to each Class Member as follows:

a.  Class A members shall each receive a proportionate share of 80% of the remaining available sum in the Common Fund, after deduction of any amounts allowed by the Court, to be paid from the Common Fund on a pro rata basis (i.e. 80% of the remaining Common Fund/number of Class A loans which did not opt out).

- 12 -

b. Class B members who timely submit a properly and fully filled out claim form to the Settlement Administrator, shall each receive a proportionate share of 20% of the remaining available sum in the Common Fund, after deduction of any amounts allowed by the Court to be paid from the Common Fund, on a pro rata basis (i.e. 20% of the remaining Common Fund/number of Class B loans which did not opt out), provided that no Class B Member's payment shall exceed $100.

v. If any checks are required to be reissued, the Settlement Administrator shall first stop payment on the original check and shall confirm the identity of the Class Member involved. Thereafter, the Settlement Administrator may send a reissued check, which shall expire on the original stale date or thirty (30) days whichever is later.

vi. If a Class Member fails to cash a check, that Class Member remains bound by all terms of the Settlement, including without limitation the Released Claims described in Paragraph 37 below.

vii. Any residual funds, including any check not cashed by any of the Class Members within sixty (60) days of the issuance of the pro-rata funds, shall revert to the Common Fund and be dispersed to the *cy pres* recipients identified in Paragraph 45(j)) below and in the formula described therein.

viii. Defendants will take all appropriate steps to effectuate the relief for Class Members identified in Paragraph 31 by the dates identified.

ACTIVE/124263999.5

ix.    In the event of an appeal by any party, the Settlement Administrator shall retain the right to petition for payment of costs incurred by it from the Common Fund regardless of the outcome of any appeal or if the Court does not give final approval of the Settlement.

32.    <u>Attorney's Fees, Notice Costs and Related Matters</u>.    As part of the benefits described above, Class Counsel, subject to Court approval, will be paid reasonable Attorney's Fees and costs related to this action, including reasonable time for handling communications from Class Members. This payment allowed by Court approval shall be made solely from the Common Fund and only at the time specified in Paragraph 31(a)(iii) above.  At the same that Plaintiffs file their motion for final approval of the Settlement, Class Counsel intend to file a motion requesting that the Court award them a percentage of the Common Fund for attorney fees and costs for their efforts up to 40% of the fund (or $1,400,000).  If the Defendants do not oppose any motion for attorney's fees and costs, that election shall not be construed as an admission, agreement or concession by them that the amount of attorney's fees and costs requested by Class Counsel are reasonable and appropriate.  If the amount of attorney's fees and costs awarded by the Court is less than $1,400,000, the Parties agree that the difference between the Court's award and the amount requested shall be distributed to Class Members.  Other than as set forth in this Agreement, Defendants and all Related Parties shall have no liability for attorneys' fees and costs in this Action to any person or entity.  In the event that any person other than Class Counsel seeks and obtains any attorneys' fees relating to this Action by Order of the Court, that amount shall be paid from the Settlement Fund and shall not increase the amount of the Settlement Fund. Class Counsel represent and agree that, if the Court limits or denies their requests for attorney's fees and costs, they cannot use that event as a ground for seeking to terminate this Agreement. Defendants shall

- 14 -

transmit the Attorney's fees and Costs awarded by the Court to the Settlement Administrator for distribution to Class Counsel within 30 days of the Final Approval Date.

33.    <u>Service Awards</u>.  At the time that they move for final approval of the Settlement, Plaintiffs intend to file a motion requesting that the Court award them each Service Awards for their efforts in this Action of no more than $7,500.00.  If Defendants do not oppose any motion for Service Awards, that election shall not be construed as an admission, agreement or concession by them that the amount of Service Awards requested are reasonable and appropriate or that Plaintiffs have meritorious claims or that they are adequate representatives of the Class.  Plaintiffs acknowledge that the Court may limit or deny their requests for a Service Award and represent and warrant that they will support and advocate for the settlement even in the event of such limitation or denial.  Plaintiffs expressly represent and agree that, if the Court limits or deny their requests for a Service Award, they cannot use that event as a ground for seeking to terminate this Agreement.  Defendants shall transmit the Service Awards awarded by the Court to the Settlement Administrator for distribution to Plaintiffs within 30 days of the Final Approval Date.

34.    <u>Class Notice</u>.   The Settlement Administrator shall send the Notice at the time provided in Paragraph 40(b).

35.    <u>Class Members' Right of Exclusion</u>.  Any Class Member may seek to be excluded (*i.e.*, "opt out") from this Agreement within the time and in the manner provided in Paragraph 44 of this Agreement, as approved by the Court.  Any Class Member so excluded shall not be bound by the terms of this Agreement and shall not be entitled to any share of the Common Fund.

36.    The Parties agree that the Settlement Amount is sufficient to satisfy each Party's obligations to every other Party regarding the Released Claims.

ACTIVE/124263999.5

## **RELEASED CLAIMS**

37.     Provided the Final Approval Date is reached, the Releasors as of the Effective Date of the  Agreement, do hereby release and forever discharge the Released Parties from the "Released Claims," defined as: any claim, right, demand, charge, complaint, action, suit, cause of action, or liability of any kind, related to Class Members' loans while serviced by Seterus, including without limitation any action related in any way to Property Inspection Fees,  including without limitation (i) those which are known or unknown or capable of being known, (ii)  those which are unknown but which are capable of being discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and not revealed by the Released Parties, (iii) those accrued, unaccrued, matured, or not matured from the beginning of the world until today, and (iv) those asserted by the Plaintiffs, whether individually or behalf of any class or putative class, in the Action; that arise out of or in any way concern (i) Released Claims that were asserted or attempted to be asserted in the Action related to Property Inspection Fees or to the servicing of loans by Seterus; (ii) Released Claims concerning Class Members' loans serviced by Seterus and all actions, activities, communications, statement, omission, act, and conduct of the Released Parties (including without limitation Nationstar and other subsequent owners or servicers of Class Members' loans) that in any way concern those loans, including without limitation the charging, payment, imposition and collection or attempted collection of Property Inspection Fees; and (iii) any violation or alleged violation of state or federal law, whether common law or statutory, arising from or relating to the conduct, acts or omissions described in this Paragraph or described or alleged in the TAC or which could have been alleged in the TAC.

ACTIVE/124263999.5

This Release shall be included as part of the Final Judgment, so that all released claims and rights shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.  Plaintiffs and each of the Class Members acknowledge that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the terms in this paragraph, but each of those individuals expressly agrees that, upon entry of Final Judgment, he or she will have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or noncontingent claim with respect to the claims released in this Paragraph, whether or not concealed or hidden, with respect to subsequent discovery or existence of such different or additional facts.

38.     The Parties understand and agree that the provisions of Paragraph 37 shall be construed to exclude, and shall not impair, any right or cause of action arising from the breach of this Agreement, including, but not limited to, any future claims that may arise regarding the implementation of the Agreement.

## <u>PRELIMINARY APPROVAL ORDER, NOTICE AND SETTLEMENT HEARING</u>

39.     <u>Preliminary Approval Motion</u>.   In accordance with the procedures and time schedules below, Class Counsel shall take such actions, and prepare and file, with prior disclosure to the Parties for any comments, all appropriate notices, motions, and proposed Order forms, as reasonably necessary to obtain both Preliminary and Final Approval of the Agreement from the Court.  All Parties shall cooperate in seeking to accomplish the following:

        a.      Within seven (7) business days after this Agreement is fully executed, Class Counsel shall move for Preliminary Approval of this Agreement, including a request that the Court appoint and approve the Settlement Administrator and approve transmitting of the Notice as described in Paragraph 16.

ACTIVE/124263999.5

Defendants will not oppose the motion, provided that it is consistent with the terms of this Agreement, does not contain any material misstatements of law or fact, and does not disparage Defendants or any Released Parties. Without implication of limitation, Defendants' agreement not to oppose the motion is not an admission or concession by them that a class was appropriate in the Action or would be appropriate for any other matter, or that any relief was appropriate in the Action or would be appropriate in any other action.    Class Counsel may file memoranda in support of the Preliminary (and Final) Approval of this  Agreement, with prior disclosure to Defendants for any comments; and

b.  The Preliminary Approval Order shall require, and the Notice shall set out, that any objections to this Agreement must be made in writing, timely filed with the Court, and served upon Class Counsel and Defendants' Counsel as more fully described in Paragraph 42 below.  The Notice shall provide that any objection that is not received within the time set by the Court is deemed waived.  The Settlement Administrator shall maintain a telephone number or numbers or email addresses that may be utilized by Class Members who may have questions regarding the Agreement.    If the Settlement Administrator is unable to adequately respond to a question from a Class Member, the Settlement Administrator shall contact Class Counsel and Defendants' Counsel to respond to the class member's inquiry.  In the event a Class Member requests to speak with Class Counsel, the Settlement Administrator may then provide Class Counsel with the contact information

- 18 -

of such Class Member.  Class Counsel shall maintain the confidentiality of such contact information, shall not share it with anyone else, and shall not use it for any purposes other than for purposes of administering and effectuating this Settlement;

c.    The Preliminary Approval Order shall also prohibit and preliminarily enjoin Plaintiffs and all Class Members (except those who successfully opt out) from commencing, prosecuting, or assisting in any lawsuit against the Released Parties that asserts or purports to assert matters within the scope of the Release during the time between the entry of the Preliminary Approval Order and the final determination by the Court as to whether to approve the Settlement of the Action.

d.    The Parties shall jointly request a Settlement Hearing date which is approximately one hundred twenty (120) days after the date of entry of the Preliminary Approval Order (as determined by the Court).

