The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICARDO SALOM, CATHERINE PALAZZO as assignee for Ruben Palazzo, and PETER HACKINEN, *on their own behalf and on behalf of other similarly situated persons*,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>Defendant. | Case No. 2:24-cv-00444-BJR<br><br>**REPLY IN SUPPORT OF DEFENDANT NATIONSTAR MORTGAGE LLC'S MOTION TO EXCLUDE TESTIMONY OF ANDREW G. PIZOR, BERNARD J. PATTERSON, DAVID L. FRIEND, AND THOMAS A. TARTER** |

Defendant Nationstar Mortgage LLC d/b/a Champion Mortgage Company ("Nationstar") submits this reply in support of tis Motion to Exclude Testimony of Andrew G. Pizor, Bernard J. Patterson, David L. Friend, and Thomas A. Tarter ("Motion to Exclude Expert Testimony").

## I. INTRODUCTION

Nationstar's Motion to Exclude Expert Testimony seeks to exclude the testimony of Andrew G. Pizor, Bernard J. Patterson, David L. Friend, and Thomas A. Tarter (collectively "Plaintiffs' Experts") on the grounds that the opinions offered are either unhelpful to a jury because they relate to issues that are not in dispute, they are based on speculation, or they constitute impermissible legal opinions. Plaintiffs' Opposition ignores Nationstar's arguments and would usurp the Court's essential gatekeeping function under Rule 702 by deferring every question of reliability and fit to an issue of weight and credibility for the jury. But that was never the intent of

REPLY IN SUPPORT OF NATIONSTAR MORTGAGE LLC'S
MOTION TO EXCLUDE PLAINTIFFS' EXPERTS - 1
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER LOCKE LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

Rule 702. The recent amendments to Rule 702 reaffirm that the proponent of the expert must prove by a preponderance of evidence that the expert has relied on sufficient facts or data and has applied a reliable methodology. Plaintiffs seek to skirt Rule 702's requirements by claiming the Plaintiffs' Experts' experience make their speculative, assumption-based, and arbitrary opinions reliable. This is not the law. Expert opinion is not admissible to help the jury decide an irrelevant issue or facts not in dispute; and an expert's qualifications are irrelevant if his expertise is not helpful to the jury. Because Plaintiffs have not met their threshold burden of proving that Plaintiffs' Experts' opinions satisfy Rule 702, the Court should exclude those opinions.

## II. ARGUMENT

### A. Rule 702 Requires the Court to Serve as a Gatekeeper

Contrary to Plaintiffs' assertions in the Opposition, before admitting expert testimony, the district court "must perform a 'gatekeeping role' of ensuring that the testimony is both 'relevant' and 'reliable' under Rule 702." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)). Plaintiffs focus on the first prong of the *Daubert* test: whether the reasoning or methodology of the testimony is scientifically valid. *See* Dkt. 104 at pp. 3-4. However, the second prong of the *Daubert* test examines the relevance of the scientific evidence: whether the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. Expert testimony can be "both powerful and quite misleading because of the difficulty in evaluating it." *Daubert*, 509 U.S. at 595 ("Daubert I"). Thus, district courts must exclude proffered expert testimony "unless they are convinced that it speaks clearly and directly to an issue in dispute in the case, and that it will not mislead the jury." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1321 n.17 (9th Cir. 1995) ("Daubert II"). As explained in the Motion, and further below, the testimony of Messrs. Pizor, Patterson, and Friend should be excluded because their opinions either relate to undisputed issues or are not properly the subject of expert testimony. Mr. Tarter's opinions should be excluded because he offers legal opinions that fail to take into consideration the facts of the case and are likely to confuse the jury.

