The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - SEATTLE

| | |
|---|---|
| RICARDO SALOM, CATHERINE PALAZZO as assignee for Ruben Palazzo, and PETER HACKINEN, *on their own behalf and on behalf of other similarly situated persons,*<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC<br><br>Defendant. | Case No. 2:24-cv-00444-BJR<br><br>**PLAINTIFFS' RESPONSE AND OPPOSITION TO THE CONSUMER FINANCIAL PROTECTION BUREAU'S MOTION TO WITHDRAW ITS AMICUS BRIEF (Dkt. 112)** |

PLAINTIFF'S RESPONSE AND OPPOSITION
TO THE CFPB's MOTION TO WITHDRAW
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

After the parties have substantially briefed nearly all issues presented to the Court concerning Phase 1 discovery, as narrowed by the Court,[1] the Consumer Financial Protection Bureau ("CFPB" or "Bureau") has moved to withdraw its prior Amicus Brief (Dkt. 112), which was filed in this matter on August 25, 2024 (Dkt. 49-1). In response and opposition, the Plaintiffs state as follows:

## I.    CERTIFICATION OF COUNSEL

CFPB's counsel and Plaintiffs' counsel conferred about the motion by email and telephonic conference on the date it was filed—i.e. May 23, 2025. In that conference, the CFPB was unable to identify any change in the statutes, case law, or promulgated regulations issued by the CFPB related to the arguments raised by the Parties and the CFPB in this action. The CFPB did identify the Bureau's recent election to withdraw certain other guidance identified in its Motion, that it published in the Federal Register on May 12, 2025—i.e. Interpretive Rules, Policy Statements, and Advisory Opinions; Withdrawal, 90 FR 20084-01. The CFPB was not able to state the final basis for its decision to withdraw during the conference.

## II.    STANDARD OF REVIEW

This Court's Local Rules explain:

> There is a strong presumption of public access to the court's files. This rule applies in all instances where a party seeks to overcome the policy and the presumption by filing a document under seal. (1) A party must explore all alternatives to filing a document under seal.

Local Rule 5(g).

Further, the Ninth Circuit has also explained:

> "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."

---

[1]    Plaintiffs' Motion to Strike or Disregard Materially Inconsistent Testimony of Nationstar Mortgage LLC and its Senior Vice President Courtney Ehinger (Dkt. 103) remains open and not yet ripe for a ruling by the Court. Plaintiffs' reply in support will be due on June 10, 2025.

1

PLAINTIFF'S RESPONSE AND OPPOSITION
TO THE CFPB's MOTION TO WITHDRAW
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

*Nixon v. Warner Commnc'ns, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). Following the Supreme Court's lead, "we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir.2003). The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo* (*Amodeo II* ), 71 F.3d 1044, 1048 (2d Cir.1995); *see also Valley Broad. Co. v. U.S. Dist. Court—D. Nev.,* 798 F.2d 1289, 1294 (9th Cir.1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016)

Finally, this Court "has broad discretion to appoint amici curiae" and its decision to approve the participation or non-participation of amici can only be reversed based upon an abuse of discretion. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

### III. ARGUMENT

#### A. THE CFPB'S PRETEXT FOR WITHDRAWING ITS AMICUS BRIEF IS NOT A BASIS TO STRIKE OR REMOVE ITS STATEMENT OF THE LAW APPLICABLE TO THIS CASE

Since filing its Amicus Brief (Dkt. 49-1)[2] nearly ten months ago, nothing in the operative statutes before the Court enacted by Congress or by the states of Maryland or Washington (*e.g.* 15 U.S.C.A. § 1639g, 15 U.S.C.A. § 1639c(e)(3), 15 U.S.C. § 1692f(1), 12 U.S.C. § 2610, Wash. Rev. Code Ann. § 19.16.250(21), MD. CODE ANN., COM. LAW § 14-202(8)(11)), CFPB promulgated regulations (*e.g.* 12 C.F.R. § 1026.36(c)(3), 12 C.F.R. § 1006.22(b), and 12 C.F.R. § 1024.12), or applicable case law cited in the Amicus Brief has changed with respect to the Parties' claims before the Court.  The Bureau and its counsel are presumed to have filed and

---

[2]    The Amicus Brief was also presented to the Court for the limited issues of "whether [Nationstar] can apply a contractual provision requiring notice and an opportunity to cure the instant FDCPA claims, and whether [Nationstar] violated the FDCPA by collecting payoff statement fees that were neither expressly authorized by the agreement creating the debt no permitted by law." Dkt. 49 at ¶ 4.

2

PLAINTIFF'S RESPONSE AND OPPOSITION
TO THE CFPB's MOTION TO WITHDRAW
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

maintained the Amicus Brief in good faith and for the proper purpose of advancing legal contentions supported by existing law. Fed. R. Civ. P. 11. Now, following what appears to be a political decision to withdraw various advisory opinions (without any changes to the underlying regulations or statutes by the CFPB or Congress), the Bureau seeks to withdraw the entire Amicus Brief. Dkt. 112.

