The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - SEATTLE

| | |
|---|---|
| RICARDO SALOM, CATHERINE PALAZZO as assignee for Ruben Palazzo, and PETER HACKINEN, *on their own behalf and on behalf of other similarly situated persons,*<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC<br><br>Defendant. | Case No. 2:24-cv-00444-BJR<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE OR DISREGARD MATERIALLY INCONSISTENT TESTIMONY OF NATIONSTAR MORTGAGE LLC AND ITS SENIOR VICE PRESIDENT, COURTNEY EHINGER** |

PLAINTIFF'S REPLY IN SUPPORT
MOTION TO STRIKE
OR DISREGARD INCONSISTENT
TESTIMONY
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

## I. REPLY INTRODUCTION

At bottom, Nationstar's opposition to Plaintiffs' Motion to Strike or Disregard Materially Inconsistent Testimony of Nationstar Mortgage LLC and its Senior Vice President, Courtney Ehinger ("Motion") effectively concedes that, in this case, it wishes for the Court to approve its so-called 'convenience' fee related to the request and delivery of a payoff statement (labeled as an 'expedited' fee). Yet, in earlier litigation, Nationstar told a court it had no right to impose and collect a different 'convenience' fee for accepting immediate payments by phone. Except for the specific purpose of the fee (i.e., monthly, periodic payment on a mortgage loan by phone or to obtain a payoff quote to payoff a mortgage loan fully), there is no material difference between the fees. Each fee is a junk fee which is (i) related to the collection of a residential mortgage loan serviced by Nationstar on behalf of another (i.e., the owner or investor of the loan) and (ii) Nationstar knows:

> **any fee charged**, **whether for convenience or to recoup actual costs incurred by lenders and servicers for loan payments** made through credit cards, debit cards, the automated clearing house (ACH), e**tc., must be specifically authorized by the applicable loan documents. If such a fee is not provided for in the applicable loan documents, it would be deemed illegal.** Further, attempts to circumvent this fee restriction by directing consumers to a payment platform associated with the lender or servicer that collects a loan payment fee or requiring consumers to amend their loan documents for the purposes of inserting such fees could also violate Maryland law.

Dkt. 114-1, at ECF. p. 2 of 3 (emphasis added). Also, previously filed at Dkt. 102-1 at ECF p. 8 of 9 and discussed in the Mot. at ECF. p. 5-8 of 15.

In prior litigation in Maryland, Nationstar, through corporate officer and Senior Vice President Courtney Ehinger, testified that Nationstar took the extraordinary step of refunding more than a million dollars to Maryland consumers whom it had imposed and collected so-called 'convenience' fees after it was sued and after the Commissioner of Financial Regulation in Maryland's Department of Labor issued its May 12, 2022 Advisory Notice. Dkt. 114-1 (*see also*,

1

| PLAINTIFF'S REPLY IN SUPPORT OF | DEVLIN LAW FIRM LLC |
| MOTION TO STRIKEOR DISREGARD | 1526 Gilpin Avenue |
| INCONSISTENT TESTIMONY | Wilmington, DE 19806 |
| 2:24-cv-00444-BJR | Telephone: (302) 449-9010 |

1  Ex. 1, Dkt. 102-1 at ECF p. 8-9).  In the same prior litigation, Nationstar's authorized counsel—
2  who represents Nationstar in this action—also conceded that Nationstar "reimbursed 1.5 million
3  dollars.  We – companies don't do that unless they believe and they're sincere in doing it…" Dkt.
4  # 13-1 at page 30 of 165 (at *Baxter* Hearing Trans. 62:3-4).  *Cf.* Id. (Page 22 of 165 (at *Baxter*
5  Hearing Trans. 30:6-13 ("…in response to the Commissioner's ruling…Nationstar refunded 1.16.
6  So, they went back another year and even refunded an additional year…And they did it because
7  [Nationstar] has a history in Maryland and [it] made the decision").  Yet here, Nationstar argues,
8  based upon  Courtney Ehinger's knowingly inconsistent testimony, that it may keep a different
9  convenience fee which is not "specifically authorized by the applicable loan documents."

