The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CATHERINE PALAZZO, *et al.*, *on their own behalf and on behalf of other similarly situated persons*,

Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC, *et al.*,

Defendants.

NO. 24-cv-444-BJR

**ORDER GRANTING NATIONSTAR MORTGAGE LLC'S MOTION FOR SUMMARY JUDGMENT**

## I.     INTRODUCTION

Plaintiffs filed a putative class action accusing Defendants, Nationstar Mortgage LLC and Federal Home Loan Mortgage Association ("Freddie Mac"),[1] of illegally charging fees whenever homeowners request payoff statements for their loans. Nationstar charged Plaintiffs a fee for the expedited provision of a loan payoff statement, which Plaintiffs assert is a "pay-to-pay" junk fee that is not authorized by law or contract. Nationstar argues that expedited delivery of a payoff statement is an optional additional service that is contracted for outside the mortgage loan, for which charging a fee is normal. The Court determined that an initial decision on the legality of the fee

---

[1] The Court subsequently granted Freddie Mac's motion to dismiss the cause of action asserted against it. ECF No. 85.

ORDER GRANTING NATIONSTAR MORTGAGE LLC'S MOTION FOR SUMMARY JUDGMENT

- 1

charged for expedited service would eliminate or narrow the claims in this case. *See* ECF No. 88. Currently pending before the Court is Nationstar's motion for summary judgment, ECF No. 96, seeking a finding that the fees are legally permissible. Having reviewed the materials[2] and the relevant legal authorities, the Court will GRANT Nationstar's motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

Plaintiffs, Ricardo Salom,[3] Catherine Palazzo as assignee for Ruben Palazzo, and Peter Hackinen, on their own and on behalf of similar borrowers, bring this action against Nationstar (also known under various trade names), which acts as a collector or servicer on behalf of the owners of thousands of mortgage loans throughout the country, including mortgage loans owned by Freddie Mac. Am. Compl. ¶ 1, ECF No. 24. Freddie Mac and its sister corporation, Fannie Mae (Federal National Mortgage Association), are government-sponsored enterprises chartered by Congress to facilitate the nationwide secondary residential mortgage market. *See* 12 U.S.C. § 1451, 1716. Both entities buy mortgages from lenders rather than lending directly to borrowers, they bundle the mortgage loans into securities and sell those securities to investors, which helps ensure a steady supply of funds for home loans, promoting affordable housing and maintaining liquidity in the mortgage market. *See* https://www.freddiemac.com/about/business (last visited Aug. 14, 2025); https://www.fhfa.gov/about-fannie-mae-freddie-mac (last visited Aug. 14, 2025).

Plaintiffs allege that Freddie Mac became the owner of the Palazzo mortgage loan, and Nationstar, acting as Freddie Mac's servicer, charged a fee for a payoff statement that is not

---

[2] Including the motion, ECF No. 96; Plaintiffs' response in opposition, ECF No. 106; and Nationstar's reply, ECF No. 109; together with attached exhibits and related motions (to exclude or strike), ECF Nos. 95, 99, 103, 115.

[3] Mr. Salom was recently granted permission to withdraw from this case for health reasons. *See* Order Reforming Case Caption, ECF No. 124.

ORDER GRANTING NATIONSTAR MORTGAGE LLC'S MOTION FOR SUMMARY JUDGMENT

- 2

authorized by law. Am. Compl. ¶¶ 2-5, 25. Nationstar also became the servicer for the Salom and Hackinen mortgage loans and imposed fees for payoff statements requested on those loans. *Id.* ¶¶ 24, 26. By their amended complaint, Plaintiffs asserted four causes of action: (1) Unjust Enrichment against Nationstar; (2) Breach of Contract against Freddie Mac and the Defendant Class, brought as an alternative claim to the unjust enrichment claim against Nationstar; (3) Violations of the FDCPA brought by Plaintiff Hackinen against Nationstar; and (4) Violations of State Debt Collection and Mortgage Servicing Laws against Nationstar. *Id.* ¶¶ 160-220. After the Court denied Nationstar's motion for judgment on the pleadings, ECF No. 77, and granted Freddie Mac's motion to dismiss the claim against it, ECF No. 85, three claims remain against Nationstar—unjust enrichment, FDCPA violation, and related State consumer protection claims.