40.    <u>Preliminary Approval Order</u>.  The Preliminary Approval Order entered by the Court shall be substantially in the same form as **<u>Exhibit A-3</u>**, hereto, but as a condition subsequent of this Agreement it shall at a minimum contain the following provisions:

a.    Preliminary approval of the Agreement set forth herein, and subject to any objections that may be presented to the Court before the Settlement Hearing, a finding that the Agreement is fair, adequate, reasonable, and in the best interests of the Class Members; and

b.    Approval of the form of a Notice of Settlement to be sent to Class Members within 14 days after entry of the Order that includes the material terms of

- 19 -

the settlement set forth in the Agreement (substantially in the forms of **Exhibit A-1** and **Exhibit A-2** attached hereto and incorporated herein) and procedures for objections and opt-outs described below, and directing the Settlement Administrator to mail or cause to be emailed or mailed by first-class mail the Notice to all Class Members at their respective Accessible Contact Information as set forth herein and in Paragraph 16;

c.    Approval of the form of a Claim Form required for the Class B members wishing to receive any benefits that includes the general terms of the settlement set forth in the Agreement (substantially in the forms of **Exhibit A-4** attached hereto and incorporated herein) which may be accepted electronically by the Settlement Administrator and may be caused to be emailed or mailed to all Class B Class Members at their respective Accessible Contact Information as set forth herein and in Paragraph 16;

d.    A finding that the mailing of the Notice by electronic email or regular first-class mail to all Class Members whose address has been identified constitutes valid, due and sufficient notice to the Class Members, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of MD. RULE 2-231 of the Maryland Rules, the Maryland Constitution and Declaration of Rights, the Constitution of the United States, and any other applicable law, and that no further notice to the Class Members or their Related Parties is required.

e.    For the electronic emailing or mailing of the Notice of Settlement to the Class Members, Defendants and Class Counsel have agreed to permit the

- 20 -

Settlement Administrator to administer the transmissions of the Notice to Class Members as described herein.

41.       <u>Notice</u>.  The procedures for ensuring notice to the Class shall be as follows:

a.        Subject to the requirements of the Preliminary Approval Order, the Settlement Administrator shall send Notice via email substantially in the form attached as **Exhibit A-1**, along with a link to the Settlement Website, to all Class Members for whom a valid email address is available.

b.        If no valid email address exists for a member in the Class, or in the event that the transmission of any email notice results in a hard "bounce-back," the Settlement Administrator shall no later than the Notice Date, send short-form Notice via First Class U.S. Mail though a postcard notice substantially in the form attached as **<u>Exhibit A-2</u>**, to each physical address in the Class List.  This short-form Notice should direct the Class members to: (i) the Settlement Website where these Class Members may access the Notice, Agreement, and other relevant records from the Action; and shall explain (ii) how to contact Class Counsel to ask questions.   The Settlement Administrator shall first use the forwarding address, if any, provided by the United States Postal Service to send the short-form notice to Class Members.  If the Postal Service does not provide a forwarding address, the Settlement Administrator shall use the National Change of Address database to attempt to update the mailing address for the intended Class Member and will send a postcard containing the Summary Notice by U.S. first-class mail, postage prepaid, to each such Settlement Class Member for whom it can obtain a valid mailing address from this database.

ACTIVE/124263999.5

c.    If Defendants do not possess a mailing address for a Class Member, or if Defendants do have a mailing address but a notice or a settlement check has bounced back and the Settlement Administrator is unable to obtain a forwarding address from the National Change of Address database, then that Class Member will be deemed to have opted-out of the Class, the Settlement will have no effect on him or her, and the monies otherwise due to him or her shall revert to the Settlement Fund.

42. <u>Objections</u>.  Any Class Member who objects to the Settlement contemplated by this Agreement shall have a right to appear and be heard at the Settlement Hearing provided that such Class Member files with the Court and delivers to the Settlement Administrator, Class Counsel and Defendants' Counsel a written notice of objection no later than thirty (30) days after the Notice Date. Such notice shall state: (i) the objector's full name, current address, and if different, the address of the property which secured their mortgage loan, telephone number, email address (if any), and Seterus loan number of the objector's loan; (ii) a statement of the legal and factual ground for the objection with specificity, together with all documents on which the Class Member relies (if any); (iii) the identity of all counsel representing or assisting the objector, if any;  (iv) whether the objection applies only to the Class Member, to a portion of the Class, or to the Class as a whole. All Objections must be personally signed by the person(s) making the objection, or a court-appointed legal guardian authorized to act on their behalf. If the person on whose behalf the objection is filed, or an attorney or court-appointed legal guardian authorized to act on their behalf, intends to appear at the Final Settlement Hearing, the Objection must so state, and the person or his or her attorney must file a notice of appearance in the Action five days prior to the Final Settlement Hearing and serve it on counsel for the Parties.  No Class Member or their counsel may appear at the Final Approval Hearing without timely filing and serving a notice of appearance, nor

- 22 -

may he or she raise any matters, issues or objections not stated with particularity in the Class Member's written Objection.  Class Counsel may, but are not required to, take the deposition of any objector pursuant to the Maryland Rules of Civil Procedure (or other similar rules if the objector no longer resides in Maryland).  Class Counsel and Defendants' Counsel also may, but are not required to, respond to the objections, if any, by means of a Memorandum of Law not to exceed fifteen (15) pages to be filed and served no later than fifteen (15) days before the Settlement Hearing.  The requirements for a valid objection to be prepared, filed, and delivered, shall be stated in detail in the Notice.  Only Class Members who have filed and delivered valid and timely written objections will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. If a Class Member wishes to appear at the Settlement Hearing, he or she must file with the Court with his or her Notice of Appearance (i) a listing of any persons other than the Class Member who the Class Member wishes to testify on his or her behalf; (ii) a statement of the testimony that the Class Member or other witness intends to provide; and (iii) a copy of any exhibits that the Class Member of the Class Member's witnesses intend to offer.  Any Class Member who does not make his or her objection in the manner provided shall be deemed to have consented to the Court's exercise of personal jurisdiction in this matter, to have agreed to the Settlement terms, and to have waived any and all objections to the Settlement, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, including without limitation the award of Attorney's Fees to Class Counsel and the Released Claims.  The exclusive means for any challenge to the Agreement shall be through the provisions in this section.

43. <u>Class Member Motions</u>.  A Class Member who is not a successful opt-out and wishes to file a motion in the action must do so in writing, comply with all Court orders and rules of procedure, and serve counsel for the Parties, at least 21 days prior to the Final Approval Hearing.

ACTIVE/124263999.5

44. <u>Exclusion from the Class</u>. Any Class Member may seek to be excluded from the Settlement.  Any Class Member so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits.  To be timely, a request for exclusion must sent in writing addressed to "Exclusion Requests: Seterus Property Fee Class Action" at the Settlement Administrator's address shown on the Class Notice and be received by the Settlement Administrator no later than the Opt-Out Date.  To be effective, the request for exclusion must make clear that exclusion is sought by stating: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *CLAIR V. NATIONSTAR*" or words to that effect; statements generally objecting to the Settlement or particular terms of the Agreement which do not reveal a clear intent to be excluded as a Class Member do not constitute valid opt-outs.  Requests for Exclusion must be personally signed by the person requesting exclusion from the Class and any co-borrower(s) on their mortgage loan (conformed, reproduced, facsimile, or other non-original signatures are not valid), and must include the requestor's full name and current address, the full name and current address of any co-borrower(s) on their mortgage loan, and if different, the address of the property which secured their mortgage loan, the borrower's telephone number, email address, and the borrower's loan number.  For any loan that is subject to this Settlement for which there is more than one borrower, any request for exclusion must be signed by each borrower or it will not be sufficient to remove that loan or any of its co-borrowers from the Class.  No person may purport to exercise opt-out rights on behalf of any other person, or purport to opt-out Class Members as a group, aggregate or class involving more than one Class Member; any such purported opt-outs shall be void and the individuals shall remain as Class Members.  Within five days after the Opt-Out Date, the Settlement Administrator shall assemble a list of successful opt outs and transmit it to the Parties, with the opt-out requests.  Defendants shall have the right to challenge any requests for exclusion

as not meeting the requirements for a successful opt-out as set forth above within five days after receiving the list. The Parties shall immediately confer in good faith about any such challenges by Defendants and seek to resolve any disputes about whether an attempted opt-out is valid or not. Within five days of any challenges by Defendants, the Parties shall file with the Court the list of successful opt-outs under seal to protect the privacy of those individuals, and shall raise any disputes, if any exist, about the validity of opt-outs with the Court.

## **FINAL JUDGMENT**

45.    Plaintiffs shall file a proposed Final Judgment with the Court at least fifteen (15) days prior to the Settlement Hearing date substantially in the form of **Exhibit A-5**. The Final Judgment shall be entered at or after the Settlement Hearing by the Court. At the Final Approval Hearing, Plaintiffs and Class Counsel shall present sufficient evidence as they deem appropriate to support the Final Judgment, and their requests for Attorneys' Fees and Costs and the Service Awards. Defendants shall not oppose entry of Final Judgment provided that it is consistent with the Settlement, all material terms of this Agreement, and does not disparage Defendants or the Released Parties. In agreeing not to oppose Final Judgment, Defendants do not admit or concede that a class was appropriate in the Action or would be appropriate in any other matter or that any relief was appropriate in the Action or would be appropriate in any other action. Defendants shall have the right (but not the obligation) to file memoranda or evidence concerning the settlement not inconsistent with this Agreement.