REPLY IN SUPPORT OF NATIONSTAR MORTGAGE LLC'S
MOTION TO EXCLUDE PLAINTIFFS' EXPERTS - 2
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER LOCKE LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

**B. Mr. Pizor's Opinions Are Either Legal Opinions or Not Useful to the Jury**

Plaintiffs argue Mr. Pizor "intends to offer opinion testimony about the; (i) role of a loan servicer who acts as the agent for the loan owner; (ii) a loan servicer's responsibilities to review the loan terms and various servicing requirements in order to 'service a specific loan' and does not change based on the volume of loans serviced by the entity; (iii) the customary systems and procedures used by loan servicers to perform mush of their work electronically to maximize profits and minimize operating expenses; (iv) it is a fundamental duty of all loan servicers to 'seek and collect only those sums actually permitted by law or a mortgage loan's governing document;' and (v) '[n]one of the loan modifications entered into by the named plaintiffs changes the uniform provisions governing whether the lender or servicer may directly impose any fees related [to] the borrower's request or receipt of a payoff statement.'" Dkt. 104 at p. 8.  But as explained in the Motion, his opinions amount to a legal conclusion or state basic facts about loan servicing that are not in dispute.  "[A]n expert witness cannot give an opinion as to [his] *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (emphasis in original) (quoting *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)).  Doing so "invades the province of the jury to find facts and that of the court to make ultimate legal conclusions." *PacTool Int'l*, 2012 WL 13686, at *2 (quoting *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2009)).

The Opposition fails to address how Mr. Pizor's opinion that Nationstar is acting as an agent for the owner of the loans it services is relevant in any way to the issues in this case. Not only is this a legal opinion, but it is unhelpful to the jury.

Mr. Pizor's opinion that a loan servicer is responsible for knowing everything necessary to service a loan, including the terms of the note and mortgage, servicing requirements imposed by insurance or guarantee programs, and the applicable law, or that loan servicers use computer systems to store information necessary to service loans and that the named Plaintiffs' loans are documented on standardized forms that have remain unchanged since 2001 are issues that are not the subject of expert testimony.  These are obvious even to a lay person and relate to issues that are not in dispute. *United States v. Winters*, 729 F.2d 602, 605 (9th Cir. 1984) (for a witness's testimony

REPLY IN SUPPORT OF NATIONSTAR MORTGAGE LLC'S
MOTION TO EXCLUDE PLAINTIFFS' EXPERTS - 3
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER LOCKE LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

to be admissible under Rule 702, the subject matter must be "beyond the common knowledge of the average layman"); *see Mooney v. Roller Bearing Co. of Am., Inc.*, 601 F. Supp.3d 881, 888 (W.D. Wa. 2022) (excluding opinions that would not help the trier of fact understand a fact at issue).

Finally, Mr. Pizor's opinion related to the duties Nationstar owed and whether a loan modification modified any provision of the underlying loan agreement are solely the province of the Court to determine. *See Washburn v. Gymboree Retail Stores, Inc.*, 2012 U.S. Dist. LEXIS 127732, at *2 (W.D. Wash. Sept. 7, 2012) ("Each courtroom comes equipped with a 'legal expert,' called a judge ....").

Mr. Pizor's opinions are either irrelevant to any contested issue or are inadmissible legal opinions and should be excluded in their entirety.

C.  **Mr. Patterson's and Mr. Friend's Opinions Are Not Properly the Subject of Expert Testimony and Provide No Utility to the Jury.**

The Opposition fails to address the issues raised in Nationstar's Motion. As explained therein, Nationstar does not dispute that the uniform Fannie Mae and Freddie Mac loan instruments from 2001 to 2021 contain the same provisions regarding the meaning of "Applicable Law," charging fees "expressly prohibited by this Security Instrument or by Applicable Law," and "rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law." Mr. Patterson and Mr. Friend's opinions remain irrelevant to any fact in issue in this case. And because anyone can redline these documents to determine the changes, Mr. Patterson and Mr. Friend's opinions offer nothing more than what a basic use of redlining can offer. *See Mooney*, 601 F.Supp.3d at 888 (excluding opinion when jury would be able to understand facts without an expert's opinion).

Mr. Friend's report also contains opinions directed at class certification issues, which are not relevant at this juncture of the proceedings—in Phase I. And, he does not have the specific knowledge of the mortgage servicing system used by Nationstar, therefore, his opinion is based on speculation. *GE v. Joiner*, 522 U.S. 136, 146 (1997). In his May 9, 2025 deposition, Mr. Friend actually admits he has never been qualified as an expert and that he has only served in two other

REPLY IN SUPPORT OF NATIONSTAR MORTGAGE LLC'S
MOTION TO EXCLUDE PLAINTIFFS' EXPERTS - 4
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER LOCKE LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

cases (with the same Plaintiffs' counsel as here) and provided no depositions. May 9, 2025, Deposition of David L. Friend ("Friend Dep."), at 38:11-39:4; 43:9-18.