Because the operative laws, promulgated regulations, and case law remain unchanged, there is no just basis to disregard the Amicus Brief altogether just because there has been a change of leadership at the Bureau. Further, the withdrawal notice published in the Federal Register expressly limits its reach to whether the various withdrawn materials should be "enforced or otherwise relied upon by the Bureau," and says nothing about whether Courts or litigants may rely upon those materials. *See* 90 FR 20084-01 at § I.[3] Other federal courts have reached similar conclusions. *See e.g., Roberts v. Unlock Partnership Solutions AOI, Inc. et al.,* U.S.D.C. for Dist. of N.J. (Case No. 24-cv-1374-CPO at Dkt. 74 (Text Order Dated 2/20/2025)("The CFPB may withdraw its amicus brief, (ECF No. 58), as it no longer represents the agency's position. However, the request to strike the brief from the record is denied, as the brief was accepted by the Court and has been incorporated into the adjudicatory record. The amicus brief will remain on the docket for transparency but will not be considered as reflecting the CFPB's current views"); *The People of the State of New York, by Letitia James v. Citibank, NA*, U.S.D.C. for the S.D. of N.Y. (Case No. 1:24-cv-00659-JPO at Dkt. 72) Text Order Dated 3/27/2025)("The motion is granted insofar as the CFPB may disclaim the positions described in its previously filed statement of interest (ECF No. 28-1) and withdraw as amicus in this case. Any request included in the motion to strike or otherwise remove the statement of interest from the docket is denied. The document was filed in relation to a then-pending motion and is accordingly part of the public

---

[3] https://www.govinfo.gov/app/details/FR-2025-05-12/2025-08286 (last accessed on May 30, 2025).

PLAINTIFF'S RESPONSE AND OPPOSITION
TO THE CFPB's MOTION TO WITHDRAW
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

record. However, it will no longer be considered to reflect the current position of the CFPB. The Clerk is directed to terminate the CFPB as amicus").

The Bureau may well have the authority to unilaterally revise its purported policy guidance at will (Plaintiffs take no position on that point). However, the same cannot be said for regulations promulgated under the authority granted to the agency by Congress (which the May 12, 2025 Federal Register Notice does not even address). As the Supreme Court explained, Court's must "independently interpret the statute and effectuate the will of Congress subject to constitutional limits. The court fulfills that role by recognizing constitutional delegations." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395 (2024). Here, the relevant regulations were promulgated through formal notice and comment procedures and cannot simply be withdrawn based on shifting political preferences, nor have the regulations been withdrawn.

To the extent the Bureau now seeks to withdraw its Amicus Brief from further consideration solely on the basis of a single advisory opinion, rather than on the any change in the he regulations, statutes, and case law identified in the Amicus Brief or its published regulations (which have not changed), Plaintiffs do not oppose the Court declining to consider that portion of the Amicus Brief. However, Plaintiffs respectfully oppose the Motion to the extent the remainder of the Amicus Brief offers a statement of the law and regulations that remain unchanged, and still have some benefit and assistance to the Court.

**B. THE CFPB'S AMICUS BRIEF IS PART OF THE ADJUDICATORY RECORD AND SHOULD NOT BE STRUCK OR SEALED FROM THE RECORD**

The Bureau's Amicus Brief is part of the judicial record in this case and should not be struck, sealed, or hidden from public view. Local Rule 5(g); *Ctr. for Auto Safety,* 809 F.3d at 1096. While the Amicus Brief was submitted in connection with a prior motion, the Court retains broad discretion to consider or disregard the Amicus Brief at any stage of the proceedings. *Hoptowi,* 682 F.2d at 1260.

4

PLAINTIFF'S RESPONSE AND OPPOSITION
TO THE CFPB's MOTION TO WITHDRAW
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Moreover, although the Amicus Brief partially relied upon prior CFPB guidance that has since been withdrawn, that guidance still offers superior analysis as to why certain practices by Nationstar violate existing laws and regulations. Plaintiffs acknowledge that the withdrawn guidance is not binding law. However, that does not change the prior guidance's analytical value, nor the thoroughness and accuracy of its legal reasoning.

Therefore, on this additional basis, Plaintiffs respectfully request that the Court decline to strike or seal the Bureau's Amicus Brief from the record. The more appropriate course is to recognize that while the Bureau no longer endorses the withdrawn agency guidance (but not the law and regulations), the underlying legal analysis and cited regulations remain unchanged. *Cf. Roberts v. Unlock Partnership Solutions AOI, Inc. et al.,* U.S.D.C. for Dist. of N.J. (Case No. 24-cv-1374-CPO at Dkt. 74); *The People of the State of New York, by Letitia James v. Citibank, NA*, U.S.D.C. for the S.D. of N.Y. (Case No. 1:24-cv-00659-JPO at Dkt. 72)).

### IV.     CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant the Bureau's requested relief only to the extent it reflects the Bureau's current view related to its withdrawn Advisory Guidance (withdrawn by notice in the Federal Register on May 12, 2025--90 FR 20084-01). Plaintiffs oppose any broader relief, including withdrawal of the Amicus Brief as it relates to the unchanged statutes, governing case law, or the Bureau's still-operative regulations.

DATED June 3, 2025.

| DEVLIN LAW FIRM, LLC. | CONSUMER LAW CENTER, LLC |
|---|---|
| By: */s/ Christina L. Henry*<br>Christina L. Henry, WSBA# 31273<br>6100 219th St SW, Ste 480<br>PMB 398<br>Seattle, WA 98043-2222<br>*chenry@devlinlawfirm.com*<br>Counsel for Plaintiffs | By: */s/ Phillip Robinson*<br>Phillip Robinson, *Pro Hac Vice*<br>1220 Blair Mill Road, Suite 1105<br>Silver Spring, MD 20910<br>phillip@marylandconsumer.com<br>Counsel for Plaintiffs |

5

PLAINTIFF'S RESPONSE AND OPPOSITION
TO THE CFPB's MOTION TO WITHDRAW
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010