10      In situations like this case, and the undisputed evidence before the Court presented in the
11  Motion and conceded by Nationstar, the Supreme Court recognized long ago (which remains
12  good law) that "[l]itigation would never come to an end if parties were permitted to shift their
13  entire ground of attack or defense, after finding where the pinch of the cause lay. They must be
14  estopped by the record, unless they can show that they were the victims of fraud or mistake."
15  *Putnam v. Day*, 89 U.S. 60, 64 (1874).  *See also Brooks v. Brooks*, 41 A.2d 367, 369 (1945)("The
16  action of a attorney in the course of litigation in which he is employed is binding upon his client");
17  *Denney v. Parker*, 38 P. 1018 (1894)(holding where the parties to an action ratify a compromise
18  made by their attorneys, it is immaterial that the latter had no authority to make it); *City of Seattle*
19  *v. Richard Bockman Land Corp.*, 505 P.2d 168, 170 (1973) (statement of general counsel that
20  corporation owned structures was binding on corporation).

21      Here, there is no mistake that Ehinger's prior testimony from *Baxter* is contrary to her
22  purported testimony in this action.  Dkt. 102-3, Ex. 3, Ehinger Dep. (Rule 30(b)(1) (1-14-2025)
23  (Pages 39:4-40:9).  She also confirmed again that Nationstar received a copy of the OFR May 12,
24  2022 notice (Dkt. 114-1) and had an appreciation and understanding of the guidance.  Dkt. 102-
25  3, Ex. 3, Ex. 3, Ehinger Dep. (Rule 30(b)(1) at (Pages 52:5-8); Dkt. 102-4, Ex. 4, Nationstar Corp.
26

| PLAINTIFF'S REPLY IN SUPPORT OF | DEVLIN LAW FIRM LLC |
| MOTION TO STRIKEOR DISREGARD | 1526 Gilpin Avenue |
| INCONSISTENT TESTIMONY | Wilmington, DE 19806 |
| 2:24-cv-00444-BJR | Telephone: (302) 449-9010 |

1  Dep. (Ehinger, Courtney)(3-11-2025) (Page 63:24-64:4). And just like the million dollars in so-called 'convenience' fees imposed and collected by Nationstar that were at issue in *Baxter*, Ehinger also confirmed that 'convenience' fees related to the request and delivery of payoff statements are not specifically authorized in the Plaintiffs' applicable loan documents. Dkt. 102-3, Ex. 3, Ehinger Dep. (Pages 71:9-13; 74:2-75:12; 78:4-82:5; 82:17-83:10). Yet, in this action, Nationstar—by its same corporate officer and same counsel who knows better—seek to take a different position and essentially ask the Court for a do-over to which the law does not permit.

Plaintiffs raise the Motion now since Nationstar, represented by the same counsel and corporate officer who represented them in the prior Maryland action (i.e., *Baxter*), simply seeks to present to the Court inconsistent positions from Nationstar's recent prior position in a nearly identical judicial action. Nationstar's positional changes are simply intended to play fast and loose with the truth. They are inconsistent with its prior position, as well as to protect its illegal profit center at all costs. But a defendant, including a corporate defendant like Nationstar, is not permitted to deceive the courts. Rather, "[j]udicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Loc. 343*, 94 F.3d 597, 600–01 (9th Cir. 1996)(cleaned up). "The policies underlying preclusion of inconsistent positions are general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings...." *Id.*

Further, while the context presented to the Court is not a traditional, sham affidavit situation,[1] the principal basis for applying the doctrine remains the same--neither Nationstar nor