The parties engaged in a short period of discovery focused on the legality of the expedited service fee. Nationstar now moves for summary judgment "on the grounds that charging a fee for a voluntary, optional service requested by the Plaintiffs, and not governed by the loan agreements or by statute, is legally permissible pursuant to a separate agreement for services, which the parties are allowed to form." Mot. 1.

### III. LEGAL STANDARD

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)); Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of identifying portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653,

ORDER GRANTING NATIONSTAR MORTGAGE LLC'S MOTION FOR SUMMARY JUDGMENT
- 3

657 (9th Cir. 2020). "If the moving party meets this burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion." *Id.* If the evidence proffered by the opposing party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

## IV.   DISCUSSION

Plaintiffs contend that both federal and state law prohibit the fees collected by Nationstar. Opp'n 7. Specifically, Plaintiffs assert that Nationstar has a duty to provide an accurate payoff balance pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1639g, 12 C.F.R. § 1026.36(c)(3). *Id.* at 7-8. And Plaintiffs argue that any related fee is barred by the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2610, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. *Id.* at 9-10. Additionally, Plaintiffs contend that Maryland and Washington state law also bars Nationstar from collecting fees not expressly authorized by statute or the mortgage contract, by the states' incorporation of the FDCPA into state law. *Id.* at 12-13. The Court will address these arguments in turn.[4]

### A. Nationstar's duty to provide accurate payoff statements

TILA and specifically 15 U.S.C. § 1639g, are expressly incorporated in every mortgage contract agreed to by the putative class members. *See* Am. Compl. ¶ 38. Section 1639g states that "[a] creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." Nationstar does not dispute that it has this duty and asserts that

---

[4] In the papers before the Court, both sides were unable to resist making substantive arguments in footnotes. Footnotes are for references or brief comments for clarification only. In short, "footnotes should not contain things that matter." Hollis T. Hurd, Writing for Lawyers 82 (1982). The Court did not consider substantive arguments that either side relegated to a footnote.

ORDER GRANTING NATIONSTAR MORTGAGE LLC'S MOTION FOR SUMMARY JUDGMENT

- 4

it "provides a payoff statement—for free—within the statutorily allowed timeframe." Mot. 16. Nationstar also offers "an additional service beyond what was required by contract and statute and that falls outside the loan agreement**:** expedited delivery of a requested payoff quote." *Id.* Plaintiffs requested expedited delivery, Nationstar charged a fee for the optional additional service, and Plaintiffs paid the fee. *Id.* According to Nationstar, this represents simple contract law—offer, acceptance, and consideration. *Id.* at 16-20; *see also* Reply 4-7. However, Plaintiffs argue that RESPA, a sister statute to TILA, proscribes any fee from being charged for a payoff statement under any circumstances. Opp'n 7-8.

### B. RESPA's fee regulations

12 U.S.C. § 2610 provides, in pertinent part:

> **No fee** shall be imposed or charge made upon any other person (as a part of settlement costs or otherwise) by a lender in connection with a federally related mortgage loan made by it (or a loan for the purchase of a mobile home), or by a servicer (as the term is defined under section 2605(i) of this title), for or on account of the preparation and submission by such lender or servicer of the **statement or statements required** (in connection with such loan) by sections 2603 and 2609(c) of this title or **by the Truth in Lending Act**.