As a condition subsequent of this Settlement, the Final Judgment shall, at a minimum, include the following provisions:

a.    A finding that the distribution of the Notice fully and accurately informed all Class Members and Related Parties entitled to notice of the material

elements of this Settlement, constituted the best notice practicable under the circumstances, constituted a valid, due and sufficient notice, and complied fully with MD. RULE 2-231, Maryland Constitution and Declaration of Rights, the United States Constitution, and any other applicable law;

b.     A finding that after proper notice to the Class Members and after sufficient opportunity to object, no timely objections to this Agreement have been made, that all timely objections have been considered and denied, or that valid objections were resolved informally without the need for further consideration;

c.     Approval of the Settlement, as set forth in the Agreement, as fair, reasonable, adequate, and in the best interest of the Class Members under MD. RULE 2-231; a finding that the Settlement is in good faith; and, an Order directing the Parties to perform the Settlement in accordance with the terms of the Agreement;

d.     A finding that neither the Final Judgment nor the Agreement shall constitute an admission of liability of the Defendants of any liability or wrongdoing; and subject to reservation of jurisdiction for matters discussed in subparagraph (g) below, dismisses with prejudice the Action;

e.     A finding that there is no just reason for delay, and orders the entry of a Final Judgment;

f.     A finding that all Class Members and their Related Parties, shall, as of the entry of the Final Judgment, conclusively be deemed to have released and

ACTIVE/124263999.5

forever discharged the Defendants and the Released Parties from all Released Claims; and,

g.    A reservation of exclusive and continuing jurisdiction over the Action and the Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Agreement, the Preliminary Approval Order, and the Final Judgment; and, (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing;

h.    An injunction enjoining Plaintiffs and all Class Members (except those who successfully opt out) from commencing, prosecuting, or assisting in any lawsuit against the Released Parties that asserts or purports to assert matters within the scope of the Release;

i.    A final judgment of dismissal on the merits of all claims in the Action with prejudice; and,

j.    The appointment of the Housing Initiative Partnership, Inc. ("HIP") based in Hyattsville, Maryland, a 501(c)(3) non-profit, to provide training to housing counseling services to Maryland borrowers related to loss mitigation, foreclosure, and other mortgage servicing issues, as the *cy pres* recipient of the residual sum (*i.e.*, the available balance, if any, remaining in the Common Fund after payments described in Paragraph 31(a) are made from the Common Fund). This provision does not create any rights on behalf of HIP, including but not limited to as a third-party beneficiary.

- 27 -

Defendants shall make the payment to HIP, if any residual funds exist, within one hundred and twenty (120) days after the Final Approval Date.

46.    <u>Motions</u>.  Class Counsel and Defendants' Counsel agree to exchange drafts of any motions, supporting memoranda, or other submissions contemplated under this Agreement to be filed with the Court at least two business days prior to the due date for such submission.  Class Counsel and Defendants' Counsel shall have the right to provide reasonable, good faith comments on such motions, memoranda or submissions to the extent that they deem necessary.

**CONDITIONS OF SETTLEMENT, EFFECT OF
<u>DISAPPROVAL, RESCISSION OR TERMINATION</u>**

47.    This  Agreement, including the releases herein, shall be null and void, if:

a.    Nationstar does not pay or cause to be paid the sums required for distribution from the Common Fund; or

b.    A Preliminary Approval Order, in a form as described in Paragraph 40 above and attached as **<u>Exhibit A-3</u>**, is not entered by the Court; or

c.    A Final Judgment, in a form as described in Paragraph 45 above, is not entered by the Court and affirmed on appeal (if any person appeals); or

d.    Subject to the reservation of jurisdiction for matters described in Paragraph 45(g), the Action is not, for any reason, dismissed with prejudice;

e.    The appeal with respect to the entry of summary judgment in favor of Fannie Mae is not dismissed with prejudice.

48.    In the event that this Agreement is rejected at the final Settlement Hearing, or in the event a Final Judgment is not entered, or does not become final, or in the event that the Agreement is rejected by an appellate court, then the terms of this Agreement shall be null and void; and

- 28 -

a.    The terms of this Agreement shall have no further force and effect with respect to the Parties except that the Plaintiffs and Defendants shall be equally liable for the costs incurred for notice to the Class by the Settlement Administrator;

b.    The Agreement, any drafts thereof, and any discussion, negotiation, documentation or other aspect of the Parties' settlement discussions shall have no effect and shall not be used in this litigation for any purpose other than for bringing an action for failure of a Party to take the steps required by this Agreement or to secure judicial approval of this Agreement;

c.    As to claims asserted on behalf of the Plaintiffs and the Class, the Parties shall be restored to their respective positions in the litigation as of the date of this  Agreement, and the Parties shall have all rights, claims and defenses that they had as of the date that they executed this Agreement; and,

d.    Any judgment or orders entered by the Court in accordance with the Agreement shall be deemed vacated *nunc pro tunc*.

## **MISCELLANEOUS PROVISIONS**

49.    <u>Finality</u>. Except as specified herein, this Agreement and Settlement shall not be effective until the Final Approval Date.

50.    <u>Fannie Mae Appeal</u>.  Plaintiffs shall dismiss their pending appeal of the summary judgment order entered in favor of Fannie Mae with prejudice within three days of the Final Approval Date.   The Parties will also jointly move to stay the appeal within or before five days of the Preliminary Approval Date.

ACTIVE/124263999.5

51.  <u>Marvastian Appeal</u>.  Plaintiffs and Idean Marvastian shall dismiss with prejudice their appeal from the Court's order denying Marvastian's motion to quash the subpoena Seterus served on him within three days of the Final Approval date.  The Parties will also jointly move to stay the appeal within or before five days of the Preliminary Approval Date.

52.  <u>Denial of Approval</u>.  Nothing shall prevent the Parties from appealing any denial of the Final Approval of the Settlement, and the Parties agree that, in the event of such as appeal, the Action (and the Fannie Mae appeal) will be stayed pending resolution of any such appeal.  The Parties agree that they will be free to support and advocate for approval of the Settlement on appeal to the same extent that they are bound to do so while this Action is before the Court.  If such an appeal results in an order approving the Settlement in a manner substantially consistent with the substantive terms and intent of this Agreement, and dismissing all the claims in the Action with prejudice, such order shall be treated as a final approval order.

53.  <u>Termination by Defendants</u>.  Defendants may terminate this Agreement at their option if (i) the Court fails to enter the Preliminary Approval Order or Final Approval Order, or does so in a manner materially different then the forms attached to this Agreement; (ii) the Agreement becomes null and void as provided in Paragraph 46 above; (iii) if the Court awards a greater amount of attorney's fees than the amount to be requested in Paragraph 4 above; (iv) if the successful number of opt outs exceeds 1000.  If one of these options arises, Defendants shall exercise the option within 20 calendar days of the event giving rise to the termination right.

54. <u>Press Release</u>. None of the Parties or their counsel shall issue or cause to be issued any press release, advertisement, Internet or social media posting, or other statement concerning this Settlement or the litigation, except for the Settlement Website authorized by this Agreement, and

- 30 -

that Defendants may respond to inquiries from regulators or make required regulatory filings about the Settlement and the litigation, if any.

55. <u>Communications with Class</u>.  Nothing in this Agreement shall prevent Defendants or the Related Parties from communicating with Class Members in the regular course of their business activities.  Nothing in this Agreement shall prevent Class Counsel from providing advice to Class Members concerning this Agreement or the litigation

56. <u>Disclosure of Confidential Materials</u>.  Plaintiffs and Class Counsel shall continue to abide by all terms contained in the Stipulation and Order Relating to the Production and Exchange of Confidential Information entered by the Court on January 25, 2022 ("Protective Order"), including without limitation destroying all confidential materials within thirty days of the Final Approval Date as provided in Paragraph 10 of the Protective Order.

57. <u>Taxation</u>.  No representations or advice regarding the tax consequences of this Agreement have been made by any Party.  The Parties understand and agree that each Plaintiff, each Class Member, and each of Class Counsel shall be responsible for his, her, its, or their own taxes, if any, resulting from this Agreement of the benefits conferred by the Agreement and the settlement.

58. <u>Bankruptcy</u>.  The Parties agree that any Class Member who is in active bankruptcy proceedings or previously was a party to a bankruptcy proceeding during the Class Period may only participate in the settlement subject to applicable bankruptcy law and procedures and orders entered in such bankruptcy proceedings.  Defendants are under no obligation to notify any bankruptcy court that has, had, or may have jurisdiction over such Class Member's bankruptcy proceedings or any trustee or examiner appointed in such bankruptcy proceedings of this Agreement or the benefits conferred by this Agreement or the Settlement.  Each Class Member

ACTIVE/124263999.5

agrees that if the Released Claims are or may be part of the Class Member's bankruptcy estate and not the property of the Class Member, the Class Member will (i) advise the bankruptcy trustee of this Agreement and benefits conferred by this Agreement and the Settlement, in time for the trustee to exercise any rights or object to the settlement; (ii) comply with any direction from his, her, or their bankruptcy trustee with respect to the settlement and the benefits conferred by the Agreement and the Settlement; and (iii) in the event of any disagreement with the bankruptcy trustee, seek relief from the appropriate bankruptcy court (and no Party to this Agreement shall have any obligation to assist the Class Member is seeking such relief).

59.    <u>Loan Term</u>. In no event shall the Agreement, the Release or the Settlement be deemed to alter, amend, or change the terms and conditions of mortgage, note, loan modification agreement, or other loan-related agreement to which any Class Member is or was a party, or to provide a defense to any such loan, including without a limitation a defense based on the so-called "one action" rule, not shall the Agreement, the Release or the settlement be deemed to have affect in any bankruptcy case, in any foreclosure proceeding, or in any action involving a Class Member, nor shall the Agreement be construed as evidence of a violation of any law or contract; in the event that this Agreement is so construed as to any particular Class Member, Defendants may declare it to be null and void as to that Class Member.  The Parties waive any rights that they may possess or come to possess to have Defendants or the Released Parties amend, alter or revise proofs of claims, rights, demands, suits or other claims in order to reflect the benefits of this Agreement and the settlement.