Mr. Friend further admits that he does not know anything about the Plaintiffs' facts, he did not receive or review Plaintiffs' depositions to form the basis of his opinion – he admitted he knows nothing about Plaintiffs' requests, the disclosed fee, and Plaintiffs' agreement to pay $25 to receive expedited delivery. Friend Dep. at 81:21-84:10. Importantly, Mr. Friend concedes these facts could make a difference in his opinions. *Id*. at 85:21-86:23.

Finally, Mr. Friend's opinion that neither Fannie Mae nor Freddie Mac standard uniform instruments "expressly authorize or require a servicer, subservicer, or a vendor thereof to impose, charge, or collect fees related to the issuance and delivery of a payoff statement" is a legal opinion which must be excluded as impermissibly treading on the province of the Court. Mr. Friend admits in his May 9, 2025, deposition that it wasn't his intent to come to legal conclusions, and "apologize[d] if [he] might have inartfully described some of the conclusions." Friend Dep. at 70:15-71:25; 77:18-78:11; 84:16-. *See also Washburn*, 2012 U.S. Dist. LEXIS 127732, at *2 ("The question is whether Defendants' complied with their legal obligations, and the Court does not need [an expert's] assistance in that inquiry.").

### D. Mr. Tarter's Opinions Are Legal Opinions or Speculation

While the Opposition argues that Mr. Tarter has a lot of experience, his opinions are still legal opinions or based on speculation. Not surprisingly, most courts "routinely" exclude them as improper legal conclusions, as Mr. Tarter freely admits. Tarter Dep., 20:7-21.

Mr. Tarter will not offer any opinion related to an "expedited" delivery fee. Tarter Dep., 50:16-52:13. He provides no reliable data, facts, or methodology in support of his conclusions and he cites to documents he found online about Nationstar. His conclusions are argumentative, prejudicial, confusing, and of no probative value. Mr. Tarter's own admissions show that his opinions are contradicted by facts in the record. He engages in raw, inflammatory speculation about "possible" motives for which he admits he has no factual basis. Mr. Tarter's report and testimony must be excluded. *See Nelson v. Thurston Cnty.*, No. C18-5184-RSL, 2022 WL 4652376, at *3 (W.D. Wash. Sept. 30, 2022) (excluding portion of report consisting of "accusations of

REPLY IN SUPPORT OF NATIONSTAR MORTGAGE LLC'S
MOTION TO EXCLUDE PLAINTIFFS' EXPERTS - 5
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER LOCKE LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405

unprofessional, unlawful, or deficient conduct" that were "largely unmoored from any standard or analysis").

### III.    <u>CONCLUSION</u>

For the reasons stated above, and in the Motion to Exclude, Nationstar respectfully requests the Court exclude the expert testimony proffered by Andrew Pizor, Bernard Patterson, David L. Friend, and Thomas Tarter under Federal Rule of Evidence 702.

Dated: May 19, 2025            TROUTMAN PEPPER LOCKE LLP

By: */s/ Jason E. Manning*
Thomas N. Abbott (WSBA No. 53024)
100 SW Main Street, Suite 1000
Portland, Oregon 97204
Telephone: 503.290.2322
Email: thomas.abbott@troutman.com

Justin D. Balser (WSBA No. 56577)
100 Spectrum Center Drive, Suite 1500
Irvine, California 92618
Telephone: 949.622.2700
Email: justin.balser@troutman.com

John C. Lynch (admitted *pro hac vice*)
Jason E. Manning (admitted *pro hac vice*)
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: 757.687.7500
Email: john.lynch@troutman.com
Email: jason.manning@troutman.com

Counsel for Defendant
NATIONSTAR MORTGAGE LLC

REPLY IN SUPPORT OF NATIONSTAR MORTGAGE LLC'S
MOTION TO EXCLUDE PLAINTIFFS' EXPERTS - 6
(Case No. 2:24-cv-00444-BJR)

TROUTMAN PEPPER LOCKE LLP
100 SW Main Street, Suite 1000
Portland, Oregon 97204
T: 503.290.2322 / F: 503.290.2405