---

[1] A panel of the Ninth Circuit declined to consider in *Scottsdale Ins. Co. v. Moreno*, 133 F. App'x 415, 416 (9th Cir. 2005) "whether the sham affidavit rule applies to testimony given in separate but related litigation because [it found the] testimony was not inconsistent." *Id.* Here, Nationstar understood based upon Ehinger's prior testimony in *Baxter* it was not permitted to

3

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO STRIKEOR DISREGARD
INCONSISTENT TESTIMONY
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Ehinger have identified any credible basis for seeking to limit her testimony in this action from Ehinger's prior testimony in *Baxter* which confirmed under oath, on behalf of Nationstar, that it was required to comply with the requirements of the OFR May 12, 2022 Notice. Dkt. 102-1, Ex. 1, Second Ehinger Declaration from *Baxter* (2-13-2023) at ¶ 10. *Cf. Abraham v. Washington Grp. Int'l, Inc.*, 766 F.3d 735, 741 (7th Cir. 2014)(holding that when challenged, the party presenting contradictory testimony must provide "a credible explanation for the discrepancies"). "The rationale underlying the sham affidavit rule is that a party ought not to be allowed to manufacture a bogus dispute with *himself* to [obtain or] defeat summary judgment." *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009)(modified for this action). The Seventh Circuit affirmed application of the sham affidavit rule from one proceeding to another when—just like this action—(i) the affiant was the same, and (ii) the affiant was represented by the same counsel. *Essick v. Yellow Freight Sys., Inc.*, 965 F.2d 334, 335 (7th Cir. 1992). Stated simply, Nationstar's attempt to excuse its contradictory testimony by merely rebranding the charge as a "convenience" fee for processing payments is not a credible justification under the sham-affidavit rule.[2]

Nationstar is not an unsophisticated, corporate party. Its pattern is to argue and present factual testimony from action to action, taking positions that are inconsistent with other

---

charge "any fee…whether for convenience or to recoup actual costs incurred…[unless the fee was] specifically authorized by the applicable loan documents. If such a fee is not provided for in the applicable loan documents, it would be deemed illegal." Dkt. 114-1, at ECF. p. 2 of 3. Yet here, Ehinger's testimony on behalf of Nationstar contradicts that same position. Thus, the sham affidavit rule should apply—especially give the related nature of this action to the *Baxter* action involving so-called 'convenience fees' related to payments on residential, mortgage loans.

[2] Further, to the extent the Nationstar seeks by Ehinger's testimony to argue the position that OFR meant something different from the plain language of the May 12, 2022 Notice to which it applied in *Baxter* to its benefit, that his pure fiction and cannot overcome OFR's actual testimony in that action, to which Nationstar never objected. Dkt. 102-6, Ex, 6 OFR Declaration. That advisory was published by OFR "for the benefit of its licensees [including Nationstar] so they may understand and apply Maryland laws and regulations governing their activities with Maryland consumers and customers and we have always encouraged each of our licensees to utilize those resources to know how they can conduct business with Maryland consumers expected by Maryland's laws and our regulations." *Id.* at ¶ 7.

proceedings in which it has participated. *Cf. Nationstar Mortg. LLC v. Kemp*, 165, 258 A.3d 296, 306 at FN 15 (2021)(noting Nationstar had settled in one proceeding an issue about its junk fee practices related to inspection fees (which are unlawful usury in Maryland) while arguing in *Kemp* a right to keep those same fees when sued by a private party). Here, the Court should disregard or strike Nationstar's testimony, which is inconsistent with its prior testimony and court-approved settlement based on its understanding of the requirements of Maryland law (which also apply in Washington and elsewhere). Such inconsistent conduct and testimony does not comply with Fed. R. Civ. P. 1 and is merely intended to play fast and loose with the truth and gain an unfair, inconsistent advantage to charge borrowers fees which are not "specifically authorized" by law or the operative loan documents.