(emphasis added by Plaintiffs, Opp'n 8). According to Plaintiffs, the plain, unambiguous language ("No fee") means Nationstar is barred from imposing, charging, or collecting "any" fees related to a borrower's request for a payoff statement that is delivered in less than the seven business days as authorized by TILA. Opp'n 8-9. Plaintiffs assert that Nationstar's obligation applies "to a payoff statement by any means." *Id.* at 7-8, n.41 (noting that TILA regulation, 12 C.F.R. § 1026.36(c)(3), does authorize exemptions for certain categories of transactions "but none of those exemptions relate to payoff statements delivered by fax, email, or through a website portal.").

ORDER GRANTING NATIONSTAR MORTGAGE LLC'S MOTION FOR SUMMARY JUDGMENT

- 5

The plain language of the regulation, as pertinent to the issue before the Court, simply states that no fee shall be charged for a Truth-in-Lending disclosure. A Truth-in-Lending disclosure refers to disclosures required before the extension of credit as distinct from post-consummation of credit servicing obligations, such as payoff statements. *See Evanto v. Fed. Nat. Mortg. Ass'n*, 814 F.3d 1295, 1297-98 (11th Cir. 2016) ("A disclosure statement is a document provided before the extension of credit that sets out the terms of the loan. But a payoff balance can be provided only after a loan has been made and contains the amount yet to be repaid."). Based on that distinction, the Eleventh Circuit held that the failure to provide a payoff statement pursuant to 15 U.S.C. § 1639g is not a violation of TILA. *Id.* This distinction is consistent with TILA's purpose; Congress passed TILA to assure a meaningful disclosure of credit terms to avoid the uninformed use of credit by consumers. 15 U.S.C. § 1601(a). The distinction is also consistent with the two specific RESPA disclosures included in § 2610—sections 2603 (Uniform settlement statements) and 2609(c) (Escrow account statements), whereas servicing duties and administration are not included.

The Court finds this analysis persuasive and concludes that RESPA § 2610, which prohibits fees for preparing RESPA or TILA disclosures, does not apply to payoff statements, a post-consummation of credit servicing requirement. Further, the plain language of the regulation does not prohibit the optional contracting of additional services related to the provision of TILA disclosures nor payoff statements. As such, a separately contracted service for expedited delivery of a payoff statement is not barred by RESPA § 2610.

**C. FDCPA and related state laws**

Plaintiffs argue that for Plaintiff Hackinen, and other borrowers for whom Nationstar qualifies as a debt collector, the Fair Debt Collection Practices Act ("FDCPA"), and state laws

ORDER GRANTING NATIONSTAR MORTGAGE LLC'S MOTION FOR SUMMARY JUDGMENT
- 6

incorporating the FDCPA, prohibit the charged fee. Opp'n 10, 12 (citing *Creager v. Columbia Debt Recovery*, 618 F. Supp. 3d 1094, 1103 (W.D. Wash. 2022) and *Alexander v. Carrington Mortg. Servs., LLC*, 23 F.4th 370, 374 (4th Cir. 2022)). In *Alexander*, the mortgage servicer charged a $5 convenience fee to borrowers who paid monthly mortgage bills online or by phone. The Fourth Circuit ruled that the convenience fee qualified as an "amount" under a provision of the FDCPA, which prohibits "[t]he collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Alexander*, 23 F.4th at 376 (quoting 15 U.S.C. § 1692f(1)). It also held that the mortgage servicer, by collecting borrowers' monthly mortgage payments, satisfied the definition of a "collector" under Maryland's consumer protection statutes, which had a broader definition than a "debt collector" under the FDCPA. *Id.* at 375-76. Plaintiffs conclude that Nationstar, therefore, had no right to charge them any fee related to their request for a payoff statement since such a fee was not expressly authorized in the mortgage contract nor by any statute.

The FDCPA only imposes liability for communications made "in connection with the collection of any debt." 15 U.S.C. §§ 1692e, 1692g; *see also* § 1692 ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors. . . ."). Nationstar contends that the provision of a payoff statement is not a communication made in connection with the collection of a debt and cites numerous cases finding that a fee for expedited service falls outside the loan contract, which means the fees are not "pay-to-pay" fees. Mot. 12-13; Reply 8-9.