60.    <u>Disputes</u>. if any disputes arise in which one Party believes the other Party has breached his, her or its obligations under this Agreement, the Parties shall both meet and confer in good faith in an attempt to resolve the dispute before bringing it to the attention of the Court.

- 32 -

61.  <u>Agreement to Cooperate</u>.  The Parties: (a) acknowledge that it is their intent to execute the Agreement; and, (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

62.  <u>Good Faith Settlement and Advice of Counsel</u>.  The Parties agree that the terms of this Settlement reflect a good faith settlement of the Plaintiffs' separate and additional individual claims, and Class Representatives' and the Class Members' claims in the Action and was reached voluntarily after consultation with experienced legal counsel.

63.  <u>Incorporation</u>.  All of the Exhibits to the Agreement are material and integral parts of the Settlement and are fully incorporated herein by this reference.

64.  <u>No Waiver</u>.  The waiver of one party of any breach of this Agreement by any other party shall not be deemed a waiver of any other prior or subsequent breach of the  Agreement; nor shall such a waiver be deemed a waiver by any other party of that breach or a waiver by that party of any other party's breach.

65.  <u>Modification</u>.  The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their successors-in-interest.

66.  <u>Headings</u>.  The headings of the paragraphs herein are for convenience only and do not define, limit, or construe the contents of this Agreement.

67.  <u>Entire Agreement</u>.  Except as provided herein, the Agreement and the Exhibits attached hereto constitute the entire Agreement among the parties, and no representations, warranties, or inducements have been made to any Party concerning the Agreement or its Exhibits other than the representations, warranties, and the inducements contained and memorialized in the Agreement and the Exhibits thereto.

- 33 -

68.  <u>Authority to Settle</u>.  The Parties mutually warrant that they are expressly authorized to take all appropriate action to effectuate the terms and conditions of the Settlement and also are expressly authorized to enter into any modifications of, or amendments to, the Agreement which they deem appropriate.  Plaintiffs also represent and warrant that they have not conveyed, assigned or transferred interest in their claims to any third parties prior to entering into this Agreement.

69.  <u>Authority to Execute</u>.  Each counsel or other person executing the Agreement or any of its Exhibits on behalf of any Party hereto hereby warrants that he or she has the full authority to do so.

70.  <u>Counterparts</u>.  The Agreement may be executed in one or more counterparts, each of which shall be deemed to be one and the same instrument.  Counsel for the Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

71.  <u>Binding Effect</u>.  The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.  All Parties waive the right to appeal or collaterally attack the Final Judgment entered under this Settlement Agreement.

72.  <u>Choice of Law</u>.  The Agreement and any document executed in furtherance of the Settlement shall be governed by, subject to, and construed in accordance with, the laws of the State of Maryland, without regard to conflicts-of-laws principles.

73.  <u>Costs and Expenses</u>.  Except as otherwise provided herein, each Party shall bear its own costs and expenses.

74.  <u>Interpretation</u>.  All Parties have participated in the drafting of this Settlement Agreement, and, accordingly, any claimed ambiguity should not be presumptively construed for or against any of the Parties.

ACTIVE/124263999.5

75.    <u>No Admission of Liability</u>.  This Agreement and the parties' settlement contained herein, whether or not granted final approval and whether or not a final judgment is entered, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendants, or of the truth of any of the claims or allegations made in the Action. Any amounts paid by Defendants are not an admission or concession or liability by them or any Released Party with respect to any cause of action or claim in the Action.  Accordingly, the Parties agree that this Agreement is not competent evidence, and may not be offered by them or any third party, as competent evidence in this Action or any other action that (i) Defendants were liable or could be found liable with respect to any of the claims or allegations that were or could have been alleged in the Action or are released in this Agreement; and (ii) the Class or any other class in this case or any other case is or could properly be certified pursuant to Maryland Rule 2-231 (or other similar rule). This provision will survive termination of this Agreement.

SIGNATURES ON NEXT PAGE

ACTIVE/124263999.5

IN WITNESS WHEREOF, the Parties and their counsel hereto have caused the Agreement to be executed.

FOR THE PLAINTIFFS:

8/25/2023

_____
Date

_____
Barbara Clair, Plaintiff

_____
Date

_____
Mirtha Claros-Almendras,  Plaintiff

8/25/2023

_____
Date

_____
Phillip Robinson, Class Counsel

8/25/2023

_____
Date

_____
Scott Borison, Class Counsel

ACTIVE/124263999.5

IN WITNESS WHEREOF, the Parties and their counsel hereto have caused the Agreement to be executed.

FOR THE PLAINTIFFS:


_____          _____
Date                                     Barbara Clair, Plaintiff


_____          _____
Date                                     Mirtha Claros-Almendras, Plaintiff


_____          _____
Date                                     Phillip Robinson, Class Counsel


_____          _____
Date                                     Scott Borison, Class Counsel

ACTIVE/124263999.3

FOR THE DEFENDANTS:


_____       _____
Date                                  Nationstar Mortgage LLC d/b/a Mr. Cooper,
                                      successor by merger to Seterus, Inc.
                                      By:_____,
                                      Authorized Corporate Officer


_____       _____
Date                                  Federal National Mortgage Association
                                      By:_____,
                                      Authorized Corporate Officer


_____       _____
Date                                  Joseph Yenouskas, Counsel for Defendants


_____       _____
Date                                  Allison Schoenthal, Counsel for Defendants

ACTIVE/124263999.5

FOR THE DEFENDANTS:

8/25/23
_____
Date

Nationstar Mortgage LLC d/b/a Mr. Cooper,
successor by merger to Seterus, Inc.
By: *ALAN BLUNT*
Authorized Corporate Officer

_____
Date

Federal National Mortgage Association
By:_____
Authorized Corporate Officer

_____
Date

Joseph Yenouskas, Counsel for Defendants

8/25/2023
_____
Date

Allison Schoenthal, Counsel for Defendants

- 37 -

FOR THE DEFENDANTS:

_____
Date

_____
Nationstar Mortgage LLC d/b/a Mr. Cooper,
successor by merger to Seterus, Inc.
By:_____,
Authorized Corporate Officer

_____
Date

_____
Federal National Mortgage Association
By:_____,
Authorized Corporate Officer

_____August 25, 2023_____
Date

_____
Joseph Xenouskas, Counsel for Defendants

_____
Date

_____
Allison Schoenthal, Counsel for Defendants

- 37 -

FOR THE DEFENDANTS:

_____
Date

Nationstar Mortgage LLC d/b/a Mr. Cooper,
successor by merger to Seterus, Inc.
By:_____,
Authorized Corporate Officer

8/25/2023
_____
Date

Federal National Mortgage Association
By:_____,
Authorized Corporate Officer

Robert Morgan

_____
Date

_____
Joseph Yenouskas, Counsel for Defendants

_____
Date

_____
Allison Schoenthal, Counsel for Defendants

- 37 -

Date of Notice: _____, 2023

**BY ORDER OF THE CIRCUIT COURT
FOR MONTGOMERY COUNTY, MARYLAND**

**Notice of Proposed Class Action Settlement and Final Hearing for Settlement Class A**

If Seterus charged you a fee for inspecting your property after you defaulted in monthly loan payments between March 2010 and February 2019, a class action lawsuit may affect your rights.

**A court authorized this notice.  This is not a solicitation from a lawyer.**

- Barbara Clair and Mirtha Claros-Almendras sued Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper, as successor to Seterus, Inc. and Federal National Mortgage Association alleging that Seterus charged customers a fee for inspecting properties in Maryland after the customer defaulted in monthly loan payments in violation of Maryland law.  Seterus was the loan servicer of these loans and Fannie Mae owned the loans or was trustee of securitization trusts which owned the loans.  Nationstar was named as successor to Seterus as a result of a merger, but Plaintiffs do not allege any wrongdoing by Nationstar.

- You are receiving this notice to inform you about a proposed settlement so that you know your rights as a proposed member of one of two Settlement Classes.

- The Settlement Classes are comprised of two distinct groups depending on whether or not Seterus collected at least one property inspection fee:

  **Settlement Class A is defined as:**

  All persons from or on behalf of whom Seterus collected at least one property inspection fee (or a partial property inspection fee) via a borrower payment or by adding it to a loan modification balance.  Settlement Class A excludes any person who may timely opt out of the Settlement.

  **Settlement Class B is defined as:**

  All persons who Seterus imposed at least one property inspection fee onto the periodic or other written communication sent to a borrower, or were assessed to the borrower's loan account, but the fee was never paid by the class member.  Settlement Class B excludes any person who may timely opt out of the Settlement.

- Based on the records available to the parties, you may be a member of **SETTLEMENT CLASS A.**

- To resolve this matter now without the need for further litigation, the Parties have reached settlement terms that affect the Settlement Classes, including your rights.

**YOUR LEGAL RIGHTS ARE AFFECTED, AND YOU HAVE A CHOICE TO MAKE NOW:**

## YOUR LEGAL RIGHTS AND OPTIONS

**DO NOTHING:** If you do nothing, you will be included in Settlement Class A, you will receive the benefit of the settlement provided to Settlement Class A Members, and you will release the Defendants and the Released Parties of your claims against them.