## II.  REPLY ARGUMENT

**A.  Nationstar's Response Seeks to Rewrite the Plain Text of the OFR's May 12, 2022 Notice to Fit its Narrative to Preserve its 'Convenience' Fee at Issue in this Action**

The OFR is the Maryland agency that licenses Nationstar to do business in Maryland as a mortgage lender and servicer. Dkt. 102-6 at ¶ 3. As part of that license, Nationstar agreed to "a duty of good faith and fair dealing in communications, transactions, and course of dealings with a borrower…" Md. Code Regs. 09.03.06.20. "This duty of good faith…[requires Nationstar] a servicer to be truthful in all aspects of mortgage servicing and to correct any identified errors in the servicing of any mortgage loans…" Dkt. 102-6 at ¶¶ 9-10.

OFR has, for more than a decade, published Advisory Notices to its various licensees instructing them how to comply with Maryland laws and regulations. Courts have routinely relied upon these notices in adjudicating disputes. *See e.g. Kemp*, 258 A.3d at 322 (recognizing Nationstar and other servicers received a regulatory notice in 2014 concerning the illegality of property inspection fees, which gave it knowledge that the conduct at issue violated the law

5

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO STRIKE OR DISREGARD
INCONSISTENT TESTIMONY
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

notwithstanding Nationstar's arguments that the notice did not specify it directly); *Comm'r of Fin. Regul. v. Brown, Brown, & Brown, P.C.*, 144 A.3d 666, 678 (2016)(recognizing the "Commissioner, who is charged by State law with administering and enforcing the statute, has adopted that interpretation in other enforcement actions and advisory notices concerning the statute"); *LVNV Funding LLC v. Finch*, 207 A.3d 202, 208 (2019).

As restated *supra*, OFR published the May 12, 2022 advisory notice, which on its face, and based upon its plain language, applies to "any fee charged" which is not "specifically authorized," and "[i]f such a fee is not provided for in the applicable loan documents, it would be deemed illegal." Dkt. 114-1.  In opposition to the Motion, Nationstar argues that the Advisory Notice only applies to convenience fees imposed and collected by it for payments taken by telephone. *Cf.* Opp.  Such a construction of the plain language of the May 12, 2022 Advisory Notice is simply disingenuous and knowingly misleading.  As explained by the court in the Fourth Circuit's case cited by the May 12, 2022 Advisory Notice— *Alexander v. Carrington Mortg. Servs., LLC*, 23 F.4th 370 (4th Cir. 2022)—the Advisory Notice's use of "any" is broad and not limited to just what Nationstar seeks for the Court to construe:

> As the Supreme Court has indicated, "[r]ead naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.' " *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 219, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008) (quoting *United States v. Gonzales*, 520 U.S. 1, 5, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997)). And "including" is "not [a term] of all-embracing definition, but connotes simply an illustrative application of the general principle." *Fed. Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 100, 62 S.Ct. 1, 86 L.Ed. 65 (1941); *see also United States v. Hawley*, 919 F.3d 252, 256 (4th Cir. 2019)…
>
> All told, "any amount" means what it says—*any* amount, whether or not that amount is incidental to the principal obligation.

*Id.* at 376 (cleaned up).

This is not the first time Nationstar has sought to avoid the consequences of its junk fee practices by advancing arguments inconsistent with the statutory or regulatory guidance, which

6

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO STRIKEOR DISREGARD
INCONSISTENT TESTIMONY
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

would lead to absurd results. In *Kemp*, Nationstar argued similarly that the statutory term "lender" did not apply to it and only to the original lender of a mortgage loan. *Kemp*, 258 A.3d at 319. The Maryland Supreme Court rejected that construction, finding it would foster an "illogical result," and grant Nationstar greater rights than anyone had to assign or give to it. *Id.* at 315.