In *Alexander*, the court found the mortgage servicer to be "a person collecting or attempting to collect an alleged debt arising out of a consumer transaction" because "collecting borrowers' monthly mortgage payments" is collecting a debt. 23 F.4th at 375 (quoting Md. Code Ann., Com. Law § 14-201(b)). That is not the case here. Rather, Nationstar was providing requested information

ORDER GRANTING NATIONSTAR MORTGAGE LLC'S MOTION FOR SUMMARY JUDGMENT
- 7

about a debt, not collecting a debt. *See Palazzo v. Bayview Loan Servicing LLC*, No. CV DLB-20-2392, 2024 WL 4361857, at *11 (D. Md. Sept. 30, 2024) (concluding that a payoff statement provided at the mortgagee's request "was not an attempt to collect debt" but was "information on his mortgage account, not to demand payment"); *accord Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011) (holding that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor" and finding that a balance statement provided upon request was "merely a ministerial response to a debtor inquiry, rather than part of a strategy to make payment more likely").

Also, Plaintiffs could have obtained the payoff statement for free, but optionally chose to incur a fee to get the information faster. Courts have found that such optional services are outside the scope of the mortgage. S*ee, e.g.*, *Beyer v. Countrywide Home Loans Svc'g LP*, 359 F. App'x 701, 702 (9th Cir. 2009) ("The expedited payoff service was voluntary and extraneous to the mortgage."); *Cappellini v. Mellon Mortg. Co.*, 991 F. Supp. 31, 39, 40 (D. Mass. 1997) ("The fax and duplicate statement charges relate to special services outside of the scope of the basic services provided by a mortgage servicer. . . . Because the plaintiff could have discharged the mortgage through the use of [a] free service, but for convenience chose to have payoff statements faxed, it is not forbidden by the language of the Note and Mortgage to charge a fee for the extra services.").

Plaintiffs add that certain Maryland and Washington state laws and regulations bar Nationstar from charging fees not expressly authorized by statute or the mortgage contract. Opp'n 12-15. Specifically, in addition to laws that incorporate the FDCPA, Plaintiffs contend the fees charged are barred by Wash. Rev. Code Ann. § 19.16.250(21), regulations promulgated by the Washington State Department of Financial Institutions under the Consumer Loan Act Ch. 31.04, *et seq.*, Wash. Admin Code 208-620-567 and 208-620-551(1)(d), and Maryland Office of Financial

Regulation Md. Code Regs. 09.03.06.08(C)(1). The Court has reviewed these statutes and find them inapplicable to the fees at issue in this case; the noted statutes and regulations relate to attempts to collect on a debt, or fees not authorized by the borrower, but they do not relate to fees charged for expedited delivery of payoff statements.

In sum, the Court finds that the fees at issue in this case are not prohibited by the FDCPA or related state consumer laws that relate to debt collection because the activity at issue is not a communication related to collecting a debt.

**D. The fees at issue are legally permissible**

The Court has found that Nationstar has a duty to provide accurate payoff statements within a reasonable time (no more than 7 days after a written request). The Court has also found that RESPA § 2610 does not prohibit Nationstar from charging a reasonable fee for expedited delivery of a payoff statement. Nationstar's provision of a payoff statement on request is neither a TILA pre-consummation disclosure nor a communication made in connection with the collection of a debt that implicates liability under FDCPA or related state consumer protection laws. Further, no federal or state law raised by Plaintiffs bars Nationstar from charging a reasonable fee for the optional additional service of expedited provision of a payoff statement under the circumstances present in this case.[5] Accordingly, the Court finds that it is legally permissible for Nationstar to charge a reasonable fee for the expedited delivery of a payoff statement upon request, such as the fees at issue in this case.