**ASK TO BE EXCLUDED:** You may ask to be excluded from this settlement.  To validly request exclusion from the Settlement Classes, a person must personally sign, date, and send a written request to opt out providing the person's full name, telephone number, the full name of any co-borrowers, current address, the address of the property securing their Seterus loan (if different), and Seterus loan number, and stating, "I have reviewed the Class Settlement Notice and wish to exclude myself from the Settlement in *Clair et al v. Nationstar Mortgage LLC d/b/a Mr. Cooper, as successor to Seterus Inc. et al.*, Case No. 441428-V" (or substantially similar clear and unambiguous language) addressed to "Exclusion Request:  Seterus Property Inspection Fee Class Action" to American Legal Claim Services LLC, [*address to be provided*]

The written request for exclusion must be postmarked no later than thirty (30) days from the date of the Class Notice, and must include the person's name, address, telephone number and a "wet" signature not affixed via electronic means.  If a question is raised about the authenticity of an exclusion request, the Settlement Administrator will have the right to demand additional proof of the individual's identity and intent.  The Parties retain discretion to determine whether any exclusion request substantially complies with the requirements above.  Exclusion requests that are signed by an attorney but not by the person requesting to be excluded from the Settlement Class are invalid.

Sending a written request to be excluded from the Settlement Classes does not guarantee that you will be excluded.  Requests to be excluded will be reviewed for their validity.

If you do not exclude yourself from the Settlement Classes, the settlement (if approved) will release your legal claims and will affect your right to start or continue any other lawsuit or proceeding against Nationstar, Seterus and Fannie Mae.  The release is described in the settlement agreement, which is available on the Court's docket in the case of *Barbra Clair et al. v. Nationstar Mortgage LLC d/b/a Mr. Cooper, as successor to Seterus, Inc.*, Case No. 441428-V (Montgomery County Maryland Circuit Court).  You can also obtain a copy of the settlement agreement by contacting Class Counsel, Defendants' Counsel or the Settlement Administrator (addresses below).

**OBJECT:** If you are a member of one of the Settlement Classes, you have the right to object to the terms of the settlement.  If you request to be excluded, you do not have the right to object.  A Settlement Class Member who wishes to object to any aspect of the settlement must, no later than thirty (30) days from the date of this notice, file with the Court a written statement of the objection(s) and serve the objection(s) on Class Counsel and Defendants' counsel.  The written

2

statement of objection(s) shall: (1) set forth the objector's full name, current address, and if different, the address of the property which secured their mortgage loan, telephone number, email address (if any), and Seterus loan number of the objector's loan; (2) contain a statement of the legal and factual ground for the objection with specificity, together with all documents on which the Class Member relies (if any); (3) state the identity of all counsel representing or assisting the objector, if any; and (4) indicate whether the objection applies only to the Class Member, to a portion of the Class, or to the Class as a whole.  All Objections must be personally signed by the person(s) making the objection, or a court-appointed legal guardian authorized to act on their behalf.

Objections must be filed in the case of *Barbra Clair et al. v. Nationstar Mortgage, LLC d/b/a Mr. Cooper as successor to Seterus, Inc. et al.*, Case No. 441428-V (Md. Cir. Ct.), and must be filed in the Civil Clerk's Office of the Circuit Court for Montgomery County, Maryland within 30 days of the date of this Notice.

Objections must also be sent to Class Counsel and Defendants' Counsel at the following addresses:

- <u>Class Counsel</u>: Scott Borison, Borison Law Firm, 1400 S. Charles Street, Baltimore MD 21230; Phillip Robinson, Consumer Law Center LLC, 10125 Colesville Road, Silver Spring MD  20901.

- <u>Defendants' Counsel</u>: Joseph F. Yenouskas, Goodwin Procter LLP, 1900 N Street, NW, Washington DC 20036.

You may submit a written statement of objection(s) on your own behalf or through a lawyer hired at your expense.  If a lawyer submits objections on your behalf, your lawyer must: (1) file a notice of appearance with the Court; (2) file a sworn declaration attesting to his or her representation of each Settlement Class Member on whose behalf the objection is being filed; (3) file a sworn declaration that specifies the number of times during the prior five-year period they have objected to a class action settlement on their own behalf or on behalf of a member of a class; and (4) comply with the requirements and procedures for objection.

If you file an objection, you will also need to attend the final approval hearing, or the Court may not consider your objections.

**You only have the right to object to the settlement if you do not request to be excluded. If you request to be excluded, you do <u>not</u> have the right to object.**

Note that any capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement. To the extent there are any conflicts or inconsistencies between this form and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

**YOUR OPTIONS ARE FURTHER EXPLAINED IN THIS NOTICE.
ANY QUESTIONS?  READ ON.**

ACTIVE/124439204.3

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ........................................................................................... Page 6
     1.    Why did I get this notice?
     2.    What is this lawsuit about?
     3.    What is a class action and who is involved?
     4.    Why is this lawsuit a class action?

THE CLAIMS IN THE LAWSUIT ........................................................................ Page 7
     5.    What does the lawsuit complain about?
     6.    How do Defendants answer?
     7.    How do I obtain more information?
     8.    What is the Settlement?

WHO IS IN THE SETTLEMENT CLASSES ...................................................... Page 7
     9.    Am I part of the Settlement Classes?

YOUR OPTIONS ................................................................................................... Page 8
    10.    What do I do to be included?
    11.    What happens if I do nothing at all?
    12.    What do I do if I do not want to be included?
    13.    How do I object?

THE LAWYER REPRESENTING YOU ........................................................... Page 10
    14.    Do I have a lawyer in this case?
    15.    Should I get my own lawyer?
    16.    How will the lawyers be paid?

ACTIVE/124439204.3

## BASIC INFORMATION

**1.    Why did I get this notice?**

Records show that you had a residential mortgage loan secured by real property in Maryland, which loan was serviced by Seterus and owned by Fannie Mae or in a securitization trust for which Fannie Mae was the trustee, and Seterus imposed on your account one or more Property Inspection Fee between March 2010 and February 2019.  You have legal rights and options that you may exercise before the Court enters a final judgment.  The lawsuit is known as *Barbra Clair et al. v. Nationstar Mortgage LLC b/b/a Mr. Cooper, as successor to Seterus, Inc.*, Case No. 441428-V (Md. Cir. Ct.), which was filed in and is available at the Clerk's Office of the Circuit Court of Montgomery County, Maryland.

**2.    What is this lawsuit about?**

This lawsuit is about property inspection fees that Seterus charged when you and other Maryland borrower defaulted in monthly loan payments and Seterus conducted an inspection of your property.

The Defendants deny any wrongdoing and deny all claims asserted against them in the Action. The parties have agreed to settle the Action to avoid the cost, delay, and uncertainty of litigation.

**3.    What is a class action and who is involved?**

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Class Representatives" sue on behalf of other people who have similar claims.  The people together are a "Class" or "Class Members."  This case involves a group of class members who were charged a property inspection fee (some of which were collected).  Barbra Clair and Mirtha Claros-Almendras are the Class Representatives and represent the Settlement Class Members.  Seterus and Federal National Mortgage Association are the Defendants.

**4.    Why is this lawsuit a class action?**

Plaintiffs filed this case as a class action.  Following the Parties' settlement and the Court's preliminary approval order approving the settlement, the Court approved two Settlement Classes: Class A and Class B.  Members of either Settlement Class A or Settlement Class B are referred to as Settlement Class Members.   The Court found that the Settlement Classes satisfy the requirements of Maryland Rule 2-231, which governs class actions in Maryland courts.

## THE CLAIMS IN THE LAWSUIT

**5.    What does the lawsuit complain about?**

In the lawsuit, the Named Plaintiffs have alleged that Seterus violated Maryland law by charging property inspection fees.

ACTIVE/124439204.3

**6.      How do Defendants answer?**

Defendants deny that they violated Maryland law or that they are required to pay anything to Settlement Class Members.  The Court granted summary judgment for Fannie Mae on Plaintiffs' claims against Fannie Mae.  The Parties have reached as settlement however to avoid further cost, risk and delay of litigation.

**7.      How do I obtain more information?**

You can obtain more information about the settlement and the lawsuit by visiting the Seterus      Property      Inspection      Fee      Litigation      website      located      at www.SeterusPropertyInspectionFeeLitigation.com.

**8.      What is the settlement?**

Defendants have agreed to establish a settlement fund of $3.5 million to pay all claims, attorneys' fees and costs, service awards and settlement administration costs associated with the Settlement.  After the Court awards amounts to Class Counsel as compensation for their attorney's fees and costs, to the Plaintiffs for their service as class representatives, and to the settlement administrator, Seterus has agreed to make payments of 80% of the remainder to all members of Settlement Class A.  The remaining 20% shall be paid to all members of Settlement Class B who submit a timely claim form, up to a maximum of $100 each.

## WHO IS IN THE SETTLEMENT CLASSES

**9.      Am I part of the Settlement Classes?**

Seterus has provided your name as part of Settlement Class A.  Settlement Class A consists of all persons from or on behalf of whom Seterus collected at least one property inspection fee (or a partial property inspection fee) via a borrower payment or by adding it to a loan modification balance.

## YOUR OPTIONS

**10.      What do I need to be included?**

You do not have to take any further action to be included as a Settlement Class A.

**11.      What happens if I do nothing at all?**

You will be included in Settlement Class A, you will receive the benefit of the settlement provided to Settlement Class A Members, all the Court's orders will apply to you, and you will release the Defendants and the Released Parties of your claims against them.

**12.      What if I do not want to be included?**

As described above, you may ask to be excluded from this settlement.  To validly request exclusion from the Settlement Classes, a person must personally sign, date, and send a written request to opt out providing the person's full name, telephone number, email address, the full name of any co-borrowers, current address, the address of the property securing their Seterus loan (if

different), and Seterus loan number, and stating, "I have reviewed the Class Settlement Notice and wish to exclude myself from the Settlement in *Clair et al v. Nationstar Mortgage LLC d/b/a Mr. Cooper, as successor to Seterus Inc. et al.*, Case No. 441428-V" (or substantially similar clear and unambiguous language) to "Exclusion Request:  Seterus Property Inspection Fee Class Action" to American Legal Claim Services LLC, [*address to be provided*]

The written request for exclusion must be postmarked no later than thirty (30) days from the date of this notice.  If a question is raised about the authenticity of an exclusion request, the Settlement Administrator will have the right to demand additional proof of the individual's identity and intent.  The Parties retain discretion to determine whether any exclusion request substantially complies with the requirements above.  Exclusion requests that are signed by an attorney but not by the person requesting to be excluded from the Settlement Class are invalid.