Just like the statute at issue in *Kemp*, the OFR's May 12, 2022 Advisory Notice is not as limited as Nationstar puffs the notice to be. On its face, the notice does not just apply to one type of 'convenience' fee when borrowers make payments by telephone, which is not authorized by any law or loan document (the issues in *Baxter*). It applies to "any fee charged," which is not "specifically authorized… in the applicable loan documents," which certainly includes the 'convenience' fee at issue in this action related to the request and delivery of payoff statements, which also are not expressly authorized by any law or enforceable contract. Nationstar's effort to avoid the application of judicial estoppel or the sham affidavit rule based on its erroneous statements and arguments of the plain language of the May 12, 2022 Advisory Notice, is self-serving, disrespectful of its prior judicial representations, and not a credible basis to deny the Motion. "This is not a case in which a [Ehinger's] memory could credibly have been refreshed by subsequent events, including discussions with others or his review of documents, record, or papers." *Yeager v. Bowlin*, 693 F.3d 1076, 1081 (9th Cir. 2012). She previously testified in *Baxter* that Nationstar d/b/a "Mr. Cooper ceased charging the convenience fees based solely on the Maryland Commissioner of Financial Regulation's May 12, 2022, notice." Ex. 1, Dkt. 102-1 at ¶ 11. So, Nationstar had the notice in its possession and control since it was issued and understood that other forms of 'convenience' fees, including the fee at issue in this action, were "illegal," as the notice describes.

7

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO STRIKE OR DISREGARD
INCONSISTENT TESTIMONY
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

The plain language of the OFR's May 12, 2022, Notice applies to the 'convenience' fee at issue here, and Nationstar's rewritten version of the notice should be rejected.

**B.  Judicial Estoppel Applies to Improper Nationstar's Flip-Flopping Legal Arguments**

"[M]ost federal courts recognize, a change of legal position can be just as abusive of court processes and an opposing party as deliberate factual flip-flopping." *Republic of Ecuador v. Connor*, 708 F.3d 651, 657 (5th Cir. 2013).  The Ninth Circuit affirmed the district court's application of judicial estoppel based on a party's changed "legal position" from one action to the next, explaining the party's "'gaming' of the courts will allow it the possibility of prevailing on the very position it successfully discredited" in the prior litigation.  *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 774, 779 (9th Cir. 2009).  *Cf. Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008)("In *Russell v. Rolfs,* 893 F.2d 1033, 1037–38 (9th Cir.1990), we held that judicial estoppel bars a state from taking different legal positions in state and federal court…"); *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008)("In this case, the state created an advantage for itself by arguing to the Oregon court that Whaley's claims were moot.  The state cannot now expect a federal court to hold that Whaley had an available state remedy because, according to the state's current petition, the claim was *not* moot. It is not for this court to choose between the state's inconstant and self–serving descriptions of Oregon law").

While Nationstar (and its counsel and corporate officer) wishes to claim it is permitted to change its legal position from action to action and avoid the consequences of its illegal fee-churning conduct, it may not do so unless the law has actually changed.  Here, in a final order of the state court in Maryland approving the class action settlement,[3] Nationstar obtained a release

---

[3]  Nationstar did appeal another individual, declaratory judgment in *Baxter* which is currently before the Appellate Court of Maryland (not material to this action) but never appealed the final judgment approving the class action settlement it agreed to in Baxter based on its prior legal position that it was bound by the requirements of the May 12, 2022 Advisory Notice.

8

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO STRIKEOR DISREGARD
INCONSISTENT TESTIMONY
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

of consumer claims against it based upon Nationstar's "confirmation and reconfirmation of those [class members] that" Nationstar had paid in response to the OFR regulatory guidance. Dkt. # 13-1 at page 12 of 165 (at *Baxter* Hearing Trans. 21:1-10)); *Id.* at pages 4-5 of 165.