---

[5] The Court notes Plaintiffs' arguments related to findings by the Maryland Supreme Court that Nationstar charged property inspection fees prohibited by State law and in violation of Maryland's Consumer Protection Act. Opp'n 16-19 (citing *Nationstar Mortg. LLC v. Kemp*, 258 A.3d 296 (Md. 2021)). The fees at issue in this case are not analogous to the property inspection fees illegally charged by Nationstar in that case. Plaintiffs also reference a New York regulation prohibiting a fax fee for a payoff statement, but the New York statute is not relevant to this case. Opp'n 21 (citing *Bloom v. Nationstar Mortg. LLC*, 154 N.Y.S.3d 395 (N.Y. Sup. Ct. 2021)).

ORDER GRANTING NATIONSTAR MORTGAGE LLC'S MOTION FOR SUMMARY JUDGMENT

- 9

## V. RELATED MOTIONS

### A. Motion to Seal

The Court reviewed Nationstar's motion to seal two exhibits, ECF No. 97. The Court considered Plaintiffs' response in opposition, ECF No. 105, and Nationstar's reply, ECF No. 110, and Exhibits 6 and 11 in support of Nationstar's motion. Both exhibits contain Nationstar's confidential and proprietary information and procedures and were produced to Plaintiffs under the parties Joint Stipulated Protective Order, ECF No. 84, marked as confidential and confidential/attorneys' eyes only. While the Court is mindful of the strong presumption of public access to court records, the Court finds there is good cause to maintain these materials under seal to protect Nationstar's business information. Therefore, the Court grants Nationstar's motion. Exhibits 6 and 11 to Nationstar's Motion for Summary Judgment, ECF Nos. 98 and 98-1, shall be filed under seal.

### B. Motions to Exclude or Strike

The Court considered the following motions filed by both parties:

- Motion to Exclude or Limit the Opinions and Testimony of Defendant Nationstar Mortgage, LLC's Expert Witness Marcel Bryar, ECF No. 95, together with Nationstar's response in opposition, ECF No. 101, and Plaintiffs' reply, ECF No. 107.

- Defendant Nationstar Mortgage LLC's Motion to Exclude Testimony of Andrew G. Pizor, Bernard J. Patterson, David L. Friend, and Thomas A. Tarter, ECF No. 99, together with Plaintiffs' response in opposition, ECF No. 104, and Nationstar's reply, ECF No. 111.

- Plaintiffs' Motion to Strike or Disregard Materially Inconsistent Testimony of Nationstar Mortgage LLC and its Senior Vice President, Courtney Ehinger, ECF No. 103, together with Nationstar's response in opposition, ECF No. 114, and Plaintiffs' reply, ECF No. 119.

- Defendant Nationstar Mortgage LLC's Motion to Exclude Rebuttal Report of David L. Friend, ECF No. 115, together with Plaintiffs' response in opposition, ECF No. 120, and Nationstar's reply, ECF No. 122.

While analyzing the parties' arguments regarding the propriety of the fees charged for the expedited provision of requested payoff statements, the Court did not find it necessary to refer to the proffered expert opinions. Accordingly, the Court denies the above motions as moot and without prejudice to them being refiled should it become necessary in the future of this case.

## VI.    CONCLUSION

For the foregoing reasons,

1. Nationstar Mortgage LLC's Motion for Summary Judgment, ECF No. 96, is GRANTED;

2. Defendant's Motion to File Under Seal Exhibits in Support of Nationstar Mortgage LLC d/b/a/ Champion Mortgage Company's Motion for Summary Judgment, ECF No. 97, is GRANTED; Exhibits 6 and 11 shall be filed under seal;

3. ECF Nos. 95, 99, 103, and 115 are DENIED AS MOOT, without prejudice;

4. Pursuant to this Court's Scheduling Order, ECF No. 88, within twenty-one (21) days, the parties shall present the Court with a proposed schedule to govern the remainder of the case.

DATED this 22nd day of August 2025.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
United States District Court Judge

ORDER GRANTING NATIONSTAR MORTGAGE LLC'S MOTION FOR SUMMARY JUDGMENT

- 11