Sending a written request to be excluded from the Settlement Classes does not guarantee that you will be excluded.  Requests to be excluded will be reviewed for their validity.

If you do not exclude yourself from the Settlement Classes, the settlement (if approved) will release your legal claims and will affect your right to start or continue any other lawsuit or proceeding against the Defendants and the Released Parties.  The release is described in the settlement agreement, which is available on the Court's docket in the case of *Barbra Clair et al. v. Nationstar Mortgage LLC d/b/a Mr. Cooper, as successor to Seterus, Inc. et al.*, Case No. 441428-V (Montgomery County, Md. Cir. Ct)  You can also obtain a copy of the settlement agreement by contacting Class Counsel, Defendants' Counsel or the Settlement Administrator.

## 13.    How do I object?

If you are a member of one of the Settlement Classes, you have the right to object to the terms of the settlement.  If you request to be excluded, you do not have the right to object.  A Settlement Class Member who wishes to object to any aspect of the settlement must, no later than thirty (30) days from the date of this notice, file with the Court a written statement of the objection(s) and serve the objection(s) on Class Counsel, Defendants' Counsel and the Settlement Administrator. The written statement of objection(s) shall: (1) set forth the objector's full name, current address, and if different, the address of the property which secured their mortgage loan, telephone number, email address (if any), and Seterus loan number of the objector's loan; (2) contain a statement of the legal and factual ground for the objection with specificity, together with all documents on which the Class Member relies (if any); (3) state the identity of all counsel representing or assisting the objector, if any; and (4) indicate whether the objection applies only to the Class Member, to a portion of the Class, or to the Class as a whole.  All Objections must be personally signed by the person(s) making the objection, or a court-appointed legal guardian authorized to act on their behalf.

Objections must be filed in the case of *Barbra Clair et al. v. Nationstar Mortgage LLC d/b/a Mr. Cooper, as successor to Seterus, Inc.*, Case No. 441-428-V (Montgomery County, Md. Cir. Ct.,), and must be filed in the Civil Clerk's Office of the Circuit Court by the deadline.

Objections must also be sent to Class Counsel, Defendants' Counsel and the Settlement Administrator at the following addresses:

- <u>Class Counsel</u>: Scott Borison, Borison Firm, LLC, 1400 S. Charles Street, Baltimore MD 21230; Phillip Robinson, Consumer Law Center LLC, 10125 Colesville Road, Silver Spring MD 20901

- <u>Defendants' Counsel</u>: Joseph F. Yenouskas, Goodwin Procter LLP, 1900 N Street, NW, Washington DC 20036.

- <u>Settlement Administrator</u>: American Legal Claim Services, LLP [*address to be provided*]

You may submit a written statement of objection(s) on your own behalf or through a lawyer hired at your expense. If a lawyer submits objections on your behalf, your lawyer must: (1) file a notice of appearance with the Court; (2) file a sworn declaration attesting to his or her representation of each Settlement Class Member on whose behalf the objection is being filed; (3) file a sworn declaration that specifies the number of times during the prior five-year period they have objected to a class action settlement on their own behalf or on behalf of a member of a class; and (4) comply with the requirements and procedures for objection.

If you file an objection, you will also need to attend the final approval hearing, or the Court may not consider your objections. The final hearing will occur on December 8, 2023

### THE LAWYER REPRESENTING YOU

**14.     Do I have a lawyer in this case?**

To represent the Class, the Court has appointed the following Class Counsel who may be contacted at: Scott Borison, Borison Firm, LLC, 1400 S. Charles Street, Baltimore MD 21230; Phillip Robinson, Consumer Law Center LLC, 10125 Colesville Road, Silver Spring MD 20901. You may hire your own attorney, but only at your own expense.

**15.     Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may hire one who it will be your responsibility to pay. For example, you can ask him or her to appear in Court for you, if you want someone other than Class Counsel to speak for you.

**16.     How will the Class Counsel be paid?**

Class Counsel will request from the Court an award of Attorneys' Fees not to exceed 40% of the Common Fund (or $1,400,000).

Date of Notice: _____, 2023

## BY ORDER OF THE CIRCUIT COURT
## FOR MONTGOMERY COUNTY, MARYLAND

**Notice of Proposed Class Action Settlement and Final Hearing for Settlement Class B**

If Seterus charged you a fee for inspecting your property after you defaulted in monthly loan payments between March 2010 and February 2019, a class action lawsuit may affect your rights.

**A court authorized this notice.  This is not a solicitation from a lawyer.**

- Barbara Clair and Mirtha Claros-Almendras sued Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper, as successor to Seterus, Inc. and Federal National Mortgage Association alleging that Seterus charged customers a fee for inspecting properties in Maryland after the customer defaulted in monthly loan payments in violation of Maryland law.  Seterus was the loan servicer of these loans and Fannie Mae owned the loans or was trustee of securitization trusts which owned the loans.  Nationstar was named as successor to Seterus as a result of a merger, but Plaintiffs do not allege any wrongdoing by Nationstar.

- You are receiving this notice to inform you about a proposed settlement so that you know your rights as a proposed member of one of two Settlement Classes.

- The Settlement Classes are comprised of two distinct groups depending on whether or not Seterus collected at least one property inspection fee:

    **Settlement Class A is defined as:**

    All persons from or on behalf of whom Seterus collected at least one property inspection fee (or a partial property inspection fee) via a borrower payment or by adding it to a loan modification balance.  Settlement Class A excludes any person who may timely opt out of the Settlement.

    **Settlement Class B is defined as:**

    All persons who Seterus imposed at least one property inspection fee onto the periodic or other written communication sent to a borrower, or were assessed to the borrower's loan account, but the fee was never paid by the class member.  Settlement Class B excludes any person who may timely opt out of the Settlement.

- Based on the records available to the parties, you may be a member of **SETTLEMENT CLASS B.**

- To resolve this matter now without the need for further litigation, the Parties have reached settlement terms that affect the Settlement Classes, including your rights.

**YOUR LEGAL RIGHTS ARE AFFECTED, AND YOU HAVE A CHOICE TO MAKE NOW:**

## YOUR LEGAL RIGHTS AND OPTIONS

**DO NOTHING:** If you do nothing, you will be included in Settlement Class B, you will not receive the benefit of the settlement provided to Settlement Class B Members, all the Court's orders will apply to you, and you will release the Defendants and the Released Parties of your claims against them.

**MAKE A CLAIM:** To receive the benefit of the settlement described above upon final approval by the Court, you must fully complete and timely return the claim form attached to this notice within thirty (30) days of the date of this notice.

**ASK TO BE EXCLUDED:** You may ask to be excluded from this settlement. To validly request exclusion from the Settlement Classes, a person must personally sign, date, and send a written request to opt out providing the person's full name, telephone number, the full name of any co-borrowers, current address, the address of the property securing their Seterus loan (if different), and Seterus loan number, and stating, "I have reviewed the Class Settlement Notice and wish to exclude myself from the Settlement in *Clair et al v. Nationstar Mortgage LLC d/b/a Mr. Cooper, as successor to Seterus Inc. et al.*, Case No. 441428-V" (or substantially similar clear and unambiguous language) addressed to "Exclusion Request: Seterus Property Inspection Fee Class Action" to American Legal Claim Services LLC, [*address to be provided*]

The written request for exclusion must be postmarked no later than thirty (30) days from the date of the Class Notice, and must include the person's name, address, telephone number and a "wet" signature not affixed via electronic means. If a question is raised about the authenticity of an exclusion request, the Settlement Administrator will have the right to demand additional proof of the individual's identity and intent. The Parties retain discretion to determine whether any exclusion request substantially complies with the requirements above. Exclusion requests that are signed by an attorney but not by the person requesting to be excluded from the Settlement Class are invalid.

Sending a written request to be excluded from the Settlement Classes does not guarantee that you will be excluded. Requests to be excluded will be reviewed for their validity.

If you do not exclude yourself from the Settlement Classes, the settlement (if approved) will release your legal claims and will affect your right to start or continue any other lawsuit or proceeding against Nationstar, Seterus and Fannie Mae. The release is described in the settlement agreement, which is available on the Court's docket in the case of *Barbra Clair et al. v. Nationstar Mortgage LLC d/b/a Mr. Cooper, as successor to Seterus, Inc.*, Case No. 441428-V (Montgomery County Maryland Circuit Court). You can also obtain a copy of the settlement agreement by contacting Class Counsel, Defendants' Counsel or the Settlement Administrator (addresses below).

2

**OBJECT:** If you are a member of one of the Settlement Classes, you have the right to object to the terms of the settlement. If you request to be excluded, you do not have the right to object. A Settlement Class Member who wishes to object to any aspect of the settlement must, no later than thirty (30) days from the date of this notice, file with the Court a written statement of the objection(s) and serve the objection(s) on Class Counsel and Defendants' counsel. The written statement of objection(s) shall: (1) set forth the objector's full name, current address, and if different, the address of the property which secured their mortgage loan, telephone number, email address (if any), and Seterus loan number of the objector's loan; (2) contain a statement of the legal and factual ground for the objection with specificity, together with all documents on which the Class Member relies (if any); (3) state the identity of all counsel representing or assisting the objector, if any; and (4) indicate whether the objection applies only to the Class Member, to a portion of the Class, or to the Class as a whole. All Objections must be personally signed by the person(s) making the objection, or a court-appointed legal guardian authorized to act on their behalf.