After obtaining relief in Maryland, Nationstar's opposition suggests it is permitted to flip-flop its legal opinions from one court to another. *Cf.* Opp. This generalization may be true if the applicable law has changed, but here it has not changed, and the OFR has testified and affirmed in this action the plain text of its May 12, 2022 Advisory Notice (Dkt. 102-6, Ex, 6 OFR Declaration). In *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001), the Supreme Court outlined several factors to determine whether judicial estoppel should apply "in a particular case." As applied to this action, these may include: (i) whether Nationstar's position is "clearly inconsistent with its position in *Baxter*, (ii) whether accepting Nationstar's position would mean either the Maryland court or this court was misled by Nationstar's inconsistent positions, (iii) whether not applying the doctrine would grant Nationstar an unfair advantage. *Id.* As detailed in the Motion and herein, these factors are readily apparent. Nationstar should not be permitted to play fast and loose and argue on the one hand to the Maryland court in *Baxter* it was bound to comply with the plain language of the requirements of the May 12, 2022 Advisory Notice to obtain a class action settlement and release but here claim that same notice does not apply to another 'convenience' fee imposed and collected from it from the Plaintiffs when it knew it was barred from collecting "any fee charged" not "specifically authorized… in the applicable loan documents" as specified in the notice.

C. **Nationstar's Failure to Comply with its Own Discovery Responsibilities is Not a Basis to Bar the Application of Judicial Estoppel or the Sham Affidavit Rule**

To further defect from its own inconsistent positions and testimony, Nations claims Plaintiffs should have moved for a discovery order to address its own knowing, inconsistent legal positions. *Cf.* Opp. While the argument is clever, it is not a basis to deny the relief sought by the

9

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO STRIKEOR DISREGARD
INCONSISTENT TESTIMONY
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Plaintiffs' Motion. Nationstar has the affirmative duty to be truthful and to supplement its own discovery responses without the Plaintiffs assuming any such burden. Fed. R. Civ. P. 26(e). It is not the responsibility of the Plaintiffs to ensure Nationstar complies with its own affirmative responsibilities in this or any other action. Regardless, Plaintiffs put Nationstar on notice to the inconsistent position and arguments between Baxter and this action for more than year (Dkt. 13 when it first asked the Court to take judicial notice of the *Baxter* action and the same papers relied upon on the subject Motion) and notwithstanding that notice Nationstar chose to advance to this Court knowingly inconsistent testimony (Dkt. # 96-4 at ¶¶ 9, 10, 13, &33 and Dkt. # 96-10 at ¶¶ 9, 10, 11, 13, 35) and legal conclusions than it advanced in the *Baxter* litigation even after Plaintiffs once again alerted them to the issue (see Motion at § I).

Nationstar has no one but itself to blame for the consequences of its inconsistent positions based on a fast and loose view of the judicial process, based on its belief that it can say anything and do anything to preserve its illegal fees.

### III.  CONCLUSION

Based upon the Motion and this reply in support of the Motion, Nationstar should not be permitted to advance testimony of Ehinger on its behalf, which it knows is materially inconsistent with her prior testimony on the same legal claims and relevant and material facts in the *Baxter* action. Ehinger's testimony on behalf of Nationstar should be struck or disregarded.

DATED June 10, 2025.

| | |
|---|---|
| DEVLIN LAW FIRM, LLC. | CONSUMER LAW CENTER, LLC |
| By: *s/ Christina L. Henry* | By: *s/ Phillip Robinson* |
| Christina L. Henry, WSBA# 31273 | Phillip Robinson, *Pro Hac Vice* |
| 6100 219th St SW, Ste 480 | 1220 Blair Mill Road, Suite 1105 |
| PMB 398 | Silver Spring, MD 20910 |
| Seattle, WA 98043-2222 | phillip@marylandconsumer.com |
| chenry@devlinlawfirm.com | Counsel for Plaintiffs |
| Counsel for Plaintiffs | |

10

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO STRIKEOR DISREGARD
INCONSISTENT TESTIMONY
2:24-cv-00444-BJR

DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010