Objections must be filed in the case of *Barbra Clair et al. v. Nationstar Mortgage, LLC d/b/a Mr. Cooper as successor to Seterus, Inc. et al.*, Case No. 441428-V (Md. Cir. Ct.), and must be filed in the Civil Clerk's Office of the Circuit Court for Montgomery County, Maryland within 30 days of the date of this Notice.

Objections must also be sent to Class Counsel and Defendants' Counsel at the following addresses:

- <u>Class Counsel</u>: Scott Borison, Borison Firm, LLC, 1400 S. Charles Street, Baltimore MD 21230; Phillip Robinson, Consumer Law Center LLC, 10125 Colesville Road, Silver Spring MD 20901.

- <u>Defendants' Counsel</u>: Joseph F. Yenouskas, Goodwin Procter LLP, 1900 N Street, NW, Washington DC 20036.

You may submit a written statement of objection(s) on your own behalf or through a lawyer hired at your expense. If a lawyer submits objections on your behalf, your lawyer must: (1) file a notice of appearance with the Court; (2) file a sworn declaration attesting to his or her representation of each Settlement Class Member on whose behalf the objection is being filed; (3) file a sworn declaration that specifies the number of times during the prior five-year period they have objected to a class action settlement on their own behalf or on behalf of a member of a class; and (4) comply with the requirements and procedures for objection.

If you file an objection, you will also need to attend the final approval hearing, or the Court may not consider your objections.

**You only have the right to object to the settlement if you do not request to be excluded. If you request to be excluded, you do <u>not</u> have the right to object.**

Note that any capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement. To the extent there are any conflicts or inconsistencies between this form and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

ACTIVE/124439206.3

**YOUR OPTIONS ARE FURTHER EXPLAINED IN THIS NOTICE.**
**ANY QUESTIONS?  READ ON.**

ACTIVE/124439206.3

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ........................................................................................................... Page 6
    1.    Why did I get this notice?
    2.    What is this lawsuit about?
    3.    What is a class action and who is involved?
    4.    Why is this lawsuit a class action?

THE CLAIMS IN THE LAWSUIT ......................................................................................... Page 7
    5.    What does the lawsuit complain about?
    6.    How do Defendants answer?
    7.    How do I obtain more information?
    8.    What is the Settlement?

WHO IS IN THE SETTLEMENT CLASSES ....................................................................... Page 7
    9.    Am I part of the Settlement Classes?

YOUR OPTIONS ...................................................................................................................... Page 8
    10.    What do I do to be included?
    11.    What happens if I do nothing at all?
    12.    What do I do if I do not want to be included?
    13.    How do I object?

THE LAWYER REPRESENTING YOU ........................................................................... Page 10
    14.    Do I have a lawyer in this case?
    15.    Should I get my own lawyer?
    16.    How will the lawyers be paid?

ACTIVE/124439206.3

## BASIC INFORMATION

**1.     Why did I get this notice?**

Records show that you had a residential mortgage loan secured by real property in Maryland, which loan was serviced by Seterus and owned by Fannie Mae or in a securitization trust for which Fannie Mae was the trustee, and Seterus imposed on your account one or more Property Inspection Fee between March 2010 and February 2019.  You have legal rights and options that you may exercise before the Court enters a final judgment.  The lawsuit is known as *Barbra Clair et al. v. Nationstar Mortgage LLC b/b/a Mr. Cooper, as successor to Seterus, Inc.*, Case No. 441428-V (Md. Cir. Ct.), which was filed in and is available at the Clerk's Office of the Circuit Court of Montgomery County, Maryland.

**2.     What is this lawsuit about?**

This lawsuit is about property inspection fees that Seterus charged when you and other Maryland borrower defaulted in monthly loan payments and Seterus conducted an inspection of your property.

The Defendants deny any wrongdoing and deny all claims asserted against them in the Action. The parties have agreed to settle the Action to avoid the cost, delay, and uncertainty of litigation.

**3.     What is a class action and who is involved?**

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Class Representatives" sue on behalf of other people who have similar claims.  The people together are a "Class" or "Class Members."  This case involves a group of class members who were charged a property inspection fee (some of which were collected).  Barbra Clair and Mirtha Claros-Almendras are the Class Representatives and represent the Settlement Class Members.  Seterus and Federal National Mortgage Association are the Defendants.

**4.     Why is this lawsuit a class action?**

Plaintiffs filed this case as a class action.  Following the Parties' settlement and the Court's preliminary approval order approving the settlement, the Court approved two Settlement Classes: Class A and Class B.  Members of either Settlement Class A or Settlement Class B are referred to as Settlement Class Members.  The Court found that the Settlement Classes satisfy the requirements of Maryland Rule 2-231, which governs class actions in Maryland courts.

## THE CLAIMS IN THE LAWSUIT

**5.     What does the lawsuit complain about?**

In the lawsuit, the Named Plaintiffs have alleged that Seterus violated Maryland law by charging property inspection fees.

ACTIVE/124439206.3

**6.       How do Defendants answer?**

Defendants deny that they violated Maryland law or that they are required to pay anything to Settlement Class Members.  The Court granted summary judgment for Fannie Mae on Plaintiffs' claims against Fannie Mae.  The Parties have reached as settlement however to avoid further cost, risk and delay of litigation.

**7.       How do I obtain more information?**

You can obtain more information about the settlement and the lawsuit by visiting the Seterus Property Inspection Fee Litigation website located at www.SeterusPropertyInspectionFeeLitigation.com.

**8.       What is the settlement?**

Defendants have agreed to establish a settlement fund of $3.5 million to pay all claims, attorneys' fees and costs, service awards and settlement administration costs associated with the Settlement.  After the Court awards amounts to Class Counsel as compensation for their attorney's fees and costs, to the Plaintiffs for their service as class representatives, and to the settlement administrator, Seterus has agreed to make payments of 80% of the remainder to all members of Settlement Class A.  The remaining 20% shall be paid to all members of Settlement Class B who submit a timely claim form, up to a maximum of $100 each.

## WHO IS IN THE SETTLEMENT CLASSES

**9.       Am I part of the Settlement Classes?**

Seterus has provided your name as part of Settlement Class B.   Settlement Class B consists of all persons who Seterus imposed at least one property inspection fee onto the periodic or other written communication sent to a borrower, or were assessed to the borrower's loan account, but the fee was never paid by the class member.

## YOUR OPTIONS

**10.      What do I need to be included?**

You will be included as a Settlement Class B Member if you do not request exclusion, To obtain the benefits that are available to Settlement Class B members, you have to fully complete and timely return the claim form attached to this notice within thirty (30) days of the date of this notice.  If you do not timely return a properly completed claim form, you will not obtain any benefit but will remain a member of Settlement Class B.  See Paragraph 11 below.

**11.      What happens if I do nothing at all?**

You will be included in Settlement Class B.  You will not receive the benefit of the settlement provided to Settlement Class B Members unless you timely return a properly completed claim form.  If you are a member of Settlement Class B, all the Court's orders will apply to you, and you will release the Defendants and the Released Parties of your claims against them.

**12.    What if I do not want to be included?**

As described above, you may ask to be excluded from this settlement.  To validly request exclusion from the Settlement Classes, a person must personally sign, date, and send a written request to opt out providing the person's full name, telephone number, email address, the full name of any co-borrowers, current address, the address of the property securing their Seterus loan (if different), and Seterus loan number, and stating, "I have reviewed the Class Settlement Notice and wish to exclude myself from the Settlement in *Clair et al v. Nationstar Mortgage LLC d/b/a Mr. Cooper, as successor to Seterus Inc. et al.*, Case No. 441428-V" (or substantially similar clear and unambiguous language) to "Exclusion Request:  Seterus Property Inspection Fee Class Action" to American Legal Claim Services LLC, [*address to be provided*]

The written request for exclusion must be postmarked no later than thirty (30) days from the date of this notice.  If a question is raised about the authenticity of an exclusion request, the Settlement Administrator will have the right to demand additional proof of the individual's identity and intent.  The Parties retain discretion to determine whether any exclusion request substantially complies with the requirements above.  Exclusion requests that are signed by an attorney but not by the person requesting to be excluded from the Settlement Class are invalid.

Sending a written request to be excluded from the Settlement Classes does not guarantee that you will be excluded.  Requests to be excluded will be reviewed for their validity.

If you do not exclude yourself from the Settlement Classes, the settlement (if approved) will release your legal claims and will affect your right to start or continue any other lawsuit or proceeding against the Defendants and the Released Parties.  The release is described in the settlement agreement, which is available on the Court's docket in the case of *Barbra Clair et al. v. Nationstar Mortgage LLC d/b/a Mr. Cooper, as successor to Seterus, Inc. et al.*, Case No. 441428-V (Montgomery County, Md. Cir. Ct).  You can also obtain a copy of the settlement agreement by contacting Class Counsel, Defendants' Counsel or the Settlement Administrator.

**13.    How do I object?**

If you are a member of one of the Settlement Classes, you have the right to object to the terms of the settlement.  If you request to be excluded, you do not have the right to object.  A Settlement Class Member who wishes to object to any aspect of the settlement must, no later than thirty (30) days from the date of this notice, file with the Court a written statement of the objection(s) and serve the objection(s) on Class Counsel, Defendants' Counsel and the Settlement Administrator. The written statement of objection(s) shall: (1) set forth the objector's full name, current address, and if different, the address of the property which secured their mortgage loan, telephone number, email address (if any), and Seterus loan number of the objector's loan; (2) contain a statement of the legal and factual ground for the objection with specificity, together with all documents on which the Class Member relies (if any); (3) state the identity of all counsel representing or assisting the objector, if any; and (4) indicate whether the objection applies only to the Class Member, to a portion of the Class, or to the Class as a whole.  All Objections must be personally signed by the person(s) making the objection, or a court-appointed legal guardian authorized to act on their behalf.

ACTIVE/124439206.3

Objections must be filed in the case of *Barbra Clair et al. v. Nationstar Mortgage LLC d/b/a Mr. Cooper, as successor to Seterus, Inc.*, Case No. 441-428-V (Montgomery County, Md. Cir. Ct.,), and must be filed in the Civil Clerk's Office of the Circuit Court by the deadline.

Objections must also be sent to Class Counsel, Defendants' Counsel and the Settlement Administrator at the following addresses:

- <u>Class Counsel</u>: Scott Borison, Borison Firm, LLC, 1400 S. Charles Street, Baltimore MD 21230; Phillip Robinson, Consumer Law Center LLC, 10125 Colesville Road, Silver Spring MD 20901

- <u>Defendants' Counsel</u>: Joseph F. Yenouskas, Goodwin Procter LLP, 1900 N Street, NW, Washington DC 20036.

- <u>Settlement Administrator</u>: American Legal Claim Services, LLP [*address to be provided*]

You may submit a written statement of objection(s) on your own behalf or through a lawyer hired at your expense. If a lawyer submits objections on your behalf, your lawyer must: (1) file a notice of appearance with the Court; (2) file a sworn declaration attesting to his or her representation of each Settlement Class Member on whose behalf the objection is being filed; (3) file a sworn declaration that specifies the number of times during the prior five-year period they have objected to a class action settlement on their own behalf or on behalf of a member of a class; and (4) comply with the requirements and procedures for objection.

If you file an objection, you will also need to attend the final approval hearing, or the Court may not consider your objections. The final hearing will occur on December 8, 2023

### THE LAWYER REPRESENTING YOU

**14.    Do I have a lawyer in this case?**

To represent the Class, the Court has appointed the following Class Counsel who may be contacted at: Scott Borison, Borison Firm, LLC, 1400 S. Charles Street, Baltimore MD 21230; Phillip Robinson, Consumer Law Center LLC, 10125 Colesville Road, Silver Spring MD 20901. You may hire your own attorney, but only at your own expense.

**15.    Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may hire one who it will be your responsibility to pay. For example, you can ask him or her to appear in Court for you, if you want someone other than Class Counsel to speak for you.

**16.    How will the Class Counsel be paid?**

Class Counsel will request from the Court an award of Attorneys' Fees not to exceed 40% of the Common Fund (or $1,400,000).

**SETERUS PROPERTY INSPECTION FEE LITIGATION CLAIM FORM**

To receive benefits of the settlement, you must fill out this claim form completely and return to:

American Legal Claim Services, LLC
[*address*]

CLAIMS MUST BE POSTMARKED NO LATER THAN THIRTY (30 DAYS) AFTER THE DATE OF THIS NOTICE. Claims submitted after this date will not be considered, and you will not be paid.

**CLAIMANT INFORMATION**

Name: _____

Telephone number: _____

E-mail: _____

Name of co-borrower: _____

Current Address: _____

_____

Seterus Loan Number: _____

Address of Property:
(if different from above) _____

_____

The information you provide above will be used only to contact you regarding the Settlement and process your claim. If your contact information changes after you submit your Claim, please notify the Settlement Administrator promptly.

**AFFIRMATION AND ACKNOWLEDGEMENT**

By signing below, I acknowledge that the above information is true and correct to the best of my belief. I am submitting a Claim for compensation under Settlement Class B. I also understand that I may be asked to provide more information by the Settlement Administrator before my claim is considered complete.

Signature: _____

Dated: _____

ACTIVE/124439206.3

### SETERUS PROPERTY INSPECTION FEE LITIGATION CLAIM FORM

To receive benefits of the settlement, you must fill out this claim form completely and return to:

American Legal Claim Services, LLC
[*address*]

CLAIMS MUST BE POSTMARKED NO LATER THAN THIRTY (30 DAYS) AFTER THE DATE OF THIS NOTICE. Claims submitted after this date will not be considered, and you will not be paid.

### CLAIMANT INFORMATION

Name: _____

Telephone number: _____

E-mail: _____

Name of co-borrower: _____

Current Address: _____

_____

Seterus Loan Number: _____

Address of Property: _____
(if different from above)

_____

The information you provide above will be used only to contact you regarding the Settlement and process your claim. If your contact information changes after you submit your Claim, please notify the Settlement Administrator promptly.

### AFFIRMATION AND ACKNOWLEDGEMENT

By signing below, I acknowledge that the above information is true and correct to the best of my belief. I am submitting a Claim for compensation under Settlement Class B. I also understand that I may be asked to provide more information by the Settlement Administrator before my claim is considered complete.

Signature: _____

Dated: _____

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

| | | |
|---|---|---|
| **Barbra Clair** *et al.,* | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: 441428-V |
| **Nationstar Mortgage LLC d/b/a,** | * | |
| **Mr. Cooper as successor by merger** | * | Judge Ronald B. Rubin |
| **to Seterus, Inc.** *et al.,* | * | (Specially assigned) |
| | * | |
| Defendants. | * | |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF TWO SETTLEMENT CLASSES, AWARDING SERVICE FEES, ATTORNEYS FEES AND COSTS, ADMINISTRATIVE FEES AND DESIGNATING CY PRES RECIPIENT

Plaintiffs Barbara Clair and Mirtha Claros-Almendras, having moved (i) for final approval of the Settlement of the two Settlement Classes pursuant to the terms of the parties' Settlement Agreement that this Court preliminarily approved by Order dated _____, 2023 ("Preliminary Approval Order"), and (ii) to approve incentive fees, award attorney's fees and costs and designate a *cy pres* recipient; the Court having read and considered the Motions and the entire record herein;

**NOW, THEREFORE, IT IS HEREBY ORDERED,** that:

1.      Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2.      The Court finds that the applicable provisions of Rule 2-231 have been satisfied and that the Court finally approves the Settlement and certifies the Settlement Classes for purposes of Final Judgment.

3.      The Class is defined as:  All persons with residential mortgage loans secured by real property in Maryland, which were serviced by Seterus and owned by Fannie Mae or in a

1

securitization trust for which Fannie Mae was the trustee, for which Seterus imposed one or more Property Inspection Fee from March 2010 through February 2019.

4.      Settlement Class A is defined as:  All persons from or on behalf of whom Seterus collected at least one Property Inspection Fee (or a partial Property Inspection Fee) via a borrower payment or by adding it to a loan modification balance.

5.      Settlement Class B is defined as:  All persons who Seterus imposed at least one Property Inspection Fee onto the periodic statement or other written communication sent to a borrower, or were assessed to the borrower's loan account, but the fee was never paid by Class member.

6.      Barbra Clair is confirmed as class representative for Settlement Class A.

7.      Mirtha Claros-Almendras is confirmed as class representative for Settlement Class B.

8.      The Court confirms the appointment of Scott Borison and Phillip Robinson as Class Counsel, having determined that the requirements of Rule 2-231 are fully satisfied by this appointment.

9.      A Final Approval Hearing was held on or about December 8, 2023 to finally approve the Settlement and to consider the fairness, reasonableness, and adequacy of the Settlement.  The date, time, and venue of the Final Approval Hearing was set forth in the Class Notices that have been sent as ordered by the Preliminary Approval Order.

10.      The Court finds that the distribution of the Class Notices fully and accurately informed all Members of the Settlement Classes of the material elements of the Settlement; constituted the best notice practicable under the circumstances; constituted valid, due and sufficient notice; and complied fully with Maryland Rule 2-231.

ACTIVE/124439201.3

11.     The Court finds that after proper notice to the Settlement Classes and after sufficient opportunity to object, no timely objections to the Settlement have been made.

12.     The Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Classes.

13.     The Court finds the Settlement was made in good faith.

14.     The Court finds that the neither the Final Approval Order nor this Agreement shall constitute an admission of liability by the Parties of any liability or wrongdoing.

15.     The Parties are directed to perform in accordance with the terms of the Settlement Agreement.

16.     The Court also finds that the following additional service fees to the Named Plaintiffs sought are reasonable, fair and adequate and directs that the following incentive payments shall be paid from the common fund:

| Name | Amount |
|------|--------|
| Barbra Clair | $7,500.00 |
| Mirtha Claros-Almendras | $7,500.00 |

The Court finds that the attorney's fees and costs sought are reasonable, fair and appropriate as a percentage of the relief obtained on behalf of the Classes in the amount of $1,400,000 equaling 40% of the total benefit obtained on behalf of the Class A and Class B class members and shall be paid by Defendants from the Common Fund.

17.     The Court finds that the administrative costs estimated to be $_____ and shall be paid by Defendants from the Common Fund.

18.     The Court designates Housing Initiative Partnership, Inc. as the *cy pres* recipient if there are any unclaimed funds.

3

19.     The Releasors have released the Released Parties from all Released Claims as provided for in Paragraph 37 of the Settlement Agreement.

20.     The Third Amended Complaint is dismissed with prejudice.

21.     The Court retains exclusive jurisdiction over the Action and the Parties for the purposes of, among other things: (i) supervising the implementations, enforcement, construction, and interpretation of the Settlement Agreement the Preliminary Approval Order and this Order; and (ii) supervising the administration and distribution of the relief to the Settlement Class B and resolving any disputes that may arise with regard to the any of the foregoing.


**SO ORDERED.**

Dated: _____, 2023


_____
Ronald B. Rubin
Circuit Court Judge